IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| VEROBLUE FARMS USA, INC., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 18-CV-3047 |
| | § | |
| v. | § | |
| | § | |
| LESLIE A. WULF, BRUCE A. HALL, | § | DEFENDANT KEITH DRIVER'S |
| JAMES REA, JOHN E. REA, and KEITH | § | 12(b)(6) MOTION TO DISMISS AND |
| DRIVER | § | MOTION TO TRANSFER VENUE |
| | § | |
| Defendants. | § | |

Defendant, Keith Driver ("Driver"), through its undersigned counsel and pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404 seeks to dismiss the all claims against Driver in VeroBlue Farms USA, Inc.'s ("VeroBlue" or "Plaintiff") Complaint (the "Claims") for failure to state a claim upon which relief can be granted, and, in the alternative, seeks to transfer venue.

### STATEMENT OF ISSUES

The first issue presented is whether the Court should dismiss Plaintiff's claims pursuant to Rule 12(b)(6), which protects defendants from claims that are meritless on their face. Here, the Claims should be dismissed under Rule 12(b)(6) for at least three reasons: (a) Plaintiff released Driver from all causes of actions, known or unknown, as of January 13, 2017, in the parties' Business Relationship Restructuring Agreement; (2) Plaintiff has not adequately plead Causes I-IX against Driver; and (3) Causes I-IX are not actionable.

The second issue presented is whether the Court should transfer this action to the Northern District of Texas under the forum-selection clauses in the two written contracts between Plaintiff

and Driver, both of which contain a forum-selection clause exclusively setting venue in the Northern District of Texas.

### EVIDENCE IN SUPPORT OF MOTION

| | |
|---|---|
| First Amended Complaint | App. 0003-0030 |
| Declaration of Keith Driver | App. 0031-0032 |
| Employment Agreement | App.0033-0048 |
| Restructuring Business Agreement | App. 0049-0063 |

### STATEMENT OF FACTS

**A.     Allegations in the Complaint**

The First Amended Complaint (App.0003-0030) names Driver as a Defendant to all nine counts listed within the Complaint, including claims for fraudulent concealment, fraudulent misrepresentation, constructive fraud, civil conspiracy and declaratory judgment. (App. 0011-0019, ¶ 43-85). VeroBlue alleges Driver served as an officer and employee (and/or) contractor of VeroBlue from October 1, 2014 through on or about January 13, 2017, when VeroBlue terminated his employment and officer status. (App. 0004, ¶ 3).  Other than this statement (which is not true) VeroBlue does not allege a single specific action taken by Driver, but instead states a slew of alleged actions taken by all Defendants, leaving Driver to guess as to which actions VeroBlue actually asserts he took part in. *(*App. 0003-0011, ¶¶ 11-42).

**B.     Driver's Employment with VeroBlue.**

Prior to July 1, 2016, Driver performed services for VeroBlue as a designated representative of Seven Hours Holding Company, Inc., an independent contractor of VeroBlue's. (App. 0033). On July 1, 2016, VeroBlue and Driver entered into an Employment Agreement, terminating Driver's role as an independent contractor and putting him into the position of Chief Operating Officer of VeroBlue. (App. 0033-0048).

Driver's stint as COO of VeroBlue, however, was very brief – only six months. On January 13, 2017, Plaintiff and Driver entered into a Business Relationship Restructuring Agreement (the "Release Agreement"), which terminated Driver's Employment Agreement with Plaintiff and re-established his consulting relationship with the company. (App. 0049-0063). Thus, Driver was only an employee of VeroBlue for six months, yet Plaintiff seems to assert that Plaintiff was involved in numerous schemes allegedly performed by VeroBlue's officers during times that Driver was not employed with the company and owed no duty to VeroBlue. Additionally, as a part of the Release Agreement, Plaintiff agreed to the following:

> (b) As a material inducement to Driver and Driver Co. to enter into this Agreement, and except for the covenants and agreements of Driver and Driver Co. provided for in this Agreement, VBF USA and VBF Canada, on their own behalf and on behalf of the other VBF Releasees, hereby irrevocably and unconditionally release, acquit and forever discharge the Driver Releasers from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever, known or unknown (the "**VBF Releasee Claims**") which the VBF Releasees now have, own, hold, or to which the VBF Releasees at any time heretofore had, owned or held against each of the Driver Releasers, including, without limitation, the Egregious Cause Claims. The VBF Releasees represent that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any VBF Releasee Claim or any portion thereof or interest therein.

(App. 0052). Thus, Plaintiff released Driver from all causes of actions, **known or unknown**, as of January 13, 2017. (App. 0052).

C.     **Facts that Allegedly Occurred After Driver's Release from VeroBlue.**

Out of all the vague actions allegedly taken by all of the Defendants, the only facts that VeroBlue alleges occurred after it released Driver from any and all causes of actions are on January 13, 2017:

1. Wulf rebuilt the Wulf Lake House from in or around May 2015 through in or around July 2017. (App. 0007, ¶ 23).

2. VeroBlue employee Tracy Arbanas ("Arbanas") oversaw the reconstruction of the Wulf Lake House, and VeroBlue paid her to do so at an annual cost to VeroBlue of approximately $97,500, which represented Arbanas' compensation and benefits.

> Further, VeroBlue funded housing for Arbanas close to the lake house, and refreshments for the construction crew on this project. All told, VeroBlue incurred approximately $107,490.51 for compensation and benefits to Arbanas. (App. 0007, ¶ 24).
>
> 3. Defendants paid for James Rea's personal living expenses in Ames, Iowa, about forty miles from Webster City, Iowa in or around August 2017 from VeroBlue's funds. (App. 0010, ¶ 39(c)).
>
> 4. Defendants sold a home in Webster City, Iowa for less than what it purchased it for on May 25, 2018. (App. 0010, ¶ 39(h).
>
> 5. Plaintiff purchased, at the direction of some or all Defendants, of a building and underlying property unnecessary to VeroBlue's business and located in Webster City for $400,000 on July 28, 2016, which VeroBlue sold for $135,000 on April 13, 2018. (App. 0011, ¶ 41).

As all of the foregoing actions were taken, Driver was not an officer or director of VeroBlue, was merely acting as a consultant to Veroblue, owed no duties to VeroBlue, and was not involved in the actions. (App. 0031-33). In fact, Plaintiff does not allege that Driver was involved at all in many of the listed actions occurring after January 13, 2017. Accordingly, Plaintiff's Claims against Driver because it fails to state any claim upon which may be granted against Driver, fails to properly plead the claims based upon fraud, and have released Driver for all Claims brought against him.

### D.   The Release Agreement Set Exclusive Venue in the Northern District of Texas.

As part of the Release Agreement, Plaintiff agreed:

> (i)   This Agreement shall be governed by and construed in accordance with the internal laws of the State of Texas, regardless of the laws that might otherwise govern under applicable principles of conflicts of law thereof. Each Party irrevocably submits to the exclusive jurisdiction of the Federal District Court for the Northern District of Texas (the "**District Court**") for the purposes of any suit, action or other proceeding arising out of this Agreement. Each Party agrees to commence any action, suit or proceeding relating to this Agreement in the District Court. Each Party further agrees that service of any process, summons, notice or document by registered mail to such Party's respective address set forth in Section 8(a) above shall be effective service of process. Each Party irrevocably and unconditionally waives any objection to the laying of venue of any action, suit or proceeding arising out of this Agreement in the District Court, and hereby further irrevocably and unconditionally waives and shall not assert by way of motion, defense, or otherwise, in any such Proceeding, any claim that it is not subject personally to the jurisdiction of the District Court, that its property is exempt or immune from attachment or execution, that such proceeding is brought in an inconvenient forum, that the venue of the proceeding is improper, or that the Agreement may not be enforced in or by the District Court.

(App. 0055). Thus, the parties have contracted for a forum-selection clause that sets **exclusive** venue in the Northern District of Texas for claims arising out of Driver's employment with Plaintiff or arising out of the Release Agreement, which covers each of Plaintiff's claims. (App 0055).

Although Plaintiff has failed to allege the existence of Driver's Employment Agreement and Release Agreement, its claims squarely address actions Driver allegedly took while employed by and officers of VeroBlue. Thus, VeroBlue's claims implicate Driver's Employment Agreement and related Release Agreement and therefore, must be brought in the Northern District of Texas. VeroBlue's Complaint must be transferred to that forum, as the parties previously agreed.

**WHEREFORE,** for the reasons discussed above, and as stated in more detail in the accompanying Brief in Support of Defendant Keith Driver's 12(B)(6) Motion to Dismiss and, in the alternative, its Motion to Transfer Venue of VeroBlue's Claims, Defendant, Keith Driver's 12(B)(6) Motion to Dismiss should be granted. In the alternative, in the event the Court denies

Defendant, Keith Driver's Motion to Dismiss, this Court should transfer venue to the Northern District of Texas.

                Respectfully submitted,

By:   */s/ Stacie M. Codr*
      Stacie M. Codr
      scodr@finleylaw.com
      **Finley Law Firm, P.C.**
      699 Walnut Street, Suite 1700
      Des Moines, IA  50309
      Telephone: (515) 288-0145

      R. Heath Cheek
      State Bar No. 24053141
      hcheek@bellnunnally.com
      Katie R. Beaird
      Texas Bar No. 24092099
      kbeaird@bellnunnally.com
      *Pro Hac Vice Pending*
      Bell Nunnally & Martin LLP
      2323 Ross Avenue, Suite 1900
      Dallas, TX 75201
      Telephone:  (214) 740-1400
      Telecopy:  (214) 740-1499

**ATTORNEYS FOR DEFENDANT KEITH DRIVER**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon counsel of records for all parties via ECF Service.

**DATED** this 15th day of October, 2018.

/s/ Joseph Moser