IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| VEROBLUE FARMS USA, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18-CV-3047 |
| v. ) | |
| ) | |
| LESLIE A. WULF, BRUCE A. HALL, ) | |
| JAMES REA, JOHN E. REA, and ) | |
| KEITH DRIVER, ) | |
| ) | |
| Defendants. ) | |

**BRIEF IN SUPPORT OF NONPARTIES'
MOTION TO QUASH SUBPOENAS,
OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

Pursuant to Federal Rules of Civil Procedure 45(d)(3) and 26(c) and Local Rule 7(d), Nonparties Grace Nelson, Mark Nelson, Jeff Nelson, Jerita Nelson, Korrine Nelson, and SNB Farms Partnership (collectively, the "Nonparties"), respectfully jointly submit this Motion to Quash Subpoenas noticed by Plaintiff VeroBlue Farms USA, Inc. ("VBF"). In the alternative, Nonparties respectfully request a protective order.

In addition, to the extent not set forth herein, Nonparties incorporate the arguments set forth in Defendants Wulf, Hall, J. Rea, T. Rea's Brief in Support of Motion to Quash Subpoenas or for Protective Order. (Dkt. 37-1.)

**INTRODUCTION**

VBF noticed subpoenas to the Non-Parties ("Subpoenas") who are all members of or related to members of the Ad Hoc Committee of Equity Security Holders of VBF ("Equity Committee") in *In re VeroBlue Farms USA, Inc.*, Case No. 18-01297 (Bankr. N.D. Iowa)

("Bankruptcy Case").[1]   The requests in the Subpoenas are overbroad, vague, burdensome, unlimited in time, and unrelated to the claims and defenses presented in *this* litigation.

Notably, the Bankruptcy Court has yet to approve VBF's Joint Chapter 11 Plan of Reorganization ("Plan") in the VBF Bankruptcy Case.[2]  A preliminary hearing on confirmation of the Plan is scheduled for April 3, 2019.  It appears that VBF issued these subpoenas to discover documents and communications from the Nonparties relating to the Equity Committee's Plan objection.  This Court should reject the use of this forum to advance VBF's interests in the VBF Bankruptcy Case and quash the subpoenas or, alternatively, enter a protective order for the following reasons:

*First*, pursuant Rule 26(b)(2)(C)(iii), the Subpoenas should be quashed because they request documents and communications that have no bearing on the claims and defenses presented in this litigation.

*Second*, pursuant to Rule 45(d)(3)(A)(i), this Court should quash the Subpoenas because fourteen days is not a reasonable amount of time to comply.  The Subpoenas are unlimited in time and request a voluminous number of documents and communications that require review for privileged communications.

*Third*, pursuant to Rule 45(d)(3)(A)(iii), this Court should quash the Subpoenas because they request documents and communications that are protected by attorney-client and work product privileges.

*Fourth*, alternatively, this Court should issue a protective order under Rule 26(c) to protect the Nonparties from the undue burden imposed by the Subpoenas.

---

[1] True and accurate copies of the subpoenas are attached hereto as **Group Exhibit 1**.

[2] True and accurate copies of the Equity Committee Preliminary Objection and VBF's Plan are attached hereto as **Exhibit 2** and **Exhibit 3**, respectively.

# FACTUAL BACKGROUD

**I.  *VeroBlue Farms USA, Inc. v. Wulf et al.*, Case No: 18-cv-03047 ("District Court Case")**

On July 31, 2018, VBF filed the Complaint asserting causes of action of breach of fiduciary duty, fraudulent concealment, fraudulent misrepresentation, constructive fraud, civil conspiracy, aiding and abetting, unjust enrichment, equitable accounting, and declaratory judgment against Defendants Leslie Wulf, Bruce Hall, James Rea, John Rea, and Keith Driver ("Defendants"). On October 15, 2018, Defendants filed a motion to dismiss the Complaint, which is fully briefed and under advisement. (Dkt. 19.)

**II.  VBF Bankruptcy Court Case**

On September 21, 2018, VBF filed for Chapter 11 bankruptcy protection. The Equity Committee retained the law firm of Horwood Marcus & Berk Chartered ("HMB") to represent it in the VBF Bankruptcy Case. On December 20, 2018, the Equity Committee joined with the Notice of Challenge filed by the Official Committee of Unsecured Creditors ("Creditors' Committee") appointed in the Bankruptcy Case, which objected to certain liens and claims, and urged VBF to pursue actions against its current directors for various breaches of fiduciary duty.[3] On January 9, 2019, the Equity Committee submitted an objection to VBF's Disclosure Statement and Plan. (Bankr. Dkt. No. 238.) A preliminary hearing on confirmation of the Plan is set for April 3, 2019.

**III.  VBF Subpoenas the Nonparties**

As discussed above, the Nonparties are members of or are related to members of the Equity Committee. On information and belief, on February 15, 2019 and February 21, 2019, VBF sent notices of subpoenas to be served on Nonparties. The subpoenas requested that the Nonparties

---

[3] A true and accurate copy of the Notice of Challenge ("Challenge") is attached hereto as **Exhibit 4**.

produce various categories of documents within fourteen days. *See* Group Exhibit 1. More specifically, the subpoenas, which included no time limitation, broadly requested the following:

1) Any and all documents and communications relating to VBF.
2) Any and all documents and communications relating to the Complaint.
3) Any and all documents and communications relating to, or with, Defendants.
4) Any and all documents and communications relating to, or with, Defendants' counsel, including but not limited to Staci Codr, Kim Annello, and/or Heath Cheek or their law firms, Finley Law Firm, P.C., Exall + Wood, PLLC, and Bell Nunnally & Martin LLP.
5) Any and all other documents and communications relating in any way to the attached December 19, 2018 letter from [Creditors' Committee counsel]; the attached December 20, 2018 letter from [Equity Committee counsel]; and the attached January 9, 2019 letter from [a member of the Equity Committee] including, but not limited to, outlook calendar appointments, invoices, engagement letters, agreements, witness statements (whether stand-alone or contained in another document), memoranda, notes of communications, and other documents.
6) Any and all other documents and communications that relate to any investigation performed as to the [December 19, 2018, December 20, 2018, and January 9, 2019 letters].
7) Any and all statements of any witnesses, whether included in affidavits, transcripts, or contained within any other format.
8) Any and all documents and communications relating to, or with, [legal counsel] and [a member of the Equity Committee].
9) Any and all documents and communications relating to, or with, [Creditors' Committee counsel].
10) Any and all documents and communications relating to, or with [Equity Committee counsel].
11) Any and all documents and communications relating to, or with [Equity Committee counsel].
12) Any and all documents and communications relating to, or with, [a member of the Equity Committee].
13) Any and all documents and communications relating to, or with, [a member of the Equity Committee].
14) Any and all documents and communications relating to, or with, [potential members of the Equity Committee].
15) Any and all documents and communications relating to, or with, any current or former VBF employees.
16) Any and all photographs, video recordings, audio recordings, or other audio-visual data relating in any way to VBF.

*See id.*

# LEGAL STANDARD

I.  **Rule 45(d)(3)**

Rule 45(d)(3), entitled "Quashing or Modifying a Subpoena," provides, in relevant part, that:

"(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply…
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden."

II. **Rule 26**

Rule 26(b), entitled "Discovery Scope," provides, in relevant part that:

"(1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable"

Rule 26(c), entitled "Protective Orders," states, in relevant part, that:

"(1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;…
(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;…
(F) requiring that a deposition be sealed and opened only on court order;
(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way…"

## ARGUMENT

I. **Pursuant to Rule 26(b)(2)(C)(iii), the Subpoenas Should Be Quashed Because They Request Documents and Communications that have no Bearing on the Claims and Defenses Presented in this Litigation.**

Relevance for discovery purposes is broadly defined by Rule 26, but even so, is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Rule 26(b)(1). "Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *See, e.g., Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Here, VBF asserts nine claims against Defendants, all variations of breach of fiduciary duty, fraud, and conspiracy in their actions as VBF's officers and directors. By VBF's own allegations, Defendants' wrongful conduct began sometime in September 2014, after they obtained control of VBF, and continued until VBF completed its investigation in March 2018, after Defendants were "ousted" from the company. (*See* Am. Compl. at ¶¶ 13, 14, 44, 52, 81.)

*Pursuant to Rule 26(b)(1), discovery in this matter is limited to VBF's claims regarding Defendants' wrongful conduct while they controlled VBF until VBF completed its investigation of that conduct in March 2018.* Plaintiff's request for documents outside that time period are not relevant and outside the scope of Rule 26(b).

Further, the Subpoenas are not directed to anything related to Defendants' conduct while in control of VBF. Instead, they largely relate to the Challenge Notice and Plan confirmation. (*See* Group Exhibit 1.) The Challenge Notice was not sent until months after VBF completed its investigation of Defendants and initiated the District Court Case. The Subpoenas seek communications among Defendants, the Creditor Committee, the Equity Committee, and each of their respective attorneys regarding the Challenge Notices. *See id.* The only vague reference to the District Court Case is in a broadly worded request for "all documents and communications relating to the Complaint." *Id.* These Subpoenas are not designed to discover documents related to VBF's claims against Defendants -- but to subvert the challenges to the bankruptcy Plan. This is not within the scope of Rule 26(b)(1).

VBF also has failed to answer any discovery issued to it in connection with Plan confirmation. VBF has yet to serve any discovery in the Bankruptcy Case. A fee application submitted in the Bankruptcy Case by VBF's counsel, Brown, Koehn, Shors & Roberts, P.C., however, indicates why the Subpoenas were issued in this forum, rather than in the Bankruptcy Case. On February 11, 2019, counsel held a conference call to discuss "whether to answer discovery from ad hoc creditors committee in bankruptcy case and whether to send subpoena in federal case[.]"[4] VBF appears to be using the Subpoenas to prosecute Plan confirmation discovery in this forum while delaying and obstructing any discovery in the Bankruptcy Case. The Subpoenas were not noticed and served because they are relevant in the District Court Case, but because VBF wants documents and information in the Bankruptcy Case. Accordingly, pursuant to Rule 26(b)(2)(C)(iii), this Court should quash the Subpoenas.

---

[4] *See* Excerpts from Fee Application filed by Brown, Koehn, Shors & Roberts, P.C, filed February 20, 2019 (Bankr. ECF Dkt. No. 314) p. 95, attached hereto as **Exhibit 5**.

**II.    Pursuant to Rule 45(d)(3)(A)(i), the Subpoenas Should be Quashed Because They Seek a Voluminous Amount of Documents and Information That Require Review for Privileged Communications within Fourteen Days.**

Rule 45(d)(3)(A)(i) provides that a court must quash a subpoena that fails to allow a reasonable time to comply. Here, the subpoenas request largely broad and vague categories of document and communications, including personal financial information and privileged communications with attorneys—some of which may be sensitive, and could not be produced without careful review and, potentially, a protective order. Additionally, the requests are not even limited in time and, therefore, ask Nonparties to review their records over many years. Nonparties' counsel cannot reasonably comply with the subpoena for documents within fourteen days and ask this Court to quash the Subpoenas for documents upon these grounds alone.

**III.   Pursuant to Rule 45(d)(3)(A)(iii), the Subpoenas Should be Quashed Because They Request Documents and Communications that are Protected by Attorney-Client Privilege.**

Even if the Court finds that discovery into the challenges to VBF's Plan is (somehow) related to VBF's breach of fiduciary duty claims here, the Court should quash the subpoenas because they seek communications that are privileged.

Rule 45(d)(3)(A)(iii) provides that a court must quash a subpoena that requires disclosure of privileged information. The Northern District of Iowa has found that the application of the attorney-client privilege is governed by state law. *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 197 F.R.D. 620, 627 (N.D. Iowa 2000). In Iowa, the attorney-client privilege is codified in Iowa Code § 622.10(1), which states that:

> A practicing attorney ... shall not be allowed, in giving testimony, to disclose any confidential communication properly entrusted to the person in the person's professional capacity, and necessary and proper to enable the person to discharge the functions of the person's office according to the usual course of practice or discipline.

Iowa Code § 622.10(1). The Supreme Court of Iowa has found that "[a]ny confidential communication between an attorney and the attorney's client is absolutely privileged from disclosure against the will of the client." *Keefe v. Bernard*, 774 N.W.2d 663, 669 (Iowa 2009) (citation omitted); *see also Progressive Cas. Ins. Co. v. F.D.I.C.*, 302 F.R.D. 497, 501–02 (N.D. Iowa 2014). The attorney-client privilege focuses on the nature of the relationship involved and is "not dependent whatsoever upon the anticipation of litigation." *Meighan v. TransGuard Ins. Co. of Am.*, 298 F.R.D. 436, 447 (N.D. Iowa 2014).

Here, the Subpoenas explicitly request documents and communications from the Equity Committee's counsel and the Nonparties. *E.g.,* Group Exhibit 1 ("Any and all documents and communications relating to, or with Horwood Marcus & Berk."). Such documents and communications are clearly protected by attorney-client privilege as HMB represents certain Nonparties in their capacity as members of the Equity Committee in the Bankruptcy Case. Accordingly, this Court should quash the Subpoenas.

**IV.   In the Alternative, This Court Should Issue a Protective Order to Limit the Subpoenas Under Rule 26(c).**

Rule 26(c)(1)(G) provides that a court may issue a protective order to protect confidential information "not be revealed or be revealed only in a specified way." *Id.*; *see also Eggerling v. Advanced Bionics, LLC*, 2013 WL 835974 at *3 (N.D. Iowa Mar. 6, 2013) ("Documents may be protected if, for example, they contain "information about manufacturing processes, budgeting and *finance issues*, testing and other matters that would not generally be released for public consumption.") (emphasis added).

The Unites States Supreme Court has explained the purpose of Rule 26(c) as follows:

Rule 26(c) furthers a substantial governmental interest unrelated to the suppression of expression.... Liberal discovery is provided for the sole purpose of assisting in

> the preparation and trial, or the settlement, of litigated disputes. Because of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c). It is clear from experience that pretrial discovery by depositions and interrogatories has a significant potential for abuse. This abuse is not limited to matters of delay and expense; discovery also may seriously implicate privacy interests of litigants and third parties. The Rules do not distinguish between public and private information. Nor do they apply only to parties to the litigation, as relevant information in the hands of third parties may be subject to discovery.

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34–35 (1984) (citations omitted). Further, Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Id.* at 36. Here, a protective order is warranted to protect the Nonparties' privileged communications and personal financial information from being disclosed. Specifically, this Court should enter a protective order barring VBF from seeking documents and communications between and among Nonparties and counsel. This Court should also enter a protective order barring VBF from requesting personal financial records.

## CONCLUSION

WHEREFORE, for the reasons articulated above, Nonparties request the Court quash the Subpoenas or, alternatively, enter a Protective Order.

*/s/ David M. Caves*
JOSEPH E. SCHMALL (#AT0007023)
   Direct Dial: (319) 861-8729
   Email: jschmall@bradleyriley.com
DAVID M. CAVES (#AT0012961)
   Direct Dial: (319) 861-8728
   Email: dcaves@bradleyriley.com
LAURA M. HYER (#AT0011886)
   Direct Dial: (319) 861-8742
   Email: lhyer@bradleyriley.com
   of
BRADLEY & RILEY PC
2007 First Avenue SE
P.O. Box 2804
Cedar Rapids, IA  52406-2804
Phone: (319) 363-0101
Fax:     (319) 363-9824

*ATTORNEYS FOR GRACE NELSON, MARK NELSON, JEFF NELSON, JERITA NELSON, KORRINE NELSON, AND SNB FARMS PARTNERSHIP*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of this document was served upon the persons listed on this document at the addresses indicated by CM/ECF electronic notification or by enclosing the same in an envelope with postage fully paid and by depositing said envelope in a United States Post Office depository this 1st day of March, 2019. I declare under penalty of perjury that the foregoing is true and correct.

   */s/ Chanda Clark*