**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | | |
|---|---|---|
| VEROBLUE FARMS USA, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 18-CV-3047 |
| v. | ) | |
| | ) | **DEFENDANTS WULF, HALL, J. REA,** |
| LESLIE A. WULF, BRUCE A. HALL | ) | **T. REA'S REPLY IN SUPPORT** |
| JAMES REA, JOHN E. REA, and | ) | **OF MOTION TO QUASH SUBPOENAS** |
| KEITH DRIVER, | ) | **OR FOR PROTECTIVE ORDER** |
| | ) | |
| Defendants. | ) | |

**COME NOW** Defendants Leslie Wulf, Bruce Hall, James Rea, and John ("Ted") Rea and

for their Reply in Support of their Motion to Quash Subpoenas or for Protective Order, state:

**Relevance – Subpoenas are Not Limited to "This Case".** Defendants argued the GM,

HMB, Beecher Firm, Fish Dish, and Lockard Subpoenas are directed at undermining challenges

to VBF's Chapter 11 Plan,[1] and not facts relevant to its claims against Defendants. In its Response

(ECF No. 42), VBF counters that the subpoenas seek information Defendants provided about "this

case" to the Bankruptcy Attorneys and Equityholders' Committee. (Resp., ECF No. 42, pp. 2, 5-

8). But "this case" is only referenced in *one* of the seven requested categories of documents in each

of the Subpoenas. (Mot., Exs. A-1 thru A-7, Item 2). VBF also seeks all communications among

Defendants, the Bankruptcy Counsel, and Equityholders and Creditors Committee members. (*Id.*,

Item 3 and 4). It also asks for everything related to the Creditors' Challenge, the Equity Challenge,

and the investigations of each. (*Id.*, Items 5-7). The Challenges both detail specific transactions

unrelated to "this case," including the validity of the lien of VBF's largest secured creditor and the

---

[1] Capitalized terms shall have the same meaning as defined in Defendants' Motion to Quash Subpoenas or for
Protective Order (ECF No. 37-1) unless otherwise indicated.

loan-to-own scheme executed by Alder Aqua against VBF. These issues are far afield from the appropriate scope of discovery in "this case" under Fed. R. Civ. P. 26. At the same time, VBF has argued to the Bankruptcy Court that all discovery from the Equityholders' Committee should be quashed. It appears to be using this case to seek the same discovery it is attempting to block in the Bankruptcy Case. (Bankr. ECF No. 339.) The transactions that are the subject of both Challenge Notices have little relevance to "this case," except to the extent they bear on VBF's motive for engaging in this campaign against Defendants and their families.

**Privilege**. Defendants assert the documents sought in the subpoenas to HMB, G&M, the Beecher Firm, FishDish, Turk and Lockard, are subject to attorney-client and/or common interest privilege. (Mot., ECF No. 37-1, pp. 9-23.) ***To clarify, Defendants are not currently represented by HMB as counsel to the Equityholders' Committee in VBF's Bankruptcy Case. Defendants are not and have not been members of the Equityholders' Committee.*** Defendants were *individually* represented by HMB until December 18. Once HMB took on representation of the Equityholders' Committee, Defendants ceased to be represented by HMB. Thus, the privileges Defendants seek to assert over communications with HMB are: i) attorney-client privilege, for the time period in which HMB was their counsel (November 8 through December 18) and ii) common interest privilege thereafter.

VBF acknowledges Defendants have a legitimate claim of privilege over documents held by G&M, HMB, and the Beecher Firm, but insist these parties provide a privilege log rather than produce documents. (ECF No. 42, pp. 2-3, 18-19). VBF does not argue—presumably because it cannot—that *some* communications exist among Defendants and/or any of these firms which are not privileged, all of them are privileged. Essentially VBF acknowledges there are no documents to be produced but asks these firms to log every communication with Defendants and each other.

For what purpose? The Creditors Committee submitted a detailed, 19-page, single-spaced Challenge Notice, which, by VBF's own argument was based on information provided by Defendants. A log of communications between these committees, their counsel, and these Defendants is not going to reveal any information about "this case" that the Challenge Notices have not already provided. Rather, it appears VBF improperly harassing and is implicitly punishing, Defendants, the Creditors Committee,[2] and the Equityholders' Committee for objecting to their Chapter 11 Plan.

**Bank Records**. VBF first defends the Bank Subpoenas, which seek *every single transaction in Defendants' bank account ever*, by claiming those subpoenas also seek VBF's own bank records. Why would VBF need to subpoena its own bank accounts?[3] This is not a situation, like those in the cases VBF cites, in which Defendants hold the purse strings to a trust or accounts that VBF cannot control or access. (See Resp., ECF No. 42, pp. 14-16.) Defendants were summarily terminated from VBF over a year ago. Their computers were wiped and seized. They no longer have access to VBF's records or accounts. VBF could certainly access its own account records going back as far as it wished, likely with the click of a mouse on a website. These subpoenas are directed at Defendants *personal bank records* and are an inappropriate, harassing invasion of privacy.

---

[2] VBF repeatedly claims that the Creditors Committee has dropped its challenge to the Chapter 11 Plan, implying that the Committee found Defendants' claims faulty. In fact, VBF is funding a payment to creditors committee of over $600,000 in exchange for the Committee withdrawing its objection. Thus, the Committee is just one of millions of litigants who has settled claims for money – certainly that fact does not bear on the merits of the Committee's challenge and Defendants' underlying allegations. If anything, VBF's payment is an indication of its own estimate of the potential risk in defending against these allegations.

[3] In early threats to Defendants, VBF claimed to have engaged a third party to conduct a full audit and investigation of its accounting and financial records, which lead to the detailed accusations against Defendants.

VBF claims this invasive discovery is necessary to assess Defendants' net worth in the case of an award of punitive damages.[4] It must be noted that two Defendants, Hall and T. Rea, have full general releases from VBF, which justify dismissal of all claims against them, as argued in Defendants' pending Motion to Dismiss. (ECF No. 19). Although VBF argues these releases are invalid, the Court has not ruled on that issue. It would be a grave injustice if Defendants and their families were forced to submit to this grossly overbroad and invasive personal discovery, only to find VBF's claims never should have been brought in the first place.

**Meet and Confer**. In addition to personally attacking the Defendants before this Court and the Bankruptcy Court, VBF now attacks Defendants' counsel. VBF urges denial of Defendants' motion and an award of sanctions by erroneously claiming that Defendants' counsel did not comply with Local Rule 37's requirement to meet and confer regarding any discovery issues before filing the Motion to Quash. VBF's Response inaccurately describes Defendants' counsel's February 22 email to VBF's Iowa counsel (Mot., ECF No. 37, Ex. D), as if this were the only reference to Defendants' objections to the subpoenas and accuses Defendants' counsel of bad faith. This ignores the entire predicate to the February 22 email, which was a phone call between Defendants' counsel and attorney Holly Logan, VBF's Iowa counsel. VBF dismisses this phone call, claiming it merely "touched on the Subpoenas." VBF's representation is inaccurate.[5]  During that phone call, Defendants' counsel asked several questions about the subpoenas at issue. Defendants' counsel knew some of the subpoenas had been noticed but not served on the respondents and asked Ms. Logan which ones had been served (in order to narrow the issues for

---

[4] VBF's claimed damages increase in every submission to the Court, from "in excess of $75,000" in its Amended Complaint to over $80M in its Response. If such an enormous amount of damages could be proven, the Creditors' Committee would have been foolish not to participate in the recovery from this lawsuit as part of its settlement with VBF.

[5] Defendants can only assume that the inaccurate reflection of the February 22 phone call in VBF's Response was written by the Thompson Coburn attorneys who did not participate in the phone call.

discussion and to be raised in this motion). Ms. Logan seemed unaware of the subpoenas, could not confirm whether they had been served, and stated the Thompson Coburn firm was handling the subpoenas.

Defendants' counsel's February 22 email, attached to the motion, was not the only communication between the parties. The email merely summarized the more detailed telephone conversation about the subpoenas. Defendants could not wait for VBF's multiple sets of counsel to respond to their questions once it became aware some of the subpoena respondents were planning to produce documents the very next business day. VBF's counsel, Thompson Coburn, although invited to the February 22 phone call and copied on the February 22 email, did not participate in the call or respond to Defendants' inquiries. Defendants could not wait for further conference on the issue and was obligated to take immediate action to adequately protect their interests before becoming irreversibly prejudiced by the disclosure of documents in response to inappropriate subpoenas.

Defendants' counsel raised their objections to the subpoena to VBF's counsel by telephone, thereby complying with Local Rule 37. Defendants complied with Local Rule 37 as best they could before third parties were required to respond to the subpoenas. The difficulties presented in conferring with multiple law firms representing the same party with limited time before a third party may take action prejudicial to a party's client is not grounds for denial or sanctions.

For all the reasons set forth herein and in its Brief in Support of its Motion not Quash, Defendants urge this Court to grant their Motion and deny Plaintiff's request for sanctions.

Date:   March 18, 2019

LESLIE WULF, BRUCE HALL,

JOHN (TED) REA, JAMES REA

By: */s/ Kimberly D. Annello*
      Kimberly D. Annello
      Texas Bar No. 24093704
      Underwood Perkins, P.C.
      5420 LBJ Freeway, Suite 1900
      Dallas, Texas 75240
      Phone: 972.661.5114
      Email: kannello@uplawtx.com
      (*pro hac vice*)

      Stacie M. Codr
      Finley Law Firm, P.C.
      699 Walnut Street, Suite 1700
      Des Moines, IA 50309
      Phone: 515.288.0145
      Email: scodr@finleylaw.com
      **Attorneys for Defendants, Leslie Wulf, Bruce Hall, John (Ted) Rea, and James Rea**

## CERTIFICATE OF SERVICE

This is to certify that on the 18th day of March 2019, a true and correct copy of the foregoing instrument was served upon all counsel of record, via the court's ECF system.

      /s/ *Kimberly D. Annello*
      Kimberly D. Annello