IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| VEROBLUE FARMS USA, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 18-CV-3047 |
| v. | ) |
| | ) |
| LESLIE A. WULF, BRUCE A. HALL, | ) |
| JAMES REA, JOHN E. REA, and | ) |
| KEITH DRIVER, | ) |
| | ) |
| Defendants. | ) |

**NONPARTIES' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO QUASH SUBPOENAS,
OR, IN THE ALTERNATIVE, FOR PROTECTIVE ORDER**

Nonparties Grace Nelson, Mark Nelson, Jeff Nelson, Jerita Nelson, Korrine Nelson, and SNB Farms Partnership (collectively, the "Nonparties") submit this reply brief in support of their Motion to Quash Subpoenas, or, in the Alternative, for Protective Order [Dkt. No. 41]. Despite the verbosity of resistance brief [Dkt. No. 44] filed by Plaintiff VeroBlue Farms USA, Inc. ("VBF"), the issues before the Court are relatively straightforward. The bases for the Nonparties' motion are set forth in detail in their opening brief [Dkt. No. 41-1]. To the extent there is overlap with the similarly overbroad subpoenas issued to certain defendants and other non-parties to the case, the Nonparties hereby incorporate the reply brief filed by those entities on March 18, 2019.

The subpoenas directed to the Nonparties ("Subpoenas") should be quashed for the following reasons:

- First, the Subpoenas should be quashed pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii) because they request documents and communications that have no bearing on the claims and defenses presented in this litigation.

- Second, the Subpoenas should be quashed pursuant to Fed. R. Civ. P. 45(d)(3)(A)(i) because 14 days—or in some cases, a <u>shorter</u> period—is not a reasonable time to comply.

> The Subpoenas are unlimited in time and request a voluminous number of documents and communications that require review for privileged communications.

- Third, the Subpoenas should be quashed pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii) because they request documents and communications that are protected by the attorney-client and work product privileges.

In the alternative, the Court should issue a protective order pursuant to Fed. R. Civ. P. 26(c) to protect the Nonparties from the undue burden imposed by the Subpoenas. The Nonparties briefly reply below to several arguments raised in VBF's resistance brief [Dkt. No. 44].[1]

A.  **The Nonparties Did Not Fail the Meet and Confer Requirement.**

Tellingly, VBF's first argument does not grapple with the merits of the Nonparties' motion. VBF begins by arguing the Nonparties failed to comply with the local rules' meet and confer requirement. [Dkt. No. 44 at 7–8.] First, VBF misapplies Local Rule 37 and Local Rule 7(k). Local Rule 37, by its own terms, is limited to motions to compel. (*See* LR 37, titled *Discovery Disputes – Motions to Compel*.) Local Rule 7(k) is limited to *parties* to the litigation, which the Nonparties manifestly are not. (*See* LR 7(k).) Second, the meet and confer requirement was satisfied, as shown by the email quoted in VBF's resistance. [Dkt. No. 44 at 7.] The Nonparties made a genuine attempt to meet and confer; VBF's counsel's failure to return voicemails or emails should not be used as a basis to deny the Nonparties' motion.

In any event, it is disingenuous for Plaintiffs to argue the "half-hearted meet and confer attempt[]" should doom the Nonparties' motion because, to date, Plaintiffs' counsel never responded to undersigned counsel's voicemail or email. Plaintiffs clearly have no interest in working with counsel to limit the scope of the Subpoenas or discuss a reasonable time to respond.

---

[1] The Nonparties' silence with respect to any contention raised in the lengthy resistance [Dkt. No. 44] should not be deemed to be acquiescence or agreement with VBF.

2

**B.     The Subpoenas Are an End-Around Attempt at Discovery in the Bankruptcy Case and Not Limited to "This Case."**

In the Nonparties' opening brief, the bases for their relevance objection are set out in detail. [*See* Dkt. No. 41-1 at 6–7.] VBF responds by accusing the Nonparties of making "demonstrably false allegations" [Dkt. No. 44 at 8]—an argument which is without merit and, in turn, contains its own misleading allegations.

VBF's argument is based on refuting the Nonparties (correct) statement that "[t]he only vague reference to the District Court case" in the Subpoenas "is a broadly worded requires for all communications relating to the Complaint.'" [Dkt. No. 41-1 at 7.] VBF attempts to salvage its requests by pointing to Subpoena requests that "seek documents without reference or limitation to the Bankruptcy Case." [Dkt. No. 44 at 8.] Of course, this is not the same thing. It is manifestly true and unrefuted that the only request in the Subpoenas referencing this District Court case is Request No. 2, which seeks "[a]ny and all documents and communications relating to the Complaint."

In fact, VBF's reference to only a handful of Subpoena requests that do not expressly reference the Bankruptcy Case demonstrates the Nonparties' point, because the overwhelming majority of requests do indeed reference the Bankruptcy Case, either directly or indirectly. For example:

> 5.    Any and all documents and communications relating in any way to the attached December 19, 2018 letter from [Creditors' Committee counsel]; the attached December 20, 2018 letter from [Equity Committee counsel]; and the attached January 9, 2019 letter from [a member of the Equity Committee] including, but not limited to, outlook calendar appointments, invoices, engagement letters, agreements, witness statements (whether stand-alone or contained in another document, memoranda, notes of communications, and other documents.
>
> 6.    Any and all other documents and communications that relate to any investigation performed as to the [December 19, 2018, December 20, 2018, and January 9, 2019 letters].

8. Any and all documents and communications relating to, or with, [legal counsel] and [a member of the Equity Committee].

9. Any and all documents and communications relating to, or with, [Creditors' Committee counsel].

10. Any and all documents and communications relating to, or with [Equity Committee counsel].

11. Any and all documents and communications relating to, or with [Equity Committee counsel].

12. Any and all documents and communications relating to, or with, [a member of the Equity Committee].

13. Any and all documents and communications relating to, or with, [a member of the Equity Committee].

14. Any and all documents and communications relating to, or with, [potential members of the Equity Committee].

Plainly, the Subpoenas are directed toward discovery useful in the Bankruptcy Case and not relevant here.

**C.    The Subpoenas Are Overbroad**

As detailed in the Nonparties' opening brief [Dkt. No. 41-1], the Subpoenas do not provide sufficient time to respond, seek sensitive documents, and do not have time limitations. VBF's only response is this conclusory statement: "None of these objections are [*sic*] well-grounded, and none would support the wholesale quashing of the Subpoenas in their entirety." [Dkt. No. 44 at 9.] VBF then reiterates its contention that these arguments would not survive a meet and confer—even though, to date, VBF's counsel has never responded to undersigned counsel's voicemail or email.

For all the reasons detailed in the opening brief, the Subpoenas are overbroad and should be quashed.

**D.      The Subpoenas Request Privileged Material**

VBF's primary argument in response to the Nonparties' privilege argument—that the Nonparties should produce a privilege log—shows what VBF is really after through its requests for documents between the Nonparties and various law firms. VBF is apparently interested in *who* the Nonparties are communicating with, *when* those communications took place, and related information. Obviously, this has nothing to do with this District Court case and is of interest to VBF for the Bankruptcy Case.

In any event, a privilege log at this point is untimely. The Subpoenas should be quashed in their entirety, rendering a privilege log a frivolous waste of resources. To the extent any Subpoena requests survive via a protective order, the Nonparties will review and log privileged documents in due course. Any discussion about the attorney-client relationship between the Nonparties and any particular attorney or firm can take place at that time, to the extent there is a dispute.[2]

**E.      VBF Is Not Entitled to Fees**

VBF argues the Nonparties should pay VBF's reasonable attorney's fees for a host of meritless reasons, most of which are addressed above. [Dkt. No. 44 at 13.] As discussed above, the Nonparties are in full compliance with Local Rules and made the <u>only</u> effort to meet and confer. In fact, pursuant to Rule 45(d)(1), VBF should be liable for the Nonparties' fees. The rule provides:

---

[2] VBF's resistance contains a lengthy discussion accusing the Nonparties of "misrepresent[ing] facts to support their meritless privilege claims." [Dkt. No. 44 at 10.] This is directed to an issue in the Bankruptcy Case over whether the Defendants in this action are members of the Ad Hoc Committee. It is also apparently directed to statements made by an attorney named Aaron Hammer of the law firm Horwood Marcus & Berk. The argument is that Mr. Hammer made "misrepresentations" that VBF seeks to impute to the Nonparties here. That argument is wholly out of line and has nothing to do with the present motion. As noted above, any question over the privilege of particular documents can be resolved at the appropriate time and the issue being addressed by Judge Collins in the Bankruptcy Case over the status of the Ad Hoc Committee should not be litigated here. In fact, this is just one more illustration of VBF using this case as a vehicle to improperly pursue its interests in the Bankruptcy Case.

> *Avoiding Undue Burden or Expense; Sanctions*. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1). The Nonparties did not request sanctions in their motion, and do not do so now, but note that the Court has authority to impose sanctions *sua sponte*. If VBF continues to harass the Nonparties through unwarranted discovery and frivolous Subpoenas, the Nonparties reserve their right to seek reimbursement of reasonable attorneys' fees under Rule 45(d)(1).

## CONCLUSION

For the reasons stated above and in the Nonparties' opening brief [Dkt. No. 41-1], the Nonparties' motion [Dkt. No. 41] should be granted.

          */s/ David M. Caves*
JOSEPH E. SCHMALL (#AT0007023)
   Direct Dial: (319) 861-8729
   Email: jschmall@bradleyriley.com
DAVID M. CAVES (#AT0012961)
   Direct Dial: (319) 861-8728
   Email: dcaves@bradleyriley.com
LAURA M. HYER (#AT0011886)
   Direct Dial: (319) 861-8742
   Email: lhyer@bradleyriley.com
   of
BRADLEY & RILEY PC
2007 First Avenue SE
P.O. Box 2804
Cedar Rapids, IA  52406-2804
Phone: (319) 363-0101
Fax:   (319) 363-9824

*ATTORNEYS FOR GRACE NELSON, MARK NELSON, JEFF NELSON, JERITA NELSON, KORRINE NELSON, AND SNB FARMS PARTNERSHIP*

Copy to:

Matthew E. Laughlin
Holly M. Logan
Katelynn T. McCollough
Davis, Brown, Koehn, Shors & Roberts, P.C.
215 10th Street, Suite 1300
Des Moines, IA 50309
*Attorneys for Plaintiff*

Robert H. Lang
Renato Mariotti
Caroline Pritikin
Eileen Boyle Perich
Thompson Coburn LLP
55 East Monroe, 37th Floor Chicago, IL 60603
*Attorneys for Plaintiff*

Kimberly D. Annello
Underwood Perkins, P.C.
5420 LBJ Freeway, Suite 1900
Dallas, Texas 75240
*Attorneys for Defendants, Leslie Wulf, Bruce Hall, John (Ted) Rea, and James Rea*

Stacie M. Codr
Joseph F. Moser
Finley Law Firm, P.C.
699 Walnut Street, Suite 1700
Des Moines, IA  50309
*Attorneys for Defendants, Leslie Wulf, Bruce Hall, John (Ted) Rea, and James Rea*

Richard H. Cheek
Bell Nunnaly & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201
*Attorneys for Defendant Keith Driver*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of this document was served upon the persons listed on this document at the addresses indicated by CM/ECF electronic notification or by enclosing the same in an envelope with postage fully paid and by depositing said envelope in a United States Post Office depository this 22nd day of March, 2019. I declare under penalty of perjury that the foregoing is true and correct.

　　　　　　　　　　　　　　　　*/s/ Chanda Clark*