## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **VEROBLUE FARMS USA, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:19-cv-00764-L** |
| **LESLIE A. WULF, BRUCE A. HALL,** | § | |
| **JAMES REA, JOHN E. REA, and KEITH** | § | |
| **DRIVER** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT KEITH DRIVER'S 12(b)(6) MOTION TO DISMISS

Defendant, Keith Driver, ("Driver"), through its undersigned counsel and pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure seeks to dismiss the all claims against Driver in VeroBlue Farms USA, Inc.'s ("VeroBlue" or "Plaintiff") Complaint (the "Claims") for failure to state a claim upon which relief can be granted.

### STATEMENT OF ISSUES

The issues presented is whether the Court should dismiss Plaintiff's claims pursuant to Rule 12(b)(6), which protects defendants from claims that are meritless on their face. Here, the Claims should be dismissed under Rule 12(b)(6) for at least three reasons: (a) Plaintiff released Driver from all causes of actions, known or unknown, as of January 13, 2017, in the parties' Business Relationship Restructuring Agreement; (2) Plaintiff has not adequately plead Causes I-IX against Driver; and (3) Causes I-IX are not actionable.

### EVIDENCE IN SUPPORT OF MOTION

| | |
|---|---|
| First Amended Complaint | App. 0003-0030 |
| Declaration of Keith Driver | App. 0031-0032 |

Employment Agreement                              App.0033-0048

Restructuring Business Agreement                  App. 0049-0063

### STATEMENT OF FACTS

**A.     Allegations in the Complaint**

The First Amended Complaint (App.0003-0030) names Driver as a Defendant to all nine counts listed within the Complaint, including claims for fraudulent concealment, fraudulent misrepresentation, constructive fraud, civil conspiracy and declaratory judgment. (App. 0011-0019, ¶ 43-85). VeroBlue alleges Driver served as an officer and employee (and/or) contractor of VeroBlue from October 1, 2014 through on or about January 13, 2017, when VeroBlue terminated his employment and officer status. (App. 0004, ¶ 3).  Other than this statement (which is not true) VeroBlue does not allege a single specific action taken by Driver, but instead states a slew of alleged actions taken by all Defendants, leaving Driver to guess as to which actions VeroBlue actually asserts he took part in. *(*App. 0003-0011, ¶¶ 11-42).

**B.     Driver's Employment with VeroBlue.**

Prior to July 1, 2016, Driver performed services for VeroBlue as a designated representative of Seven Hours Holding Company, Inc., an independent contractor of VeroBlue's. (App. 0033). On July 1, 2016, VeroBlue and Driver entered into an Employment Agreement, terminating Driver's role as an independent contractor and putting him into the position of Chief Operating Officer of VeroBlue. (App. 0033-0048).

Driver's stint as COO of VeroBlue, however, was very brief – only six months.  On January 13, 2017, Plaintiff and Driver entered into a Business Relationship Restructuring Agreement (the "Release Agreement"), which terminated Driver's Employment Agreement with Plaintiff and re-established his consulting relationship with the company. (App. 0049-0063). Thus, Driver was only an employee of VeroBlue for six months, yet Plaintiff seems to assert that Plaintiff

was involved in numerous schemes allegedly performed by VeroBlue's officers during times that

Driver was not employed with the company and owed no duty to VeroBlue.

Additionally, as a part of the Release Agreement, Plaintiff agreed to the following:

> (b)    As a material inducement to Driver and Driver Co. to enter into this Agreement, and except for the covenants and agreements of Driver and Driver Co. provided for in this Agreement, VBF USA and VBF Canada, on their own behalf and on behalf of the other VBF Releasees, hereby irrevocably and unconditionally release, acquit and forever discharge the Driver Releasers from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever, known or unknown (the "**VBF Releasee Claims**") which the VBF Releasees now have, own, hold, or to which the VBF Releasees at any time heretofore had, owned or held against each of the Driver Releasers, including, without limitation, the Egregious Cause Claims. The VBF Releasees represent that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any VBF Releasee Claim or any portion thereof or interest therein.

(App. 0052). Thus, Plaintiff released Driver from all causes of actions, **known or unknown**, as of

January 13, 2017. (App. 0052).

**C.    Facts that Allegedly Occurred After Driver's Release from VeroBlue.**

Out of all the vague actions allegedly taken by all of the Defendants, VeroBlue only alleges

very few facts that allegedly occurred after it released Driver from any and all causes of actions.

Specifically, the only facts alleged to occur after the release are that on January 13, 2017:

1.  Wulf rebuilt the Wulf Lake House from in or around May 2015 through in or around July 2017. (App. 0007, ¶ 23).

2.  VeroBlue employee Tracy Arbanas ("Arbanas") oversaw the reconstruction of the Wulf Lake House, and VeroBlue paid her to do so at an annual cost to VeroBlue of approximately $97,500, which represented Arbanas' compensation and benefits. Further, VeroBlue funded housing for Arbanas close to the lake house, and refreshments for the construction crew on this project. All told, VeroBlue incurred approximately $107,490.51 for compensation and benefits to Arbanas. (App. 0007, ¶ 24).

3.  Defendants paid for James Rea's personal living expenses in Ames, Iowa, about forty miles from Webster City, Iowa in or around August 2017 from VeroBlue's funds. (App. 0010, ¶ 39(c)).

4. Defendants sold a home in Webster City, Iowa for less than what it purchased it for on May 25, 2018. (App. 0010, ¶ 39(h).

5. Plaintiff purchased, at the direction of some or all Defendants, of a building and underlying property unnecessary to VeroBlue's business and located in Webster City for $400,000 on July 28, 2016, which VeroBlue sold for $135,000 on April 13, 2018. (App. 0011, ¶ 41).

As all of the foregoing actions were taken, Driver was not an officer or director of VeroBlue, was merely acting as a consultant to Veroblue, owed no duties to VeroBlue, and was not involved in the actions. (App. 0031-33). In fact, Plaintiff does not allege that Driver was involved at all in many of the listed actions occurring after January 13, 2017. Accordingly, Plaintiff's Claims against Driver because it fails to state any claim upon which may be granted against Driver, fails to properly plead the claims based upon fraud, and have released Driver for all Claims brought against him.

**WHEREFORE,** for the reasons discussed above, and as stated in more detail in the accompanying Brief in Support of Defendant Keith Driver's 12(B)(6) Motion to Dismiss, Defendant, Keith Driver's 12(B)(6) Motion to Dismiss should be granted.

Respectfully submitted,


By:   */s/ Heath Cheek*
        R. Heath Cheek
        State Bar No. 24053141
        hcheek@bellnunnally.com
        Katie R. Beaird
        Texas Bar No. 24092099
        kbeaird@bellnunnally.com
        **Bell Nunnally & Martin LLP**
        2323 Ross Avenue, Suite 1900
        Dallas, TX 75201
        Telephone:  (214) 740-1400
        Telecopy:  (214) 740-1499


**ATTORNEYS FOR DEFENDANT
KEITH DRIVER**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon counsel of records for all parties via ECF Service.

**DATED** this 10th day of April, 2019.

_/s/ R. Heath Cheek_
R. Heath Cheek

4435625_1.docx / 10700.1