**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **VEROBLUE FARMS USA, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. 3:19-cv-00764-L** |
| **LESLIE A. WULF, BRUCE A. HALL,** | § | |
| **JAMES REA, JOHN E. REA, and KEITH** | § | |
| **DRIVER** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT DRIVER'S BRIEF IN SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................1

BACKGROUND ................................................................................................................2

      A.     Allegations in the Complaint ..........................................................................2

      B.     Driver's Employment with VeroBlue. .............................................................2

      C.     Facts that Allegedly Occurred After Driver's Release from VeroBlue. ...........................3

ARGUMENTS AND AUTHORITIES................................................................................4

      I.     Legal Standard for Rule 12(b)(6) Motions to Dismiss. ......................................................4

      II.     VeroBlue's Claims Against Driver are Barred by VeroBlue's Release in the Business Relationship Restructuring Agreement................................................................7

            A.     VeroBlue Released All Claims Against Driver. ..................................................7

      III.     VeroBlue's Complaint Overall Fails to State Any Claim Upon Which May be Granted Because Plaintiff Employs an Impermissible Style of Pleading. ..........................9

            A.     The Fraudulent Conduct Complained of Is Not Sufficiently Plead (Counts II, III, IV, and V)......................................................................................12

            B.     Plaintiff Fails to Sufficiently Allege that Any Purported Conduct was Fraudulent, False, or Misleading. ........................................................13

CONCLUSION................................................................................................................14

CERTIFICATE OF SERVICE .........................................................................................15

**<u>TABLE OF AUTHORITIES</u>**

**Cases**                                                                                                  **Page(s)**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................................................7

*Assoc. Contractors of California, Inc. v. California State Council of Carpenters*,
    459 U.S. 519, 103 S. Ct. 897 (1983)......................................................................6

*United States ex rel. Atkins v. McInteer*,
    470 F.3d 1350 (11th Cir. 2006) ............................................................................12

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................................5, 6

*Benton v. Merrill Lynch & Co., Inc.*,
    524 F.3d 866 (8th Cir. 2008) ..................................................................................6

*Broadcast Music, Inc. v. MWS, LLC*,
    2012 WL 368736 (E.D. Mo. Feb. 3, 2012)............................................................6

*Carton v. Gen. Motors Acceptance Corp.*,
    611 F.3d 451 (8th Cir. 2010) ..................................................................................6

*Conley v. Gibson*,
    355 U.S. 41 (1957)..................................................................................................5

*D.R. Horton-Texas, Ltd. v. Savannah Properties Associates, L.P.*,
    416 S.W.3d 217 (Tex. App.—Fort Worth 2013, no pet.)......................................7, 8

*Dresser Indus., Inc. v. Page Petroleum, Inc.*,
    853 S.W.2d 505 (Tex. 1993)..................................................................................7

*United States ex rel. Grubbs v. Kanneganti*,
    565 F.3d 180 (5th Cir. 2009) ................................................................................13

*Herrmann Holdings Ltd. v. Lucent Techs. Inc.*,
    302 F.3d 552 (5th Cir. 2002) ................................................................................13, 14

*Johnson Ent. of Jacksonville, Inc. v. FPL Group, Inc.*,
    162 F.3d 1290 (11th Cir. 1998) ............................................................................12

*Keck, Mahin & Cate v. Nat'/ Union Fire Ins. Co. of Pittsburgh, Pa.*,
    20 S.W.3d 692 (Tex. 2000)....................................................................................7

*Lillard v. Stockton*,
    267 F. Supp. 2d 1081 (N.D. Okla. 2003)..............................................................5

Case 3:19-cv-00764-X   Document 68   Filed 04/10/19   Page 4 of 20   PageID 1445

*Lovelace v. Software Spectrum, Inc.*,
　　78 F.3d 1015 (5th Cir. 1996) ......................................................................................14

*Melder v. Morris*,
　　27 F.3d 1097 (5th Cir. 1994) ......................................................................................13

*In re Metro. Sec. Litig.*,
　　532 F. Supp. 2d 1260 (E.D. Wash. 2007) ....................................................................10

*Moses.com Securities v. Comprehensive Software Systems, Inc.*,
　　406 F.3d. 1052 (8th Cir. 2005) ......................................................................................6

*Nat'/ Union Fire Ins. Co. of Pittsburgh, Pa. v. Ins. Co. of N. Am.*,
　　955 S.W.2d 120 (Tex. App.—Houston [14th Dist.] 1997), *affd,* 20 S.W.3d 692
　　(Tex. 2000)......................................................................................................................7

*Papasan v. Allain*,
　　478 U.S. 265, 106 S. Ct. 2932 (1986).............................................................................6

*In re Parmalat Securities Litigation*,
　　479 F. Supp. 2d 332 (S.D.N.Y. 2007)............................................................................5

*Parnes v. Gateway 2000, Inc.*,
　　122 F.3d 539 (8th Cir. 1997) ........................................................................................6

*S.E.C. v. Fraser*,
　　2009 WL 2450508 (D. Ariz. Aug. 11, 2009) (unpublished).....................................10, 11

*S.E.C. v. Fraser*,
　　2010 WL 5776401 (D. Ariz. Jan. 28, 2010) (unpublished) .........................................9

*S.E.C. v. Mercury Interactive*,
　　2008 WL 4544443 (N.D. Cal. Sept. 30, 2008) ...........................................................12

*S.E.C. v. Patel*,
　　2009 WL 2015794 (D. N.H. July 7, 2009) ..................................................................12

*Schaller Tel. Co. v. Golden Sky Systems*,
　　298 F.3d. 736 (8th Cir. 2002) ........................................................................................6

*Strategic Income Fund v. Spear, Leeds & Kellogg*,
　　305 F.3d 1293 (11th Cir. 2002) ...................................................................................11

*Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*,
　　617 F. Supp. 2d 763 (D. Ariz. 2009), *vacated on other grounds*, 690 F. Supp.
　　2d 959 (D. Ariz. 2009)................................................................................................10

iii

*United States, ex rel. Thompson v. Columbia/HCA Healthcare Corp.*,
    125 F.3d 899 (5th Cir. 1997) .................................................................................13

*Victoria Bank & Trust Co. v. Brady*,
    811 S.W.2d 931 (Tex. 1991).....................................................................................7

*Wagner v. First Horizon Pharm. Corp.*,
    464 F.3d 1273 (11th Cir. 2006) .............................................................................10

*United States ex rel. Williams v. Bell Helicopter Textron, Inc.*,
    417 F.3d 450 (5th Cir. 2005) .................................................................................13

*United States ex rel. Williams v. McKesson Corp.*,
    2014 WL 3353247 (N.D. Tex. July 9, 2014).........................................................14

*Williams v. WMX Tech. Inc.*,
    112 F.3d 175 (5th Cir. 1997) .................................................................................13

**Other Authorities**

5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1202, at 94, 95
    (3d ed. 2004) ............................................................................................................5

5 C. Wright & A. Miller, Federal Practice and Procedure § 1216...................................6

FED. R. CIV. P. 8(a)(2)..................................................................................................4, 5

Federal Rules of Civil Procedure Rule 8 .........................................................................4

Local Rules 7 ....................................................................................................................1

Rule 8(a)............................................................................................................................5

Rule 9(b) ...............................................................................................................4, 10, 13

Rule 9(b)'s ................................................................................................................13, 14

Rule 12(b)(6)............................................................................................................ *passim*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **VEROBLUE FARMS USA, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | **CIVIL ACTION NO. 3:19-cv-00764-L** |
| **LESLIE A. WULF, BRUCE A. HALL,** | § | |
| **JAMES REA, JOHN E. REA, and KEITH** | § | |
| **DRIVER** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT DRIVER'S BRIEF IN SUPPORT OF MOTION TO DISMISS**
**AMENDED COMPLAINT**

Pursuant to Local Rules 7, Defendant Keith Driver ("Driver") files this Brief in Support of his 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint.

**INTRODUCTION**

Each of Plaintiff VeroBlue Farms USA, Inc.'s ("Plaintiff" or "VeroBlue") claims against Driver contained in the Amended Complaint were specifically released by a January 13, 2017, agreement between the parties. The Amended Complaint alleges no facts that would take any of its claims outside of the scope of the release, but nevertheless attempts to lump Driver into this dispute through a "shotgun" pleading. This shotgun pleading incredibly accuses Driver (who is lumped into the definition of "Defendants" throughout) of, *inter alia,* participating in alleged frauds that occurred after he left the company and ceased functioning as an officer or director of it. Accordingly, the Amended Complaint should be dismissed under Rule 12(b)(6) for at least three reasons: (a) Plaintiff released Driver from all causes of actions, known or unknown, as of January 13, 2017, in the parties' Business Relationship Restructuring Agreement; (2) Plaintiff has not adequately plead Causes I-IX against Driver; and (3) Causes I-IX are not actionable.

## BACKGROUND

**A.     Allegations in the Complaint**

The First Amended Complaint (App.0003-0030) names Driver as a Defendant to all nine counts listed within the Complaint, including claims for fraudulent concealment, fraudulent misrepresentation, constructive fraud, civil conspiracy and declaratory judgment. (App. 0011-0019, ¶ 43-85). VeroBlue alleges Driver served as an officer and employee (and/or) contractor of VeroBlue from October 1, 2014 through on or about January 13, 2017, when VeroBlue terminated his employment and officer status. (App. 0004, ¶ 3).  Other than this statement (which is not true) VeroBlue does not allege a single specific action taken by Driver, but instead states a slew of alleged actions taken by all Defendants, leaving Driver to guess as to which actions VeroBlue actually asserts he took part in. *(*App. 0003-0011, ¶¶ 11-42).

**B.     Driver's Employment with VeroBlue.**

Prior to July 1, 2016, Driver performed services for VeroBlue as a designated representative of Seven Hours Holding Company, Inc., an independent contractor of VeroBlue's. (App. 0033). On July 1, 2016, VeroBlue and Driver entered into an Employment Agreement, terminating Driver's role as an independent contractor and putting him into the position of Chief Operating Officer of VeroBlue. (App. 0033-0048).

Driver's stint as COO of VeroBlue, however, was very brief – only six months.  On January 13, 2017, Plaintiff and Driver entered into a Business Relationship Restructuring Agreement (the "Release Agreement"), which terminated Driver's Employment Agreement with Plaintiff and re-established his consulting relationship with the company. (App. 0049-0063). Thus, Driver was only an employee of VeroBlue for six months, yet Plaintiff seems to assert that Plaintiff was involved in numerous schemes allegedly performed by VeroBlue's officers during times that Driver was not employed with the company and owed no duty to VeroBlue.

Additionally, as a part of the Release Agreement, Plaintiff agreed to the following:

> (b)     As a material inducement to Driver and Driver Co. to enter into this Agreement, and except for the covenants and agreements of Driver and Driver Co. provided for in this Agreement, VBF USA and VBF Canada, on their own behalf and on behalf of the other VBF Releasees, hereby irrevocably and unconditionally release, acquit and forever discharge the Driver Releasers from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever, known or unknown (the "**VBF Releasee Claims**") which the VBF Releasees now have, own, hold, or to which the VBF Releasees at any time heretofore had, owned or held against each of the Driver Releasers, including, without limitation, the Egregious Cause Claims. The VBF Releasees represent that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any VBF Releasee Claim or any portion thereof or interest therein.

(App. 0052). Thus, Plaintiff released Driver from all causes of actions, **<u>known or unknown</u>**, as of January 13, 2017. (App. 0052).

## C.     Facts that Allegedly Occurred After Driver's Release from VeroBlue.

Out of all the vague actions allegedly taken by all of the Defendants, VeroBlue only alleges a few facts that allegedly occurred after it released Driver from any and all causes of actions. Specifically, the only facts alleged to occur after the release are that on January 13, 2017:

1.  Wulf rebuilt the Wulf Lake House from in or around May 2015 through in or around July 2017. (App. 0007, ¶ 23).

2.  VeroBlue employee Tracy Arbanas ("Arbanas") oversaw the reconstruction of the Wulf Lake House, and VeroBlue paid her to do so at an annual cost to VeroBlue of approximately $97,500, which represented Arbanas' compensation and benefits. Further, VeroBlue funded housing for Arbanas close to the lake house, and refreshments for the construction crew on this project. All told, VeroBlue incurred approximately $107,490.51 for compensation and benefits to Arbanas. (App. 0007, ¶ 24).

3. Defendants paid for James Rea's personal living expenses in Ames, Iowa, about forty miles from Webster City, Iowa in or around August 2017 from VeroBlue's funds. (App. 0010, ¶ 39(c)).

4. Defendants sold a home in Webster City, Iowa for less than what it purchased it for on May 25, 2018. (App. 0010, ¶ 39(h).

5. Plaintiff purchased, at the direction of some or all Defendants, of a building and underlying property unnecessary to VeroBlue's business and located in Webster City for $400,000 on July 28, 2016, which VeroBlue sold for $135,000 on April 13, 2018. (App. 0011, ¶ 41).

None of these facts specifically references any conduct by Driver and instead only lumps him in as one of the defined "Defendants," even though his participation in these post-release actions are factually impossible since Driver was no longer involved with Plaintiff at that time in any capacity that would have any control, decision-making authority, or even notice of these activities. At the time all of the foregoing actions were taken, Driver was not an officer or director of VeroBlue, was merely acting as a consultant to Veroblue, owed no duties to VeroBlue, and was not involved in the actions. (App. 0031-33).

## ARGUMENTS AND AUTHORITIES

I.      **Legal Standard for Rule 12(b)(6) Motions to Dismiss.**

For most claims, Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, when the claims involve fraud, as in this case, the complaint must also satisfy Rule 9(b), which requires that "a party must state with particularity the circumstances constituting fraud[.]" FED. R. CIV. P. 9(b). Moreover "where, as here, 'multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature

of his [or her] alleged participation in the fraud.'" *In re Parmalat Securities Litigation*, 479 F.

Supp. 2d 332, 340 (S.D.N.Y. 2007) (citation omitted); *see also, e.g., Lillard v. Stockton*, 267 F.

Supp. 2d 1081, 1094 (N.D. Okla. 2003) ("[W]here fraud is alleged against multiple defendants,

blanket allegations of fraud couched in language such as 'by the defendants' are insufficient.

Instead, the specifics of the alleged fraudulent activity of each defendant must be set forth.").

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court expressly

"retired" the 50-year old statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a

complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." As

stated by the Supreme Court, "after puzzling the profession for 50 years, this famous observation

has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an

accepted pleading standard: once a claim has been stated adequately, it may be supported by

showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S. Ct. at

1969. Instead, "Rule 8(a)(2) . . . requires a 'showing,' rather than a blanket assertion, of entitlement

to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could

satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also

'grounds' on which the claim rests." *Id.* at 1965 n.3. "Rule 8(a) 'contemplate[s] the statement of

circumstances, occurrences, and events in support of the claim presented' and does not authorize

a pleader's 'bare averment that he wants relief and is entitled to it.'" *Id.* at 1965 n.3 (*quoting* 5 C.

Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1202, at 94, 95 (3d ed. 2004)). "While

a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Id.* at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," and "'the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" *Id.* at 1965 (*quoting* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient to withstand a motion to dismiss." *Twombly*, 127 S. Ct. at 1964-65. When reviewing a complaint under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the nonmoving party." *Carton v. Gen. Motors Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010); *see also Broadcast Music, Inc. v. MWS, LLC*, 2012 WL 368736, at \*\*1-2 (E.D. Mo. Feb. 3, 2012). "Although the pleading standard is liberal, the plaintiff must allege facts – not mere legal conclusions – that, if true, would support the existence of the claimed torts." *Moses.com Securities v. Comprehensive Software Systems, Inc.*, 406 F.3d. 1052, 1062 (8th Cir. 2005) (*citing Schaller Tel. Co. v. Golden Sky Systems*, 298 F.3d. 736, 740 (8th Cir. 2002)); *see also Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) ("[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate") (*citing Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

Further, on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986). In deciding whether a claim for relief is supported, a court must consider only the facts that are alleged, and not un-alleged facts that a plaintiff might later prove. *Assoc. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 902 (1983). As the Supreme Court has explained, "to survive a motion to dismiss, the factual

allegations in a complaint, assumed true, must suffice 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**II.      VeroBlue's Claims Against Driver are Barred by VeroBlue's Release in the Business Relationship Restructuring Agreement.**

Driver moves to dismiss all causes of actions against him in the Amended Complaint because the plain and unambiguous terms of the Release Agreement bar VeroBue from bringing such claims. Whether the Amended Complaint should be dismissed based on Release Agreement should be analyzed under Texas law because the language specifically states "This Agreement shall be governed by and construed in accordance with the internal laws of the State of Texas, regardless of the laws that might otherwise govern the applicable principles of conflicts of law thereof." (App. 0055).

**A.      VeroBlue Released All Claims Against Driver.**

A release extinguishes a claim or cause of action and is an absolute bar to any right of action on the released matter. *D.R. Horton-Texas, Ltd. v. Savannah Properties Associates, L.P.,* 416 S.W.3d 217, 226 (Tex. App.—Fort Worth 2013, no pet.) (*citing Dresser Indus., Inc. v. Page Petroleum, Inc.,* 853 S.W.2d 505, 508 (Tex. 1993); *see also Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 20 S.W.3d 692, 698 (Tex. 2000); *Victoria Bank & Trust Co. v. Brady,* 811 S.W.2d 931, 938 (Tex. 1991); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Ins. Co. of N. Am.,* 955 S.W.2d 120, 127 (Tex. App.—Houston [14th Dist.] 1997), *aff'd,* 20 S.W.3d 692 (Tex. 2000). It is not necessary, however, for the parties to anticipate and explicitly identify every potential cause of action relating to the subject matter of the release. *Savannah,* 416 S.W.3d at 226. Although releases include claims existing at the time of execution, they may also include unknown claims and damages that develop in the future. *Id.*

Here, the Release Agreement specifically states that as of January 7, 2017, VeroBlue:

hereby irrevocably and unconditionally release, acquit and forever discharge [Driver] from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, known or unknown . . . which the [VeroBlue] Releasees now have, own, hold, or to which the [VeroBlue] Releasees at any time heretofore had, owned, or held against [Driver], including, without limitation, the Egregious Cause Claims.

(App. 0052). "Egregious Cause Claims" is narrowly defined as Driver failing to maintain his main office in Dallas, Texas and Driver engaging in "other business interests and engagements outside of [VeroBlue]. (App. 0049). The broad language chose by the parties establishes the intent for the Release Agreement to be complete, full, and final. Therefore, the Release Agreement precludes all claims Plaintiff has asserted against Driver in this case. *See, e.g., D.R. Horton-Texas,* 416 S.W.3d at 227 (holding that release of "all past, present, or future claims, actions, demands, and causes of action, of whatever kind or character, known or unknown, asserted or unasserted" with respect to certain contracts and property barred claims for breach of contract, warranty, and negligence relating to the same contracts and property).

Out of all the vague actions allegedly taken by all of the Defendants, the only facts that VeroBlue alleges that occurred after it released Driver are:

1. Wulf rebuilt the Wulf Lake House from in or around May 2015 through in or around July 2017. (App. 0007, ¶ 23).

2. VeroBlue employee Tracy Arbanas ("Arbanas") oversaw the reconstruction of the Wulf Lake House, and VeroBlue paid her to do so at an annual cost to VeroBlue of approximately $97,500, which represented Arbanas' compensation and benefits. Further, VeroBlue funded housing for Arbanas close to the lake house, and refreshments for the construction crew on this

project. All told, VeroBlue incurred approximately $107,490.51 for compensation and benefits to Arbanas. (App. 0007, ¶ 24).

3.  Defendants paid for James Rea's personal living expenses in Ames, Iowa, about forty miles from Webster City, Iowa in or around August 2017 from VeroBlue's funds. (App. 0010, ¶ 39(c)).

4.  Defendants sold a home in Webster City, Iowa for less than what it purchased it for on May 25, 2018. (App. 0010, ¶ 39(h)).

5.  Plaintiff purchased, at the direction of some or all Defendants, of a building and underlying property unnecessary to VeroBlue's business and located in Webster City for $400,000 on July 28, 2016, which VeroBlue sold for $135,000 on April 13, 2018. (App. 0011, ¶ 41).

As all of the foregoing actions were taken, Driver was not an officer or director of VeroBlue, was merely acting as a consultant to VeroBlue, owed no duties to VeroBlue, and was not involved in the actions. (App. 0031-0033). In fact, Plaintiff pleads no facts or allegations that even hint at Driver being involved at all in the post-release actions occurring after January 13, 2017.   (App. 0003-0030). Accordingly, the Court should dismiss Plaintiff's First Amended Complaint because VeroBlue released all claims brought against Driver by executing the Release Agreement.

**III.   VeroBlue's Complaint Overall Fails to State Any Claim Upon Which May be Granted Because Plaintiff Employs an Impermissible Style of Pleading.**

Veroblue's Complaint inappropriately engages in "shotgun" and/or "puzzle" pleading and should be dismissed as a whole. "Shotgun" pleadings are those that "incorporate all or nearly all antecedent allegation by reference to each subsequent claim for relief or affirmative defense," leaving the court and defendants to parse which allegations support which claims. *See S.E.C. v.*

*Fraser*, 2010 WL 5776401, at \*14 (D. Ariz. Jan. 28, 2010) (unpublished) (internal quotations and citations omitted) (dismissing certain SEC claims for relief where the complaint engages in shotgun pleading). "Puzzle" pleadings require the court and the defendant to match alleged statements with the reason they are false or misleading. *S.E.C. v. Fraser*, 2009 WL 2450508, at \*14 (D. Ariz. Aug. 11, 2009) (unpublished) (citation omitted). Courts have stated that a complaint relying on shotgun or puzzle pleading fails to meet the particularity requirements of Rule 9(b). *Id.* (*quoting Teamsters Local 617 Pension and Welfare Funds v. Apollo Group, Inc.*, 617 F. Supp. 2d 763, 784 (D. Ariz. 2009), *vacated on other grounds*, 690 F. Supp. 2d 959 (D. Ariz. 2009)); *see also Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279 (11th Cir. 2006) (noting that the complaint at issue was a shotgun pleading "incorporating every antecedent allegation by reference into each subsequent claim for relief"); *In re Metro. Sec. Litig.*, 532 F. Supp. 2d 1260, 1279 (E.D. Wash. 2007).

In *Wagner*, the court concluded that the central problem was that the factual particularity of the previously stated allegations was "not connected to the otherwise generally pled claim in any meaningful way." *Wagner*, 464 F.3d at 1279. The problem, the court stated, "was not that Plaintiffs did not allege enough facts, or failed to recite magic words; the problem lay in the fact that while Plaintiffs introduced a great deal of factual allegations, the amended complaint did not clearly link any of those facts to its causes of action." *Id.* at 1280. In similar fashion, VeroBlue's Amended Complaint in this case jumbles together a host of allegations with little organization and no specificity to Mr. Driver. At times, VeroBlue cites to specific actions and transactions as evidence that the Defendants engaged in fraudulent conduct, never specifying whether Mr. Driver participated in the actions or transactions. *(*App. 0003-0011, ¶¶ 11-42). VeroBlue routinely refers

to "Defendants" generically, rather than alleging specific facts regarding how Mr. Driver in particular misled or defrauded VeroBlue. *(*App. 0003-0011, ¶¶ 11-42).

VeroBlue's style of pleading unfortunately forces Mr. Driver and the Court to comb through the Complaint, determine which fraud or deceit was allegedly perpetrated by Mr. Driver or the other Defendants, determine which misrepresentations or omissions were made by which Defendant(s), and then evaluate the adequacy of that factual support as to the various claims against the Defendants. No list or chart is provided that would identify for each claim which Defendant(s) committed the fraud or deceit or which Defendant(s) participated in which action or transaction. This is especially problematic, here, where most of the allegations involve conduct *that occurred while Driver did not even work for VeroBlue.* VeroBlue's parroting of the language of various causes of actions leaves Defendants and this Court with the task of parsing the Complaint and inferring what specific conduct VeroBlue might believe to be a violation of the law. *See Fraser*, 2009 WL 2450508, at *14. Indeed, this Court is tasked with "untangling which (if any) act(s) engaged in by which (if any) defendant(s) applies to which (if any) claim(s)." *Id.* at *13. Further, the Complaint as written would have Mr. Driver incurring unnecessary expense conducting discovery on all claims merely because he is incorporated broadly in this shotgun pleading on claims which he had nothing to do with.

Moreover, VeroBlue brings nine causes of actions against Driver relating to fraud. The style of pleading used by VeroBlue is clearly inappropriate for a complaint alleging multiple charges of fraud against multiple defendants. For this reason alone, the Complaint should be dismissed. Indeed, district courts are encouraged to dismiss "shotgun" complaints as they impermissibly burden the trial court. *Strategic Income Fund v. Spear, Leeds & Kellogg*, 305 F.3d 1293, 1295 n. 9 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each

one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (*i.e.,* all but the first) contain irrelevant factual allegations and legal conclusions."). Shotgun complaints impose a heavy burden on the trial court because it must sift through each and every count to determine which allegations are relevant to the cause of action purportedly stated. *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 (11th Cir. 2006). District courts are encouraged to dismiss such complaints, as permitting such pleadings results in much more judicial labor in the long run. *Johnson Ent. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998); *see also S.E.C. v. Mercury Interactive*, 2008 WL 4544443, at *8 (N.D. Cal. Sept. 30, 2008) (explaining that shotgun pleading makes it "difficult to discern which filings form the bases for each claim"); *S.E.C. v. Patel*, 2009 WL 2015794, at **1-2 (D. N.H. July 7, 2009) (criticizing this pleading style because "to reasonably determine that any particular claim should not be dismissed would require the court to first comb the complaint in search of factual support for each element of the multiple claims pled as to each defendant, and then evaluate the adequacy of that factual support," which "is, of course, plaintiff's job in the first instance, not the court's.").

While VeroBlue finds it sufficient to simply cross-reference the same 42 paragraphs of its disorganized Complaint under each of the nine causes of action charged against Driver, its failure to plead with particularity concerning the factual allegations as they relate to the specific causes of action cited in the Complaint reveals a yet greater failing of the Complaint: a general inability to plead with the particularity required in order to enable this Court to conclude that Driver did indeed commit fraud actionable under Texas law.

**A.    The Fraudulent Conduct Complained of Is Not Sufficiently Plead (Counts II, III, IV, and V).**

As already noted, Plaintiff's Counts II, III, IV, and V merely parrot the factors of each cause of action allegedly violated. Many of the counts contain no identification whatsoever of the

conduct which allegedly violated the law by which defendant, other than to incorporate by reference the entire Complaint. The counts simply recite the boilerplate language, and the Defendants are left to scour through the Complaint's vague factual narrative to guess what conduct by which Defendant supposedly comprised these fraudulent actions, misrepresentations or omissions.

### B.   Plaintiff Fails to Sufficiently Allege that Any Purported Conduct was Fraudulent, False, or Misleading.

Moreover, the factual allegations themselves are simply not pled with the particularity required in a complaint alleging multiple counts of fraud against numerous defendants. The Plaintiff complains generally of facts that were "concealed" from VeroBlue and/or "misrepresented." Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). Rule 9(b) "prevents nuisance suits and the filing of baseless claims as a pretext to gain access to a 'fishing expedition.'" *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 191 (5th Cir. 2009). The goals of Rule 9(b) are to "provide[ ] defendants with fair notice of the plaintiffs' claims, protect[ ] defendants from harm to their reputation and goodwill, reduce[ ] the number of strike suits, and prevent[ ] plaintiffs from filing baseless claims then attempting to discover unknown wrongs." *Grubbs*, 565 F.3d at 190 (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)). A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564– 65 (5th Cir. 2002); *see Williams v. WMX Tech. Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *see also United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States, ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (Rule

9(b)'s particularity requirement generally means, "at a minimum . . . that a plaintiff set forth the 'who, what, when, where, and how' of the alleged fraud."). Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6). *United States ex rel. Williams v. McKesson Corp.*, 2014 WL 3353247, at \*3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

In this case, the Complaint fails to satisfy the Fifth Circuit's stringent pleading standards for Counts II, III, IV, and V. The Plaintiff fails to identify the "circumstances" of the alleged fraudulent concealment, misrepresentations, constructive fraud, and conspiracy to commit fraud – the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby. *Herrmann Holdings Ltd.,* 302 F.3d at 564– 65. For example, the Complaint states that "Defendants' silence in the face of their duties to disclose their misconduct alleged herein to VeroBlue and its shareholders, constitutes fraudulent misrepresentation of the material facts alleged in Count II." (App. 0015, ¶ 58). There is no specific information as to the time(s), identity of person(s) making the misrepresentations, or contents of these alleged representations. This is even more problematic given the fact that much of the complained of conduct occurred *after* Mr. Driver left VeroBlue's employment and all claims against him were released.  Accordingly, Plaintiff's Amended Complaint should be dismissed due to Plaintiff's failure to plead Counts II, III, IV, and V with the particularity required by this Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Driver should be dismissed for failure to state a claim in its inadequate pleadings and because all claims brought against Driver in the Amended Complaint were released in the Release Agreement.

Respectfully submitted,


By: */s/ R. Heath Cheek*
  R. Heath Cheek
  State Bar No. 24053141
  hcheek@bellnunnally.com
  Katie R. Beaird
  Texas Bar No. 24092099
  kbeaird@bellnunnally.com
  **Bell Nunnally & Martin LLP**
  2323 Ross Avenue, Suite 1900
  Dallas, TX 75201
  Telephone:  (214) 740-1400
  Telecopy:  (214) 740-1499

**ATTORNEYS FOR DEFENDANT
KEITH DRIVER**


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon counsel of records for all parties via ECF Service.

**DATED** this 10th day of April, 2019.

*/s/ R. Heath Cheek*
R. Heath Cheek


4434204_1.docx  // 10700.1