IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VeroBlue Farms USA, Inc., | § § | |
| Plaintiff, | § § | No. 3:19-cv-00764-L |
| v. | § § § | |
| Leslie A. Wulf, Bruce A. Hall, James Rea, John E. Rea, and Keith Driver, | § § § § | |
| Defendants. | § § | |

**NON-PARTIES SNB FARM PARTNERSHIP, GRACE NELSON, JEFF NELSON, JERITA NELSON, KORINNE NELSON, AND MARK NELSON'S BRIEF IN SUPPORT OF THIER MOTION TO SEVER AND TRANSFER THEIR MOTION TO QUASH SUBPOENAS TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA**

{02608565.DOCX}

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................ 1

II. BACKGROUND FACTS ............................................................................................. 2

    A. Summary of Claims and Allegations ............................................................ 2

    B. The SNB Non-Parties are Residents and Citizens of Iowa ........................... 2

    C. The February 15, 2019 Subpoenas to the SNB Non-Parties ........................ 3

    D. On March 1, 2019, the SNB Non-Parties Timely Moved to Quash ............. 3

    E. While the Motion to Quash was Pending, the Case was Transferred to This Court Without Addressing Rule 45 or Personal Jurisdiction of the SNB Non-Parties .................................................................................... 4

    F. On April 16, 2019, the SNB Non-Parties Initiated an Original Action in the Court of Compliance, Incorporating Their March 1, 2019 Motion to Quash ........................................................................................................ 4

III. ARGUMENTS AND AUTHORITIES ........................................................................ 4

    A. Under Rule 45, the "Court of Compliance" is the United States District Court for the Southern District of Iowa ....................................................... 4

    B. "Exceptional Circumstances" Do Not Exist Under Rule 45(f)—and No Court Has Made Such a Finding .................................................................. 5

    C. The SNB Non-Parties' Motion to Quash Should Be Transferred to the Court of Compliance (S.D. Iowa) .................................................................. 6

    D. This Court Lacks Personal Jurisdiction Over the SNB Non-Parties .......... 7

IV. CONCLUSION ............................................................................................................. 7

## I. INTRODUCTION

The Motion to Quash or, in the Alternative, for Protective Order ("Motion to Quash") [Dkt. No. 41], filed by non-parties SNB Farm Partnership, Grace Nelson, Jeffrey Nelson, Jerita Nelson, Korinne Nelson, and Mark Nelson (collectively "SNB Non-Parties") was timely filed in the United States District Court for the Northern District of Iowa, which is where the SNB Non-Parties reside and one of two judicial districts with personal jurisdiction over the SNB Non-Parties (the other is the United States District Court for the Southern District of Iowa—the "court of compliance"—where the Motion to Quash should be transferred). After the Motion to Quash was filed, and fully briefed, this case was transferred *en masse* to this Court—without a finding by any court or argument from any party that "exceptional circumstances" are present under Rule 45(f), or that this Court possesses personal jurisdiction over the SNB Non-Parties.

On April 16, 2019, the SNB Non-Parties filed a new action in the Court of Compliance (S.D. Iowa), in which the SNB Non-Parties incorporated their timely Motion to Quash. (A copy of the renewed Motion to Quash, filed in the S.D. Iowa on April 16, 2019, without exhibits thereto, is attached for reference in the Appendix attached hereto at App. 1–6.) The Motion to Quash [Dkt. No. 41] should therefore be severed and transferred to the United States District Court for the Southern District of Iowa because this Court lacks personal jurisdiction over the SNB Non-Parties and as required by Rule 45.

## II. BACKGROUND FACTS

### A. Summary of Claims and Allegations.

On July 31, 2018, VBF filed a complaint asserting causes of action of breach of fiduciary duty, fraudulent concealment, fraudulent misrepresentation, constructive fraud, civil conspiracy, aiding and abetting, unjust enrichment, equitable accounting, and declaratory judgment against Defendants Leslie Wulf, Bruce Hall, James Rea, John Rea, and Keith Driver ("Defendants"). <u>There are no claims asserted against the SNB Non-Parties in this case.</u> Subsequently, VBF filed a petition for bankruptcy in the Northern District of Iowa. *In re VeroBlue Farms USA, Inc.*, Case No. 18-01297 (Bankr. N.D. Iowa) ("Bankruptcy Case"), which remains pending.

### B. The SNB Non-Parties are Residents and Citizens of Iowa.

SNB Farm Partnership is an Iowa partnership with four partners who are residents and citizens of Hamilton and Webster Counties, Iowa, located in the Central Division of the United States District Court for the Northern District of Iowa. (*See* April 13, 2019 Decl. of Jeff Nelson, App. 7–8.)

Likewise, the individuals are residents and citizens of Iowa. Grace Nelson is a resident and citizen of Hamilton County, Iowa. (*See* April 13, 2019 Decl. of Grace Nelson, App. 9.)

Jeff Nelson is a resident and citizen of Hamilton County, Iowa. (April 13, 2019 Decl. of Jeff Nelson, App. 7.) Jerita Nelson is a resident and citizen of Hamilton County, Iowa. (*See* April 14, 2019 Decl. of Jerita Nelson, App. 10.)

Korinne Nelson is a resident and citizen of Hamilton County, Iowa. (*See* April 14, 2019 Decl. of Korinne Nelson, App. 11.) Mark Nelson is a resident and citizen of Hamilton County, Iowa. (*See* April 13, 2019 Decl. of Mark Nelson, App. 12–13.)

### C.    The February 15, 2019 Subpoenas to the SNB Non-Parties.

Shortly before the March 1, 2019 return date, VBF served subpoenas dated February 15, 2019 on the SNB Non-Parties (the "Subpoenas"). The Subpoenas required compliance in the Southern District of Iowa.

As discussed in detail in the Motion to Quash and accompanying brief [Dkt. No. 41-1] the voluminous Subpoenas request documents and communications that have no bearing on the claims and defenses presented in this litigation, seek documents specifically aimed at issues in the Bankruptcy Case, and are not properly limited in time or topic. Further, the Subpoenas provided 14 days (or less) to comply, which is unreasonable under Rule 45(d)(3)(A)(i). Finally, the Subpoenas seek documents protected by the attorney client privilege.

### D.    On March 1, 2019, the SNB Non-Parties Timely Moved to Quash.

The SNB Non-Parties timely moved to quash the Subpoenas on these grounds in the Northern District of Iowa on March 1, 2019 under Federal Rules of Civil Procedure 45(d)(3) and 26(c). [*See* Dkt No. 41]. Plaintiff VBF opposed the Motion to Quash. [*See* Dkt No. 44.] On March 22, the SNB Non-Parties filed a reply in support of the Motion to Quash (collectively, the "Subpoena-related Motions"). [*See* Dkt. No. 49.]

> **E. While the Motion to Quash was Pending, the Case was Transferred to This Court Without Addressing Rule 45 or Personal Jurisdiction of the SNB Non-Parties.**

On March 27, 2019—while the Motion to Quash was still pending—the United States District Court for the Northern District of Iowa issued an Order which transferred the "entire case" to this Court (the "Order"). [*See* Dkt No. 50.] The Order made no mention of the pending Motion to Quash. The Order did not find the "exceptional circumstances" under Rule 45(f). Neither VBF nor Defendants argued that "exceptional circumstances" are present here with respect to the SNB Non-Parties' Motion to Quash. Further, the transferring court made no mention of this Court's personal jurisdiction over the SNB Non-Parties.

> **F. On April 16, 2019, the SNB Non-Parties Initiated an Original Action in the Court of Compliance, Incorporating Their March 1, 2019 Motion to Quash.**

On April 16, 2019, the SNB Non-Parties initiated an original action in the United States District Court for the Southern District of Iowa. As set forth below, that court is the compliance court under Rule 45.

### III. ARGUMENTS AND AUTHORITIES

> **A. Under Rule 45, the "Court of Compliance" is the United States District Court for the Southern District of Iowa.**

Rule 45 distinguishes between the "issuing" court (*see* Fed. R. Civ. P. 45(a)(2)) and the "compliance" court (*see* Fed. R. Civ. P. 45(d)(3)(A)). Rule 45(c) defines the "place of compliance" for the production of documents as "a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). The Subpoenas commanded production of documents at

the Davis Brown law firm in Des Moines, Iowa, which is within 100 miles of the SNB Non-Parties' residences and in the United States District Court for the Southern District of Iowa.

### B. "Exceptional Circumstances" Do Not Exist Under Rule 45(f)— and No Court Has Made Such a Finding.

Under Rule 45, a subpoena-related motion may not be transferred unless "the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The SNB Non-Parties have not consented to the transfer of this Court, which lacks personal jurisdiction over them. Nor do exceptional circumstances exist.

Rule 45 does not provide a definition of "exceptional circumstances," but the advisory committee and federal jurisprudence establish guideposts. "The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions." *Chem-Aqua, Inc. v. Nalco Co.*, No. 3:14-MC-71-D-BN, 2014 WL 2645999, at *1 (N.D. Tex. June 13, 2014) (quoting Fed. R. Civ. P. 45(f), advisory committee notes (2013 amendments)). "[T]he proponent of transfer bears the burden of showing that such circumstances are present." *Id*. Exceptional circumstances may exist "when the court has already ruled on issues presented by the motion or the same issues are likely to rise in discovery in many districts," and these "interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id*.

The Northern District of Iowa made no such finding when transferring the Motion to Quash as part of the remainder of the case, nor could it. Exceptional circumstances do not exist here sufficient to warrant a resolution of the Motion to Quash in this Court. The SNB Non-Parties are each Iowa residents and have no connection to the State of Texas. They would be subjected to undue burden if forced to litigate the Subpoena-related Motions in this Court. Further, this Court has not ruled on any of the issues presented in the Subpoena-related Motions.

### C. The SNB Non-Parties' Motion to Quash Should Be Transferred to the Court of Compliance (S.D. Iowa).

All motions seeking to enforce, modify, or quash a subpoena must be litigated in the compliance court. *MetroPCS v. Thomas,* 327 F.R.D. 600, 606 (N.D. Tex. 2018) (holding that "[b]ecause the Subpoena requires compliance in Dallas, the Motion to Quash and Motion to Compel are properly filed in this Court, which, as required by Rule 45(d), is the court in the district where compliance with the Subpoenas is required") (citing Fed. R. Civ. P. 45(d)(2)(B), 45(d)(3)(A)); *CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702, 711 (N.D. Tex. 2017) ("Here, the court for the district where compliance with the Subpoenas is required is the Dallas Division of the Northern District of Texas, and CSS properly filed its Motion to Quash in this Court under Rule 45(d)(3)").

Federal Rule of Civil Procedure 45 requires that the Motion to Quash be transferred to the Southern District of Iowa, where the Motion to Quash is pending. *See Green Pet Shop Enterprises, LLC v. Maze Innovations, Inc.*, No. 1:15-CV-1138, 2016 WL 5936892, at *1 (W.D. Pa. Oct. 12, 2016) (transferring motion to quash to

{02608565.DOCX}  6

compliance court). Further, this Court has no jurisdiction to consider the Subpoena-related Motions prior to a finding—*by the compliance court*—that the Rule 45 transfer requirements have been satisfied.

### D. This Court Lacks Personal Jurisdiction Over the SNB Non-Parties.

Critically, this Court lacks personal jurisdiction over the SNB Non-Parties. In order to find that this Court has personal jurisdiction over the nonresidents, the Court must determine whether Texas's "long-arm statute confers personal jurisdiction over" them and "whether the exercise of jurisdiction is consistent with due process under the United States Constitution." *Cunningham v. CBC Conglomerate, LLC*, 359 F. Supp. 3d 471, 477 (E.D. Tex. 2019). Because Texas's long-arm statute confers jurisdiction to the limits of the federal constitution, the sole inquiry is the constitutional test: whether the SNB Non-Parties have "established minimum contacts with the forum state such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id* (internal quotations omitted).

Here, the SNB Non-Parties have had no contact with the State of Texas. They are Iowa residents, who live and do business in the State of Iowa. Therefore, this Court does not have personal jurisdiction over the SNB Non-Parties.

### IV. CONCLUSION

For the foregoing reasons, the SNB Non-Parties' Motion to Sever and Transfer Motion to Quash should be granted and the Motion to Quash should be transferred to the United States District Court for the Southern District of Iowa.

| | |
|---|---|
| Dated:  April 17, 2018 | */s/ Karl M. Sigwarth*<br>DAVID M. CAVES (*Pro Hac Vice* Application forthcoming)<br>    Direct Dial: (319) 861-8728<br>    Email: dcaves@bradleyriley.com<br>KARL M. SIGWARTH (TX Bar #24093150)<br>    Direct Dial: (319) 358-5568<br>    Email: ksigwarth@bradleyriley.com<br>    of<br>BRADLEY & RILEY PC<br>2007 First Avenue SE<br>P.O. Box 2804<br>Cedar Rapids, IA  52406-2804<br>Phone: (319) 363-0101<br>Fax:     (319) 363-9824<br><br>*ATTORNEYS FOR NON-PARTIES SNB FARM PARTNERSHIP, MARK NELSON, GRACE NELSON, JEFF NELSON, JERITA NELSON, AND KORINNE NELSON* |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 17, 2019, a true and correct copy of the foregoing document was served electronically on all persons who receive electronic notice through the Court's CM/ECF system.

                    */s/    Chanda Clark*