# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| VEROBLUE FARMS USA INC., | § | |
|    Plaintiff | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:19-CV-00764-L |
| LESLIE A. WULF, BRUCE A. HALL, JAMES | § | |
| REA, JOHN REA, and KEITH DRIVER, | § | |
|    Defendants/Counterplaintiffs | § | |
| | § | |

## JOINT STATUS REPORT

Plaintiff VeroBlue Farms USA, Inc. ("Plaintiff" or "VBF"), Defendants Leslie A. Wulf, Bruce A. Hall, James Rea, and John ("Ted") Rea ("Founder Defendants"), and Defendant Keith Driver ("Driver" and, together with the Founder Defendants, "Defendants") have conferred and submit this Joint Status Report pursuant to the Court's April 23, 2019 Orders Vacating Amended Scheduling Order and Issuing Status Report Order ("Order") (Dkt. 84).

1.    **Brief statement on the nature of the case, including the contentions of the parties.**

**Plaintiff's Statement**

Defendants are former directors and officers of VBF, a sustainable fish farm based in Webster City, Iowa. Defendants founded VBF in 2014. Defendants did not invest any of their own money into VBF but by early 2018, Defendants had taken millions of dollars from VBF. Following the termination of the last of the Defendants in January 2018, VBF eventually discovered that Defendants had misappropriated or otherwise squandered over $90,000,000 in corporate assets. Defendants made continuous and knowing misrepresentations of VBF's operations, technology, and finances, including to VBF's disinterested directors and as part of the

**JOINT STATUS REPORT – PAGE 1**

Defendants' efforts to fraudulently conceal their wrongdoing, causing VBF (at Defendants' direction) to sink tens of millions of dollars into what Defendants knew to be a losing proposition to the benefit of Defendants and to the detriment of VBF.

Overall, (1) Defendants drained VBF of assets and looted the company, (2) Defendants withdrew significant funds while VBF was in financial trouble, (3) Defendants, along with other conspirators, received money and other assets that belonged to VBF for no reasonably equivalent value, (4) Defendants ultimately rendered VBF virtually incapable of operation, and (5) Defendants took improper salaries and other benefits from VBF's assets.

Accordingly, VBF filed this lawsuit on July 31, 2018 in the Northern District of Iowa against Defendants, asserting claims against Defendants for breach of fiduciary duty, fraudulent concealment, fraudulent misrepresentation, constructive fraud, civil conspiracy, aiding and abetting, unjust enrichment, equitable accounting, and declaratory judgment. (Dkt. 1). VBF seeks compensatory damages in the amount of at least $90,000,000, plus punitive damages and other relief. VBF also has a pending motion for leave to amend (Dkt. 102, discussed below in Section 3.A.iv) that would add additional claims against Defendants for fraudulent transfer, rescission, restitution, and violations of the Racketeer Influenced and Corrupt Organizations Act, and also would add additional defendants.

**<u>Defendants' Statement</u>**

Defendants were the founders and executive management of VBF, from its inception in 2014 until late 2017. Defendants did not misappropriate VBF's funds but rather have become the scapegoat for VBF's formerly controlling and now sole shareholder, Third Party Defendant, Alder Aqua, Ltd., an investment holding company for Swiss billionaire, Dr. Otto Happel and his family.

Prior to Alder's investment into VBF, from the company's inception, there was over $10M invested into VBF by more than 100 individual shareholders. Immediately upon investing in and lending money to VBF in 2016, Alder, through its principals, the other Third Party Defendants, specifically Dr. Happel and Jens Haarkoetter, began micromanaging VBF's operations; causing the company to repeatedly draw on Alder's loan to VBF, in order to enable Alder to exercise warrants to gain additional shares in, and eventual majority control of VBF. Specifically, Haarkoetter, Happel, and other Alder representatives, approved, if not directed, Defendants to take virtually all of the alleged misappropriations described in the Amended Complaint. And all of these actions were presented to and/or approved by VBF's Board of Directors, which included Alder representatives as well as independent directors.

Furthermore, in May 2017, Defendants, as the executive management of VBF, received multiple complaints about sexual and work place harassment and intimidation by Haarkoetter against several VBF employees. After Defendants ordered an investigation of Mr. Haarkoetter's behavior and were preparing a report to VBF's Board recommending that he be removed, Alder's representatives began a campaign to remove Defendants from their management positions. VBF entered into voluntary termination agreements with Defendants Bruce Hall and John E. (Ted) Rea in October 2017 and Defendant Keith Driver on January 13, 2017. VBF terminated Defendant Wulf pursuant to a Separation Agreement in December 2017 and terminated James Rea in early January 2018. VBF, again at the direction of Alder representatives, repeatedly tried to avoid obligations to Defendants under their respective termination agreements. And in filling this suit initially in the Northern District of Iowa, VBF ignored the forum selection provisions in those agreements (placing venue in Texas) and the full and complete releases that it granted to Hall and Ted Rea. The Iowa District Court has found these agreements to be valid and enforceable and

ordered transfer to this District pursuant to them.  Based on all these facts, Defendants assert that Plaintiff's claims are barred by waiver, release, ratification, and unclean hands and are merely brought in retaliation for Defendants' investigation of Mr. Haarkoetter's inappropriate behavior.

Defendants have also brought third party claims against Alder, all of its representatives on VBF's Board, and VBF's current CEO, Norman McCowan. (Dkt. No. 66.) Defendants assert tortious contractual interference against the Third Party Defendants for directing VBF to terminate defendants in violation of their respective Employment Agreements with VBF (which were all negotiated and approved by Happel and Haarkoetter, as a condition of Alder's investment) and for directing VBF to improperly and intentionally disregard its obligations to Defendants under their respective termination agreements. Defendants also allege recoupment against VBF for its breach of these obligations to Defendants.

**2.      Any challenge to jurisdiction or venue.**

The parties do not anticipate any further challenges to jurisdiction or venue.

**3.      Any pending or contemplated motions and proposed time limits for filing motions.**

**A.      Pending Motions**

**i.      Defendant Driver's Motions to Dismiss for Failure to State a Claim (Dkts. 20, 67)**

**Plaintiff and Defendant Driver's Statement**

Defendant Driver has filed two motions to dismiss VBF's amended complaint for failure to state a claim.  Driver filed his first motion to dismiss pursuant to Federal Rule Civil Procedure 12(b)(6) on October 15, 2018, when this case was still pending in the Northern District of Iowa (the "transferor court"). (Dkt. 20).  The transferor court did not rule on Driver's first motion to dismiss, and instead reserved it for adjudication by this Court upon transfer of this case to the

Northern District of Texas.  (Dkt. 50).  Following the transfer of this case to the Northern District of Texas, Driver filed a second motion to dismiss under Rule 12(b)(6), which seeks to dismiss the Complaint on the same grounds asserted in his first motion to dismiss, but includes new authorities from the Fifth Circuit (Dkts. 67-69).

Plaintiff recently filed on May 13, 2019 its response that responds to the arguments and authorities raised in both motions to dismiss.  Pursuant to Agreement, Driver's Reply is due June 14, 2019.

> ii.       **Founder Defendants' Motion to Quash Subpoenas or for Protective Order by Founder Defendants (Dkt. 37)**

**<u>Plaintiff's Statement</u>**

On February 24, 2019, the Founder Defendants filed a Motion to Quash ten subpoenas Plaintiffs issued on February 12, 2019, (Dkt. 37), which is pending resolution:

- Subpoenas to the attorneys representing the Defendants, Creditors Committee, and Ad Hoc Equity Committee in the Bankruptcy Proceeding:  Goldstein & McClintock LLP; Horwood Marcus & Berk; Beecher, Field Walker, Morris, Hoffman & Johnson, P.C (the "Bankruptcy Attorneys");

- Subpoena to William Turk, a former VBF shareholder and contractor and former member of the Creditors Committee;

- Subpoena to Kenneth Lockard, a former VBF board member and principal of FishDish LLC, a former preferred VBF shareholder; and

- Subpoenas to banks where VBF or the Founder Defendants maintain accounts:  First State Bank, Wells Fargo, Comerica Bank, and Bank of America, N.A. (Wells Fargo has made a partial production.)

The Founder Defendants' stated basis was that the information sought is irrelevant, requires the disclosure of privileged information, and/or requires the disclosure of confidential personal information.  On March 11, 2019, Plaintiff filed a response opposed to this motion (Dkt. 42) because the motion fails to raise any valid basis for quashing the subpoenas.  All of the information requested is relevant because (1) the Bankruptcy Attorneys have received extensive information provided by Defendants and other critical witnesses regarding this litigation; (2) Turk, Lockhard, and FishDish have significant connections to VBF and the Defendants; and (3) the bank records are necessary to track Defendants' misappropriations of VBF funds as well as to VBF's request for a constructive trust and punitive damages.  Further, as to privilege, no privileged communications were requested, and no privilege log has been provided that would support any claim of privilege.

### Founder Defendants' Statement

Plaintiff served the 10 subpoenas that are the subject of this Motion to Quash in response to a challenge to VBF's proposed Chapter 11 reorganization plan by the Creditors' Committee and the Ad Hoc Equityholders Committee.  Essentially any party who objected to VBF's Plan, as well as their counsel, was served with a subpoena.  Defendants had been individually represented by some of these attorneys and as shareholders of VBF, had common interest with some of them n objecting to VBF's reorganization plan.  The subpoenas made no attempt to avoid obviously privileged communications between Defendants and their counsel or their common interest parties during ongoing litigation.  Moreover, VBF also subpoenaed four national banks for every account and every transaction held by Defendants, individually, as well as those of their spouses and families.  Plaintiff claims such intrusive scorched earth discovery is justified because it is seeking

**JOINT STATUS REPORT – PAGE 6**

punitive damages. Defendants object that such discovery, especially to the extent it targets their spouses and families, is unduly burdensome, harassing, and premature until Plaintiff makes a preliminary showing of liability by Defendants. This Motion is fully briefed and awaiting ruling.

### iii.  VBF's Motion to Strike Founder Defendants' Reply to Motion to Quash (Dkt. 47)

**Plaintiff's Statement**

On March 22, 2019, Plaintiff moved to strike (Dkt. 47, 48) the Founder Defendants' Reply to Motion to Quash (Dkt. 46), which is pending resolution.  The transferor court's Local Rule 7(g) did not permit reply briefs except in limited circumstances not applicable here.  Further, the Founder Defendants' Reply was improperly used to attempt to "correct" statements in the original motion regarding privilege that affect the analysis of the Motion to Quash, and such "corrections" should not stricken or not considered in any determination on the Motion to Quash.

**Founder Defendants' Statement**

Plaintiff filed this Motion to Strike in part, because the N.D. Iowa Local Rules do not automatically permit reply briefs.  The Motion was filed without any attempt to confer with Defendants' counsel and is rife with attacks of bad faith against Defendants' counsel.  It is essentially moot, given that reply briefs are a matter of course under this District's Local Rules. Nonetheless, Defendants' Reply brief was submitted to clarify when and in what context Defendants were represented by the various counsel subpoenaed and nothing in this Reply Brief constituted "redundant, immaterial, impertinent, or scandalous matter," to justify being stricken under FRCP 12(f).  This Motion is fully briefed and awaiting ruling.

iv.     **VBF's Motion for Leave to Amend its Amended Complaint (Dkt. 102)**

**Plaintiff's Statement**

On May 13, 2019, Plaintiff filed a Motion for Leave to Amend its Amended Complaint, (Dkt. 102), which is pending.  Since the last amendment, VBF has conducted written and oral discovery that supplied the factual basis for the supplemental and amended allegations, assertion of additional claims, and the naming of three new parties in its proposed second amended complaint.  Defendants have stated that they are opposed to Plaintiff's proposed second amended complaint.  Plaintiff has agreed to an extension of the deadline for the Defendants to respond to this pending motion from June 4, 2019 to June 14, 2019.

**Defendants' Statement**

The claims that Plaintiff purports to add in its Second Amended Complaint attempt to circumvent the broad releases that VBF provided to three of the Defendants and are further attempts by Alder to use VBF as a vehicle for its own recovery.  Defendants will fully explain their opposition to, and the impropriety of, Plaintiff's new claims in their Responses. Pursuant to Agreement, Defendants' Response to this Motion is due June 14, 2019.

B.      **Contemplated Motions**

i.      **Agreed Confidentiality and Protective Order**

No protective order has yet been entered in this case.  Counsel for Plaintiff and Defendants are currently negotiating the terms of a confidentiality and protective order to govern the use and disclosure of confidential material produced in this case, which will then be submitted to this Court for its consideration.

**JOINT STATUS REPORT – PAGE 8**

ii.      **Motions to Compel**

**Plaintiff's Potential Motions to Compel**

Plaintiff has served numerous written discovery and deposition requests on Defendants and third parties, many of which have not yet received a complete response, or for which documents and witnesses have not been made available.  Plaintiff is attempting to work out these disputes, but anticipates filing some motions to compel as to discovery matters that cannot be resolved.  Specifically, as to third-party discovery, Plaintiff at this time anticipates filing motions to compel compliance with subpoenas against the following based on their failure to respond (wholly or in part):  (1) Canaccord Genuity Group, Inc.; (2) Dr. Kevin Fitzsimmons; (3) RL Sheriff Custom Contracting Inc.; (4) Rick Sheriff; (5) LAW Holdings LLC; (6) Christine O'Brien; and (7) Ronnie O'Brien.  Plaintiff also may file a similar motion against Generation Investment Management if counsel's current discussions do not resolve current disputes regarding the subpoena.

Specifically, as to party discovery, Plaintiff has not received complete Rule 34 document productions from all Defendants.  The Founder Defendants have produced some documents; Driver has produced no documents.  Plaintiff has requested that all Defendants complete their document productions by May 30, 2019.[1]  Driver's counsel has indicated he will be amending interrogatory answers, and Plaintiff has requested those amendments also by May 30, 2019.  In the event Plaintiff does not receive complete document productions or written responses by May 30, 2019, or Defendants' responses and productions do not comply with applicable discovery rules, and counsel cannot resolve the issues through meet and confer efforts, Plaintiff will file a motion to compel on any outstanding disputes.

---

[1] Defendants note that they have not agreed to produce documents by a certain date.

**JOINT STATUS REPORT – PAGE 9**

Plaintiff also has requested dates for depositions of the Defendants. The Founder Defendants have not yet confirmed deposition dates; Driver's counsel has indicated Driver will not sit for a deposition until his pending motion to dismiss is resolved (or has been pending a reasonable time). Plaintiff may file a motion to compel regarding these depositions to the extent agreement is not reached as to availability and timing.

**Defendants' Potential Motions to Compel**

Plaintiff has served notice of 54 subpoenas to third parties for documents and/or deposition in this case. Beginning in February 2019, Founder Defendants repeatedly asked Plaintiff to confirm which of these subpoenas were actually served and/or responded to by third parties. (Founder Defendants are aware that some of the subpoenas were never served.) Plaintiff has represented that it has received documents from 11 of the subpoena respondents, but has not produced those documents to Founder Defendants. As of the date of this report, Plaintiff agreed to provide Defendants' counsel with proofs of service of all returned subpoenas and copies of all documents produced by third parties in response to such subpoenas within three weeks.

**4.      Any matters which require a conference with the court.**

None at this time.

**5.      Likelihood that other parties will be joined and the deadline for adding parties and amendment of pleadings.**

It is likely that other parties will be joined to this matter. Shortly after transfer of this case, on April 10, 2019, the Founder Defendants filed their Answer and Affirmative Defenses to the Amended Complaint and Third-Party Claims (Dkt. 66), which is their live answer. In this same pleading, the Founder Defendants included a Third-Party Complaint, adding seven new parties to

**JOINT STATUS REPORT – PAGE 10**

this case:  Eva Ebstein, Jens Haarkoetter, Bjorn Thelander, Anders Wester, Norman McCowan, Dr. Otto Happel, and Alder Aqua, Ltd. ("Alder") (collectively, the "Third-Party Defendants").

Plaintiff's counsel is representing Third-Party Defendant Norman McCowan and has agreed to a waiver of service for him such that his response to the Third-Party Complaint is due July 5, 2019, which will be a motion to dismiss the claims against McCowan in the Third-Party Complaint.  Based on representations from Plaintiff's counsel and counsel to Alder Aqua (VBF's controlling shareholder) in the Bankruptcy Proceeding that neither of them is representing any of the other Third-Party Defendants in this matter, Founder Defendants are undertaking to serve each of the remaining Third-Party Defendants pursuant to Federal Rule of Civil Procedure 4.  Third-Party Defendants Ebstein, Haarkoetter, Thelander, Wester, and Happel are believed to be subject to service of process in Switzerland and Third-Party Defendant Alder Aqua is subject to service of process in Bermuda.

In addition, on May 13, 2019, Plaintiff filed a Motion for Leave to Amend its Amended Complaint, (Dkt. 102), which is still pending.  Plaintiff's proposed Second Amended Complaint purports to add new three new parties to this action, including Canaccord Genuity LLC, Christine Gagne, and Sean Maniaci.  Defendants intend to object to Plaintiff's Motion for Leave to Amend.

Plaintiff and Defendants propose October 1, 2019 as the deadline for motion for leave to add parties and amend pleadings.

**6.     (a) An estimate of the time needed for discovery, with reason.**

Plaintiff and Defendants request at least ten months from the date the Court enters a scheduling order in which to complete all fact and expert discovery.  Plaintiff and Defendants anticipate that this amount of time will be necessary considering the volume of electronically

stored information that each party will have to review and produce in this case, the anticipated responses from the over 50 third parties who have been subpoenaed in this matter, the recent joinder of the seven Third-Party Defendants; and the potential joinder of three new defendants to this action should the Court grant Plaintiff's pending Motion for Leave to Amend its Amended Complaint. (Dkt. 102).

**(b) A specification of the discovery contemplated.**

Plaintiff and Defendants anticipate that discovery will be required on evidence pertaining to the claims or defenses of any party and any other matter allowed under the Federal Rules of Civil Procedure.   Specifically, Plaintiff anticipates that discovery will be required regarding the allegations contained in Plaintiff's Amended Complaint, proposed Second Amended Complaint, including any amendments thereto, Defendants' defenses to the same, and, to the extent the Third-Party Defendants are served and appear in this case, Defendants' claims against Third-Party Defendants.

**(c) Limitations, if any, that should be placed on discovery.**

Plaintiff has not identified any limitations that should be placed on discovery.

Defendants believe that discovery regarding Defendants' net worth and based on Plaintiff's prayer for punitive damages is premature at this time, including third-party subpoenas directed at the financial condition of the Founder Defendants, their spouses and families, their bank accounts, their trusts, and their other businesses.

7.      **A statement that counsel have read the *Dondi* decision, 121 F.R.D. 284 (N.D. Texas 1988), and that counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.**

Counsel for Plaintiff and Defendants state that they have each read the *Dondi* decision and have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan, as amended in May 2002.

8.      **Requested trial date, estimated length of trial, and whether a jury has been demanded.**

Plaintiff and Defendants request a trial date in October 2020.  The estimated length of trial is two to four weeks.  A jury has been demanded.

In addition, Plaintiff and Defendants are agreeable to the following proposed dates for a scheduling order to be entered by the Court:

- Pretrial conference – September 28, 2020 at 1:30 pm

- Objections to pretrial materials and MILs – September 17, 2020

- Objections to depo designations and objections to the admissibility of materials identified under Rule 26(a)(3)(B) – September 10, 2020

- Pretrial materials (pretrial order, witness list, exhibit list, depo testimony, jury instructions, proposed voir dire questions) – September 3, 2020

- Settlement status report and settlement conference – September 3, 2020

- Pretrial disclosures – September 3, 2020

- Dispositive motion/motions challenging experts deadlines  - May 15, 2020

- Motions to compel – May 8, 2020

- Completion of discovery – March 29, 2020

- Designation of P's Experts – November 1, 2019

- Designation of D's or Third Party's Experts – December 13, 2019

- Rebuttal Expert designation – 30 days after disclosure made by other party

- Joinder of parties or amendment of pleadings deadline – October 1, 2019

9.   **Whether the parties will consent to trial (jury or nonjury) before United States Magistrate Judge David L. Horan per 28 U.S.C. § 636(c).**

Plaintiff does not consent to trial before the magistrate judge.  Defendants do not take a position at this time.

10.   **Prospects for settlement, and status of any settlement negotiations.**

**Plaintiff's Statement**

Plaintiff is unable to state with certainty the prospects of settlement until after the Court disposes of Defendant Driver's motions to dismiss and Plaintiff's motion for leave to amend its Amended Complaint.

**Defendants' Statement**

Defendants believe that a settlement conference would be helpful after all parties have been served but before party depositions begin.

11.   **Whether the parties will agree to mediation or to other alternative dispute resolution, and when it would be most effective (before discovery, after limited discovery, or at the close of discovery).**

**Plaintiff's Statement**

Plaintiff is agreeable to mediation and states that mediation may be appropriate in this action if conducted at the close of discovery.  Plaintiff believes that mediation should be ordered in lieu of Court-ordered settlement negotiations.

**JOINT STATUS REPORT – PAGE 14**

**Defendants' Statement**

Defendants are amenable to mediation and any other Court-ordered settlement negotiations at any time.

**12.    Any other matters relevant to the status and disposition of this case.**

On September 21, 2018, VBF and affiliated entities filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Northern District of Iowa, *In re VeroBlue Farms USA, Inc., at al.*, Case No. 18-01297 (the "Bankruptcy Proceeding").   During the course of the Bankruptcy Proceeding, and while this case was pending in Iowa, VBF attempted to obtain files from its attorneys—Jackson Walker LLP ("JW") and Cassels Brock & Blackwell LLP ("CBB"). VBF initially retained both firms while under the control of the Founder Defendants.  JW refused to fully turn over its VBF files, essentially claiming privilege on behalf of the Founder Defendants. CBB refused to turn over any of its VBF files.  VBF brought an adversary against JW on March 25, 2019 and a separate adversary against CBB on March 27, 2019, asking the Bankruptcy Court to order the law firms to turn over all of their VBF files.  Both adversaries are still pending.  After the Bankruptcy Court held a two-day trial, it entered an Order and Judgment confirming a March 13, 2019 Chapter 11 Plan of Reorganization on May 7, 2019.

**13.    Rule 26(f)(3) Discovery Plan**

   **A.    What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

Plaintiff and Defendants previously exchanged initial disclosures on November 28, 2018. As set forth in Section 3.B.ii, *supra*, Founder Defendants believe that Plaintiff's disclosures with regard to third party subpoenas and their responses are incomplete and/or have not been adequately

supplemented. The parties have recently reached an agreement regarding Plaintiff's disclosure of information and documents on the third-party subpoenas.  Parties served or joined after the April 23, 2019 Order must make their initial disclosures in accordance with Rule 26(a)(1)(D).

> **B.**      **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

See Section 6.  As set forth in Section 6(c), Founder Defendants believe that discovery related to net worth or financial condition as relevant to exemplary damages is premature.

> **C.**      **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Plaintiff and Defendants currently have agreed to the electronic production of electronically stored information (ESI) without the need for an ESI protocol.  Plaintiff and Defendants do not anticipate any disputes regarding the disclosure or discovery of ESI at this time.

> **D.**      **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The parties have agreed to the claw-back provisions in this paragraph and ask the Court to reflect this agreement in the Scheduling Order: The inadvertent or unintentional production of documents or information that any party later claims should have been withheld on grounds of a privilege, including the work-product doctrine (collectively referred to hereafter as an "Inadvertently-Produced Privileged Document"), shall not be deemed to waive any privilege or work-product protection. If the producing party requests the return and destruction of an Inadvertently-Produced Privileged Document, the receiving party shall, within five business days, return the original to the requesting party and destroy all copies of the Inadvertently-Produced

**JOINT STATUS REPORT – PAGE 16**

Privileged Document and shall expunge from any other document or material any information solely derived from the Inadvertently-Produced Privileged Document.  Provided such document is solely derived by inadvertent or unintentional production of documents or information, no use shall be made of an Inadvertently-Produced Privileged Document during deposition or at trial, nor shall an Inadvertently-Produced Privileged Document be shown to anyone who was not given access to it prior to the request to return or destroy it.  In addition, a receiving party shall cease review and immediately notify the producing party of any information that appears privileged. After an Inadvertently-Produced Privileged Document is returned or destroyed pursuant to these requirements, the receiving party may move the Court for an order compelling production of the document, but may not assert as a ground for entering such an order that any privilege or work-product protection was waived by the fact of the inadvertent production.

**E.      What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

Plaintiff anticipates that more than 10 depositions will be necessary in this case, and if the parties cannot reach agreement on this issue, then the issue will be raised with the Court.  At this time, Defendants do not agree.

**F.      Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

See Section 3.B.i.  The parties anticipate that, during the course of discovery, information will be requested that is protected by Rule 26(c), including "trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c)(1)(G). Accordingly, the parties plan to submit a proposed agreed protective order for the Court's consideration to govern the disclosure of such information.

**JOINT STATUS REPORT – PAGE 17**

DATED: May 23, 2019.                          Respectfully submitted,


*/s/ Nicole Williams*                         */s/ Kimberly D. Annello*
Nicole Williams                               Kimberly D. Annello
Texas Bar No. 24041784                        UNDERWOOD PERKINS, PC
nicole.williams@tklaw.com                     5420 LBJ Freeway
William L. Banowsky                           Two Lincoln Centre, Suite 1900
Texas Bar No. 01697125                        Dallas, TX 75240
bill.banowsky@tklaw.com                       972-661-5114
Jasmine S. Wynton                             kannello@uplawtx.com
Texas Bar No. 24090481
jasmine.wynton@tklaw.com                      ATTORNEYS FOR DEFENDANTS WULF, HALL,
THOMPSON & KNIGHT LLP                         J. REA, AND T. REA
One Arts Plaza
1722 Routh Street, Suite 1500                 */s/ R. Heath Cheek*
Dallas, TX 75201                              R. Heath Cheek
214-969-1149                                  BELL NUNNALLY & MARTIN
                                              2323 Ross Avenue, Suite 1900
*/s/ Robert H. Lang*                          Dallas, TX 75201
Robert H. Lang                                214-740-1449
(appearing *pro hac vice*)                    hcheek@bellnunnally.com
rhlang@thompsoncoburn.com
Patrick Morales-Doyle
(appearing *pro hac vice*)                    ATTORNEYS FOR DEFENDANT DRIVER
pmoralesdoyle@thompsoncoburn.com
Caroline Pritikin
(appearing *pro hac vice*)
cpritikin@thompsoncoburn.com
Eileen E. Boyle Perich
(appearing *pro hac vice*)
eboyleperich@thompsoncoburn.com
Adam C. Decker
(appearing *pro hac vice*)
adecker@thompsoncoburn.com
THOMPSON COBURN LLP
55 East Monroe, 37th Floor
Chicago, IL 60603
312-346-7500

ATTORNEYS FOR PLAINTIFF
VEROBLUE FARMS USA, INC.


**JOINT STATUS REPORT – PAGE 18**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon counsel of record for Defendants via email on May 23, 2019.

*/s/ Jasmine S. Wynton*
Jasmine S. Wynton