# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **VEROBLUE FARMS USA, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-764-L** |
| | § | |
| **LESLIE A. WULF; BRUCE A. HALL;** | § | |
| **JOHN E. REA; KEITH DRIVER;** | § | |
| **JAMES REA,** | § | |
| | § | |
| Defendants/Counterplaintiffs. | § | |

## AGREED PROTECTIVE ORDER

Before the court is the parties' Joint Motion for Entry of Protective Order (Doc. 111), Filed May 30, 2019. The court determines that the motion should be, and is hereby, **granted**. Accordingly, pursuant to Federal Rule of Civil Procedure 26(c)(1), all Parties in the above-captioned lawsuit ("Proceeding") shall be governed by the following Protective Order ("Protective Order"). The term "trial" as used herein shall refer to the final formal hearing of the Parties' claims and defenses before the court as well as any dispositive motions. The terms of this Protective Order are as follows:

1.  **Applicability**. This Protective Order is applicable to the Parties, any additional parties joined in this action, and any third parties required to respond to discovery in this matter or provide initial disclosures, for the sole purpose of facilitating discovery and disclosures in the Proceeding.

2.  **Scope of Use**. All "Confidential" and "Confidential—Attorneys' Eyes Only" information produced or exchanged in the course of this Proceeding shall be used solely for the purpose of preparation and trial, including mediation, and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Protective Order.

3.      **Designation of Information**. A party or a producing third-party may designate any documents, testimony and other information furnished or disclosed to or by any other party or its counsel during discovery, in disclosures, or in trial as "Confidential" or "Confidential—Attorney's Eyes Only" in the manner set forth in this Protective Order. In designating information as "Confidential" or "Confidential—Attorney's Eyes Only," a party or a producing third-party will make such designation only as to that information that it in good faith believes is confidential information. Information or material which is available to the public shall not be classified as confidential information.

4.      Additionally, the Parties and their attorneys and any future Parties and their attorneys in the above-captioned matter are hereby authorized to receive, subpoena, disclose, and transmit Confidential Information to the extent and subject to the conditions outlined herein.

5.      **"Confidential" Designation**. A party or any producing third-party may designate as "Confidential" any document or any portion of a document, and any other thing, material, testimony, or other information that it reasonably and in good faith believes contains or reflects (a) proprietary, confidential, or commercially sensitive information; (b) private personal information, including financial information; or (c) information that should otherwise be subject to confidential treatment pursuant to applicable federal and/or state law. Designation of materials as "Confidential" shall be conclusive as to the confidentiality of such materials, unless ordered otherwise by the court.

6.      **"Confidential—Attorney's Eyes Only" Designation**. A party or producing third-party may designate as Confidential—Attorney's Eyes Only" any document or portion of a document and any other thing, material, testimony or other information, including trade secrets, that it reasonably and in good faith believes is of such a commercially or competitively sensitive nature

that disclosure to persons other than those specified herein in paragraph 13 could reasonably be expected to result in injury. Designation of materials as "Confidential—Attorney's Eyes Only" shall be conclusive as to the confidentiality of such materials, unless ordered otherwise by the court.

7. **Time Period for Protection**. Except as otherwise provided below, any information, document, data, thing, deposition testimony, or interrogatory answer produced, given, or served pursuant to discovery requests in this litigation and designated by the producing party as "Confidential" or "Confidential—Attorney's Eyes Only" (the "Material"), or any specific information contained in any of the foregoing Material, shall be subject to the provisions of this Protective Order until further Order of this court.

8. **Document Production and Exhibits**. The Material shall be designated as "Confidential" or "Confidential—Attorney's Eyes Only" by including a legend of "Confidential" or "Confidential—Attorney's Eyes Only" on each page thereof as to which confidentiality is claimed. All copies of Material stamped 'Confidential" or "Confidential—Attorney's Eyes Only" also shall be designated "Confidential" or "Confidential—Attorney's Eyes Only." Any mark made to identify a document as "Confidential" or "Confidential—Attorney's Eyes Only" shall be made so as not to obscure any of the Material's content. With respect to any Material designated "Confidential" or "Confidential—Attorney's Eyes Only" that is not produced in paper form (such as diskettes, magnetic media, and other Material not produced in paper form) and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing party shall, to the extent practicable, produce such Material with a cover labeled "Confidential" or "Confidential—Attorney's Eyes Only" and shall inform all counsel in writing of the

"Confidential" or "Confidential—Attorney's Eyes Only" designation of such Material at the time such Material is produced.

9. **Documents Generated During Suit**. All pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that produce, paraphrase, summarize, or otherwise contain any specific information designated as "Confidential" or "Confidential—Attorney's Eyes Only," if filed with the court, shall be filed pursuant to the rules governing sealed documents, as set forth in CM/ECF procedures of the United States District Court for the Northern District of Texas. Any courtesy copies served on the court shall be filed in an envelope labeled with the caption of the suit, a description of the contents of the envelope, the words "Confidential" or "Confidential—Attorney's Eyes Only," and the following statement:

> "THIS ENVELOPE CONTAINS INFORMATION SUBJECT TO THE PROTECTIVE ORDER IN THIS LITIGATION, AND IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY THE COURT OR BY AGREEMENT OF THE PARTIES WHOSE CONFIDENTIAL INFORMATION IS CONTAINED WITHIN."

For documents too voluminous to be easily filed within an envelope, those documents shall be filed in a binder labeled with the caption of the suit, a description of the contents of binder, the words "Confidential" or "Confidential—Attorney's Eyes Only," and the statement described above.

10. **Depositions**. Any party or deposed person or entity may designate a deposition or portion thereof as "Confidential" or "Confidential—Attorney's Eyes Only" Material by making such designation on the record during the deposition or by denominating by page and line those portions of the deposition which are to be considered "Confidential" or "Confidential—Attorney's Eyes Only" within ten (10) business days of receiving the final transcript and exhibits and so informing all other parties of such designation. Until the period to designate deposition

**Agreed Protective Order - Page 4**

testimony as "Confidential" or "Confidential—Attorney's Eyes Only" has passed, the deposition transcript shall be treated as "Confidential—Attorney's Eyes Only." Any portion of a deposition so designated shall not be filed with the court, except in accordance with paragraph 10 of this Protective Order. Notwithstanding the above, persons attending depositions by agreement of the Parties must leave the room before any discussion of any "Confidential" or "Confidential—Attorney's Eyes Only" Material that the person is not entitled to review under the provisions of this Protective Order.

11.     **Restrictions on Use of Confidential Material**. Except as agreed by the designating party or its counsel or as otherwise provided herein, information designated as "Confidential" or "Confidential—Attorney's Eyes Only":

    a.  Shall be maintained in confidence by the party or counsel to which it is furnished;

    b.  May be disclosed by such party or counsel only to Authorized Persons entitled to access thereto under paragraphs 12 and 13 below;

    c.  May be used by such party or counsel and the Authorized Person to whom it is disclosed only for the purposes of this Proceeding and for no other purpose; and

    d.  May be photocopied or reproduced only as reasonably necessary for this Proceeding.

Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as "Confidential" or "Confidential—Attorney's Eyes Only" consents in writing to such disclosure. Nor shall anything herein prevent any pro se party or counsel of record from utilizing "Confidential" or "Confidential—Attorney's Eyes Only" information in the examination or cross-examination of any person who is identified on the documents or otherwise as being an author, source or recipient of the "Confidential" or "Confidential—Attorney's Eyes

Only" information, or any designated representative who testifies on a subject matter that includes "Confidential" or "Confidential—Attorney's Eyes Only" information, irrespective of who produced such information.

12. **Authorized Users of Confidential Materials**. Except as agreed by the designating party or its counsel or as otherwise provided herein, "Confidential" Material subject to this Protective Order or extracts or summaries or specific information therefrom shall not be given or shown to any person except the following:

   a. In-house counsel and outside attorneys of record for any party engaged in the litigation of this Proceeding and the regular employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation.

   b. Any pro se individual party.

   c. Any individual party and employees, officers, directors, and managers of a corporate party actively engaged in assisting that party's attorneys in the conduct of this litigation, to the extent reasonably necessary to enable the attorneys for that party to render professional services in the litigation.

   d. Persons not owners, officers, directors, managers, shareholders or employees of any party who are expressly retained to assist such party's counsel ("Retaining Counsel") in the preparation of this Proceeding for trial including, but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, economists, and other experts, and the employees of such persons ("Outside Experts"), after such Outside Expert has signed and delivered to Retaining Counsel a statement in the form annexed hereto as Exhibit A.

  e. A party's outside copy/document preparation service, which includes any e-discovery consultants and trial consultants.

  f. The court, other court officials (including court reporters), and the trier of fact, pursuant to a sealing order.

  g. Any other person who subsequently is designated by (i) written agreement of all the Parties after a request by one of them or (ii) by order of the court upon motion by a party, after notice to all the Parties.

No person allowed to view "Confidential" Material shall use any "Confidential" Material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims between the Parties in this Proceeding, and each person shall make best efforts necessary to protect confidentiality of the material.

13. **Authorized Users of "Confidential—Attorney's Eyes Only" Material**. Except as agreed by the designating party or its counsel or as otherwise provided herein, "Confidential— Attorney's Eyes Only" Material subject to this Protective Order, or extracts or summaries therefrom, shall not be given or shown to any person except the following:

  a. Outside attorneys of record for any party engaged in the litigation of this Proceeding and the regular employees of such Outside attorneys to whom it is necessary that the material be shown for purposes of this Proceeding.

  b. Any pro se individual party.

  c. Persons not owners, officers, directors, managers, shareholders or employees of any party who are expressly retained to assist such party's counsel ("Retaining Counsel") in the preparation of this Proceeding for trial including, but not limited to, consulting and testifying experts, independent auditors, accountants,

    statisticians, economists, and other experts, and the employees of such persons ("Outside Experts"), after such Outside Expert has signed and delivered to Retaining Counsel a statement in the form annexed hereto as Exhibit A.

  d. A party's outside copy/document preparation service, which includes any e-discovery consultants and trial consultants.

  e. The court, other court officials (including court reporters), and the trier of fact, pursuant to a sealing order.

  f. Any other person who subsequently is designated by (i) written agreement of all the Parties after a request by one of them or (ii) by order of the court upon motion by a party, after notice to all the Parties.

No person allowed to view "Confidential—Attorney's Eyes Only" Material shall use any "Confidential Attorney's Eyes Only" Material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims between the Parties in this Proceeding, and each person shall make best efforts necessary to protect the confidentiality of the Material. Nothing in the Protective Order is intended to prevent a party or its employees from reviewing the party's own "Confidential" or "Confidential—Attorney's Eyes Only" Material.

14. **Disclosure to Unauthorized Persons**. If counsel wishes to disclose "Confidential" or "Confidential—Attorney's Eyes Only" Material to any person not designated in paragraph 12 or 13 above, they must proceed in the following manner: the names of the persons to whom "Confidential" or "Confidential—Attorney's Eyes Only" Material is to be disclosed, a description of the Material to be disclosed to such person and a brief statement of the person's connection to the case shall be provided in writing to lead counsel for all Parties and to individual pro se Parties fourteen (14) days in advance of disclosure to afford an opportunity to object to disclosure. If no

objection is made within the 14-day period, disclosure to such named persons may be made after the expiration of such 14-day period. If an objection is made within the 14-day period, the party proposing the disclosure must seek an order from the court to allow the proposed disclosure, and such Material shall not be disclosed pending a decision by the court on such motion. Any person who becomes authorized to receive "Confidential" or "Confidential—Attorney's Eyes Only" Material pursuant to this paragraph (whether such authorization arises from the lack of an objection or from the court's ruling on a motion for disclosure) shall, prior to the receipt of Material, execute and deliver to counsel a statement in the form annexed hereto as Exhibit A. Disclosures made to all persons to whom disclosures are permitted hereunder shall be made subject to and in accordance with the terms of this Protective Order.

15. If a party or its counsel receives a discovery request, subpoena, or order of any court or other tribunal in another case or proceeding for materials designated as "Confidential" or "Confidential-Attorney's Eyes Only" in this Proceeding, the party receiving the request for such materials shall (a) within three (3) business days of the receipt of such request or demand, and prior to responding to the request or demand, notify counsel for the party or the individual pro se party whose material is sought in writing and by providing a copy of the request or demand; (b) provide a reasonable time for the party whose material is sought to seek to protect its material from disclosure prior to producing or disclosing the requested information; and (c) provided that the party whose material is sought makes a timely motion or other application for relief from the request or demand in the appropriate forum, the party receiving the request or demand shall not produce or disclose the requested information without written consent of the party whose material is sought or until ordered by a court of competent jurisdiction to do so.

16. **Challenging Designation**. If any party believes that any Material that has been designated "Confidential" or "Confidential—Attorney's Eyes Only" should not be subject to this Protective Order, that party must notify the producing party in writing and provide a description of the Material which the objecting party believes should be freed from the constraints of this Protective Order, and serve copies of such notice to all other Parties herein. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within twenty (20) days from the date of service of the written objection, the producing party shall make motion to the court for an order confirming that the information at issue is subject to this Protective Order. The party asserting the "Confidential" or "Confidential—Attorney's Eyes Only" designation shall have the burden of showing why such information is entitled to confidential treatment. If such a motion is filed on or before the 20th day after the date of service of the written objection, the protection afforded by the Protective Order shall continue until the court makes a decision on the motion. Failure of the producing party to file a motion within that time shall be deemed a waiver of the designation of the challenged material.

17. **Use of Confidential Material at Trial**. In the event that any "Confidential" or "Confidential—Attorney's Eyes Only" Material is used at trial, or in any dispositive or discovery motion or in any hearing in this Proceeding, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use, including without limitation, requesting that the court exclude non-parties from the courtroom or seal any transcript with respect to such trial or hearing.

18. **No Waiver**. The Protective Order shall not be deemed a waiver of:

    a.    Any right to object to any discovery requests on any ground;

    b.    Any right to seek an order compelling discovery with respect to any discovery request;

    c.    Any right to object to the admission of any evidence on any ground;

    d.    Any right for a party to use its own documents and its own "Confidential" or "Confidential—Attorney's Eyes Only" material in its sole and complete discretion; or

    e.    The status of any material as a trade secret.

19.    **Inadvertent Disclosure**. The inadvertent or unintentional designation or production of documents containing, or other disclosure of, confidential information without being designated as "Confidential" or "Confidential—Attorney's Eyes Only" at the time of designation, production, or disclosure shall not be deemed a waiver in whole or in part of a claim of confidentiality or secrecy, either as to the specific information or as to any other information relating thereto or on the same or related subject matter. Any inadvertent designation or disclosure shall be corrected as soon as reasonably possible after the producing party becomes aware of the error. The production of documents or other tangible things pursuant to a request for production by a party herein shall not be deemed a waiver of any right by the producing party to object to the admissibility of such document or other thing on grounds of relevancy, materiality, privilege or other valid ground of objection.

20.    **Responsibility of Counsel**. Counsel for the Parties or pro se individual parties to whom "Confidential" or "Confidential—Attorney's Eyes Only" Material has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Protective Order and for securing execution of and retaining the statement attached hereto as Exhibit A as and when required under the provisions of this Protective Order.

21. **Modification of Order**. This Protective Order may be modified or amended either by written agreement of the Parties or by order of the court upon good cause shown. No oral waivers of the terms of this Protective Order shall be permitted between the Parties. Any written agreements between the Parties to modify or amend this Protective Order shall be in the form of a written amendment that shall be submitted to the court for approval.

22. **Third-party Material**. To the extent that the Parties produce documents received from third parties that have been designated by third parties as "Confidential" or "Confidential—Attorney's Eyes Only," such documents shall be treated as "Confidential" or "Confidential—Attorney's Eyes Only" in accordance with the terms of this Protective Order and any deposition testimony concerning the contents of such documents shall likewise be treated as "Confidential" or "Confidential—Attorney's Eyes Only" in accordance with the terms of this Protective Order.

23. **Conclusion of Proceeding**. The provisions of this Protective Order shall continue in effect with respect to any "Confidential" or "Confidential—Attorney's Eyes Only" Material until expressly released by the party furnishing such Material, and such effectiveness shall survive the final determination of this action. Within sixty (60) days of the final determination of this action, including any appeal, all "Confidential" or "Confidential—Attorney's Eyes Only" Material, including all copies, derivations and summaries thereof, shall be either (a) returned to the disclosing party; or (b) destroyed or deleted, with a written certification provided to the disclosing party. This paragraph includes the return or destruction or deletion of documents provided to any Authorized Person, including Outside Experts. However, counsel of record are permitted to retain a copy of their attorney file, including attorney work product, which may contain "Confidential" or "Confidential—Attorney's Eyes Only" Material. For purposes of this Protective Order, the "final determination of this action" shall be deemed to be the later of (i) full settlement of all

claims asserted in this Proceeding; (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of this Proceeding; or (iii) the expiration of all time limits under federal law for the filing of or application for all appeals, rehearings, remands, trials or reviews of this Proceeding, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. This court retains and shall have continuing jurisdiction over the Parties and recipients of Confidential Information for enforcement of the provisions of this Protective Order following termination of this Proceeding.

24. **Amendments**. Nothing herein shall prevent the court from *sua sponte* altering the terms of this Protective Order.

**It is so ordered** this 31st day of May, 2019.

Sam A. Lindsay
United States District Judge

## **EXHIBIT A - CONFIDENTIALITY AGREEMENT**

1. I am familiar with and agree to be bound by the terms of the Protective Order in Civil Action No. 3:19-cv-00764-L, *VeroBlue Farms USA Inc. v. Leslie A. Wulf, et al.*, pending in the United States District Court for the Northern District of Texas, Dallas Division.

2. I will only make such copies of or notes concerning "Confidential" or "Confidential—Attorney's Eyes Only" Material as are necessary to enable me to render the assistance required in connection with this Proceeding, and, all such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal or destruction upon completion of this Proceeding. Upon the final determination of this Proceeding, I shall promptly destroy all "Confidential" or "Confidential—Attorney's Eyes Only" Material provided to me as well as any notes or derivations thereof.

3. I will not intentionally reveal the contents of "Confidential" or "Confidential—Attorney's Eyes Only" Material to any unauthorized person. I will not intentionally use "Confidential" or "Confidential—Attorney's Eyes Only" Material for any purpose other than the prosecution or defense of claims in this action.

4. I understand that failure to comply with the terms of the Protective Order may be punishable by contempt of court and may result in civil liability to any party or person damaged thereby. I consent to the jurisdiction of the United States District Court for the Northern District of Texas (without any time limit) for the purpose of enforcing the Protective Order.

DATED this _____ day of _____, 20____.

BY: _____
*Signature*

_____
*Print Name*