IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VEROBLUE FARMS USA, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:19-cv-00764-L |
| **LESLIE A. WULF, BRUCE A. HALL, JAMES REA, JOHN E. REA, and KEITH DRIVER** | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT KEITH DRIVER'S RESPONSE TO VEROBLUE FARMS USA, INC.'S MOTION FOR LEAVE TO AMEND ITS AMENDED COMPLAINT
### AND BRIEF IN SUPPORT

Defendant Keith Driver ("Driver or "Defendant") hereby files this Response to VeroBlue Farms USA, Inc.'s ("Plaintiff") Motion for Leave to Amend its Amended Complaint and Brief in Support [Dkt. No. 102] and respectfully shows as follows.

### I.
### PRELIMINARY STATEMENT

Plaintiff's proposed amendment is futile and should be denied. Plaintiff seeks leave to assert additional claims against Driver for violations of the Uniform Voidable Transfers Act (Iowa Code §684.4(1)(a)), fraudulent transfers under Texas law, constructive fraudulent transfers under Texas law, restitution, violations of Racketeer Influenced and Corrupt Organizations Act ("RICO"), and claims for rescission of Driver's Termination Agreement (collectively, the "Proposed New Claims"). The Motion should be denied because, among other things, the Proposed New Claims are frivolous, implausible, and barred by the same release in the Release Agreement that bars the claims brought in Plaintiff's Original Complaint [Dkt. No. 009] ("Original

Complaint"). Accordingly, Plaintiff's Proposed New Claims cannot survive Driver's live 12(b)(6) Motion to Dismiss and Brief in Support, filed on April 10, 2019 [Dkt. Nos. 67 and 68]. Allowing Plaintiff leave to file its Amended Complaint will only force Driver to file a third motion to dismiss to enforce the release in Driver's Release Agreement both Plaintiff and Driver entered into willingly and voluntarily to settle all claims known and unknown to the parties at the time. Plaintiff's thinly-veiled attempt to harass Driver through making additional meritless claims to distract the Court from the clearly enforceable release contained in the Release Agreement should not be tolerated, and its Motion for Leave to Amend should thus be denied.

## II.

## RELEVANT FACTUAL BACKGROUND

**Driver's Employment with Plaintiff.**

1. Prior to July 1, 2016, Driver performed services for Plaintiff as a designated representative of Seven Hours Holding Company, Inc., an independent contractor of Plaintiff's. (App. 0033). On July 1, 2016, Plaintiff and Driver entered into an Employment Agreement, terminating Driver's role as an independent contractor and putting him into the position of Chief Operating Officer of Plaintiff. (App. 0033-0048).

2. Driver's stint as COO of Plaintiff, however, was very brief — only six months. On January 13, 2017, Plaintiff and Driver entered into a Business Relationship Restructuring Agreement (the "Release Agreement"), which terminated Driver's Employment Agreement with Plaintiff and re-established his consulting relationship with the company. (App. 0049-0063). Thus, Driver was only an employee of Plaintiff for six months, yet Plaintiff seems to assert that Plaintiff was involved in numerous schemes allegedly performed by Plaintiff's officers during times that Driver was not employed with the company and owed no duty to Plaintiff.

3. Additionally, as a part of the Release Agreement, Plaintiff agreed to the following:

> (b) As a material inducement to Driver and Driver Co. to enter into this Agreement, and except for the covenants and agreements of Driver and Driver Co. provided for in this Agreement, VBF USA and VBF Canada, on their own behalf and on behalf of the other VBF Releasees, hereby irrevocably and unconditionally release, acquit and forever discharge the Driver Releasers from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever, known or unknown (the "**VBF Releasee Claims**") which the VBF Releasees now have, own, hold, or to which the VBF Releasees at any time heretofore had, owned or held against each of the Driver Releasers, including, without limitation, the Egregious Cause Claims. The VBF Releasees represent that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any VBF Releasee Claim or any portion thereof or interest therein.

(App. 0052). Thus, Plaintiff released Driver from all causes of actions, **known or unknown**, as of January 13, 2017. (App. 0052).

4. The proposed Second Amended Complaint fails to allege any actions by Driver after January 13, 2017 that gives rise to a cause of action. Even though Plaintiff attempts to lump Driver under the definition of "Founders," his participation in any post-release actions are factually impossible since Driver was no longer involved with Plaintiff at that time in any capacity that would have any control, decision-making authority, or even notice of these activities. At the time all of the alleged post-release actions were taken, Driver was not an officer or director of Plaintiff, was merely acting as a consultant to Plaintiff, owed no duties to Plaintiff, and was not involved in the actions. (App. 0031-33).

**The Release Agreement was Not Procured by Fraud and, Regardless, is Valid and Enforceable.**

5. Plaintiff makes a baseless and bad faith accusation that the Release Agreement is invalid because Jackson Walker was purportedly "conflicted" when drafting the Release Agreement. Jackson Walker was not conflicted when drafting Driver's Release Agreement. In fact, Driver was represented by Jay Wallace of Bell Nunnally & Martin, LLP in the negotiations of the Release Agreement. (App. 0066). Plaintiff made this allegation of an alleged conflict without

citing any evidence or, apparently, checking with Jackson Walker. This allegation was apparently invented solely as a grounds for attempting to avoid the unambiguous release of all claims against Driver.

### III.

### ARGUMENTS AND AUTHORITIES

**A.  Applicable Legal Standard Governing Motions for Leave to Amend.**

Motions for leave to amend are governed by Federal Rule of Civil Procedure 15(a), which provides that leave to amend be granted "when justice so requires." FED. R. CIV. P. 15(a)(2). However, "[l]eave to amend is *not* automatic." *Jones v. Robinson Prop. Grp., L.P.,* 427 F.3d 987, 994 (5th Cir.2005) (emphasis added). The Court "may consider a variety of factors" when deciding whether to grant leave to amend, "including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones,* 427 F.3d at 994. The Fifth Circuit has interpreted "futility" in the context of Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 873 (5th Cir. 2000). To determine futility, the Court must apply the same standard as applies under Rule 12(b)(6). *Jackson v. Deutsche Bank Nat. Trust Co.*, 3:14-CV-3695-N, 2015 WL 3403937, at *3–4 (N.D. Tex. May 26, 2015).

**B.  Plaintiff Has Failed To Allege Any Valid Basis For Seeking Leave To Assert New Causes of Action Against Driver, Which Are Brought In Bad Faith And Are Futile.**

Plaintiff's request for leave to assert new claims against Driver should be denied because the proposed claims are non-sensical, futile, and could not survive Driver's live Motion to Dismiss or a future motion to dismiss. *See Stripling,* 234 F.3d at 873 (interpreting "futility" in the context

of Rule 15 to mean that "the amended complaint would fail to state a claim upon which relief could be granted").

Plaintiff's claims are entirely futile as they are barred by the Release Agreement. It is black-letter Texas law that a release extinguishes a claim or cause of action and is an absolute bar to any right of action on the released matter. *D.R. Horton-Texas, Ltd. v. Savannah Properties Associates, L.P.,* 416 S.W.3d 217, 226 (Tex. App.—Fort Worth 2013, no pet.) (*citing Dresser Indus., Inc. v. Page Petroleum, Inc.,* 853 S.W.2d 505, 508 (Tex. 1993); *see also Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 20 S.W.3d 692, 698 (Tex. 2000); *Victoria Bank & Trust Co. v. Brady,* 811 S.W.2d 931, 938 (Tex. 1991); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Ins. Co. of N. Am.,* 955 S.W.2d 120, 127 (Tex. App.—Houston [14th Dist.] 1997), *aff'd,* 20 S.W.3d 692 (Tex. 2000). It is not necessary, however, for the parties to anticipate and explicitly identify every potential cause of action relating to the subject matter of the release. *Savannah,* 416 S.W.3d at 226. Although releases include claims existing at the time of execution, they may also include unknown claims and damages that develop in the future. *Id.*

Here, the Release Agreement specifically states that as of January 7, 2017, Plaintiff:

> hereby irrevocably and unconditionally release, acquit and forever discharge [Driver] from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, known or unknown . . . which the [Plaintiff] Releasees now have, own, hold, or to which the [Plaintiff] Releasees at any time heretofore had, owned, or held against [Driver], including, without limitation, the Egregious Cause Claims.

(App. 0052). "Egregious Cause Claims" is narrowly defined as Driver failing to maintain his main office in Dallas, Texas and Driver engaging in "other business interests and engagements outside of [Plaintiff]. (App. 0049). The broad language chose by the parties establishes the intent for the Release Agreement to be complete, full, and final. Therefore, the Release Agreement precludes all

claims Plaintiff has asserted against Driver in this case, including the Egregious Cause Claims, not just the Egregious Cause Claims. *See, e.g., D.R. Horton-Texas,* 416 S.W.3d at 227 (holding that release of "all past, present, or future claims, actions, demands, and causes of action, of whatever kind or character, known or unknown, asserted or unasserted" with respect to certain contracts and property barred claims for breach of contract, warranty, and negligence relating to the same contracts and property).

Out of all the vague allegations taken by the Founders, Plaintiff alleges no facts taken by Driver after January 13, 2017, the date of the Release Agreement in which Plaintiff and Driver voluntarily and knowingly released all claims between then, both known and unknown.

For all alleged facts occurring after January 13, 2017, Driver was not an officer or director of Plaintiff, was merely acting as a consultant to Plaintiff, owed no duties to Plaintiff, and was not involved in the actions. In fact, Plaintiff's Second Amended Complaint pleads no facts or allegations that even hint at Driver being involved at all in the post-release actions occurring after January 13, 2017. Accordingly, Plaintiff's Second Amended Complaint and the Proposed New Claims are futile because they must be dismissed under Driver's current Motion to Dismiss or a future motion.

## IV.
## CONCLUSION

For all the foregoing reasons, Defendant Keith Driver respectfully requests that the Court deny Plaintiff Farms USA, Inc. Motion for Leave to Amend its Amended Answer and grant Keith Driver all other appropriate relief.

Respectfully submitted,

By: */s/ Heath Cheek*
R. Heath Cheek
State Bar No. 24053141
hcheek@bellnunnally.com
Katie R. Beaird
Texas Bar No. 24092099
kbeaird@bellnunnally.com
Bell Nunnally & Martin LLP
2323 Ross Avenue, Suite 1900
Dallas, TX 75201
Telephone: (214) 740-1400
Telecopy: (214) 740-1499

**ATTORNEYS FOR DEFENDANT KEITH DRIVER**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon counsel of record for all parties via ECF Service.

**DATED** this 13th day of June, 2019.

*/s/ Heath Cheek*

4499520_1.docx / 10700.1