# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| VEROBLUE FARMS USA INC., <br>     Plaintiff | § <br> § <br> § | |
| v. | § <br> § | |
| LESLIE A. WULF, BRUCE A. HALL, JAMES <br> REA, JOHN REA, and KEITH DRIVER, <br>     Defendants/Founders | § <br> § <br> § <br> § | CIVIL ACTION NO. 3:19-CV-00764-L |
| v. | § <br> § | |
| EVA EBSTEIN, JENS HAARKOETTER, BJORN <br> THELANDER, ANDERS WESTER, NORMAN <br> MCCOWAN, DR. OTTO HAPPEL and ALDER <br> AQUA, LTD. <br>     Third-Party Defendants | § <br> § <br> § <br> § <br> § | |

---

**THIRD-PARTY PLAINTIFFS' RESPONSE AND BRIEF IN OPPOSITION TO THIRD-PARTY DEFENDANT NORMAN MCCOWAN'S MOTION TO DISMISS THIRD-PARTY CLAIMS PURSUANT TO THE TEXAS CITIZEN'S PARTICIPATION ACT**

---

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 4

BACKGROUND FACTS ........................................................................................... 5

ARGUMENTS AND AUTHORITIES ...................................................................... 5

   I.   THE TCPA DOES NOT APPLY IN FEDERAL COURT. ................................. 6

      A.  The TCPA is a Procedural Statute and Therefore Does Not Apply in Federal Court...... 7

      B.  The TCPA Does Not Apply Because It Conflicts with Federal Procedure. ................... 9

   II.   THE TCPA DOES NOT BAR FOUNDERS' CLAIMS. ................................... 10

      A.  McCowan Fails to Show that Founders' Claims Implicate His First Amendment Rights ..................................................................................................11

          1.   McCowan Fails to Show His Conduct was an Exercise of Freedom of Speech ........ 12

          2.   McCowan Fails to Show His Conduct was an Exercise of the Right to Petition ....... 15

      B.  Founders Describe Clear and Specific Facts to Establish a Prima Facie Case for Each Essential Element of Their Claims .................................................................................. 16

   III.   REQUEST FOR ATTORNEY'S FEES ......................................................... 17

# TABLE OF AUTHORITIES

## Cases

*Adams v. Starside Custom Builders, LLC,*
547 S.W.3d 890 (Tex. 2018)......................................................................................................14

*All Plaintiffs v. All Defendants,*
645 F.3d 329 (5th Cir. 2011)....................................................................................................7, 9

*Allen v. Heath,*
2016 WL 7971294 (E.D. Tex. May 6, 2016) ...............................................................................7

*Block v. Tanehaus,*
867 F.3d 585 (5th Cir. 2017).......................................................................................................6

*Brugger v. Swinford,*
2016 WL 4444036 (Tex. App. – Houston [14th Dist.] Aug. 23, 2016, no pet.) ........................13

*Bumjin Park v. Suk Baldwin Props., LLC,*
2018 WL 4905717 (Tex. App. – Austin Oct. 10, 2018, no pet.) ................................................13

*Burlington N. R.R. Co. v. Woods,*
480 U.S. 1 (1987) .........................................................................................................................9

*Cuba v. Pylant,*
814 F.3d 701 (5th Cir. 2016)...................................................................................................8, 9

*Dyer v. Medoc Health Servs., LLC,*
2019 WL 1090733 (Tex. App. – Dallas Mar. 8, 2019, pet. filed) .............................................13

*Fawcett v. Rogers,*
492 S.W.3d 18 (Tex. App. - Houston [1st Dist.] 2016) ........................................................8, 17

*Gasperini v. Ctr. For Humanities, Inc.,*
518 U.S. 415 (1996).....................................................................................................................7

*Henry v. Lake Charles Am. Press, LLC,*
566 F.3d 164 (5th Cir. 2009) .....................................................................................................10

*In re IntelliCentrics, Inc.,*
2018 WL 5289379 (Tex. App. – Fort Worth Oct. 25, 2018, orig. proceeding ...........................13

*In re Lipsky,*
460 S.W.3d 579 (Tex. 2015) .................................................................................................9, 11

*Ins. Safety Consultants LLC v. Nugent,*
2016 WL 2958929 (N.D. Tex. May 23, 2016)..........................................................................6, 9

*Lona Hills Ranch, LLC v. Creative Oil & Gas Operating, LLC,*
549 S.W.3d 839 (Tex. App.—Austin 2018, pet. filed) ..............................................................15

*Mathiew v. Subsea 7 (US) LLC,*
2018 WL 1515264 (S.D. Tex. Mar. 9, 2018)...................................................................7, 10, 12

*N.P.U., Inc., d/b/a NE Plus Ultra and Casey McKee v. Wilson Audio Specialties, Inc.,*
2018 WL 5504239 (W.D. Tex. Oct. 29, 2018) ..............................................................7, 8, 9, 10

*NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.,*
745 F.3d 742 (5th Cir. 2014).......................................................................................................6

*Neely v. Wilson,*
418 S.W.3d 52 (Tex. 2013) ........................................................................................................13

*O'Gara v. Binkley,*
2019 WL 1864099 (N.D. Tex. Apr. 24, 2019) .............................................................................8

*Rudkin v. Roger Beasley Imports, Inc.,*
2017 WL 6622561 (W.D. Tex. Dec. 28, 2017)........................................................................7, 8

*Sullivan v. Tex. Ethics Comm.,*
551 S.W.3d 848 (Tex. App. – Austin 2018) ..............................................................................18

*Thoroughbred Ventures, LLC v. Disman,*
2018 WL 3472717 (E.D. Tex. July 19, 2018)..............................................................................7

*Warner Bros. Entertainment, Inc. v. Jones,*
538 S.W.3d 781 (Tex. App. - Austin 2017) ........................................................................12, 17

*Younkin v. Hines,*

546 S.W.3d 675 (Tex. 2018) .................................................................................................................. 14

## Statutes

Tex. Civ. Prac. & Rem. Code Ann. § 27.005 ........................................................................................ 17
Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c) ............................................................................... 9, 11
Tex. Civ. Prac. & Rem. Code § 27.001(3) ........................................................................................... 12
Tex. Civ. Prac. & Rem. Code § 27.002 ...................................................................................... 6, 11, 12
Tex. Civ. Prac. & Rem. Code § 27.005(b) ...................................................................................... 11, 15
Tex. Civ. Prac. & Rem. Code § 27.009(a) ........................................................................................... 17

## Rules

Federal Rule of Civil Procedure 12(b)(6) ................................................................................. 3, 9, 10, 12
Federal Rules of Civil Procedure 12 and 56; and (2) ...................................................................... Passim

## Other Authorities

H.B. 2730 ............................................................................................................................................. 13
*HB2730* ............................................................................................................................................. 14

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VEROBLUE FARMS USA INC., <br> Plaintiff | § <br> § <br> § | |
| v. | § <br> § <br> § | |
| LESLIE A. WULF, BRUCE A. HALL, JAMES REA, JOHN REA, and KEITH DRIVER, <br> Defendants/Founders | § <br> § <br> § <br> § | CIVIL ACTION NO. 3:19-CV-00764-L |
| v. | § <br> § | |
| EVA EBSTEIN, JENS HAARKOETTER, BJORN THELANDER, ANDERS WESTER, NORMAN MCCOWAN, DR. OTTO HAPPEL and ALDER AQUA, LTD. <br> Third-Party Defendants | § <br> § <br> § <br> § <br> § | |

---

**THIRD-PARTY PLAINTIFFS' RESPONSE AND BRIEF IN OPPOSITION TO THIRD-PARTY DEFENDANT NORMAN MCCOWAN'S MOTION TO DISMISS THIRD-PARTY CLAIMS PURSUANT TO THE TEXAS CITIZEN'S PARTICIPATION ACT**

---

Third-Party Plaintiffs, Leslie A. Wulf ("Wulf"), Bruce A. Hall ("Hall"), John E. Rea ("T. Rea"), and James Rea ("J. Rea") (collectively "Founders"), file this Response and Brief in Opposition to Third-Party Defendant Norman McCowan's ("McCowan") Motion to Dismiss the Third-Party Claims Pursuant to the Texas Citizen's Participation Act ("Motion to Dismiss" or "MTD").[1] In further support of this Response, Founders state:

---

[1] This is the second of two Motions to Dismiss that McCowan has filed against Founders' Third-Party Claims [Dkt. No. 114]. McCowan also filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. No. 113]. This Response addresses McCowan's TCPA Motion only and Founders have filed concurrently a separate response to McCowan's 12(b)(6) Motion.

3

## **INTRODUCTION**

In their Third-Party Complaint ("TPC"), Founders allege that McCowan and the other Third-Party Defendants tortiously interfered with various agreements ("Agreements") between Founders and Plaintiff, VeroBlue Farms USA, Inc. ("VBF"). Founders have uncovered some communications that illustrate Eva Ebstein ("Ebstein"), Jens Haarkoetter ("Haarkoetter"), Bjorn Thelander ("Thelander"), Anders Wester ("Wester"), McCowan, Dr. Otto Happel ("Happel") and Alder Aqua, Ltd ("Alder") (collectively, "Alder Defendants"), conspired together to induce VBF to breach the Agreements with Founders and avoid obligations due under the Agreements.

Now that the Alder Defendants scheme has been uncovered, McCowan attempts to hide behind the Texas Citizens Participation Act ("TCPA"). McCowan's Motion to Dismiss must be denied for two reasons: (1) Texas federal courts, including the Northern District, have consistently held that the TCPA is inapplicable in federal court because (a) it is a procedural mechanism, not substantive, and (b) the TCPA conflicts with Federal Rules of Civil Procedure 12 and 56; and (2) even if the TCPA were substantive and not in conflict with the Federal Rules, the Alder Defendants' conduct is not protected speech or a protected right to petition – it is tortious interference with contract. Accordingly, McCowan's Motion to Dismiss must be denied.

From at least September 2017 (the date Alder Defendants approached Wulf and directed him to terminate Hall and T. Rea), the Alder Defendants orchestrated a scheme and made materially false and misleading statements in order to avoid obligations due to Hall under his Termination Agreement ("Hall Agreement"), T. Rea under his Termination Agreement ("T. Rea Agreement"), Wulf under his Separation Agreement ("Wulf Agreement") and J. Rea under his

4

Employment Agreement ("J. Rea Agreement"). The Founders suffered damages as a result of the Alder Defendants' misconduct.

McCowan has moved to dismiss Founders' claims under the TCPA. By invoking the statute, McCowan is not only ignoring numerous cases dictating that the TCPA is inapplicable in federal court, but is also implicitly arguing that the Alder Defendants' misconduct is somehow free speech on a matter of public concern, and that Founders' suit is designed to chill expression. The Alder Defendants were not exercising their right to free speech when they tortiously interfered with Founders' Agreements, they were scheming to avoid complying with contractually bargained for payments. If this suit is subject to the heightened standards of the TCPA, then all suits involving speech, of any kind, are vulnerable to dismissal. That is not the law in Texas, and that is not the law that should be applied to this case.

## BACKGROUND FACTS

Founders expressly incorporate the facts as set forth in their Answer and Affirmative Defenses to the Amended Complaint and Third-Party Claims ("Complaint"), filed on April 10, 2019 [Docket No. 66].

## ARGUMENTS AND AUTHORITIES

The Court should deny McCowan's Motion to Dismiss. *First*, the TCPA is inapplicable in a federal court sitting in diversity. The TCPA does not create a substantive rule of Texas law and is clearly a procedural mechanism for a quick dismissal of a meritless lawsuit that infringes upon First Amendment protections. *Second*, even if the TCPA were substantive, it would unquestionably conflict with the pre-trial dismissal mechanisms of Federal Rules of Civil Procedure 12 and 56, and therefore be ineffectual in federal court. *Third*, McCowan has the burden to establish, by a preponderance of the evidence, that Founders' claims are "based on, relate to, or in response to"

5

an exercise of their rights to free speech, right to petition, or right of association. McCowan's

Motion to Dismiss fails to satisfy this burden. Among other infirmities, McCowan recognizes that

an exercise of free speech means a communication made in connection with a matter of public

concern, but fails to distinguish how his actions in any way amount to such a public concern.

*Finally*, even if the TCPA does apply to this case, Founders have shown by "clear and specific

evidence" a prima facie case for the elements of their claims. In addition to the detailed factual

allegations in their Third-Party Claims, which must be considered as evidence in support of their

prima facie case, Founders provide facts in the evidence attached to their Complaint. Accordingly,

this Court should deny McCowan's Motion to Dismiss.

## I.   THE TCPA DOES NOT APPLY IN FEDERAL COURT.

McCowan claims that the TCPA mandates dismissal in this case. This argument fails

because the TCPA does not apply in federal court, as it is procedural, not substantive. Even if it

were substantive, it would still not apply because it conflicts with federal procedural rules.

The TCPA is an anti-SLAPP ("Strategic Litigation Against Public Participation") statute

that is designed to "encourage and safeguard the constitutional rights of persons to petition, speak

freely, associate freely, and otherwise participate in government to the maximum extent permitted

by law **and, at the same time, protect the rights of a person to file meritorious lawsuits for**

**demonstrable injury**." TEX. CIV. PRAC. & REM. CODE § 27.002. (emphasis added). "To achieve

this, the TCPA provides a means for a defendant, early in the lawsuit, to seek dismissal of certain

claims in the lawsuit." *NCDR, L.L.C. v. Mauze & Bagby*, P.L.L.C., 745 F.3d 742, 746 (5th Cir.

2014).

Although the Fifth Circuit has not resolved whether state anti-SLAPP statutes such as the

TCPA apply in federal court, *Block v. Tanehaus*, 867 F.3d 585, 589 n.2 (5th Cir. 2017), this District

Court (as well as other district courts in this Circuit) have held that the TCPA does not. *See Ins. Safety Consultants LLC v. Nugent*, No. 3:13-CV-2183-B 2016 WL 2958929, at *5 (N.D. Tex. May 23, 2016) (Boyle, J.) ("the only remedies the Act provides are dismissal and associated monetary awards. The TCPA thus answers the question of when a party's claims are subject to pre-trial dismissal. Federal Rules of Civil Procedure 12 and 56 answer the same question.")[2] This is because "under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996). Courts perform a three-step analysis to determine whether a state's substantive law applied in federal court. *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333-36 (5th Cir. 2011). First, the court determines whether the law is procedural or substantive in nature. *Id.* Second, if the law is deemed substantive, the court must then determine whether the law conflicts with federal procedural rules. *Id.* Third, if the law does not conflict with federal procedural rules, the court evaluates whether the law serves to discourage forum shopping and avoid inequitable administration of the laws. *Id.*

### A.      The TCPA is a Procedural Statute and Therefore Does Not Apply in Federal Court.

In *O'Gara v. Binkley*, No. 3:18-CV-2603-B, 2019 WL 1864099, at *1 (N.D. Tex. Apr. 24, 2019), a company brought claims against a company investor for defamation, tortious interference with contract, tortious interference with business relations, and violation of unlawful and unfair business practices law, based on allegations that the investor sent emails to other investors

---

[2] *See also N.P.U., Inc., d/b/a NE Plus Ultra and Casey McKee v. Wilson Audio Specialties, Inc.*, No. 1:18-CV-167-RP, 2018 WL 5504239, at *4 (W.D. Tex. Oct. 29, 2018); *Thoroughbred Ventures, LLC v. Disman*, No. 4:18-CV-00318, 2018 WL 3472717, at *3 (E.D. Tex. July 19, 2018); *Mathiew v. Subsea 7 (US) LLC*, No. 4:17–CV–3140, 2018 WL 1515264, at *6-7 (S.D. Tex. Mar. 9, 2018); *Rudkin v. Roger Beasley Imports, Inc.*, No. A–17–CV–849-LY, 2017 WL 6622561, at *3 (W.D. Tex. Dec. 28, 2017), report and recommendation approved, No. A-17-CV-849-LY, 2018 WL 2122896 (W.D. Tex. Jan. 31, 2018); *but see Allen v. Heath*, No. 6:16-cv-51 MHS-JDL, 2016 WL 7971294, at *3 (E.D. Tex. May 6, 2016).

questioning the validity of the company president's academic credentials, and alleging mismanagement of company. The investor moved to dismiss for failure to state a claim and for dismissal under TCPA.

In determining that the TCPA did *not* apply under the *Erie* doctrine, the Northern District Court cited to Judge Graves dissent in *Cuba v. Pylant*, 814 F.3d 701, 711 (5th Cir. 2016) (Graves, J. dissenting).[3] In his dissent, Judge Graves conducted his own *Erie* analysis and concluded that:

> ***the TCPA is procedural and must be ignored.*** The TCPA is codified in the Texas Civil Practice and Remedies Code, provides for a pre-trial motion to dismiss claims subject to its coverage, establishes time limits for consideration of such motions to dismiss, grants a right to appeal a denial of the motion, and authorizes the award of attorneys' fees if a claim is dismissed. This creates no substantive rule of Texas law; rather, the TCPA is clearly a procedural mechanism for speedy dismissal of a meritless lawsuit that infringes on certain constitutional protections. Because the TCPA is procedural, I would follow *Erie*'s command and apply the federal rules.

*Id.* at 719 (internal citations omitted). After *Cuba*, district courts in the Fifth Circuit have generally agreed with Judge Graves view.[4] Courts have reasoned that the TCPA does not change Texas substantive law; it merely changes the standard for dismissal. *See Fawcett v. Rogers*, 492 S.W.3d 18, 25, 27-28 (Tex. App. - Houston [1st Dist.] 2016) (even though the plaintiff's defamation claim implicated rights protected by the TCPA, the court refused to dismiss the claim because the plaintiff satisfied the **TCPA's unique pleading standard**) (emphasis added); *see also In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (the TCPA "provides a **special procedure** for the expedited dismissal" of retaliatory lawsuits) (emphasis added).

---

[3] The majority in Cuba did not hold that the TCPA applies in federal court. Rather, the majority merely "assume[d], without deciding," that the TCPA applied because "[n]either party contends that this matter should be resolved on *Erie* grounds." *Cuba*, 814 F.3d at 706 n.6.

[4] *See, e.g., Rudkin*, 2017 WL 6622561, at *3 ("Rather than restate the conclusions reached by Judge Graves and the D.C. Circuit, the Court will instead simply adopt their analyses"); *N.P.U., Inc., v. Wilson Audio Specialties, Inc.*, No. 1:18-CV-167-RP, 2018 WL 5504239 (W.D. Tex. Oct. 29, 2018) ("The Court is persuaded by Judge Graves's analysis and joins those district courts that have adopted it").

**B.      The TCPA Does Not Apply Because It Conflicts with Federal Procedure.**

Even if the TCPA were substantive—and it is not—it still would not apply in federal court because it directly conflicts with federal procedural rules. If "the scope of [a federal rule] is sufficiently broad to cause a direct collision with the state law or, implicitly, to control the issue before the court, thereby leaving no room for the operation of that law," the federal rule governs and the state law is ignored. *All Plaintiffs*, 645 F.3d at 333 (internal quotations omitted; quoting *Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 4-5 (1987)).

Here, the TCPA, as written, conflicts with several Federal Rules of Civil Procedure. For example, to survive a TCPA well-pleaded motion to dismiss, a plaintiff must provide "clear and specific evidence" for each element of a prima facie case. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). This requires evidence that is "unambiguous, sure, or free from doubt," "explicit or relating to a particular named thing," and that "support[s] a rational inference that the allegation of fact is true." *In re Lipsky*, 460 S.W.3d at 590. This "obviously conflicts" with Federal Rules of Civil Procedure 12(b)(6) and 56, both of which allow claims to proceed to trial by surviving scrutiny under lesser burdens of proof. *N.P.U.*, 2018 WL 5504239, at *3 (quoting *Cuba*, 814 F.3d at 719 (Graves, J., dissenting)); *see also Ins. Safety Consultants LLC*, 2016 WL 2958929, at *5 (Boyle, J.) (the TCPA conflicts with the Federal Rules, because the "TCPA . . . answers the question of when a party's claims are subject to pre-trial dismissal . . . . Federal Rules of Civil Procedure 12 and 56 answer the same question"). Moreover, the TCPA's standard for dismissal "is contrary to . . . Rule 12(b)(6)," because "Rule 12(b)(6) looks only to whether the plaintiff has alleged sufficient facts to state a claim that is plausible on its face," and, unlike the TCPA, "has no mechanism to evaluate the merits of a party's defense." *Mathiew*, 2018 WL 1515264, at *7.

Exemplifying the direct conflict between the TCPA and the Federal Rules, McCowan tries to make Founders satisfy a higher bar than what Rule 12(b)(6) requires. *See* MTD, p. 11 ("McCowan is entitled to invoke the substantive protections of the TCPA and seek dismissal of the Third-Party Claims unless the Third-Party Plaintiffs meet their burden to present "clear and specific" evidence of a prima facie claim for tortious interference.") Even more telling is the fact that McCowan filed his Rule 12(b)(6) Motion to Dismiss Third-Party Claims (Dkt. No. 113) the day before he filed his Motion to Dismiss under the TCPA (Dkt. No. 114), forcing Founders to respond to motions both under the TCPA standard and the Federal 12(b)(6) standard. The fact that Founders have to respond separately to both motions to dismiss illustrates perfectly that the TCPA is in conflict with the Federal Rules.

The few federal courts that have applied the TCPA (1) failed to "consider whether the TCPA is substantive under the 'outcome determination' test or the 'twin aims' of *Erie*, which are used in this circuit to determine whether a state rule of law is procedural of substantive" or (2) relied on a Fifth Circuit case that applied Louisiana's anti-SLAPP statute but "did not analyze whether the statute was procedural or substantive or whether it directly collided with federal law." *N.P.U.*, 2018 WL 5504239, at *3-4. McCowan's brief suffers from the same infirmity by citing the pre-*Cuba* Fifth Circuit case, *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 169 (5th Cir. 2009), and then presenting an obviously flawed analysis attempting to couch the TCPA as substantive rather than procedural. The more thorough and informed view is that the TCPA does not apply in federal court. It is procedural and directly conflicts with the Federal Rules.

## II.   THE TCPA DOES NOT BAR FOUNDERS' CLAIMS.

Even if it applied here, the TCPA would not bar Founders' well-supported claims. The text of the TCPA states that its purpose is "to encourage and safeguard the **constitutional** rights of

persons to petition, speak freely, and otherwise participate in government to the maximum extent permitted by law." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 (emphasis added). Yet McCowan seeks to apply the statute to a dispute between private parties that implicates no Constitutional issues. *See also In re Lipsky*, 460 S.W.3d at 589 (the statute's purpose is "not to dismiss meritorious lawsuits," but to dispose of those designed "only to chill First Amendment rights").

The TCPA sets out a two-step process for determining dismissal is warranted:

> Under the first step, the burden is initially on the defendant-movant to show "by a preponderance of the evidence" that the plaintiff's claim "is based on, relates to, or is in response to the [movant's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." Tex. Civ. Prac. & Rem. Code § 27.005(b). If the movant is able to demonstrate that the plaintiff's claim implicates one of these rights, the second step shifts the burden to the plaintiff to "establish [ ] by clear and specific evidence a prima facie case for each essential element of the claim in question." Id. § 27.005(c).

*Id.* at 586-87. Nothing in the TCPA or McCowan's motion allows a private citizen like McCowan to tortiously interfere with the contract of another private citizen.

## A.   McCowan Fails to Show that Founders' Claims Implicate His First Amendment Rights.

Under the first step of the TCPA analysis, McCowan has the burden to show "by a preponderance of the evidence" that Founders' claims are "based on, related to, or in response to the [movant's] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." *Id.* at 586 (quoting TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b)). When conducting the first step of the analysis, courts "examine all the pleadings and the evidence in the light most favorable to the plaintiff." *Warner Bros. Entertainment, Inc. v. Jones*, 538 S.W.3d 781, 800 (Tex. App. - Austin 2017) (citing cases) (emphasis in original).[5]

---

[5] While this standard gives deference to the plaintiff, it differs from the Federal Rule 12(b)(6) standard because of the requirement to consider all submitted evidence, rather than only the complaint and documents incorporated in the complaint.

    *1.*    <u>*McCowan Fails to Show His Conduct was an Exercise of Freedom of Speech.*</u>

McCowan fails to adequately show that his conduct was an exercise of the freedom of speech. "'Exercise of the right of free speech' means a communication made in connection with **a matter of public concern**." TEX. CIV. PRAC. & REM. CODE § 27.001(3) (emphasis added). A "[m]atter of public concern" includes an issue related to, among other things, "health or safety" or "environmental, economic, or community well-being." *Id.* § 27.001(7). While this definition might seem broad when read in isolation, the statute should be read as a whole. Therefore, it should be read in conjunction with § 27.002, which says the purpose of the statute is to encourage and safeguard certain "constitutional rights." *Id.* § 27.002.

The right of free speech under the TCPA does not extend to "purely private acts and concerns." *Mathiew*, 2018 WL 1515264, at *4. Regardless, McCowan now alleges that "providing … opinions and advising [a] company … as President…" invokes the constitutional protections of the TCPA. (MTD, p. 12.) McCowan suggests that his speech relates not only to the economic well-being of VBF, but also the well-being of the community or a good, product, or service in the marketplace. (MTD, p. 12.) VBF is a private corporation wholly owned by a Canadian entity. McCowan offers no argument for how in his role as President of VBF, or his statements regarding the dismissal of employees, is in any way even tangentially related to a matter of public concern. While Texas courts have held that e-mails regarding the provision of medical services by a health care professional may constitute a matter of public concern, *see Neely v. Wilson*, 418 S.W.3d 52, 70 n. 12 & 26 (Tex. 2013), no such finding has been made regarding e-mails between corporate executives and directors discussing how to invalidate properly executed employment and termination agreements.

12

Texas courts have overwhelmingly begun to curb what qualifies as a "public concern," especially in business disputes such as the one before this Court; *see Dyer v. Medoc Health Servs., LLC*, No. 05-18-00472-CV, 2019 WL 1090733, at *5 (Tex. App. – Dallas Mar. 8, 2019, pet. filed) (communications discussing allegedly tortious conduct are not tangentially related to a matter of public concern simply because the information that was to be misappropriated belonged to a company in the healthcare industry, or because the alleged tortfeasors hoped to profit from their conduct); *Bumjin Park v. Suk Baldwin Props.*, LLC, No. 03-18-00025-CV, 2018 WL 4905717, at *3-4 (Tex. App. – Austin Oct. 10, 2018, no pet.) (Mem. Op.) (claims for **tortious interference with contract** and breach of contract **were based on conduct and were not within the TCPA's purview**) (emphasis added); *In re IntelliCentrics, Inc.*, No. 02-18-CV, 2018 WL 5289379, at *4 (Tex. App. – Fort Worth Oct. 25, 2018, orig. proceeding) (Mem. Op.) (concluding TCPA "has its limits" and not every communication falls under protection of statute); *Brugger v. Swinford*, No. 14-16-00069-CV, 2016 WL 4444036, at *3 (Tex. App. – Houston [14th Dist.] Aug. 23, 2016, no pet. (mem. op.) (concluding communications made in connection with business dispute were not matter of public concern under TCPA).

Consistent with these holdings, on June 2, 2019, Texas Governor Greg Abbott signed H.B. 2730 into law, an act with overwhelming bipartisan support. H.B. 2730 amends the TCPA to modify the definition of a "matter of public concern" by removing the nonexhaustive list of categories that were deemed matters of public concern and replacing it with more generalized defining terms like "a subject of concern to the public." See Exhibit A.[6] Under this new standard, which was specifically intended to curb the obscene uses of the TCPA, McCowan cannot possibly

---

[6] *TX HB2730 | 2019-2020 | 86th Legislature*. (2019, June 02). *LegiScan*. Retrieved July 03, 2019, from https://legiscan.com/TX/bill/HB2730/2019

13

allege that his communications with the other Alder Defendants in any way, shape, or form, matter to the public at large.

Construing the definition of "public concern" in the TCPA to encompass McCowan's e-mails with the other Alder Defendants would leave no communications outside the reach of the TCPA, would not further the purpose of the TCPA to curb strategic lawsuits against public participation, and would lead to an absurd result. *See Younkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018) (noting appellate court must consider purpose of statute when construing application of TCPA).

McCowan's cursory argument relating to the "public concern" prong of the TCPA" relies solely on a phrase from *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018), *reh'g denied* (Jun. 22, 2018); MTD, p. 11. McCowan states this case stands for the proposition that the TCPA "casts a wide net," and "[a]lmost any imaginable form of communication, in any medium, is covered." MTD, p. 11. While Founders agree that e-mails are a form of communication as defined by the TCPA, this does not mean that every e-mail ever written contains a matter of public concern. McCowan's statement that:

> Any alleged inducement by McCowan would be based on, related to, or in response to McCowan's exercise of his rights to (1) free speech in providing his opinions and advising the company in his role as President of VBF… in connection with a matter of public concern, *i.e.*, economic and community well-being and also a good product, or service in the marketplace

is conclusory, at best, and makes absolutely no attempt to inform Founders or this Court how McCowan's conduct is even remotely related to a public interest. MTD, p. 12. The cursory way in which McCowan conducts his analysis of "public concern" is telling. McCowan is aware his communications had no bearing on any "economic well-being", and is not related to "a good, product, or service in the marketplace," as the communications discuss attempts to renege on the

14

properly executed Agreements. It contravenes the text and the purpose of the TCPA to suggest that McCowan's conduct constituted communications on a "matter of public concern."

> 2. _McCowan Fails to Show His Conduct was an Exercise of the Right to Petition._

McCowan also contends that the TCPA applies to Founders' claims because "any alleged inducement by McCowan would be based on, related to, or in response to McCowan's exercise of his right to … petition in authorizing filing with the courts…" MTD, p. 12. McCowan offers no rationale as to why Founders' Complaint stifles his right to petition, he simply cites to _Lona Hills Ranch, LLC v. Creative Oil & Gas Operating, LLC_, 549 S.W.3d 839, 848 (Tex. App.—Austin 2018, pet. filed), reh'g denied (July 2, 2018) for the proposition that the exercise of the right to petition under the TCPA includes a party's right to "initiate a lawsuit."

Unfortunately for McCowan, as the movant, he must establish by a preponderance of the evidence that the Founders' claims against him are based on, relate to, or are in response to his exercise of the right to petition. _See_ TEX. CIV. PRAC. & REM. CODE § 27.005(b). McCowan does not allege that Founders' filed their Complaint in response to his exercise of his right to petition, i.e., in response to **his filing suit against them**. In fact, McCowan himself did not initiate any lawsuit, **VBF** initiated the lawsuit against Founders. VBF has no constitutional right to initiate a lawsuit and McCowan cannot assert any such right on behalf of VBF. The Complaint does not and did not impinge the Alder Defendants' right to petition, but instead addresses the Alder Defendants' scheme to induce VBF to avoid its obligations under the Agreements.

As evidence that they are attacking McCowan's (and the other Alder Defendants') conduct and not his speech, Founders allege:

- The Alder Defendants "intentionally used their multiple positions as directors of VBF, and as representatives of Alder and Amstar to induce VBF, with the assistance of McCowan, **to breach its obligations to [Founders] under their respective employment and severance agreements**." Complaint, p. 16 (emphasis added);

- The Alder Defendants intentionally induced VBF to file suit against Hall in breach of Hall's Termination Agreement..." Complaint, p. 27, ¶ 60;

- "the Alder Defendants intentionally induced VBF to breach T. Rea's Termination Agreement..." Complaint, p. 28, ¶ 69;

- "the Alder Defendants intentionally induced VBF not to pay Wulf the remaining $300,000 in payments and directed VBF not to pay Wulf's COBRA premiums, as required by the Separation Agreement." Complaint, p. 29, ¶ 77;

- "the Alder Defendants intentionally induced VBF to breach Wulf's Separation Agreement..." Complaint, p. 30, ¶ 80; and

- "the Alder Defendants intentionally induced VBF to breach J. Rea's Employment Agreement..." Complaint, p. 31, ¶ 89.

The factual basis of Founders' claims is that the Alder Defendants conspired together to tortiously interfere with Founders' respective Agreements and induce VBF to breach those Agreements in a multitude of ways. McCowan has failed to establish the required nexus between Founders' claims and conduct protected by the TCPA and thus fails to establish by a preponderance of the evidence that the TPC is based on, related to, or in response to the Alder Defendants' exercise of their right to petition as defined by the TCPA.

**B.    Founders Describe Clear and Specific Facts to Establish a Prima Facie Case for Each Essential Element of Their Claims.**

Even if McCowan somehow showed by a preponderance of the evidence that Founders' claims are based on, relate to, or are in response to his exercise of the right of free speech or petition, the TCPA provides that the "court may not dismiss" the action if the opposing party establishes by "clear and specific evidence a prima facie case for each essential element of the

claim in question." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005; *see also Fawcett v. Rogers*, 492

S.W.3d at 27-28 (refusing to dismiss plaintiff's defamation claim even though the conduct

constituted an exercise of the right of association, because the plaintiff adequately pleaded the

claim). As set forth in their Response to McCowan's Rule 12(b)(6) Motion to Dismiss (Dkt. No.

113), Founders more than adequately alleged each element of their claims under Rule 12, either

within the allegations themselves or via the exhibits attached to the Complaint. *Warner Bros.

Ent'mt, Inc. v. Jones*, 538 S.W.3d 781, 799 (Tex. App. - Austin 2017). This Response, filed

concurrently herewith, is incorporated herein.

## III.   <u>REQUEST FOR ATTORNEY'S FEES</u>

The TCPA specifically provides for the movant to recover attorney's fees and costs, as well

as sanctions, if successful. *See* TEX. CIV. PRAC. & REM. CODE § 27.009(a). However, if the court

determines that the motion is frivolous or intended to delay, then the movant is required to pay the

respondent's attorneys' fees and costs. *See id.* at § 27.009(b). "The TCPA does not define

'frivolous,' but the word's common understanding contemplates that a claim or motion will be

considered frivolous if it has 'no basis in law or fact,'" *see* WEBSTER'S THIRD NEW INT'L

DICTIONARY (2002) 913, "and 'lack[s] a legal basis or legal merit,'" *see* BLACK'S LAW

DICTIONARY (9th ed. 2009) 739. *Sullivan v. Tex. Ethics Comm.*, 551 S.W.3d 848, 857 (Tex. App.

– Austin 2018).

As detailed, McCowan's Motion to Dismiss has no basis in law because the TCPA does

not apply in federal court for the numerous reasons detailed above. Furthermore, McCowan's

Motion to Dismiss has no basis in fact as McCowan has failed to even attempt to show how his

communications with the other Alder Defendants, regarding their breaches of the Agreements,

constitute communications on "a matter of public concern," or how the Founders' filing the

Complaint was based on, related to, or was in response to McCowan's right to petition. As previously discussed, McCowan has not filed suit in this case, and thus cannot invoke his right to petition.

McCowan's Motion to Dismiss is clearly frivolous and was intended solely to cause the Founders to expend valuable time and resources responding to the baseless pleading. While the TCPA does not apply in federal court, McCowan invoked the statute by filing this Motion to Dismiss. This Court should not permit McCowan to attempt to use the TCPA as a sword and not subject him to the remedial measures it provides when it finds his Motion to Dismiss frivolous. Accordingly, the Founders would respectfully request this Court grant Founders their reasonable and necessary attorneys' fees and costs.

## CONCLUSION

McCowan's attempt to hide behind the TCPA—a statute designed to ensure that free speech is not chilled—that specifically does not apply in Federal Court—is one more action in a course of shameful conduct. McCowan has assisted in damaging Founders in retaliation for Founders reporting misconduct on the part of Jens Haarkoetter, and he should be held accountable. The Court should conclude that the TCPA does not apply in this Court because the TCPA does not create a substantive rule of Texas law and is clearly a procedural mechanism for a quick dismissal of a meritless lawsuit, it unquestionably conflicts with the pre-trial dismissal mechanisms of Federal Rules of Civil Procedure 12 and 56, McCowan has not made a showing that his conduct qualifies as a "public concern" or that he has filed a petition (invoking his right to petition), and Founders have shown by "clear and specific evidence" a prima facie case for the elements of their claims.

In light of the foregoing, Founders pray that the Court deny McCowan's Motion to Dismiss and grant such other and further relief, legal and equitable, including but not limited to an award of attorneys' fees, to which Founders shows themselves entitled.

Date:   July 3, 2019                          LESLIE WULF, BRUCE HALL,

                                              JOHN (TED) REA, JAMES REA


                                              By: */s/ Kimberly D. Annello*
                                                  Kimberly D. Annello
                                                  Texas Bar No. 24093704
                                                  David Campbell
                                                  Texas Bar No. 03698500
                                                  Eli D. Pierce
                                                  Texas Bar No. 24092972
                                                  Underwood Perkins, P.C.
                                                  5420 LBJ Freeway, Suite 1900
                                                  Dallas, Texas 75240
                                                  Phone: 972.661.5114
                                                  Email: kannello@uplawtx.com
                                                         dcampbell@uplawtx.com
                                                         epierce@uplawtx.com


                                                  **Attorneys for Defendants, Leslie Wulf,
                                                  Bruce Hall, John (Ted) Rea, and James
                                                  Rea**

19

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 3, 2019 a true and correct copy of the above and foregoing was served upon counsel of records for all parties via ECF Service.

*/s/ Eli D. Pierce*
Eli D. Pierce

1450916v1 - V0265.00001 Motion to Dismiss TOA

**Exhibit "A"**



# Bill Text: TX HB2730 | 2019-2020 | 86th Legislature | Enrolled
# Texas House Bill 2730 *(Adjourned Sine Die)*

**Bill Title:** Relating to civil actions involving the exercise of certain constitutional rights.

**Spectrum:** Slight Partisan Bill (Republican 5-2)

**Status:** *(Passed)* 2019-06-02 - Effective on 9/1/19 [HB2730 Detail]

**Download:** Texas-2019-HB2730-Enrolled.html

---

H.B. No. 2730

AN ACT

relating to civil actions involving the exercise of certain
constitutional rights.

      BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

      SECTION 1.   Sections 27.001(2), (6), and (7), Civil Practice
and Remedies Code, are amended to read as follows:

      (2)   "Exercise of the right of association" means to [a
communication between individuals who] join together to
collectively express, promote, pursue, or defend common interests
relating to a governmental proceeding or a matter of public
concern.

      (6)   "Legal action" means a lawsuit, cause of action,
petition, complaint, cross-claim, or counterclaim or any other
judicial pleading or filing that requests legal, declaratory, or
equitable relief. The term does not include:

            (A)   a procedural action taken or motion made in
an action that does not amend or add a claim for legal, equitable,
or declaratory relief;

            (B)   alternative dispute resolution proceedings;
or

            (C)   post-judgment enforcement actions.

      (7)   "Matter of public concern" means a statement or
activity regarding:

            (A)   a public official, public figure, or other
person who has drawn substantial public attention due to the
person's official acts, fame, notoriety, or celebrity;

            (B)   a matter of political, social, or other
interest to the community; or

~~(C)~~   a subject of concern to the public [~~includes an issue related to:~~

      [~~(A)   health or safety;~~

      [~~(B) - - environmental, economic, or community well being;~~

      [~~(C)   the government;~~

      [~~(D)   a public official or public figure; or~~

      [~~(E) - - a good, product, or service in the marketplace~~].

SECTION 2.   Section 27.003, Civil Practice and Remedies Code, is amended by amending Subsections (a) and (b) and adding Subsections (d) and (e) to read as follows:

(a)   If a legal action is based on[~~, relates to,~~] or is in response to a party's exercise of the right of free speech, right to petition, or right of association <u>or arises from any act of that party in furtherance of the party's communication or conduct described by Section 27.010(b)</u>, that party may file a motion to dismiss the legal action. <u>A party under this section does not include a government entity, agency, or an official or employee acting in an official capacity.</u>

(b)   A motion to dismiss a legal action under this section must be filed not later than the 60th day after the date of service of the legal action.   The <u>parties, upon mutual agreement, may extend the time to file a motion under this section or the</u> court may extend the time to file a motion under this section on a showing of good cause.

<u>(d)   The moving party shall provide written notice of the date and time of the hearing under Section 27.004 not later than 21 days before the date of the hearing unless otherwise provided by agreement of the parties or an order of the court.</u>

<u>(e)   A party responding to the motion to dismiss shall file the response, if any, not later than seven days before the date of the hearing on the motion to dismiss unless otherwise provided by an agreement of the parties or an order of the court.</u>

SECTION 3.   Sections 27.005(a), (b), and (d), Civil Practice and Remedies Code, are amended to read as follows:

(a)   The court must rule on a motion under Section 27.003 not later than the 30th day following the date [~~of~~] the hearing on the motion <u>concludes</u>.

(b)   Except as provided by Subsection (c), on the motion of a party under Section 27.003, a court shall dismiss a legal action against the moving party if the moving party <u>demonstrates</u> [~~shows by a preponderance of the evidence~~] that the legal action is based on[~~, relates to,~~] or is in response to<u>:</u>

    <u>(1)</u>   the party's exercise of:

      <u>(A)</u> [~~(1)~~]   the right of free speech;

      <u>(B)</u> [~~(2)~~]   the right to petition; or

      <u>(C)</u> [~~(3)~~]   the right of association<u>; or</u>

    <u>(2)   the act of a party described by Section 27.010(b).</u>

(d)   Notwithstanding the provisions of Subsection (c), the court shall dismiss a legal action against the moving party if the moving party establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law [by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim].

SECTION 4.   The heading to Section 27.006, Civil Practice and Remedies Code, is amended to read as follows:

Sec. 27.006.   PROOF [EVIDENCE].

SECTION 5.   Section 27.006(a), Civil Practice and Remedies Code, is amended to read as follows:

(a)   In determining whether a legal action is subject to or should be dismissed under this chapter, the court shall consider the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based.

SECTION 6.   Section 27.007(a), Civil Practice and Remedies Code, is amended to read as follows:

(a)   If the court awards sanctions under Section 27.009(b) [At the request of a party making a motion under Section 27.003], the court shall issue findings regarding whether the legal action was brought to deter or prevent the moving party from exercising constitutional rights and is brought for an improper purpose, including to harass or to cause unnecessary delay or to increase the cost of litigation.

SECTION 7.   Chapter 27, Civil Practice and Remedies Code, is amended by adding Section 27.0075 to read as follows:

Sec. 27.0075.   EFFECT OF RULING. Neither the court's ruling on the motion nor the fact that it made such a ruling shall be admissible in evidence at any later stage of the case, and no burden of proof or degree of proof otherwise applicable shall be affected by the ruling.

SECTION 8.   Section 27.009, Civil Practice and Remedies Code, is amended by amending Subsection (a) and adding Subsection (c) to read as follows:

(a)   Except as provided by Subsection (c), if [If] the court orders dismissal of a legal action under this chapter, the court [shall award to the moving party]:

(1)   shall award to the moving party court costs and [,] reasonable attorney's fees[, and other expenses] incurred in defending against the legal action [as justice and equity may require]; and

(2)   may award to the moving party sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

(c)   If the court orders dismissal of a compulsory

counterclaim under this chapter, the court may award to the moving

party reasonable attorney's fees incurred in defending against the

counterclaim if the court finds that the counterclaim is frivolous

or solely intended for delay.

      SECTION 9.   Section 27.010, Civil Practice and Remedies

Code, is amended to read as follows:

      Sec. 27.010.   EXEMPTIONS. (a)   This chapter does not apply

to:

          (1)   an enforcement action that is brought in the name

of this state or a political subdivision of this state by the

attorney general, a district attorney, a criminal district

attorney, or a county attorney;

          (2)   [~

[(b)   This chapter does not apply to] a legal action brought

against a person primarily engaged in the business of selling or

leasing goods or services, if the statement or conduct arises out of

the sale or lease of goods, services, or an insurance product,

insurance services, or a commercial transaction in which the

intended audience is an actual or potential buyer or customer;

          (3)   [~

[(c)   This chapter does not apply to] a legal action seeking

recovery for bodily injury, wrongful death, or survival or to

statements made regarding that legal action;

          (4)   [~

[(d)   This chapter does not apply to] a legal action brought

under the Insurance Code or arising out of an insurance contract;

          (5)   a legal action arising from an officer-director,

employee-employer, or independent contractor relationship that:

              (A)   seeks recovery for misappropriation of trade

secrets or corporate opportunities; or

              (B)   seeks to enforce a non-disparagement

agreement or a covenant not to compete;

          (6)   a legal action filed under Title 1, 2, 4, or 5,

Family Code, or an application for a protective order under Chapter

7A, Code of Criminal Procedure;

          (7)   a legal action brought under Chapter 17, Business &

Commerce Code, other than an action governed by Section 17.49(a)

of that chapter;

          (8)   a legal action in which a moving party raises a

defense pursuant to Section 160.010, Occupations Code, Section

161.033, Health and Safety Code, or the Health Care Quality

Improvement Act of 1986 (42 U.S.C. 11101 et seq.);

          (9)   an eviction suit brought under Chapter 24,

Property Code;

          (10)   a disciplinary action or disciplinary proceeding

brought under Chapter 81, Government Code, or the Texas Rules of

Disciplinary Procedure;

          (11)   a legal action brought under Chapter 554,

Government Code; or

(12)  a legal action based on a common law fraud claim.

(b)  Notwithstanding Subsections (a)(2), (7), and (12), this
chapter applies to:

(1)  a legal action against a person arising from any
act of that person, whether public or private, related to the
gathering, receiving, posting, or processing of information for
communication to the public, whether or not the information is
actually communicated to the public, for the creation,
dissemination, exhibition, or advertisement or other similar
promotion of a dramatic, literary, musical, political,
journalistic, or otherwise artistic work, including audio-visual
work regardless of the means of distribution, a motion picture, a
television or radio program, or an article published in a
newspaper, website, magazine, or other platform, no matter the
method or extent of distribution; and

(2)  a legal action against a person related to the
communication, gathering, receiving, posting, or processing of
consumer opinions or commentary, evaluations of consumer
complaints, or reviews or ratings of businesses.

(c)  This chapter applies to a legal action against a victim
or alleged victim of family violence or dating violence as defined
in Chapter 71, Family Code, or an offense under Chapter 20, 20A, 21,
or 22, Penal Code, based on or in response to a public or private
communication.

SECTION 10.  If any provision of this Act or its application
to any person or circumstance is held invalid, the invalidity does
not affect other provisions or applications of this Act that can be
given effect without the invalid provision or application, and to
this end the provisions of this Act are declared to be severable.

SECTION 11.  Chapter 27, Civil Practice and Remedies Code,
as amended by this Act, applies only to an action filed on or after
the effective date of this Act. An action filed before the
effective date of this Act is governed by the law in effect
immediately before that date, and that law is continued in effect
for that purpose.

SECTION 12.  This Act takes effect September 1, 2019.

_____          _____
      President of the Senate                    Speaker of the House

I certify that H.B. No. 2730 was passed by the House on April
30, 2019, by the following vote:  Yeas 143, Nays 1, 2 present, not
voting.

_____
      Chief Clerk of the House

Case 3:19-cv-00764-X   Document 127   Filed 07/03/19   Page 29 of 29   PageID 3656

I certify that H.B. No. 2730 was passed by the Senate on May
17, 2019, by the following vote:  Yeas 31, Nays 0.


_____
Secretary of the Senate

APPROVED:  _____
Date


_____
Governor