
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VEROBLUE FARMS USA INC., §<br>Plaintiff, §<br> §<br>v. §<br> §<br>LESLIE A. WULF, BRUCE A. HALL, JAMES §<br>REA, JOHN REA, and KEITH DRIVER §<br>Defendants/Counterplaintiffs. § | CIVIL ACTION NO. 3:19-CV-00764-L |

**PLAINTIFF VEROBLUE FARMS USA, INC.'S OMNIBUS REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND ITS AMENDED COMPLAINT[1]**

---

[1] On July 1, 2019 Plaintiff VeroBlue Farms USA, Inc. filed its *Unopposed Motion for Leave to Exceed the Page Limit* [Dkt. 125], which is pending before this Court.

**TABLE OF CONTENTS**

I. ARGUMENT AND AUTHORITIES ................................................................................. 2

    A. Federal Rule of Civil Procedure 15(a)'s factors favor amendment of VBF's Complaint ...................................................................................................... 2

    B. VBF's SAC would not be futile ............................................................................... 3

        1. The release provisions in the Termination Agreements do not make the SAC futile. ............................................................................................ 4

            a. VBF's allegations support claims that the release provisions are invalid and unenforceable. ............................................................... 4

            b. VBF did not waive any claims of reliance. ..................................... 7

            c. VBF's claims are not within the scope of the release provisions in the Termination Agreements ........................................................ 7

        2. The civil RICO claim in the SAC is not futile because it is adequately pled. ................................................................................................ 8

            a. VBF adequately pled predicate acts required to show racketeering activity ............................................................................................. 8

            b. VBF adequately pled a pattern of activity. ..................................... 9

            c. VBF adequately pled the existence of a RICO enterprise. ............ 10

    C. There was no undue delay by VBF in seeking this amendment, nor did VBF repeatedly fail to cure deficiencies by amendments previously allowed ................................................................................................................... 11

    D. There is no bad faith or dilatory motive on the part of VBF in seeking this amendment ............................................................................................................. 13

    E. VBF's SAC will not prejudice Defendants or impact the proceedings ................ 14

II. CONCLUSION ................................................................................................................. 14

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                                  Page

*Burford v. Cargill, Inc.*,
No. 05-0283, 2011 WL 4382124 (W.D. La. Sept. 20, 2011) .................................................. 8, 9

*Flood v. Makowski*,
No. 3:cv-03-1803, 2004 WL 1908221 (M.D. Pa. Aug. 24, 2004) ........................................... 11

*Foman v. Davis*,
371 U.S. 178 (1962) ................................................................................................................. 2

*Giuliano v. Everything Yogurt, Inc.*,
819 F. Supp. 240 (E.D.N.Y. 1993) ........................................................................................... 8

*INSpire Ins. Solutions, Inc.*,
365 F.3d 353 (5th Cir. 2004) .................................................................................................. 11

*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*,
341 S.W.3d 323 (Tex. 2011) .................................................................................................... 7

*Jacobsen v. Osbourne*,
133 F.3d 315 (5th Cir. 1998) .................................................................................................... 3

*Janvey v. Democratic Sen. Campaign Committee, Inc.*,
712 F.3d 185 (5th Cir. 2013) .................................................................................................... 5

*Leffall v. Dallas Indep. Sch. Dist.*,
28 F.3d 521 (5th Cir. 1994) ...................................................................................................... 2

*Nat'l Org. for Women, Inc. v. Scheidler*,
510 U.S. 249 (1994) ............................................................................................................... 11

*North Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*,
898 F.3d 461 (5th Cir. 2018) .................................................................................................... 3

*Paragon Office Servs., LLC v. Aetna Inc.*,
No. 3:11-CV-1898-L, 2013 WL 1842273 (N.D. Tex. May 2, 2013) ....................................... 2

*Plotkin v. IP Axess, Inc.*,
407 F.3d 690 (5th Cir. 2005) .................................................................................................... 9

*Schiller v. Physicians Res. Grp. Inc.*,
342 F.3d 563 (5th Cir. 2003) .................................................................................................... 2

*Schlumberger Tech. Corp. v. Swanson*,
959 S.W.2d 171 (Tex. 1997) .................................................................................................... 7

*Scholes v. Lehmann*,
56 F.3d 750 (7th Cir. 1995) ...................................................................................................... 5

*Shannon v. Memorial Drive Presbyterian Church U.S.*,
476 S.W.3d 612 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ................................ 6, 7

*Stripling v. Jordan Production Company*,
    234 F.3d 863 (5th Cir. 2000) .................................................................................................. 3

*Tel-Phonic Servs., Inc. v. TBS Intern., Inc.*,
    975 F.2d 1134 (5th Cir. 1992) ................................................................................................ 9

*TIBThe Indep. Bankersbank v. Am. Gateway Bank*,
    No. 3:10-CV-1014-L, 2010 WL 5387622 (N.D. Tex. Dec. 17, 2010) ................................. 2, 14

*Top Line Restaurants, Inc. v. Aksan United Fortune, Inc.*,
    No. 3:15-CV-2605-B, 2016 WL 728718 (N.D. Tex. Feb. 24, 2016) ...................................... 13

*Vela v. Pennzoil Producing Co.*,
    723 S.W.2d 199 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.) .......................................... 7

*Wright v. Sydow*,
    173 S.W.3d 534 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) ................................ 5, 6

**Statutes**

18 U.S.C. §§ 1962(a) and (b) ....................................................................................................... 11
18 U.S.C. § 1962(c) ..................................................................................................................... 11

The opposition[2] by Defendant Keith Driver ("**Driver**") and Defendants Leslie A. Wulf ("**Wulf**"), Bruce A. Hall ("**Hall**"), John E. Rea ("**Ted Rea**"), and James Rea ("**James Rea**") (collectively, Wulf, Hall, Ted Rea, and James Rea, the "**Founder Defendants**")[3] to Plaintiff VeroBlue Farms USA, Inc.'s ("**VBF**") *Motion for Leave to Amend its Amended Complaint* [Dkt. 102] (the "**Motion**") consists of contradictory arguments that demonstrate why the Court should grant VBF leave to amend. Defendants argue against the filing of VBF's Second Amended Complaint (the "**SAC**") on the basis that amendment would be futile because VBF's claims against some of Defendants were released. (There is no alleged release in favor of Defendants Wulf and James Rea, and, further, the SAC adds other parties as defendants that also are not affected by the alleged releases referenced by Defendants.) The Founder Defendants additionally argue futility of VBF's civil Racketeer Influenced and Corrupt Organizations Act ("**RICO**") claim on the basis that it was not adequately pled.

Amendment would not be futile. Driver raised these same release arguments in his Motion to Dismiss [Dkt. 67-69], and, as explained in VBF's response to that motion [Dkt. 103], VBF has sufficiently alleged Driver's liability and the release is inapplicable and unenforceable. These same arguments apply to the other alleged releases. VBF has also timely and expeditiously moved for leave to present to the Court all facts presently available to VBF supporting Defendants' fraud, including facts that support that any alleged release is inapplicable and unenforceable. As discussed below, it is Defendants' behavior in concealing information that has necessitated the proposed amendment. Justice requires that the Court grant VBF leave to amend.

---

[2] *Defendant Keith Driver's Response to VeroBlue Farms, USA, Inc.'s Motion for Leave to Amend Its Amended Complaint and Brief in Support* [Dkt. 117] and *Founder Defendants' Response to Plaintiff VeroBlue Farm USA, Inc.'s Motion for Leave to Amend Its Amended Complaint* [Dkt. 122] (the "Responses").

[3] Driver and the Founder Defendants will be referred to collectively herein as the "**Defendants**."

**PLAINTIFF VEROBLUE FARM USA, INC.'S OMNIBUS REPLY IN SUPPORT OF**            **Page 1**
**OF MOTION FOR LEAVE TO AMEND ITS AMENDED COMPLAINT**

## I. ARGUMENT AND AUTHORITIES

### A. Federal Rule of Civil Procedure 15(a)'s factors favor amendment of VBF's Complaint.

This Court has recognized that Federal Rule of Civil Procedure 15(a) requires a trial court "freely give leave" to amend "when justice so requires" and "evinces a bias in favor of granting leave to amend." *TIBThe Indep. Bankersbank v. Am. Gateway Bank*, No. 3:10-CV-1014-L, 2010 WL 5387622, at *1 (N.D. Tex. Dec. 17, 2010) (Lindsay, J.) (citations omitted). "A motion for leave should not be denied unless there is a substantial reason to do so." *Id.* (quoting *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994) (internal quotation marks omitted).

"In determining whether to allow an amendment of the pleadings, a court considers the following: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.'" *Paragon Office Servs., LLC v. Aetna Inc.*, 3:11-CV-1898-L, 2013 WL 1842273, at *2 (N.D. Tex. May 2, 2013) (Lindsay, J.) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003)). Each factor favors allowing this amendment.

### B. VBF's SAC would not be futile.

Defendants essentially challenge VBF's proposed amendment solely on the basis of futility (1) with Driver and the Founder Defendants arguing that VBF's claims are barred by the release provisions in the Termination Agreements,[4] and (2) with the Founder Defendants arguing that VBF cannot adequately plead a civil RICO claim. Futility requires the court to decide that "no set of

---

[4] The "**Termination Agreements**" used herein shall mean the January 3, 2017 Business Relationship Restructuring Agreement and Consulting Agreement (the "**Driver Agreement**"), the October 27, 2017 Relationship Restructuring Agreement and Consulting Agreement (the "**Hall Agreement**"), and the October 27, 2017 Relationship Restructuring Agreement and Consulting Agreement (the "**Ted Rea Agreement**"). Importantly, Defendants Wulf and James Rea do not have any alleged release, nor do the additional defendants set forth in the SAC, and therefore, the futility argument based on the alleged release cannot apply to any of these current or proposed parties.

facts in support of [the] claim . . . would entitle [claimant] to relief." *Stripling v. Jordan Production Company*, 234 F.3d 863, 873 (5th Cir. 2000). Futility is examined under the same standard as a Rule 12(b)(6) motion to dismiss, resolving doubt in favor of plaintiffs seeking to amend. *Id.* (citing Fed. R. Civ. P. 12(b)(6)); *see also North Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 478 (5th Cir. 2018). Moreover, finding that an amendment is futile if it in fact is not can result in an abuse of discretion, demonstrating a generous standard as to overcoming futility. *See Jacobsen v. Osbourne*, 133 F.3d 315, 320 (5th Cir. 1998).

Defendants simply rehash arguments already briefed before this Court in Driver's pending motions to dismiss the live Complaint. They fail to refute the additional allegations set forth in the 100-page SAC, which includes identified witnesses and documents and 44 attached exhibits. The SAC also includes facts and claims that the alleged releases are inapplicable and unenforceable. And any doubt the Court has as to the sufficiency of the claims would be more appropriately addressed by the filing of the SAC and any subsequent dismissal or summary judgment briefing filed by Defendants, rather than forcing VBF to respond to the Defendants' *de facto* motion to dismiss in this Reply.

### 1.     *The release provisions in the Termination Agreements do not make the SAC futile.*

The SAC raises genuine issues of material fact as to whether VBF was induced by fraud into executing the release provisions in the Termination Agreements, and therefore this issue is not appropriate for determination on a motion to dismiss or argument of futility. Driver asks this Court to allow him—as a matter of law and at the pleading stage—to obtain the benefit of defrauding VBF and then secure the benefit of that fraud through a release that was obtained unlawfully through fraud. And the Founder Defendants further ask the Court to allow them to do the same despite their never filing a Rule 12 motion to dismiss on this basis, and in favor of

Defendants Wulf, James Rea, and the three additional defendants named in the SAC who do not have an agreement with any release language.  As explained below, the SAC is not futile because VBF's allegations support that (a) the release provisions are invalid and unenforceable; (b) VBF did not waive reliance; and (c) VBF's claims are not within the scope of the Termination Agreements.

> a. *VBF's allegations support claims that the release provisions are invalid and unenforceable.*

*First*, the release provisions are invalid and unenforceable because Defendants fraudulently induced VBF into executing the release provisions in the Termination Agreements, rendering the release provisions void.  The SAC alleges that Driver, Ted Rea, and Hall intended to induce VBF to refrain from attempting to halt their misconduct by concealing material facts from VBF.  *See, e.g.,* Complaint ¶ 52; *see also* SAC ¶¶ 20-24, 40, 55, 133, 141, 216, 224.  The SAC specifically alleges the omission of facts related to the execution of the release provision and that Driver, Ted Rea, and Hall knew that VBF lacked knowledge of the concealed material facts until well after they were ousted from their positions at VBF.  *E.g.,* Complaint ¶¶ 13, 52; *see also* SAC ¶¶ 20-24, 216, 224.  Although Driver argues that VBF executed the release provision with some level of knowledge regarding his alleged bad acts, the SAC contains allegations of sufficient lack of knowledge, including (1) the Termination Agreements were executed, purportedly on behalf of VBF, by Wulf, one of the Founder Defendants and Driver's, Ted Rea's, and Hall's alleged co-conspirator (*see, e.g.*, SAC ¶¶ 211, 218); (2) the excessive consulting fee or severance payments provided in the Driver, Hall, and Ted Rea Agreements (*see e.g.*, SAC ¶¶ 215, 221); and (3) VBF did not start to learn of and confirm the fraudulent concealment, fraudulent misrepresentation,

misappropriations, or other misconduct by Driver, Hall, and Ted Rea until at least March 2018. (*see, e.g.*, Complaint ¶ 13; *see also* SAC ¶¶ 20-24, 216, 224).

While Defendants attempt to saddle VBF with their own bad acts, VBF is not responsible for the knowledge and the effect of Defendants' fraudulent activities (that harmed VBF) while VBF was under the control of the wrongdoers as their "robotic tool." *See Janvey v. Democratic Sen. Campaign Committee, Inc.*, 712 F.3d 185, 192 (5th Cir. 2013) ("[T]he knowledge and effect of the Ponzi scheme principal's fraudulent transfers may not be attributed to his robotic corporate tools, or prevent a receiver from suing on behalf of those entities, once they have been freed from the principal's coercion[.]") (citation omitted); *see also Scholes v. Lehmann*, 56 F.3d 750, 754 (7th Cir. 1995) (finding that once a corporation is "[f]reed from [the fraudsters'] spell [the corporation becomes] entitled to the return of the moneys—for the benefit not of [the fraudsters]"). Any knowledge, direction, and participation in each of Defendants' activities by his co-conspirators should not benefit the conspiring Defendants by somehow negating claims by the company they collectively defrauded.

Additionally, Defendants' misrepresentations related to VBF's technology and finances and Defendants' concealment of the misappropriation of tens of millions of dollars from VBF constitute fraud on VBF. VBF did not have knowledge of these misrepresentations and omissions prior to signing the Termination Agreements. *See* Complaint ¶ 13; *see also* SAC ¶¶ 20-21, 216, 224; *cf. Wright v. Sydow*, 173 S.W.3d 534, 546 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (declining to find the release was procured by fraud where the plaintiff knew of the fraudulent acts prior to signing the release). The Termination Agreements were executed purportedly by VBF (by one of Defendants) before VBF had any knowledge of Defendants' fraud and when Defendants were actively concealing their bad acts. *See* Complaint ¶ 13; SAC ¶¶ 20-

24, 216, 224. The release provisions therefore may be avoided given that they were procured by fraud. *See Shannon v. Memorial Drive Presbyterian Church U.S.*, 476 S.W.3d 612, 631-32 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (finding release did not preclude employee's claim that she was fraudulently induced to enter into agreement); *Wright*, 173 S.W.3d at 546.

Defendants argue that the Northern District of Iowa court rejected the argument that VBF's claims were not covered by the release provisions. This is incorrect. The court specifically stated that, "VeroBlue has failed to meet its burden that the ***forum-selection clauses*** within the Termination Agreements were the result of fraud. VeroBlue's allegations of fraud in its amended complaint do not extend to the creation and execution of the Termination Agreements, and more importantly, to the forum-selection clauses therein." Order, Dkt. 50, at 13 (emphasis added). Further, the SAC now provides allegations related to fraud in the creation and execution of the Termination Agreements, and adds claims for rescission and declaratory judgment regarding the Termination Agreements.[5] SAC ¶¶ 20-24, 216, 224, 309-322, 323-327.

      b. *VBF did not waive any claims of reliance.*

*Second*, VBF did not waive any claim of reliance in the Termination Agreements. Driver himself acknowledges that a waiver of reliance requires that the non-reliance language in the release be clear, and Driver also admits that the release provision in the Driver Agreement "does not specifically contain express non-reliance language." Driver Reply, at 10, 12. The Hall Agreement and Ted Rea Agreement also contain no express non-reliance language. Thus, Defendants have not and cannot establish that VBF waived reliance in the Termination

---

[5] VBF also pled in the SAC Defendants' misuse of corporate counsel, Jackson Walker. VBF's pleading is based upon Jackson Walker's withholding of documents related to VBF from its client VBF upon the assertion of an attorney-client privilege with Defendants individually. VBF filed an adversary complaint against Jackson Walker in the Bankruptcy Proceeding seeking turnover of these documents, but Jackson Walker continues to withhold information from VBF, at Defendants' request, on the basis of an attorney-client relationship between the individual Defendants and Jackson Walker.

Agreements. *See Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 331 (Tex. 2011) (holding that the agreement did not negate reliance of a fraud claim where the provisions did not by clear and unequivocal language disclaim reliance).

       *c. VBF's claims are not within the scope of the release provisions in the Termination Agreements.*

*Third*, even if the release provisions in the Termination Agreements were enforceable (which they are not as supported by allegations in the SAC), VBF's fraud, breach of fiduciary duty, and conspiracy claims (Counts I-VI) are not within the scope of the release terms in the Termination Agreements. "Texas courts have uniformly limited the [e]ffect of a release to a claim only where the releasing instrument mentions the claim to be released." *Vela v. Pennzoil Producing Co.*, 723 S.W.2d 199, 204 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.). "Any claims not clearly within the subject matter of the release are not discharged, even if such claims existed at the time the release was executed." *Id.* (citations omitted). The release terms in the Termination Agreements do not mention or reference any fraud, breach of fiduciary duty, or conspiracy claims. The Termination Agreements do not waive fraudulent inducement claims specifically, and the general release of *all claims* does not amount to a "clear[] express[ion of] the parties' intent to waive fraudulent inducement claims." *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997); *see also Shannon*, 476 S.W.3d at 631-32.

    *2.*     *The civil RICO claim in the SAC is not futile because it is adequately pled.*

The Founder Defendants argue that the amendment adding a civil RICO claim in the SAC is futile because VBF fails to adequately allege racketeering activity, a pattern of activity, and the existence of a RICO enterprise. To the contrary, VBF has adequately pled the predicate acts required to show racketeering activity, a pattern of activity, and the existence of a RICO enterprise

sufficient to defeat dismissal of VBF's RICO claim against Defendants. Therefore, dismissal of the RICO claim at this stage is not appropriate.[6]

> *a. VBF adequately pled predicate acts required to show racketeering activity.*

VBF agrees with the Founder Defendants that Federal Rule of Civil Procedure 9(b) applies in pleading the predicate acts with particularity. But "Rule 9(b) does not negate the simplicity and flexibility contemplated by Rule 8, and it would be error to focus on Rule 9(b)'s particularity requirement in a vacuum." *Burford v. Cargill, Inc.*, No. 05-0283, 2011 WL 4382124, at *12 (W.D. La. Sept. 20, 2011). Contrary to the Founder Defendants' argument, VBF has adequately pled the predicate acts under the Rule 9(b) standard.

*First*, the Founder Defendants inaccurately state the particularity requirements under Rule 9(b) as applied to a civil RICO claim. "The complaint need not specify the time, place and content of each mail communication where the nature and mechanics of the underlying scheme is sufficiently detailed[.]" *Burford*, 2011 WL 4382124 at *13 (citing *Giuliano v. Everything Yogurt, Inc.*, 819 F. Supp. 240, 244 (E.D.N.Y. 1993)). "[A] detailed description of the underlying scheme and the connection therewith of the mail and/or wire communications is sufficient to satisfy Rule 9(b)." *Id.* at *13. VBF has outlined nine categories of predicate acts that are defined in detail over more than 60 pages of factual allegations supporting the underlying RICO scheme. *See* SAC ¶¶ 411(a)-(i). VBF pled the circumstances of fraud—the predicate acts—with more than enough particularity to put the Founder Defendants on notice as to the nature of the underlying claim such that they may prepare a responsive pleading. For example, the "Various June 2015 Written Representations" are defined individually and include a June 20, 2015 e-mail wherein Wulf

---

[6] However, if the Court does not find VBF pled RICO with sufficient specificity, the Court can grant VBF's Motion without the RICO claim, and VBF may seek leave to amend to re-allege civil RICO against Defendants after additional discovery.

**PLAINTIFF VEROBLUE FARM USA, INC.'S OMNIBUS REPLY IN SUPPORT OF**                  **Page 8**
**OF MOTION FOR LEAVE TO AMEND ITS AMENDED COMPLAINT**

misrepresented the stock of VBF Tanks. *See SAC* ¶¶ 166, 411. Further, the "April 2016 Written Representations" wherein Wulf misrepresented the fish tank density were sent by Wulf on May 4, 2016 via e-mail to non-Founder director Bjorn Thelander. *See SAC* ¶ 131.

*Second*, the Founder Defendants improperly argue that the SAC is deficient because it fails to allege the specific audience to whom the misrepresentations were made and to provide the exact time it was sent. That specificity is not required by Rule 9(b), in or outside of the civil RICO context. *See Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) ("[T]he Rule 9(b) standards require specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent.") (citations omitted); *see also Burford*, 2011 WL 4382124 at *13 (refusing to require specificity as to time, place, and content of each communication where the nature and mechanics of the underlying scheme are sufficiently detailed). VBF's pleading of the predicate acts adequately satisfies Rule 9(b).

*b. VBF adequately pled a pattern of activity.*

In addition to pleading all of the predicate acts in the SAC with sufficient particularity under Rule 9(b), VBF also pled a pattern of activity sufficient to establish close-ended continuity over a substantial period of time. The SAC identifies predicate acts beginning in June 2014 through nearly the end of 2017—a three-year period. Moreover, the authority cited by the Founder Defendants highlights that the standard applied by the Fifth Circuit is whether "the predicate acts or offenses are part of Defendants' 'regular way of doing business.'" *Tel-Phonic Servs., Inc. v. TBS Intern., Inc.*, 975 F.2d 1134, 1140 (5th Cir. 1992) (citation omitted). The SAC certainly establishes through the nine categories of predicate acts (defined in detail over the 60-plus pages

of factual allegations and covering more than three years) that such predicate acts were the Founder Defendants' regular way of conducting business.

### c. *VBF adequately pled the existence of a RICO enterprise.*

Finally, the Founder Defendants argue that VBF has failed to plead the existence of a RICO enterprise through either of the two pled theories (one of which is enough to meet the standard)—the Founder Defendants as the enterprise, or VBF as the enterprise.

*First*, with respect to VBF's theory that the Founder Defendants constitute an enterprise, the Founder Defendants improperly disregard factual allegations in the SAC and isolate the language of VBF's claims in arguing that VBF's allegations are conclusory and insufficient. The Founder Defendants cannot simply reject VBF's factual allegation that Defendants have "had business and, upon information and belief, personal relationships with each other outside of VBF over an extended period of time." SAC ¶ 403. Further, it is misleading for the Founder Defendants to allege that VBF has asserted no other relationships outside of VBF other than paragraph 403 of the SAC. The SAC alleges other relationships between Defendants, including but not limited to BAJJER LLC, BAJJER II, LLC, and Opposing Flows Aquaculture, Inc. *See* SAC ¶¶ 26-48. These allegations suffice at the pleading stage to support the claim that Defendants have associated with one another beyond the predicate acts committed through VBF (as the Founder Defendants assert is required), and that this association of the Founder Defendants constitutes an enterprise.

*Second*, with respect to VBF's theory that VBF constitutes an enterprise, the Founder Defendants do not contend that this claim is unsupported by the allegations, but instead argue that, as a matter of law, VBF cannot be both the victim and the enterprise. VBF is not precluded from alleging that it was both the enterprise and the victim of the civil RICO scheme. *See* Order, at 15-16, *Moran v. Pardo*, Case No. 4:15-cv-00905-O, ECF No. 192 (Dec. 20, 2016) (O'Connor, J.) (noting that the "Amended Complaint contends that Life Partners is the RICO enterprise" and that

the "pattern of racketeering activity . . . damaged Life Partners" and denying the motion to dismiss the RICO claim based upon the argument that Life Partners had participated in the alleged RICO predicate acts).[7]

Therefore, the SAC adequately pleads an enterprise for purposes VBF's civil RICO claim and adequately distinguishes between the RICO persons (Defendants) and the RICO enterprise (either the association-in-fact of Defendants or VBF).

**C.     There was no undue delay by VBF in seeking this amendment, nor did VBF repeatedly fail to cure deficiencies by amendments previously allowed.**

The Fifth Circuit has indicated that a plaintiff should move to amend and attach a proposed amendment prior to a decision on a motion to dismiss. *Southland Sees. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 384-85 (5th Cir. 2004). Thus, with its response brief to Driver's Motion to Dismiss filed in this Court, VBF simultaneously moved to amend and attached the proposed SAC. The timeline of events demonstrates that VBF did not unduly delay and diligently sought leave to amend:

- VBF filed its First Amended Complaint [Dkt. 9] ("**Complaint**") on August 15, 2018.

- On October 15, 2018, the Founder Defendants filed a Motion to Dismiss for Improper Venue or Motion to Transfer Venue [Dkt. 19].

- On October 15, 2018, Driver filed a Motion to Dismiss for Failure to State a Claim and Motion to Transfer Venue [Dkt. 20].

- On March 27, 2019, the United States District Court for the Northern District of Iowa granted the Founder Defendants' Motion to Transfer Venue and Driver's Motion to Transfer Venue. The Court denied the Founder Defendants' motion to dismiss but took no position on Driver's motion to dismiss [Dkt. 50].

---

[7] The Founder Defendants cite to only two authorities to support their argument: (1) one Supreme Court case stating that the "the 'enterprise' in subsection (c) connotes *generally* the vehicle through which the unlawful pattern of racketeering activity is committed, rather than the victim of that activity" in distinguishing between the definition of an enterprise under 18 U.S.C. § 1962(c) versus §§ 1962(a) and (b), *see Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 259 (1994) (emphasis added); and (2) a non-binding case from the United States District Court for the Middle District of Pennsylvania, *see Flood v. Makowski*, No. 3:cv-03-1803, 2004 WL 1908221, at *7 (M.D. Pa. Aug. 24, 2004).

- On April 10, 2019, Driver re-filed his Motion to Dismiss [Dkt. Nos. 67-69]. VBF also deposed Anthony Michaels, PhD, a witness who revealed and confirmed key facts alleged in the SAC, that day. [Dkt. 102-1, at ¶¶ 75-89, 98, 112, 153, 168]

- On April 23, 2019, upon motion by all parties, this Court vacated the existing scheduling order [Dkt. 94].

- On May 1, 2019, VBF deposed Clive Ginsberg, a former representative of Canaccord Genuity, LLC ("**Canaccord**"), a witness who further revealed and confirmed key facts not only about Canaccord, but also Defendants. Canaccord is named as an additional defendant in the SAC. [Dkt. 102-1, at ¶¶ 75-89, 121, 122]

- On May 13, 2019, VBF responded to Driver's Motion to Dismiss [Dkt. 103] and filed this Motion [Dkt. 102].

- On June 14, 2019, this Court issued its Scheduling Order [Dkt. 120], setting a deadline for amendment of pleadings on October 1, 2019.

VBF began to discover the misappropriations and other misconduct alleged in the Complaint by March 2018.[8] Since the filing of the Complaint, VBF has conducted discovery in this case (including the depositions referenced above, party written discovery, and subpoenas *duces tecum*) and has learned other critical information through the parallel bankruptcy proceedings[9] (including, but not limited to, filings made by Defendants or their proxies, and by cross-examining at an evidentiary hearing two key witnesses affiliated with Defendants) that supplied the basis to amend and supplement the allegations included in the SAC.[10] Although the SAC constitutes VBF's second amendment, VBF could not have previously added such facts,

---

[8] Driver argues in the *Reply in Support of Keith Driver's 12(b)(6) Motion to Dismiss* [Dkt. 119] (the "**Driver Reply**") that VBF's prior pleadings imply that VBF knew of the fraud before March 2018; however, VBF's prior pleadings specify that throughout 2017, non-Defendant VBF directors "became suspicious of Defendants" and VBF fired Defendants beginning with Driver in January 2017 and ending with James Rea in January 2018, not that VBF knew of any intentional fraud. It is not inconsistent for VBF to know that the company was being run poorly but not yet know of the breadth of bad acts that were occurring until Defendants were removed and sufficient diligence and discovery was performed. The SAC further explains the timing of VBF's learning of the concealed fraud.
[9] *See In re VeroBlue Farms USA, Inc. et al.*, No. 18-01297 (Bankr. N.D. Iowa, filed Sept. 21, 2018).
[10] Of note, Driver has made his first production of documents in this case on June 26, 2019 and he has not yet provided a date for his deposition that has been requested.

claims, or parties because it did not have the requisite information to do so. A demonstration of this point can be seen in the fact that the Complaint had only three (3) exhibits, while the SAC has 44 exhibits, many of which are documents that VBF discovered or confirmed during the ongoing discovery process. VBF sought to amend prior to the Court's decision on Driver's Motion to Dismiss and prior to the October 18, 2019 deadline to amend in the Scheduling Order recently entered by the Court.

D. **There is no bad faith or dilatory motive on the part of VBF in seeking this amendment.**

Through discovery and the bankruptcy proceedings, VBF has learned and continues to learn additional critical facts related to the fraud committed by Defendants. Such facts form the basis of the additional claims and additional parties and are a critical part of VBF's case. In addition to the new claims and new parties, VBF has pled over 100 pages supporting its fraud and related allegations, often supported by documentary exhibits. Because VBF did not have knowledge of many of the facts supporting the amendments until the more recent discovery and bankruptcy proceedings, the amendment is not in bad faith and VBF has no dilatory motive.

E. **VBF's SAC will not prejudice Defendants or impact the proceedings.**

The SAC will not unfairly prejudice Driver (though he does not argue unfair prejudice) or the Founder Defendants. Although additional allegations and claims are included in the SAC, the proposed amendments are within the scope of the allegations and topics of the original suit and the discovery already in process. *See, e.g., Top Line Restaurants, Inc. v. Aksan United Fortune, Inc.*, No. 3:15-CV-2605-B, 2016 WL 728718, at *2 (N.D. Tex. Feb. 24, 2016) (granting the motion for leave to amend where the new claims are within the scope of the original suit).

The SAC will not delay the resolution of the dispute. VBF's request is not untimely and it complies with the October 18, 2019 deadline to amend pleadings contained in the Scheduling

Order that has been entered since the filing of its Motion. Fact discovery, which ends on May 1, 2020, also remains open for more than 10 months.

Accordingly, to "promote judicial economy and to squarely put all of the issues on the table," VBF respectfully requests that the Court allow VBF to file a second amended complaint, as "justice requires allowing leave to give Plaintiff an opportunity to plead all claims that it intends to litigate." *TIBThe Indep. Bankersbank,* 2010 WL 5387622, at *1.

## II.  CONCLUSION

For the foregoing reasons, VBF respectfully requests that this Court grant the Motion, deny the relief requested in the Responses, and grant such other and further relief to which it may show itself justly entitled.

Dated:  July 3, 2019

*/s/ Nicole Williams*
Nicole Williams
Texas Bar No. 24041784
nicole.williams@tklaw.com
William L. Banowsky
Texas Bar No. 01697125
bill.banowsky@tklaw.com
Jasmine S. Wynton
Texas Bar No. 24090481
jasmine.wynton@tklaw.com

**THOMPSON & KNIGHT LLP**
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
214-969-2102
214-999-9210 (facsimile)

*s/ Robert H. Lang*
Robert H. Lang
(appearing *pro hac vice*)
rhlang@thompsoncoburn.com
Patrick Morales-Doyle
(appearing *pro hac vice*)
pmoralesdoyle@thompsoncoburn.com
Caroline Pritikin
(appearing *pro hac vice*)
cpritikin@thompsoncoburn.com
Eileen E. Boyle Perich
(appearing *pro hac vice*)
eboyleperich@thompsoncoburn.com
Adam C. Decker
(appearing *pro hac vice*)
adecker@thompsoncoburn.com

**THOMPSON COBURN LLP**
55 East Monroe, 37th Floor
Chicago, IL 60603
312-346-7500

**ATTORNEYS FOR PLAINTIFF**
**VEROBLUE FARMS USA, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 3, 2019 this document was filed and served to all counsel of record via the Court's ECF system.

*/s/ Nicole Williams*
Nicole Williams