UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VEROBLUE FARMS USA INC., <br>    Plaintiff, <br><br> v. <br><br> LESLIE A. WULF, BRUCE A. HALL, JAMES REA, JOHN REA, and KEITH DRIVER <br>    Defendants/Counterplaintiffs. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 3:19-CV-00764-L |

**THIRD-PARTY DEFENDANT NORMAN MCCOWAN'S REPLY IN SUPPORT OF MOTION TO DISMISS THIRD-PARTY CLAIMS PURSUANT TO THE TCPA**

Throughout their *Response and Brief in Opposition to Third-Party Defendant Norman McCowan's Motion to Dismiss Third-Party Claims Pursuant to the Texas Citizen's Participation Act* [Dkt. 127] (the "**Response**"), Defendants Leslie A. Wulf ("**Wulf**"), Bruce A. Hall ("**Hall**"), John E. Rea ("**Ted Rea**"), and James Rea ("**James Rea**") (collectively, the "**Third-Party Plaintiffs**") cite facts contained nowhere in their *Answer and Affirmative Defenses to the Amended Complaint and Third-Party Claims* [Dkt. 66] (the "**Third-Party Complaint**") and rely on impermissible group-pleading tactics to establish a claim for tortious interference with contract against McCowan. Indeed, Third-Party Plaintiffs' reference to the "Alder Defendants" collectively throughout the Third-Party Complaint makes it impossible to discern which factual allegations relate to McCowan. Third-Party Plaintiffs have not alleged any facts sufficient to state a claim for tortious interference with contract against McCowan, much less brought forth clear and specific evidence to support each essential element of their prima facie case, as required under the Texas Citizens Participation Act (the "**TCPA**").

The TCPA can be applied in federal court and to claims for tortious interference with contract, and Third-Party Defendant Norman McCowan ("**McCowan**") has established by the

preponderance of the evidence that the TCPA applies to Third-Party Plaintiffs' claims against McCowan (the "**Third-Party Claims**") because they are based on, related to, or in response to his exercise of the rights to (1) petition, and/or (2) free speech. Third-Party Plaintiffs based their alleged conspiracy claim on allegations that McCowan caused VeroBlue Farms USA, Inc. ("**VBF**") to breach the contracts and encouraged or authorized VBF to file suit, which implicates McCowan's rights to petition and to free speech. Therefore, the Court should grant McCowan's *Motion to Dismiss Third-Party Claims Pursuant to the TCPA and Brief in Support* [Dkt. 114] (the "**Motion**"), dismiss the Third-Party Claims in their entirety, and award McCowan his attorneys' fees, costs, and sanctions pursuant to the TCPA.

## I. ARGUMENTS AND AUTHORITIES

**A.    The Court should apply the TCPA in this case.**

Applying the TCPA in this case is consistent with Fifth Circuit precedent, which has repeatedly assumed without deciding that the TCPA applies in federal diversity actions under *Erie*. *Diamond Consortium, Inc. v. Hammervold*, 733 Fed. App'x 151, 154 n.3 (5th Cir. 2018), *reh'g denied* (June 4, 2018) (assuming without deciding that the TCPA applies in federal court); *Cuba v. Pylant*, 814 F.3d 701, 706 (5th Cir. 2016) ("To decide whether the appeals are timely, we first review the TCPA framework, which we assume—without deciding—controls as state substantive law in these diversity suits.") (footnote omitted).[1]  As McCowan acknowledged in his opening brief, although federal district courts in Texas are split regarding application of the TCPA in federal court, some courts, including the Northern District of Texas, have held that the TCPA applies in federal court. *See, e.g.*, *Hammond v. Lovings*, No. 5:15-CV-00579-RP, 2016 WL 9049579, at *2-

---

[1] *See also Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017) ("The applicability of state anti-SLAPP statutes, such as the TCPA, in federal court is an important and unresolved issue in this circuit."); *Culbertson v. Lykos*, 790 F.3d 608, 631 (5th Cir. 2015) (citing *NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 753 (5th Cir. 2014)).

3 (W.D. Tex. May 25, 2016); *Haynes v. Crenshaw*, 166 F. Supp. 3d 773, 776 (E.D. Tex. 2016); *Charalambopoulos v. Grammer*, No. 3:14-CV-2424-D, 2015 WL 390664, at *1 (N.D. Tex. Jan. 29, 2015); *Williams v. Cordillera Commc'ns, Inc.*, No. 2:13-CV-124, 2014 WL 2611746, at *1 (S.D. Tex. June 11, 2014). This Court should follow the reasoning of those cases and apply the TCPA here.

In addition, presently on appeal before the Fifth Circuit is *Klocke v. UT Arlington*, No. 17-11320 (5th Cir. filed Jul. 2, 2018), a Northern District of Texas case that is projected to resolve the issue of whether the TCPA applies in federal court.[2] Because the Fifth Circuit's forthcoming decision in *Klocke* will likely inform the Court's assessment of the Third-Party Claims brought in this action, McCowan requests that if the Court is inclined to deny the TCPA motion to dismiss, that the Court instead stay its disposition of the Motion pending the *Klocke* decision.

**B.     The TCPA applies to the Third-Party Claims.**

The TCPA applies to all claims, regardless of their legal characterization, provided the claims are based on, relate to, or are in response to a movant's right of free speech, right to petition, or right of association. *See Rehal Creative Servs. v. Witt*, 404 S.W.3d 716, 733 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).[3] Thus, the TCPA can and does apply to tortious interference claims like the Third-Party Claims, and courts have dismissed tortious interference claims pursuant to the TCPA. *See Cuba*, 814 F.3d at 712 (5th Cir. 2016) (dismissing tortious interference claims under TCPA); *Price v. Buschemeyer*, No. 12-17-00180, 2018 WL 1569856, at

---

[2] Oral argument on this matter was held on September 5, 2018.

[3] Contrary to Third-Party Plaintiffs' assertions, the TCPA's application is not limited to constitutionally-protected speech. *See Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018) ("Whether [the Section 27.002] definition maps perfectly onto the external constitutional rights it aims to protect is irrelevant; we are bound by the statutory definition for the purposes of the TCPA."); *see also Elite Auto Body LLC v. Autocraft Bodywerks, Inc.*, 520 S.W.3d 191, 193 (Tex. App.—Austin 2017, pet. dism'd) (stating that communications protected by the TCPA "are not confined solely to speech that enjoys constitutional protection").

*4 (Tex. App.—Tyler Mar. 29, 2018, pet. filed) (dismissing tortious interference claims under TCPA).

1. **The recent legislative amendments are not applicable.**

The Third-Party Plaintiffs cite to new standards under recent legislative amendments to the TCPA as support for their argument that the TCPA does not bar the Third-Party Claims, but those amendments are not applicable to the Motion. The amendments to the TCPA do not take effect until September 1, 2019 and do not apply retroactively to actions filed before that date, which includes the Third-Party Complaint. *See* Act of 2019, 86th Leg., H.B. 2730, § 11, effective September 1, 2019 ("Chapter 27, Civil Practice and Remedies Code, as amended by this Act, applies only to an action filed on or after the effective date of this Act. An action filed before the effective date of this Act is governed by the law in effect immediately before that date, and that law is continued in effect for that purpose."). Moreover, subsequent legislation by a later legislature (here, the Texas legislature in 2019) is not reliable evidence of the intent of the enacting legislature (the Texas legislature in 2011), and therefore should not control the interpretation of the earlier statute. *See, e.g.*, *Mackey v. Lanier Collection Agency & Serv., Inc.*, 486 U.S. 825, 839–40 (1988) ("[T]he views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one.") (citations and footnote omitted).

2. **The Third-Party Claims are based on McCowan's exercise of his right to petition and right to free speech.**

McCowan has shown by the preponderance of the evidence that the Third-Party Claims are based on, related to, or in response to his exercise of the right to (1) petition, and/or (2) free speech.

Contrary to the Third-Party Plaintiffs' assertion, McCowan established the Third-Party Claims were based upon the right to petition. Third-Party Plaintiffs' contention that McCowan was required to file suit in his individual capacity in order for his right to petition to be affected is

incorrect. The right to petition covers communications "in *or pertaining to* . . . judicial proceedings" or "reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding," which includes communications "authorizing the filings with the courts." *See Cuba*, 814 F.3d at 711 (holding that the TCPA's right to petition applied to the plaintiff/acquitted criminal defendant's defamation claims against the victim based on the victim and her family's pre-indictment communications to law enforcement and university officials). In *Cuba*, the Fifth Circuit clarified that "no live proceeding" need be pending at the time the communication was made for the communication to fall within the TCPA's protection." *Id.* at 712. In addition, the communications at issue in *Cuba* were not made by a named party to any live proceeding at the time the communications were made. *See id.*

Third-Party Plaintiffs attempt to frame the dispute as one regarding a conspiracy to interfere with their Agreements and to induce VBF to breach those agreements, but in their own words they allege that McCowan (as part of the group definition "Alder Defendants") "intentionally induced VBF to file suit." Response at 16; Third-Party Complaint at ¶¶ 58, 60. Third-Party Plaintiffs thus based their claim on allegations that McCowan caused VBF to breach the contracts by encouraging or authorizing VBF to file suit. Such alleged authorization and communications "pertain to" judicial proceedings and are communications "reasonably likely to encourage consideration or review of an issue" by a judicial body and implicate McCowan's right to petition.

Third-Party Plaintiffs also inaccurately characterize McCowan's communications as "e-mails between corporate executives and directors discussing how to invalidate properly executed employment and termination agreements." Response at 12. However, Third-Party Complaint sets

forth that VBF allegedly terminated, refused to pay, and ultimately filed suit against Third-Party Plaintiffs when it learned that Third-Party Plaintiffs had <u>defrauded VBF</u>.  Third-Party Complaint at ¶¶ 46, 47, 50.  And VBF's Complaint sets forth more fully the allegations of the fraud and misappropriation of VBF funds by Third-Party Plaintiffs.  *See* Complaint [Dkt. 9] at ¶¶ 13, 50-56 and [Proposed] Second Amended Complaint [Dkt. 102-1] at ¶¶ 6, 20-24, 54-170, 216, 224, 237-254, incorporated by reference as if set forth herein.  Therefore, the alleged inducement was based on, related to, or in response to McCowan's "exercise of his rights to (1) free speech in providing his opinions and advising the company in his role as President of VBF."  *See* Motion at 12.

McCowan's alleged communications underlying the Third-Party Claims implicate the right to free speech because they were made in connection with and are related to matters of public concern, including issues of both (1) economic and community well-being—the fraud and financial misappropriations by Third-Party Plaintiffs, and (2) goods and service in the marketplace—services provided by Third-Party Plaintiffs to VBF and, in turn, the goods sold by VBF.  *See ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 900 (Tex. 2017) ("The TCPA does not require that the statements specifically 'mention' health . . . or economic concerns, nor does it require more than a 'tangential relationship' to the same; rather, TCPA applicability requires only that the defendant's statements are 'in connection with' 'issue[s] related [thereto]' . . ."); *Camp v. Patterson*, 03-16-00733-CV, 2017 WL 3378904, at *4-5 (Tex. App.—Austin Aug. 3, 2017, no pet.) (mem. op.) (holding that communications regarding the plaintiff committing fraud involved matters of public concern related to goods and products sold in the marketplace such that the TCPA applied).

**C.    Third-Party Plaintiffs have not and cannot meet their burden of establishing a prima facie case of the Third-Party Claims by clear and convincing evidence.**

Third-Party Plaintiffs incorrectly suggest in their Response that their burden under the TCPA is to "[d]escribe [c]lear and [s]pecific [f]acts" to establish a prima facie case for each essential element of their claims. *See* Response at 16. To the contrary, Third-Party Plaintiffs must "establish[ ] by clear and specific evidence a prima facie case for each essential element of the claims in question" to avoid dismissal. TEX. CIV. PRAC. & REM. CODE § 27.005(c). The Response, however, does not address how Third-Party Plaintiffs have **established** by clear and specific **evidence** a prima facie case for each essential element of the Third-Party Claims (nor can they actually establish such a prima facie case). Instead, in their Response, Third-Party Plaintiffs argue that they have "more than adequately alleged each element of their claims under Rule 12." Even if mere allegations were sufficient for Third-Party Plaintiffs to carry their burden under the TCPA, the Third-Party Plaintiffs have not adequately pleaded the Third-Party Claims under Rule 12(b)(6), as set forth in more detail in McCowan's *Rule 12(b)(6) Motion to Dismiss Third-Party Claims & Brief in Support* [Dkt. No. 113] and Reply to the 12(b)(6) Response.[4] Therefore, Third-Party Plaintiffs have not met their burden to avoid dismissal.

For example, Third-Party Plaintiffs seek to hold McCowan (the corporate agent of VBF) liable for tortiously interfering with VBF's contracts and to do so they must prove by clear and convincing evidence that he acted so contrary to VBF's interest that his action could *only* have been motivated by personal interest. *Community Health Sys. Prof's Servs. v. Hansen*, 525 S.W.3d 671, 689 (Tex. 2017). But the Third-Party Complaint is completely devoid of allegations that McCowan was acting in his own self-interest. McCowan's name is only referenced individually

---

[4] McCowan's Reply to the 12(b)(6) Response is filed contemporaneously herewith and incorporated herein.

in factual allegations five times in the entire Third-Party Complaint. *See* Third-Party Complaint, at Introduction (identifying McCowan as current CEO of VBF and referring to "assistance of McCowan"), ¶¶ 31 (another "directed" McCowan), 33 (a Third-Party Plaintiff "met with" McCowan), 35 (others "directed" McCowan), and 41 (others "specifically approved" McCowan's execution of an agreement). At best, the Third-Party Complaint alleges only that McCowan was directed by others to take certain actions and does not establish the necessary conduct to find that McCowan—in any way, but especially as an officer of VBF—tortiously induced VBF's breach of the Termination Agreements. Third-Party Plaintiffs cannot rely on factual allegations that merely group McCowan with others without distinguishing his actions from the other "Alder Defendants." Such conclusory allegations do not "rise above mere speculation" and do not state a plausible claim for relief, much less establish a prima facie case by clear and convincing evidence. *See, e.g., U.S. ex rel. Shupe v. Cisco Sys., Inc.*, 759 F.3d 379, 382 (5th Cir. 2014) (per curiam) (citing *United States ex rel. Marcy v. Rowan Cos.*, 520 F.3d 384, 388 (5th Cir. 2008)); *Del Castillo v. PMI Holdings N. Am. Inc*, 4:14-CV-03435, 2016 WL 3745953, at *13 (S.D. Tex. July 13, 2016) ("[L]umping together multiple defendants without identifying who is responsible for which acts does not satisfy the requirements of Rules 8(a)(2) and 12(b)(6).") (citation omitted); *Gipson v. Deutsche Bank Nat. Tr. Co.*, 3:13-CV-4820-L, 2015 WL 2079514, at *5 (N.D. Tex. May 4, 2015) (Lindsay, J.) ("The alleged facts must 'raise a right to relief above the speculative level.'") (citation omitted).

Third-Party Plaintiffs also cannot rely on mere statements by counsel in their Response brief to meet their burden under 12(b)(6), let alone the TCPA. While the Court must indulge all reasonable inferences in favor of the Third-Party Plaintiffs, the Court cannot assume that Third-Party Plaintiffs proved facts they have not even alleged.

**D.     McCowan conclusively established valid defenses to the claims.**

Third-Party Plaintiffs do not provide any response to McCowan's argument that he conclusively established valid defenses to the Third-Party Claims. Such defenses apply even if the Third-Party Plaintiffs had established by clear and specific evidence a prima facie case (which they have not). *See* TEX. CIV. PRAC. & REM. CODE § 27.005(d). As addressed in more detail in the Motion, McCowan can conclusively establish the defenses of privilege and justification to the Third-Party Claims because all of McCowan's actions were taken in his capacity as a corporate agent of VBF (as set forth in Third-Party Plaintiffs' own allegations) and he provided VBF with truthful information and honest advice. Motion at 20-22.

**E.     Third-Party Plaintiffs are not entitled to any affirmative relief.**

In the Response, Third-Party Plaintiffs request that the Court award them fees. First, as set forth in the Motion and above, Third-Party Plaintiffs have wholly failed to meet their burden under the TCPA, and the Motion should be granted, in which case a fee and sanction award in favor of McCowan is mandatory. TEX. CIV. PRAC. & REM. CODE § 27.009(a). Second, even if the Court denies the Motion, any award of fees to Third-Party Plaintiffs is wholly unsupported because it requires the Motion to be "frivolous," which it is not. *Id.* at § 27.009(b). On its merits, the Motion is clearly not frivolous and has a basis in law and fact, as McCowan has set forth good faith arguments on the TCPA's application to his rights to free speech and to petition, the failures of the allegations in the Third-Party Complaint, and his valid defenses to the Third-Party Complaint— including arguments to which Third-Party Plaintiffs have failed to adequately respond. *See, e.g., Sullivan v. Texas Ethics Comm'n*, 551 S.W.3d 848, 857 (Tex. App.—Austin 2018, pet. denied) (reversing the trial court's award of attorney fees because it could not find, as a matter of law, that the TCPA motion to dismiss was frivolous as defined as having "no basis in law or fact"); *Sloat v.*

*Rathbun*, 513 S.W.3d 500, 510 (Tex. App.—Austin 2015, pet. dism'd) (reversing the trial court's award of attorneys' fees because the trial court found that the motions were not frivolous despite finding that the motions litigated took time that "could have been better spent elsewhere"). And, if the Court finds that the TCPA is inapplicable in federal court, Third-Party Plaintiffs may not receive fees under the TCPA's provisions. *See Sw. Airlines Co. v. Roundpipe, LLC*, No. 3:18-cv-0033-G, 2019 WL 1315896, at *11 n.5 (N.D. Tex. Mar. 22, 2019).

## II.　CONCLUSION

For the foregoing reasons, Third-Party Defendant Norman McCowan respectfully requests that this Court grant the Motion, deny the relief requested in the Response, and grant such other and further relief to which he may show himself justly entitled.

| | |
|---|---|
| Dated: July 19, 2019 | */s/ Nicole Williams* |
| | Nicole Williams |
| | Texas Bar No. 24041784 |
| | nicole.williams@tklaw.com |
| | William L. Banowsky |
| | Texas Bar No. 01697125 |
| | bill.banowsky@tklaw.com |
| | Jasmine S. Wynton |
| | Texas Bar No. 24090481 |
| | jasmine.wynton@tklaw.com |
| | |
| | **THOMPSON & KNIGHT LLP** |
| | One Arts Plaza |
| | 1722 Routh Street, Suite 1500 |
| | Dallas, TX 75201 |
| | 214-969-2102 |
| | 214-999-9210 (facsimile) |
| | |
| | *s/ Robert H. Lang* |
| | Robert H. Lang |
| | (appearing *pro hac vice*) |
| | rhlang@thompsoncoburn.com |
| | Patrick Morales-Doyle |
| | (appearing *pro hac vice*) |
| | pmoralesdoyle@thompsoncoburn.com |
| | Caroline Pritikin |
| | (appearing *pro hac vice*) |
| | cpritikin@thompsoncoburn.com |
| | Eileen E. Boyle Perich |
| | (appearing *pro hac vice*) |
| | eboyleperich@thompsoncoburn.com |
| | Adam C. Decker |
| | (appearing *pro hac vice*) |
| | adecker@thompsoncoburn.com |
| | |
| | **THOMPSON COBURN LLP** |
| | 55 East Monroe, 37th Floor |
| | Chicago, IL 60603 |
| | 312-346-7500 |
| | |
| | **ATTORNEYS FOR THIRD-PARTY DEFENDANT NORMAN MCCOWAN** |

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that on July 19, 2019 this document was filed and served to all counsel of record via the Court's ECF system.

                                                        */s/ Jasmine Wynton*
                                                        Jasmine Wynton