UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VEROBLUE FARMS USA, INC., <br>    Plaintiff <br><br> v. <br><br> LESLIE A. WULF, ET AL., <br>    Defendants | § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 3:19-CV-00764-L |

**THIRD-PARTY DEFENDANT NORMAN MCCOWAN'S RESPONSE TO THIRD-PARTY PLAINTIFFS' SUPPLEMENTAL RESPONSE AND BRIEF IN OPPOSITION TO THIRD-PARTY DEFENDANT NORMAN MCCOWAN'S MOTION TO DISMISS THIRD-PARTY CLAIMS PURSUANT TO THE TEXAS CITIZEN'S PARTICIPATION ACT**

Third-Party Defendant Norman McCowan ("**McCowan**") hereby files this response to Third-Party Plaintiffs' Supplemental Response and Brief in Opposition to the Third-Party Defendant Norman McCowan's Motion to Dismiss Third-Party Claims Pursuant to the Texas Citizen's Participation Act Addressing Recent Fifth Circuit Precedential Opinion ("Supplemental Response") [Dkt. 114], and shows as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

In July 2018, VBF filed the instant lawsuit against Defendants Leslie A. Wulf ("**Wulf**"), Bruce A. Hall ("**Hall**"), James Rea ("**James Rea**"), and John (Ted) Rea ("**Ted Rea**") (collectively, the "**Third-Party Plaintiffs**") and Keith Driver, asserting claims for breach of fiduciary duty, fraudulent concealment, fraudulent misrepresentation, constructive fraud, civil conspiracy, aiding and abetting, unjust enrichment, equitable accounting, and declaratory judgment. (Dkt. 9).[1]

---

[1] VBF has a pending Motion for Leave to Amend its Amended Complaint [Dkt. 102], seeking to add additional claims against the Third-Party Plaintiffs for fraudulent transfer, restitution, violations of the Racketeer Influenced and Corrupt Organizations Act, and rescission of the Termination Agreements that are the basis of the allegations in the Third-Party Claims.

1

On April 10, 2019, the Third-Party Plaintiffs brought claims for tortious interference with contract against McCowan, Eva Ebstein, Jens Haarkoetter, Bjorn Thelander, Anders Wester, Dr. Otto Happel, and Alder Aqua, Ltd ("**Third-Party Defendants**" and the "**Third-Party Claims**"). (Dkt. 66). The Third-Party Defendants are current and former directors, officers, or shareholders of VBF.

On June 1, 2019, McCowan filed his *Motion to Dismiss Third-Party Claims Pursuant to the Texas Citizens Participation Act and Brief in Support* (the "**Motion**") [Dkt. 114], in addition to his *Rule 12(b)(6) Motion to Dismiss Third-Party Claims and Brief in Support* [Dkt. 113], which is still pending. In the Motion, McCowan requested that the Court dismiss the Third-Party Claims pursuant to the Texas Citizens Participation Act ("TCPA") because the allegations and claims are based on, related to, or in response to McCowan's exercise of his rights of free speech and to petition regarding a matter of public concern. Specifically, McCowan argued that the Third-Party Claims are based on allegations regarding McCowan's opinions and actions as an officer of VBF relating to VBF's termination of its business relationships with the Third-Party Plaintiffs and initiating suit against the Third-Party Plaintiffs for malfeasance. In the Motion, McCowan asserted that, because the Third-Party Plaintiffs have not alleged any facts sufficient to state a claim for tortious interference with a contract—much less bring forth clear and specific evidence to support each essential element of their prima facie case, which would be required under the TCPA—the Court should dismiss the Third-Party Claims in their entirety and award McCowan his attorneys' fees and costs pursuant to the TCPA.

Furthermore, in the Motion, McCowan notified this Court of the pending appeal before the Fifth Circuit in *Klocke v. v. Watson*, a Northern District of Texas case that projected to resolve the issue of whether the TCPA applies in federal court. McCowan requested, in the alternative, that

if the Court was included to deny the Motion, that the Court instead stay its disposition of the Motion pending the Fifth Circuit's decision in *Klocke*.

On Friday, August 23, 2019, the Fifth Circuit issued its decision in *Klocke*, holding that the TCPA does not apply to diversity cases in federal court. *Klocke v. Watson*, 2019 WL 3977545 at *1 (5th Cir. Aug. 23, 2019). On Tuesday, August 27, 2019, Third-Party Plaintiffs filed their Supplemental Response, arguing that the *Klocke* decision that the TCPA does not apply in federal court "directs immediate denial of McCowan's Motion to Dismiss" with prejudice. (Dkt. 143 at 2). In addition to seeking denial of the Motion, Third-Party Plaintiffs also seek an award of attorneys' fees under the TCPA for responding to the Motion, which they contend was "frivolous" within the meaning of the TCPA. (*Id.* at 4).

For the reasons explained below, Third-Party Plaintiffs' request for the immediate denial of the Motion is premature, as the Fifth Circuit's decision is not yet final. Furthermore, Third-Party Plaintiffs request for attorneys' fees under the TCPA must be denied. Assuming the *Klocke* court's decision becomes final, its ruling that the TCPA does not apply in federal court preludes Third-Party Plaintiffs from recovering any attorneys' fees under the TCPA—which the *Klocke* court explained in its decision—and the *Klocke* decision itself demonstrates that the Motion was not frivolous.

## ARGUMENT

**A. Third-Party Plaintiffs' request that the Court immediately deny the Motion is premature.**

McCowan does not dispute that the *Klocke* court held that the TCPA does not apply to diversity cases in federal court. However, Third-Party Plaintiffs' request that the Court immediately deny McCowan's Motion is premature, as the Fifth Circuit's decision is not yet final. As of the date of this filing, neither the deadline for filing a petition for rehearing nor the deadline

for filing a petition for certiorari has lapsed. *See* Fed. R. App. P. 40(a)(1) ("*Time*. Unless the time is shortened or extended by order or local rule, a petition for panel rehearing may be filed within 14 days after entry of judgment. . . ."); U.S. Sup. Ct. R. 13(1) ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."). As the deadline to file a petition for rehearing has not yet lapsed, the Fifth Circuit's mandate has not yet issued. *See* Fed. R. App. P. 41(b) ("The court's mandate must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. The court may shorten or extend the time by order."). Until it issues a mandate, the Fifth Circuit's decision is not yet final as the Fifth Circuit retains control of the appeal and can alter or modify its opinion and judgment. *See Charpentier v. Ortco Contractors*, 480 F.3d 710, 713 (5th Cir. 2007) ("This court retains control over an appeal until we issue a mandate. Before our mandate issues, we have the power to alter or modify our judgment. Accordingly, our decision is not final until we issue a mandate.") (footnotes omitted).

Because there is a possibility that the Fifth Circuit may amend its opinion in *Klocke* and the case may be reheard or appealed, it is not appropriate at this juncture to immediately deny the Motion as Third-Party Plaintiffs request. McCowan fully intends to move to withdraw his Motion if no petition for rehearing and no petition for certiorari is filed and the Fifth Circuit issues its mandate.[2] Until those events occur, any request to deny the Motion is premature. McCowan

---

[2] Regardless, McCowan has another motion to dismiss based upon Federal Rule of Civil Procedure 12 that will remain pending. *See Third-Party Defendant Norman McCowan's Rule 12(b)(6) Motion to Dismiss Third-Party Claims and Brief in Support* [Dkt. 113].

therefore requests that this Court defer ruling on the Motion until the mandate issues and the deadlines for motions for rehearing and appeals have lapsed.

**B.      Third-Party Plaintiffs' request for attorneys' fees must be denied.**

Third-Party Plaintiffs awkwardly argue that although the TCPA does not apply in federal court, they are nonetheless entitled to recover attorneys' fees under the TCPA. Their request for attorneys' fees defies logic and must be denied. The *Klocke* decision itself reflects that if the TCPA does not apply in federal court, then its attorneys' fees provisions also do not apply in federal court:

> Klocke also alleges that the TCPA's attorney's fees and sanctions provisions conflict with Rules 12(b)(6) and 56. But we need not discuss that issue in detail because those provisions are not applicable apart from the burden-shifting early dismissal framework. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a) ("If the court orders dismissal of a legal action *under this chapter*, the court shall award to the moving party" attorney's fees and possible sanctions.) (emphasis added). Suffice to say that because the TCPA does not apply in federal court, the district court erred by awarding fees and sanctions pursuant to it.

*Id.* at *5 n.6; *see also Southwest Airlines Co. v. Roundpipe, LLC*, No. 3:18-CV-0033-G, 2019 WL 1315896, at *11 n.5 (N.D. Tex. Mar. 22, 2019) (Fish, J.) (finding TCPA non-movant's request for attorneys' fees pursuant to the TCPA was moot because the court denied the TCPA motion to dismiss on the basis that the TCPA did not apply in federal court).

Moreover, the *Klocke* decision itself demonstrates that the Motion was not frivolous. Indeed, the *Klocke* court acknowledged how the Fifth Circuit "passed several times on deciding whether, or to what extent, the TCPA applies in federal court." *Id.* at 2. And when confronted with the issue of whether a prior decision holding that Louisiana's anti-SLAPP statute applied in federal court, *see Henry v. Lake Charles American Press, L.L.C.*, 566 F.3d 164, 169 (5th Cir. 2009), was binding under the Fifth Circuit's rule of orderliness, the *Klocke* panel conceded that

5

this question was "not free from doubt" before ultimately concluding that it was not binding. *Id.* at *6.

Thus, the Motion was not frivolous and there is no basis to award attorneys' fees to the Third-Party Plaintiffs under the TCPA. In any event, if the *Klocke* decision becomes final, its ruling that the TCPA does not apply in federal diversity cases will preclude Third-Party Plaintiffs from recovering any award of attorneys' fees under the TCPA. Accordingly, their request for attorneys' fees must be denied.

## CONCLUSION

For the reasons set forth above, Third-Party Defendant Norman McCowan respectfully requests that the Court (i) defer ruling on the Motion until the mandate issues and the deadlines for motions for rehearing and appeals have lapsed; and (ii) deny Third-Party Plaintiffs' request for attorneys' fees under the TCPA. McCowan also requests all other relief to which he may be entitled.

DATED: September 3, 2019.                    Respectfully submitted,

/s/ *Nicole Williams*
Nicole Williams
Texas Bar No. 24041784
nicole.williams@tklaw.com
William L. Banowsky
Texas Bar No. 01697125
bill.banowsky@tklaw.com
Jasmine S. Wynton
Texas Bar No. 24090481
jasmine.wynton@tklaw.com
THOMPSON & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, TX 75201
214-969-1149

/s/ *Robert H. Lang*
Robert H. Lang
(appearing *pro hac vice*)
rhlang@thompsoncoburn.com
Patrick Morales-Doyle
(appearing *pro hac vice*)
pmoralesdoyle@thompsoncoburn.com
Caroline Pritikin
(appearing *pro hac vice*)
cpritikin@thompsoncoburn.com
Eileen E. Boyle Perich
(appearing *pro hac vice*)
eboyleperich@thompsoncoburn.com
Adam C. Decker
(appearing *pro hac vice*)
adecker@thompsoncoburn.com
THOMPSON COBURN LLP
55 East Monroe, 37th Floor
Chicago, IL 60603
312-346-7500

**ATTORNEYS FOR THIRD-PARTY DEFENDANT NORMAN MCCOWAN**

## **CERTIFICATE OF SERVICE**

      This document was filed electronically on September 3, 2019, and, in compliance with Local Civil Rule LR 5.1(d), a copy of this document has been served on all counsel of record.

                                                */s/ Nicole Williams*
                                                Nicole Williams