IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VEROBLUE FARMS USA, INC., | § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| V. | | |
| LESLIE A. WULF, et al., | | |
| Defendants, | | No. 3:19-cv-764-X |
| V. | | |
| EVA EBSTEIN, et al., | | |
| Third-Party Defendants. | | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO COMPEL DISCOVERY FROM DEFENDANTS**

Plaintiff VeroBlue Farms USA, Inc. ("VBF") filed a Motion to Compel Discovery, *see* Dkt. No. 135 (the "MTC"), seeking an order compelling "Defendants Leslie A. Wulf, Bruce A. Hall, James Rea, and John E. Rea, (the 'Responding Founders') (the Responding Founders, together with Keith Driver, the 'Founders') to produce documents responsive to Plaintiff's First Request for Production of Documents ['RFP'] and to provide full responses to Plaintiff's First Set of Interrogatories," *id.* at 1. VBF explains that, through these written discovery requests, "VBF requested that the Founders provide certain information directly related to these allegations and claims of wrongful conduct, including misappropriation, corporate waste, and squandering of VBF's assets to benefit themselves, their family members, and their affiliated entities";

-1-

that "the Responding Founders have objected to these requests as seeking 'irrelevant' information"; and that "[t]hese relevance objections are wholly without merit, and VBF respectfully requests that this Court overrule the Responding Founders' relevance objections and compel the Responding Founders to produce responsive documents and sufficient answers to the following requests for production and interrogatories:

>First Request for Production of Documents to Defendants Nos. 5, 6, 8, 9, 81
>
>First Set of Interrogatories to Leslie Wulf Nos. 1, 3, 4, 13, 16
>
>First Set of Interrogatories to Bruce Hall Nos. 1, 2, 3, 20
>
>First Set of Interrogatories to James Rea Nos. 1, 2, 3, 17, 18
>
>First Set of Interrogatories to Ted Rea Nos. 1, 2, 3, 4, 17, 22."

*Id.* at 1-2.

The Responding Founders respond that the MTC "is predominantly directed at conducting a sweeping review and examination of the financial dealings of not only the Founders, but also their 'parents, spouses, children, siblings,' business ventures and partners" and that "[t]his broad and intrusive discovery into persons who are not party to this litigation is neither warranted nor proportional in this case, and is another step in VBF's a campaign to harass and intimidate anyone associated with" the Responding Founders. Dkt. No. 147 at 2 (footnote and emphasis omitted). According to the Responding Founders, the responses to VBF's discovery requests "at issue fall into three categories:

>I. Requests for financial information, assets and bank accounts for Founders, their family members, affiliates, and business partners (RFP Nos. 5, 6, 8, 9;

Wulf Interrog. 1, 4, 13, 16; Hall Interrog 1, 2, 3, 20; J. Rea Interrog. 1, 2, 3; T. Rea Interrog. 1, 2, 3, 17 and 22);

II. Requests for communications with persons who participated in the Ad Hoc Equityholders' Committee's objection to VBF's Chapter 11 reorganization Plan (J. Rea Interrog. 17, 18; RFP 81); and

III. Requests that have been answered either by document production or otherwise, but that VBF has attempted to broaden via letter (Wulf Interrog. 3, T. Rea Interrog. 4)."

*Id.* at 3.

The Responding Founders assert that they "have addressed some of VBF's requests (Categories II and III) with supplemental interrogatory responses they served on August 23, 2019, documents that they have or will produce, and with the production of a privilege log" and "continue to believe that the remaining requests (Category I) are irrelevant, overbroad, and an effort to harass and intimidate [the Responding] Founders and their families and colleagues," such that VBF's request "to compel these items must be denied." *Id.* (footnote omitted).

The Court has carefully considered the parties' briefing and GRANTS in part and DENIES in part the MTC to the extent and for the reasons explained below.

The Court has laid out that standards that govern a Federal Rule of Civil Procedure 37(a) motion to compel such as VBF's as to Federal Rule of Civil Procedure 34 requests for production and Federal Rule of Civil Procedure 33 interrogatories, and the Court incorporates and will apply – but will not repeat – those standards here. *See*

*Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 573-86 (N.D. Tex. 2018).

## 1. Financial information related to Responding Founders: RFP Nos. 5, 6, 8, 9

REQUEST FOR PRODUCTION NO. 5: All Documents relating to Defendants' Affiliated Entities.
RESPONSE: Defendants object to this Request because it seeks documents that are not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter. Defendants also object to this Request as unduly burdensome because it improperly seeks personal and confidential financial information relating to them, their families, and are other business ventures, none of whom are parties to this case and some of whom have been released.

REQUEST FOR PRODUCTION NO. 6: All Documents relating to all bank accounts and accounts at other financial institutions to which you, Defendants' Affiliated Entities, or Defendants' Family have been named an account holder, had rights to withdraw funds, and/or did withdraw funds.
RESPONSE: Defendants object to this Request because it seeks documents that are not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter. Defendants also object to this Request as unduly burdensome because it improperly seeks personal and confidential financial information relating to them, their families, and other business entities, many of whom are not parties to this case and some of whom have been released.

REQUEST FOR PRODUCTION NO. 8: All Documents relating to your federal and state income, including but not limited to, income tax returns.
RESPONSE: Defendants object to this Request because it seeks documents that are not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter. Defendants also object to this Request as unduly burdensome because it improperly seeks personal and confidential financial information relating to them and their families, many of whom are not parties to this case, and some of whom have been released.

REQUEST FOR PRODUCTION NO. 9: All Documents relating to title to property or real estate you own or receive income from.
RESPONSE: Defendants object to this Request because it seeks documents that are not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter. Defendants also object to this Request as unduly burdensome because it improperly seeks personal and confidential financial information relating to them and their families, many of whom are not parties to this case, and some of whom have been released.

VBF explains that it "seek[s] to enforce [its] requests only as to financial documents from July 2014 to the present, consistent with the Court's recent ruling on the relevant time frame for the bank subpoenas previously issued by VBF."Dkt. No. 152 at 3 (footnote omitted; citing Dkt. No. 141 at 3).

As the Court previously determined, *see* Dkt. No. 141, financial information from the Responding Founders is "relevant to the claims in, and proportional to the needs of, this case – even without reaching the issue of whether discovery related to possible punitive damages is appropriate at this time." Dkt. No. 141 at 3. The Responding Founders' largely boilerplate relevance objections do not demonstrate otherwise, particularly as to RFP Nos. 8 and 9, which are reasonably particular. Further, the Court is persuaded that bank and other financial institution account documents from the Responding Founders and their related entities and family members are relevant to VBF's claims and proportional to the needs of the case, for essentially the reasons that VBF has explained. And VBF has adequately demonstrated the relevance of the information in Responding Founders' federal and state income tax returns, and the Responding Founders have not shown that "other sources exist from which the information contained in the returns may be readily obtained." *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 587 (N.D. Tex. 2016) (internal quotation marks omitted).

But RFP No. 5 is not reasonably particular. Seeking "[a]ll Documents relating to Defendants' Affiliated Entities." As the Court has noted, "[i]t is no answer for attorneys' serving ... all-encompassing or broad and undirected requests for production

to say that they are not certain what the responding party has in its possession, custody, or control and do not want to miss anything – and so will ask for, effectively, everything." *Lopez*, 327 F.R.D. at 577-78.

Finally, concerns regarding confidentiality are, as VBF asserts, *see* Dkt. No. 152 at 5, adequately safeguarded by the agreed protective order issued in this case, *see* Dkt. 112.

The Court grants in part and denies in part the MTC as to RFP Nos. 6, 8, and 9 – limited to responsive documents from July 2014 to the present – and ORDERS the Responding Founders to, by **October 2, 2019**, serve on Defendants' counsel complete responses – and produce all unproduced documents responsive to – RFP Nos. 6, 8, and 9. But the Court denies the MTC as to RFP No. 5 and issues a protective order as to any further response to RFP No. 5 as presently worded.

**2. Documents relating to the Nelson Family or Randy Chalfant: RFP No. 81**

> REQUEST FOR PRODUCTION NO. 81: All Documents relating to the Nelson Family (Grace Nelson, Mark Nelson, Jeff Nelson, Korrine Nelson, and/or Jerita Nelson) or Randy Chalfant, on the one hand, and Defendants and/or Defendants' counsel on the other hand.
> RESPONSE: Defendants object to this Request to the extent it seeks communications subject to attorney-client privilege, work product protection, and/or common interest privilege. Defendants also object to this Request because it seeks documents that are not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter.

As the Court explained before, the Responding Founders must comply with Federal Rule of Civil Procedure 26(b)(5) and serve a privilege log in support of any claim for withholding responsive documents based on attorney-client privilege, work

product protection, or common interest privilege.

As to relevance, the Court is persuaded that any responsive documents that the Responding Founders have in their possession, custody, or control relating communications or interactions with the Nelsons prior to their termination from VBF or with Randy Chalfant relevant to the claims in, and proportional to the needs of, this case and must be produced. But, other than communications regarding the bankruptcy proceeding, as to which the Court issues a protective order consistent with the Court's prior ruling, *see* Dkt. No. 141, the Court is persuaded by VBF's explanation that, "[u]nlike the non-bank subpoenas that the Court previously quashed, the discovery sought regarding the Responding Founders' communications with the Nelsons and Chalfant are not related to the bankruptcy proceeding, but are directly related to VBF's fraud allegations in the lawsuit" and "[t]hat they were involved in the VBF bankruptcy does not automatically render these requests irrelevant or disproportionate." Dkt. No. 152 at 7 n.8. And the Court determines that VBF has shown that, other than communications between the Responding Founders and the Nelsons regarding the bankruptcy proceeding, the documents sought by RFP No. 81 are relevant to the claims in, and proportional to the needs of, this case.

To the extent just explained, the Court grants in part and denies in part the MTC as to RFP No. 81 and ORDERS the Responding Founders to, by **October 2, 2019**, serve on Defendants' counsel amended responses – and produce all unproduced documents responsive to – RFP No. 81, as limited above.

**3. Objections to financial interrogatories (Nos. 1, 4, 13, 16) to Wulf**

INTERROGATORY NO. 1: Identify all of Defendants' Affiliated Entities, including the identity of all shareholders, owners, managers, and/or directors.
ANSWER: Wulf objects to this Interrogatory to the extent it seeks information about other defendants of which he has no personal knowledge. Wulf further objects to this Interrogatory because it seeks information that it not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter.

INTERROGATORY NO. 4: Identify all real estate owned by you, any member of Defendants' Family, and/or any of Defendants' Affiliated Entities, directly or indirectly (i.e. through a trust or other entity) by address, purchase price, listed sales price, and identity of lenders.
ANSWER: Wulf objects to this Interrogatory to the extent it seeks information about other defendants of which he has no personal knowledge. Wulf also objects to this Interrogatory as improperly seeking personal and confidential financial information relating to him and his family, many of whom are not parties to this case. Wulf further objects to this Interrogatory because it seeks information that it not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter.

INTERROGATORY NO. 13: Identify all professionals, including, but not limited to, attorneys, accountants, insurance brokers, website developers, website hosts, media consultants, stockbrokers, financial planners and/or consultants, who have performed any services for any Defendant, any of Defendants' Affiliated Entities, and/or any member of Defendants' Family.
ANSWER: Wulf objects to this Interrogatory as improperly seeking personal and confidential financial information relating to him and his family, many of whom are not parties to this case. Wulf further objects to this Interrogatory as seeking information that it not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter.
SUPPLEMENTAL ANSWER: Subject to these objections and pursuant to the parties' agreement, Wulf states that the following professional, Tracy Arbanas, provided services to him while she was employed as a 1099 contractor to VBF. Tracy provided approximately 2-3 hours a week of services during the demolition of existing fire damaged structure and design and cost bidding of the construction process of the new structure over a 3-S-month period.

INTERROGATORY NO. 16: Identify any and all entities (including trusts) in which any of the Defendants, any of the Defendants' Affiliated Entities, and/or any member of Defendants' Family has owned a beneficial or equitable interest or has or is serving as a trustee or beneficiary, or by which any Defendant has

been employed or compensated as a 1099 independent contractor.
ANSWER: Wulf objects to this Interrogatory as improperly seeking personal and confidential financial information relating to him and his family, many of whom are not parties to this case. Wulf further objects to this Interrogatory as seeking information that it not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter.

For the reasons explained above, the Court determines that the information that VBF seeks through these four interrogatories are relevant to the claims in, and proportional to the needs of, this case and any concerns regarding confidentiality are, as VBF asserts, *see* Dkt. No. 135 at 9-10, adequately safeguarded by the agreed protective order issued in this case, *see* Dkt. 112. The Court grants the MTC as to Interrogatory Nos. 1, 4, 13, and 16 to Wulf, as to which Wulf must, by **October 2, 2019**, serve a complete answer consistent with Rule 33's governing standards. *See Lopez*, 327 F.R.D. at 578-80.

**4. Objections regarding compensation: Wulf Interrogatory No. 3**

> INTERROGATORY NO. 3: Identify all amounts (by date, amount, and reason for payment) that Defendants or Defendants' Family received directly or indirectly from VBF through compensation, stock (including the value of stock at the time of issuance), any kind of payment, reimbursement of expenses or otherwise and explain the basis of said amounts.
> ANSWER: Wulf objects to this Interrogatory to the extent it seeks information about other defendants of which he has no personal knowledge. Wulf also objects to this Interrogatory as improperly seeking personal and confidential financial information relating to him and his family, many of whom are not parties to this case. Wulf further objects to this Interrogatory to the extent it seeks information and records in Plaintiff's exclusive possession that Wulf does not have possession or control over in order to further respond. Subject to these objections, Wulf was paid $25,000.00 per month by VBF from October 2014 through July 2016 as a consulting fee, pursuant to the Management Services Agreement executed with VBF, LAW Holdings and VeroBlue Farms, Inc. (Canada) (VBF's parent company) on October 1, 2014. Wulf was paid $33,333 per month in salary by VBF July 2016 through December 2017, pursuant to his Employment Agreement dated July 1, 2016. Wulf received 3,600,000 shares of

stock in VeroBlue Farms, Inc. (Canada) at a price of $.000001 in October 2014 and he was granted options to purchase 1,000 shares of common stock in VBF at a purchase price of $1.00 per share pursuant to a Stock Option Agreement between him and VBF dated July 8, 2016. Documents further responsive to this Interrogatory will be produced and may be within Plaintiff's exclusive possession and control.

For the reasons explained above, the Court determines that the information that VBF seeks through this interrogatory is relevant to the claims in, and proportional to the needs of, this case and any concerns regarding confidentiality are, as VBF asserts, *see* Dkt. No. 135 at 10, adequately safeguarded by the agreed protective order issued in this case, *see* Dkt. 112. The Court grants the MTC as to Interrogatory No. 3 to Wulf, as to which Wulf must, by **October 2, 2019**, serve a complete answer consistent with Rule 33's governing standards. *See Lopez*, 327 F.R.D. at 578-80. Wulf must endeavor to answer the interrogatory under those standards and cannot assert only that "he is unlikely to have knowledge with respect to payments to other Founders or their families." Dkt. No. 147 at 10.

**5. Hall's responses to Interrogatory Nos. 1, 2, 3, 20**

> INTERROGATORY NO. 1: Identify all of Defendants' Affiliated Entities, including the identity of all shareholders, owners, managers, and/or directors.
> ANSWER: Hall objects to this Interrogatory to the extent it seeks information about other defendants of which he has no personal knowledge. Hall further objects to this Interrogatory because it seeks information that it not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter.
>
> INTERROGATORY NO. 2: Identify all banks or other financial institutions to which you, Defendants' Affiliated Entities, or Defendants' Family have been named an account holder, had rights to withdraw funds, and/or did withdraw funds, including the account numbers, name of account holder(s), dates account has been held, and type of account.
> ANSWER: Hall objects to this Interrogatory to the extent it seeks information

about other defendants of which he has no personal knowledge. Hall also objects to this Interrogatory as improperly seeking personal and confidential financial information relating to him and his family, many of whom are not parties to this case. Hall further objects to this Interrogatory because it seeks information that it not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter.

INTERROGATORY NO. 3: Identify all real estate owned by you, any member of Defendants' Family, and/or any of Defendants' Affiliated Entities, directly or indirectly (i.e. through a trust or other entity) by address, purchase price, listed sales price, and identity of lenders.
ANSWER: Hall objects to this Interrogatory to the extent it seeks information about other defendants of which he has no personal knowledge. Hall also objects to this Interrogatory as improperly seeking personal and confidential financial information relating to him and his family, many of whom are not parties to this case. Hall further objects to this Interrogatory because it seeks information that it not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter.

INTERROGATORY NO. 20: Identify any and all entities (including trusts) in which any of the Defendants, any of the Defendants' Affiliated Entities, and/or any member of Defendants' Family has owned an beneficial or equitable interest or has or is serving as a trustee or beneficiary, or with which any Defendant has been employed or compensated as a 1099 independent contractor.
ANSWER: Hall objects to this Interrogatory as improperly seeking personal and confidential financial information relating to him and his family, many of whom are not parties to this case. Hall further objects to this Interrogatory as seeking information that it not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter.

For the reasons explained above, the Court determines that the information that VBF seeks through these four interrogatories are relevant to the claims in, and proportional to the needs of, this case and any concerns regarding confidentiality are, as VBF asserts, *see* Dkt. No. 135 at 11, adequately safeguarded by the agreed protective order issued in this case, *see* Dkt. 112. The Court grants the MTC as to Interrogatory Nos. 1, 2, 3, and 20 to Hall, as to which Hall must, by **October 2, 2019**, serve a complete answer consistent with Rule 33's governing standards. *See Lopez*, 327

F.R.D. at 578-80.

**6. James Rea's responses to Interrogatory Nos. 1, 2, 3, 17, 18**

INTERROGATORY NO. 1: Identify all of Defendants' Affiliated Entities, including the identity of all shareholders, owners, managers, and/or directors.
ANSWER: J. Rea objects to this Interrogatory to the extent it seeks information about other defendants of which he has no personal knowledge. J. Rea further objects to this Interrogatory because it seeks information that it not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter.

INTERROGATORY NO. 2: Identify all banks or other financial institutions to which you, Defendants' Affiliated Entities, or Defendants' Family have been named an account holder, had rights to withdraw funds, and/or did withdraw funds, including the account numbers, name of account holder(s), dates account has been held, and type of account.
ANSWER: J. Rea objects to this Interrogatory to the extent it seeks information about other defendants of which he has no personal knowledge. J. Rea also objects to this Interrogatory as improperly seeking personal and confidential financial information relating to him and his family, many of whom are not parties to this case. J. Rea further objects to this Interrogatory because it seeks information that it not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter.

INTERROGATORY NO. 3: Identify all real estate owned by you, any member of Defendants' Family, and/or any of Defendants' Affiliated Entities, directly or indirectly (i.e. through a trust or other entity) by address, purchase price, listed sales price, and identity of lenders.
ANSWER: J. Rea objects to this Interrogatory to the extent it seeks information about other defendants of which he has no personal knowledge. J. Rea also objects to this Interrogatory as improperly seeking personal and confidential financial information relating to him and his family, many of whom are not parties to this case. J. Rea further objects to this Interrogatory because it seeks information that it not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter.

INTERROGATORY NO. 17: Identify all Communications between any member of the Nelson Family (Grace Nelson, Mark Nelson, Jeff Nelson, Korrine Nelson, and/or Jerita Nelson) or Randy Chalfant, on the one hand, and Defendants or Defendants' counsel on the other hand.
ANSWER: J. Rea objects to this Interrogatory to the extent it seeks communications subject to attorney-client privilege, work product protection,

and/or common interest privilege. J. Rea also object to this Interrogatory because it seeks information that is not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter.

INTERROGATORY NO. 18: Identify all Communications between Defendants or Defendants' counsel on the one hand, and Kenneth Lockard, Beecher, Field, Walker, Morris, Hoffman & Johnson, P.C., FishDish LLC, Goldstein & McClintock LLP, or Horwood Marcus & Berk Chartered, on the other hand. ANSWER: J. Rea objects to this Interrogatory to the extent it seeks communications subject to attorney-client privilege, work product protection, and/or common interest privilege. J. Rea also object to this Interrogatory because it seeks information that is not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter.

VBF has withdrawn Interrogatory No. 18 to James Rea, and so the Court denies the MTC as moot as to that interrogatory. *See* Dkt. No. 152 at 7 n.8.

As to Interrogatory No. 17, the Court grants in part and denies in part the MTC for the reasons explained above and orders that James Rea must, by **October 2, 2019**, serve a complete answer consistent with Rule 33's governing standards, *see Lopez*, 327 F.R.D. at 578-80, with the exception of communications regarding the bankruptcy proceeding, as to which the Court grants a protective order as to Interrogatory No. 17. And, further, James Rea must comply with Federal Rule of Civil Procedure 26(b)(5) and serve a privilege log in support of any claim for withholding responsive information based on attorney-client privilege, work product protection, or common interest privilege.

As to Interrogatory Nos. 1, 2, and, 3, for the reasons explained above, the Court determines that the information that VBF seeks through these four interrogatories are relevant to the claims in, and proportional to the needs of, this case and any

concerns regarding confidentiality are, as VBF asserts, *see* Dkt. No. 135 at 12, adequately safeguarded by the agreed protective order issued in this case, *see* Dkt. 112. The Court grants the MTC as to Interrogatory Nos. 1, 2, and 3 to James Rea, as to which Hall must, by **October 2, 2019**, serve a complete answer consistent with Rule 33's governing standards. *See Lopez*, 327 F.R.D. at 578-80.

**7. Objections to financial interrogatories (Nos. 1, 2, 3, 17, 22) to Ted Rea**

> INTERROGATORY NO. 1: Identify all of Defendants' Affiliated Entities, including the identity of all shareholders, owners, managers, and/or directors.
> ANSWER: T. Rea objects to this Interrogatory to the extent it seeks information about other defendants of which he has no personal knowledge. T. Rea further objects to this Interrogatory because it seeks information that it not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter.
>
> INTERROGATORY NO. 2: Identify all banks or other financial institutions to which you, Defendants' Affiliated Entities, or Defendants' Family have been named an account holder, had rights to withdraw funds, and/or did withdraw funds, including the account numbers, name of account holder(s), dates account has been held, and type of account.
> ANSWER: T. Rea objects to this Interrogatory to the extent it seeks information about other defendants of which he has no personal knowledge. T. Rea also objects to this Interrogatory as improperly seeking personal and confidential financial information relating to him and his family, many of whom are not parties to this case. T. Rea further objects to this Interrogatory because it seeks information that it not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter.
>
> INTERROGATORY NO. 3: Identify all real estate owned by you, any member of Defendants' Family, and/or any of Defendants' Affiliated Entities, directly or indirectly (i.e. through a trust or other entity) by address, purchase price, listed sales price, and identity of lenders.
> ANSWER: T. Rea objects to this Interrogatory to the extent it seeks information about other defendants of which he has no personal knowledge. T. Rea also objects to this Interrogatory as improperly seeking personal and confidential financial information relating to him and his family, many of whom are not parties to this case. T. Rea further objects to this Interrogatory because it seeks information that is not relevant or reasonably calculated to lead to the discovery

of evidence relevant to the claims or defenses raised in this matter.

INTERROGATORY NO. 17: Identify all professionals, including, but not limited to, attorneys, accountants, insurance brokers, website developers, website hosts, media consultants, stockbrokers, financial planners, fish biologists, universities, independent aquaculture specialists and/or consultants, who have performed any services for VBF.
ANSWER: T. Rea objects to this Interrogatory to the extent it asks him to attest to the collective decisions of VBF. T. rea further objects to this Interrogatory to the extent it seeks information and records in Plaintiff's exclusive possession that he does not have possession or control over or access to. Subject to these objections, T. Rea cannot recall every service provider who may have performed services for VBF during his tenure. Documents further responsive to this Interrogatory may be within Plaintiff's exclusive possession and control.

INTERROGATORY NO. 22: Identify the names of any trusts to which any Defendant, any of the Defendants' Affiliated Entities, or any member of Defendants' Family is a trustee or beneficiary.
ANSWER: T. Rea objects to this Interrogatory as improperly seeking personal and confidential financial information relating to him and his family, many of whom are not parties to this case. T. Rea further objects to this Interrogatory as seeking information that it not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter.

For the reasons explained above, the Court determines that the information that VBF seeks through these five interrogatories are relevant to the claims in, and proportional to the needs of, this case and any concerns regarding confidentiality are, as VBF asserts, *see* Dkt. No. 135 at 13, adequately safeguarded by the agreed protective order issued in this case, *see* Dkt. 112. The Court grants the MTC as to Interrogatory Nos. 1, 2, 3, 17, and 22 to Ted Rea, as to which Ted Rea must, by **October 2, 2019**, serve a complete answer consistent with Rule 33's governing standards. *See Lopez*, 327 F.R.D. at 578-80.

**8. Objections regarding compensation: Ted Rea Interrogatory No. 4**

INTERROGATORY NO. 4: Identify all to payments received by you from any

Sheriff Entities.
ANSWER: T. Rea further objects to this Interrogatory because it seeks information that it not relevant or reasonably calculated to lead to the discovery of evidence relevant to the claims or defenses raised in this matter. Subject to that objection, T. Rea has not received any payments from the Sheriff Entities. Sheriff did loan funds to Bajjer to pay off a loan on behalf of SSi to Green Bank in November 2016. Bajjer carries a note receivable from SSi for this loan payoff and Bajjer owes Sheriff for this payoff, but T. Rea did not receive any of these funds.

Ted Rea directly answered this interrogatory consistent with Rule 33's governing standards. *See Lopez*, 327 F.R.D. at 578-80. The Court denies the MTC as to Interrogatory No. 4 to Ted Rea. If VBF believes that it requires additional information, it may seek it through new discovery requests, deposition testimony, or any other formal or informal means of discovery at its disposal, consistent with the governing rules.

Finally, under Federal Rule of Civil Procedure 37(a)(5), the Court determines that, under all of the circumstances presented here, the parties will bear their own expenses, including attorneys' fees, in connection with the MTC.

SO ORDERED.

DATED: September 10, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE