UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VEROBLUE FARMS USA INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-00764-X |
| | § | |
| LESLIE A. WULF, BRUCE A. HALL, JAMES REA, JOHN REA, and KEITH DRIVER, | § § | |
| | § | |
| Defendants/Third-Party Plaintiffs. | § | |

**PLAINTIFF'S MOTION TO STRIKE CERTAIN ARGUMENTS AND EVIDENCE FROM FOUNDER DEFENDANTS' AND DEFENDANT DRIVER'S MOTIONS TO DISMISS AND BRIEF IN SUPPORT**

# **TABLE OF CONTENTS**

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................1

BACKGROUND ..............................................................................................................................2

      A.      Prior Proceedings ................................................................................................. 2

      B.      Second Amended Complaint ............................................................................... 2

ARGUMENT AND AUTHORITIES ..............................................................................................3

    I. Driver's incorporation of the arguments made in the Founder Defendants'
       motion to dismiss should be stricken and not considered. ............................................ 3

    II. Driver's declaration in support of his motion should be stricken and not
       considered. ..................................................................................................................... 6

    III. The Founders' Rule 12(b)(6) motion to dismiss the Original Claims should
       be stricken as improperly raised in a subsequent motion to dismiss. .......................... 6

CONCLUSION ................................................................................................................................9

# **TABLE OF AUTHORITY**

Page(s)

**Cases**

*Albany Ins. Co. v. Almacenadora Somex, S.A.*,
  5 F.3d 907 (5th Cir. 1993) .................................................................................................. 8

*Black Cat Expl. & Prod., LLC v. MWW Capital Ltd.*,
  No. 1:15-CV-51-BL, 2015 WL 12731751 (N.D. Tex. Apr. 29, 2015) ...................................... 4

*Chambers v. Dretke*,
  145 F. App'x 468 (5th Cir. 2005) ........................................................................................ 5

*Collins v. Morgan Stanley*,
  224 F.3d 496 (5th Cir. 2000) ............................................................................................... 6

*Goodman v. Harris County*,
  571 F.3d 388 (5th Cir. 2009) ............................................................................................... 5

*Impala African Safaris, LLC v. Dallas Safari Club, Inc.*,
  No. 3:13-CV-2175-G, 2014 WL 4555659 (N.D. Tex. Sept. 9, 2014) .................................... 4

*Nationwide Bi–Weekly Admin., Inc. v. Belo Corp.*,
  512 F.3d 137 (5th Cir. 2007) ............................................................................................... 8

*Rodriguez-Rodriguez v. Big Bird Tree Serv., Inc.*,
  No. 3:15-CV-3815-L, 2017 WL 1047576 (N.D. Tex. Mar. 20, 2017) .................................... 5

*Saffran v. Bos. Sci. Corp.*,
  No. CIV.A.2 05-CV-547(TJ, 2008 WL 2716318 (E.D. Tex. July 9, 2008) .............................. 4

*Steward v. Aries Freight Sys., L.P.*,
  No. CIV.A. H-07-1651, 2007 WL 3001660 (S.D. Tex. Oct. 12, 2007) .................................. 6

*Stoffels ex rel., SBC Concession Plan v. SBC Commc'ns, Inc.*,
  430 F. Supp. 2d 642 (W.D. Tex. 2006) ............................................................................... 7

*Tostado v. Citibank (S. Dakota), N.A.*,
  No. CIV.A.SA-09-CV-549XR, 2009 WL 4598030 (W.D. Tex. Dec. 3, 2009) ........................ 6

**Rules**

Fed. R. Civ. P. 12 ........................................................................................................... passim

Fed. R. Civ. P. 37 .................................................................................................................. 10

Fed. R. Civ. P. 7 ................................................................................................................. 5, 7

Local Civ. R. 5 ............................................................................................................................ 11

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff VeroBlue Farms USA Inc. ("VBF") respectfully requests that the Court strike certain portions of the motions to dismiss and briefs in support filed by Defendant Keith Driver (Dkts. 180-82) and Defendants Leslie A. Wulf, Bruce A. Hall, James Rea, and John Rea (collectively, the "Founder Defendants") (Dkt. 184).

*First*, the Court should strike Driver's attempt to incorporate solely by reference the entirety of the Founder Defendants' motion to dismiss and brief in support.  Other than a one-sentence incorporation by reference, Driver does not present any briefing or authorities in support of such arguments.  Permitting such wholesale incorporation of other parties' arguments and briefs is improper and, further, undermines the Court's page limitations as Driver did not seek leave to do so.  The only bases for Driver's motion to dismiss that should be considered are those argued and briefed by Driver, and all other bases should be stricken and not considered.

*Second*, the Court should strike the declaration Driver filed in support of his motion to dismiss. The only documents that can be considered on a motion to dismiss are the complaint and documents referenced therein. Driver's declaration is neither and should be stricken.

*Third*, the Court should strike arguments under Federal Rule of Civil Procedure 12(b)(6) that the Founder Defendants could have made—but did not make—in their first motion to dismiss the Amended Complaint.  While the Founders' arguments are not barred, pursuant to Rules 12(g) and 12(h) they must be made in an answer, by a motion for judgment on the pleadings, or at trial—not by another pre-answer motion to dismiss.

## BACKGROUND

### A. Prior Proceedings

VBF originally filed its Complaint in this case in the Northern District of Iowa. *See* Dkt. 1. The original Complaint asserted claims (collectively, the "Original Claims") against the Founders for breach of fiduciary duty, fraudulent concealment, fraudulent misrepresentation, constructive fraud, civil conspiracy, aiding and abetting breach of fiduciary duty, unjust enrichment, equitable accounting, and declaratory judgment. *See id.* at ¶¶ 43-85. VBF later filed an Amended Complaint that asserted the same claims. *See* Dkt. 9.

In response to the Original Claims, the Founders filed a motion to dismiss for improper venue or to transfer venue under Federal Rule of Civil Procedure 12(b)(3). *See* Dkt. 19. The Founders' first motion to dismiss did not move to dismiss the Original Claims under Rule 12(b)(6). *See id.* In contrast, Defendant Driver moved to transfer the case and to dismiss VBF's amended complaint for failure to state a claim under Rule 12(b)(6). *See* Dkt. 20. The district court for the Northern District of Iowa denied the Founders' motion to dismiss, granted the Founders' and Drivers' motion to transfer venue, and reserved adjudication on Driver's Rule 12(b)(6) motion for the transferee court. *See* Dkt. 50 at 16-17. The Iowa court transferred the case to this Court. *See id.*

After the case was transferred to this Court, the Founders and Driver filed answers to the Amended Complaint. *See* Dkts. 66, 70. Driver also filed a motion to dismiss under Rule 12(b)(6), asserting the same arguments as his first motion to dismiss. *See* Dkts. 67-69. The Founders again did not file a motion to dismiss the Original Claims under Rule 12(b)(6).

### B. Second Amended Complaint

After this Court granted leave, VBF filed its Second Amended Complaint (the "SAC"). *See* Dkt. 159. The SAC asserted all of Original Claims and also added additional defendants and claims. *See id.* The Original Claims are Counts 1 – 4 and 9 – 13 in the SAC, and the new claims

are Counts 5 – 8 and 14 – 27 in the SAC.  After the filing of the SAC, this Court dismissed the only pending motion to dismiss the Amended Complaint—Driver's Rule 12(b)(6) motion to dismiss—as moot. *See* Dkt. 161.

In response to the SAC, Driver filed a motion to dismiss the SAC under Rule 12(b)(6), asserting the same arguments he had made in his motion to dismiss the Amended Complaint, except for one additional sentence stating that "Driver refers and incorporates by reference all applicable facts and arguments contained in Founder Defendants' Rule 12(b)(1) and 12(B)(6) Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support." Dkt. 180 at 5; *see generally* Dkts. 180-82.  Driver also submitted a declaration in support of his motion to dismiss. Dkt. 182 at APP0031-32.

In response to the SAC and for the first time in the case, the Founders filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).  The Founders assert that all Counts in the SAC should be dismissed, including Counts 1 – 4 and 9 – 13, which are the Original Claims that the Founders did not previously move to dismiss pursuant to Rule 12(b)(6). *See* Dkt. 184.

## ARGUMENT AND AUTHORITIES

**I.   Driver's incorporation of the arguments made in the Founder Defendants' motion to dismiss should be stricken and not considered.**

The Court should strike Driver's attempt to incorporate solely by reference the entirety of the Founder Defendants' motion to dismiss and brief in support and should not consider any of those arguments as to Driver.  In his motion to dismiss and separately-filed brief, Driver argues the following bases for dismissal of the SAC:  (1) a purported release; and (2) failure to adequately plead alleged fraudulent conduct in specific counts.  But then Driver's motion to dismiss includes a single sentence under the heading "Incorporation of Arguments in Founder Defendants' Motion

-3-

to Dismiss" that says "Driver refers and incorporates by reference all applicable facts and arguments contained in Founder Defendants' Rule 12(b)(1) and 12(B)(6) Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support." Dkt. 180 at 5.  Driver provides no detail as to these arguments and makes no reference to these additional arguments, their basis, or any supporting authority in his brief in support of the motion to dismiss.  *See generally* Dkt. 181.  The Founder Defendants' motion to dismiss includes a number of additional arguments that Driver does not brief, including a 12(b)(1) ground, a choice of law issue, and additional arguments related to Rule 9(b) and the RICO claim.  *See generally* Dkt. 184.

A party may not, without leave, incorporate other documents or arguments by reference, especially when such incorporation would result in that party's document exceeding the court's page limits. *See Saffran v. Bos. Sci. Corp.*, No. CIV.A.2 05-CV-547(TJ, 2008 WL 2716318, at *4 (E.D. Tex. July 9, 2008) (noting that allowing incorporation of arguments "eviscerates the court's page limit restriction" and that "by incorporating arguments by reference without specifically identifying them, [a party] leaves the court to speculate which specific arguments [the party] intended to incorporate into the Motion"); *see also Black Cat Expl. & Prod., LLC v. MWW Capital Ltd.*, No. 1:15-CV-51-BL, 2015 WL 12731751, at *3 (N.D. Tex. Apr. 29, 2015) ("Plaintiff's attempt to incorporate by reference documents in its reply brief is improper.") (citing *Saffran*); *Impala African Safaris, LLC v. Dallas Safari Club, Inc.*, No. 3:13-CV-2175-G, 2014 WL 4555659, at *2 (N.D. Tex. Sept. 9, 2014) ("Incorporating additional 110 paragraphs from Plaintiffs' other briefs would unnecessarily lengthen the brief far beyond the limit.").

The Court's page limitation for a brief in support of a motion to dismiss is 25 pages. *See* Local Civ. Rule 7.2(c).  Driver's brief in support of his motion to dismiss is 15 pages. *See* Dkt. 181. The Founder Defendants' motion to dismiss and brief in support is 31 pages of text and 32

additional pages of charts and tables. *See generally* Dkt. 184. Therefore, permitting Driver to incorporate all facts and arguments in the Founders' brief would "eviscerate" the Court's page limit restriction: Driver's brief would effectively contain between 46 and 78 pages. Driver did not obtain leave to file excess pages in his brief.

Further, arguments that are not sufficiently briefed can be waived. Rule 7 of the Federal Rules of Civil Procedure requires that the movant "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). Driver's wholesale incorporation by reference of arguments he does not make in his motion to dismiss or brief in support warrants striking of such arguments. *See Rodriguez-Rodriguez v. Big Bird Tree Serv., Inc.,* No. 3:15-CV-3815-L, 2017 WL 1047576, at *3 (N.D. Tex. Mar. 20, 2017) (striking motion for summary judgment where defendant "has done nothing more than incorporate by reference snippets from [co-defendant's] briefs, which are not even summary judgment briefs, has failed to cite to the record or make any arguments in support of summary judgment, and has failed to comply with Rule 7 of the Federal Rules of Civil Procedure."); *see also Chambers v. Dretke*, 145 F. App'x 468, 471 (5th Cir. 2005) (refusing to consider arguments not fully briefed but rather merely incorporated by reference); *Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009) (issues inadequately briefed on appeal are waived). In this instance, a one-sentence incorporation of another party's filing that does not even identify the basic premise of the supposedly-incorporated arguments, let alone any analysis or authority in support of those arguments, is not sufficient to make or preserve those arguments.

Therefore, Driver's attempted "Incorporation of Arguments in Founder Defendants' Motion to Dismiss" should be stricken, and no arguments should be considered as to Driver other than those arguments actually made and briefed in Driver's motion to dismiss and brief in support.

**II.     Driver's declaration in support of his motion should be stricken and not considered.**

The Court should strike the declaration that Driver submitted in support of his motion to dismiss. "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Steward v. Aries Freight Sys., L.P.*, No. CIV.A. H-07-1651, 2007 WL 3001660, at *2 (S.D. Tex. Oct. 12, 2007) (citing Fed. R. Civ. P. 12(b)(6)). This general rule has only one "limited exception," which permits a court to consider documents attached to a motion to dismiss if they are "referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Tostado v. Citibank (S. Dakota), N.A.*, No. CIV.A.SA-09-CV-549XR, 2009 WL 4598030, at *1 (W.D. Tex. Dec. 3, 2009) (internal quotation marks and citations omitted); *see also Collins v. Morgan Stanley*, 224 F.3d 496, 498 (5th Cir. 2000).

Here, Driver submitted his own self-serving declaration in support of his motion to dismiss. Dkt. 182 at APP0031-32 ("Driver's Declaration"). In Driver's Declaration, he describes his role and duties at VBF. *See* Dkt. 182 at APP0031-32 ¶¶ 2-4. Driver's Declaration is not attached to or referred to in the SAC, nor is it central to VBF's claims. *See generally* SAC. Driver's Declaration is not a document that can be considered in deciding a motion to dismiss, and, therefore, the Court should strike and not consider Driver's Declaration.

**III.    The Founders' Rule 12(b)(6) motion to dismiss the Original Claims should be stricken as improperly raised in a subsequent motion to dismiss.**

The Court should strike the Founders' Rule 12(b)(6) motion to dismiss the Original Claims (Counts 1 – 4 and 9 – 13 of the SAC), which are arguments that could have been made—but were not—in response to the Amended Complaint that previously asserted these same claims. Rule 12(g)(2) provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that

was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Rule 12(h)(2), in turn, provides that "[f]ailure to state a claim upon which relief can be granted…may be raised: (A) in any pleading allowed or ordered under Rule 7(a) [*i.e.* an answer]; (B) by a motion under Rule 12(c) [for judgment on the pleadings]; or (C) at trial."[1] Fed. R. Civ. P. 12(h)(2). As another Texas district court has noted: "Rule 12(h)…*limits the stages* at which a party may raise [a successive] defense after the initial Rule 12 motion." *Stoffels ex rel., SBC Concession Plan v. SBC Commc'ns*, Inc., 430 F. Supp. 2d 642, 647 (W.D. Tex. 2006) (emphasis added).

The *Stoffels* case from the Western District of Texas is instructive. In that case, the defendants filed a Rule 12(b)(6) motion to dismiss the plaintiff's original complaint. *Stoffels*, 430 F. Supp. 2d at 647. The plaintiff opposed that motion and filed an amended complaint. *Id.* The defendants filed a second Rule 12(b)(6) motion to dismiss, and it was "clear that Defendants could have argued in their initial 12(b)(6) motion what they argue[d] in their second 12(b)(6) motion." *Id.* The court noted that "[a] review of the relevant authorities confirms that Rule 12(g) normally bars successive pre-answer motions to dismiss." The court further explained that "Rule 12(h)(2) does not provide an exception to Rule 12(g)'s bar against successive 12(b)(6) pre-answer motions" because "Rule 12(h)(2) applies only to arguments that are raised under Rule 7(a), by motion for judgment on the pleadings, or at trial," and "Defendants' second 12(b)(6) motion simply does not fall into any of these three categories." *Id.*[2]

---

[1] Rule 12(h)(3) concerns lack of subject-matter jurisdiction and is not applicable here. *See* Fed. R. Civ. P. 12(h)(3).

[2] Ultimately, against the "weight of authority," the court allowed the second Rule 12(b)(6) motion because of "an additional wrinkle in the procedural history" of the case. *Stoffels*, 430 F. Supp. 2d at 648. Right before the case was transferred, Plaintiffs filed an amended complaint and Defendants had already challenged that complaint with a new motion to dismiss. Therefore, the transferor court issued an order denying the original motion to dismiss as moot. The transferee judge noted that the previous order intended to "wipe[d] the slate clean" and "provide[d] Defendants a new, unobstructed opportunity to submit a 12(b)(6) motion." *Stoffels*, 430 F. Supp. 2d at 648. Here, no

Here, the Founders' first motion to dismiss the Original Claims did not assert any grounds for dismissal pursuant to Rule 12(b)(6). *See* Dkt. 19. But their second motion to dismiss does assert Rule 12(b)(6) grounds as to all of VBF's claims, including the Original Claims, which are Counts 1 – 4 and 9 – 13 of the SAC.[3] *See* Dkt. 184. The second motion to dismiss the Original Claims is, therefore a prohibited successive motion to dismiss, and the Founders should be precluded from making a second motion to dismiss based on previously-omitted defenses or objections.

VBF is not arguing that the Founders may never raise their new 12(b)(6) arguments as to the Original Claims, only that they ***may not do so now*** in a second pre-answer motion to dismiss the same Original Claims.  They may now only raise them in an answer, a motion for judgment on the pleadings (after answering), or at trial pursuant to Rule 12(h)(2).  *See* Fed. R. Civ. P. 12(h)(2). The distinction between arguing that these defenses are *waived or barred* and arguing that these defenses are *improperly raised* is crucial to note.  The Fifth Circuit interprets Rule 12(g) as follows: "If a party seeks dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b), he must include in such motion any other defense or objection then available which Rule 12 permits to be raised by motion. If the party omits such defense or objection, Rule 12(g) precludes him from making a further motion seeking dismissal based on the omitted defense or objection." *Albany Ins. Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 909-910 (5th Cir. 1993) ("having failed to raise in its first motion a specific objection to venue based on the forum clauses, [the defendant] was precluded under Rule 12(g) from raising the objection in a second pretrial motion to dismiss"); *cf. Nationwide Bi–Weekly Admin., Inc. v. Belo Corp.,* 512 F.3d 137, 141 (5th Cir. 2007) (finding

---

such procedural issue arises, as Defendants had ample time in which to argue for dismissal of the Original Claims, having instead decided previously to answer the Original Claims.

[3] VBF does not move to strike the motion to dismiss as to any claims besides the Original Claims in Counts 1 – 4 and 9 – 13. That is, VBF is not moving to strike the motion to dismiss as to claims that were not asserted in VBF's prior Amended Complaint, which are Counts 5 – 8 and 14 – 27.

that failure to raise 12(b)(6) argument in first motion to dismiss did not result in *waiver* of such defenses).

Therefore, the Court should strike the Founders' Rule 12(b)(6) motion to dismiss the Original Claims (Counts 1 – 4 and 9 – 13 of the SAC).

## **CONCLUSION**

For the foregoing reasons, VBF respectfully requests that the Court strike and not consider each of the following: (1) Driver's improper incorporation of the Founders' motion to dismiss and all arguments set forth therein (Dkt. 180 at p. 5); (2) Driver's Declaration in support of his motion to dismiss (Dkt. 182 at APP0031-32); and (3) the Founders' Rule 12(b)(6) motion to dismiss the Original Claims (Counts 1 – 4 and 9 – 13 of the SAC). VBF also requests all other relief to which it may be entitled.

Dated: December 3, 2019          Respectfully submitted,

         */s/ Nicole L. Williams*
         Nicole L. Williams
           Texas Bar No. 24041784
           nicole.williams@tklaw.com
         William L. Banowsky
           Texas Bar No. 01697125
           bill.banowsky@tklaw.com
         Jasmine S. Wynton
           Texas Bar No. 24090481
           jasmine.wynton@tklaw.com
         Nicholas S. Davis
           Texas Bar No. 24101678
           nick.davis@tklaw.com
         **THOMPSON & KNIGHT LLP**
         One Arts Plaza
         1722 Routh Street, Suite 1500
         Dallas, Texas 75201
         (214) 969-1700
         (214) 969-1751 (facsimile)

         */s/ Robert H. Lang*
         Robert H. Lang
           (appearing *pro hac vice*)
           rhlang@thompsoncoburn.com
         **THOMPSON COBURN LLP**
         55 East Monroe, 37th Floor
         Chicago, Illinois 60603
         (312) 346-7500

         ***Attorneys for Plaintiff***

## CERTIFICATE OF CONFERENCE

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Northern District of Texas Local Civil Rule 7.1, the moving parties have conferred with an attorney for each party affected by the requested relief to determine whether the motion is opposed. Conferences were held on November 26, 2019 between counsel for Plaintiff and counsel for Defendants. Counsel for Defendants are opposed to this motion and the relief requested therein.

         */s/ Nicole L. Williams*

## CERTIFICATE OF SERVICE

This document was filed electronically on December 3, 2019, and, in compliance with Local Civil Rule L.R. 5.1(d), a copy of this document has been served on all counsel of record by ECF.

/s/ Nicole L. Williams