UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VEROBLUE FARMS USA INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-00764-X |
| | § | |
| LESLIE A. WULF, BRUCE A. HALL, JAMES REA, JOHN REA, and KEITH DRIVER, | § § | |
| | § | |
| Defendants/Third-Party Plaintiffs. | § | |

**THIRD-PARTY DEFENDANTS BJORN THELANDER AND NORMAN MCCOWAN'S
MOTION TO STRIKE AMENDED THIRD-PARTY COMPLAINT
<u>AND BRIEF IN SUPPORT</u>**

**TABLE OF CONTENT**

INTRODUCTION ............................................................................................................. 1

BACKGROUND .............................................................................................................. 1

    A.  Plaintiff's Claims Against Defendants/Third-Party Plaintiffs ........................................... 1

    B.  Plaintiff's Bankruptcy and the Defendants' Releases ......................................................... 2

    C.  The Third-Party Complaint .................................................................................................. 3

ARGUMENT & AUTHORITIES ..................................................................................... 4

CONCLUSION ................................................................................................................. 10

## **TABLE OF AUTHORITIES**

Page(s)

Cases

*Am. Express Travel Related Servs. Co. v. Beaumont*, No. CIV.A. 3:01-CV-1869R,
    2002 WL 31298867 (N.D. Tex. Oct. 9, 2002) .......................................................... 6, 9, 10

*Cambridge Strategies, LLC v. Cook*,
    No. 3:10-CV-2167-L, 2012 WL 176587 (N.D. Tex. Jan. 23, 2012) .......................... 6, 7, 8

*Continental Western Casualty Company v. Steel Stadiums, Ltd.*,
    No. 3:10-CV-1597-P, 2011 WL 13228951 (N.D. Tex. April 4, 2011) ...................... 5, 6, 7

*D.R. Horton-Texas, Ltd. v. Savannah Properties Associates, L.P.*,
    416 S.W.3d 217 (Tex. App.—Fort Worth 2013, no pet.) ..................................................... 9

*Delgado v. Methodist Hosp.*,
    936 S.W.2d 479 (Tex. App.—Houston [14th Dist.] 1996, no pet. ..................................... 9

*Hamlett v. Holcomb*,
    69 S.W.3d 816 (Tex. App.—Corpus Christi 2002, no pet.) ............................................... 9

*Majors v. Am. Nat'l Bank of Huntsville*,
    426 F.2d 566 (5th Cir. 1970) ............................................................................................. 5

*Marquis Acquisitions, Inc. v. Steadfast Ins. Co.*,
    409 S.W.3d 808 (Tex. App.—Dallas 2013, no pet.) ........................................................... 8

*Mitchell v. Am. Eagle Airlines, Inc.*,
    No. 15-757-SDD-RLB, 2016 WL 4203826 & n.28 (M.D. La. Aug. 5, 2016) ............... 2, 3

*Round Rock Research, LLC v. Dell, Inc.*,
    No. 4:11-CV-332, 2012 WL 12893868 (E.D. Tex. Sept. 17, 2012) ................................... 8

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ........................................................................................................... 2

*TRC & Associates v. NuScience Corp.*,
    No. 2:13–cv–6903, 2014 WL 211781 (C.D. Cal. Jan. 13, 2014) ............................... 6, 7, 8

*U.S. v. Joe Grasso & Son, Inc.*,
    380 F.2d 749 (5th Cir. 1967) ......................................................................................... 5, 8

*Wells Fargo Bank, N.A. v. Pettus*,
    No. 3:11-CV-0095-D, 2011 WL 3586405 (N.D. Tex. Aug. 16, 2011) .............................. 8

Rules

Federal Rule of Civil Procedure 14 ................................................................................. passim

Federal Rule of Civil Procedure 37(a)(1) ................................................................................. 11

Other Authorities

35A C.J.S. Federal Civil Procedure § 118 ..................................................................................... 5

# INTRODUCTION

Subject to and without waiving Thelander's motion to dismiss for lack of personal jurisdiction and pursuant to Federal Rule of Civil Procedure 14(a)(4), Third-Party Defendants Bjorn Thelander and Norman McCowan move the Court to strike the Amended Third-Party Complaint (Dkt. 186) filed by Defendants/Third-Party Plaintiffs Les Wulf, Ted Rea, James Rea and Bruce Hall (collectively, the "Defendants" or "Third-Party Plaintiffs"). Under Federal Rule of Civil Procedure 14(a)(1), third-party claims are permitted only when the third-party defendants may be liable for all or part of the defendant's liability to the plaintiff, and such claims typically are for secondary liability through contribution or indemnification. But the third-party claims here are not for secondary liability—they are claims for tortious interference with agreements that are entirely separate and independent from the Plaintiff's claims. As a result, the Court should strike the Amended Third-Party Complaint in its entirety.

# BACKGROUND

**A.    Plaintiff's Claims Against Defendants/Third-Party Plaintiffs**

In 2014, the Defendants/Third-Party Plaintiffs founded Plaintiff VeroBlue Farms USA, Inc. ("VBF"), a sustainable fish farm. The Defendants served as directors, officers, and employees of VBF from its founding in 2014 through the termination of their employment and removal as officers and directors in late 2017 and early 2018. Specifically, (1) VBF terminated its business relationship with Hall and Ted Rea on October 27, 2017, and each signed a Business Relationship Termination Agreement (Dkt. 186, Exs. C & D); (2) VBF terminated its business relationship with Wulf on December 1, 2017, and he signed a Separation Agreement (*id.*, Ex. B); and (3) VBF terminated its business relationship with James Rea on January 8, 2018 for "Egregious Cause" pursuant to his Employment Agreement (*id.*, Ex. A). (These agreements signed by the Defendants are collectively referred to as the "Termination Agreements.")

Following the removal and discharge of the last of the Defendants in January 2018, VBF discovered that the Defendants misappropriated and misused millions of dollars in corporate assets and knowingly misrepresented VBF's operations, technology, and finances. (*See* Dkt. 159, 2d Am. Compl. ¶¶ 20-23). VBF then filed the instant suit against the Defendants, which now asserts claims for breach of fiduciary duty, fraudulent concealment, fraudulent misrepresentation, constructive fraud, civil conspiracy, aiding and abetting, unjust enrichment, equitable accounting, a declaratory judgment, fraudulent transfer, restitution, violations of the Racketeer Influenced and Corrupt Organizations Act, and rescission of the Termination Agreements that are allegedly the basis of the allegations in the Amended Third-Party Complaint. (*See generally id.*)

## B.     Plaintiff's Bankruptcy and the Defendants' Releases

As a result of the Defendants' misdeeds, VBF also filed for bankruptcy under Chapter 11. *See In re VeroBlue Farms USA, Inc. et al.*, No. 18-01297 (Bankr. N.D. Iowa, filed Sept. 21, 2018) (the "VBF Bankruptcy"). The U.S. Bankruptcy Court for the Northern District of Iowa (the "Bankruptcy Court") confirmed the Amended Joint Chapter 11 Plan of Reorganization of VeroBlue Farms USA, Inc. and Its Affiliated Debtors (the "VBF Reorganization Plan") and entered a final judgment on May 7, 2019, which became final on May 22, 2019. (VBF Bankr., Dkt. 515, 516).[1]

---

[1] A true and correct copy of the Bankruptcy Court's judgment ("Judgment") is attached hereto as **Exhibit 1**. A true and correct copy of the Bankruptcy Court's confirmation order ("Order"), which includes a copy of the VBF Reorganization Plan, is attached hereto as **Exhibit 2.** There were Amended and Restated Minor Modifications to the VBF Reorganization Plan [Dkt. 511] incorporated into the Order and attached hereto as **Exhibit 3**.

The Bankruptcy Court's Order, Judgment, and VBF Reorganization Plan are appropriately considered with this motion to strike, which is substantively similar to a motion to dismiss. Courts considering a motion to dismiss may rely on the allegations of the complaint "as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice," such as VBF's bankruptcy filings. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Mitchell v. Am. Eagle Airlines, Inc.*, No. 15-757-SDD-RLB,

The Defendants were parties-in-interest to the VBF Bankruptcy, received notice of the proceedings, including those related to the confirmation, and participated in the proceedings. (*E.g.*, *id.* at Dkt. 411 (Notice of Attorney Appearance for Third-Party Plaintiffs);[2] *see also id.* at Dkt. 446, 466 (Objections to Confirmation of Plan by Third-Party Plaintiffs)).

The VBF Reorganization Plan contains broad discharges and releases for VBF as the Debtor. (*See* Ex. 2, Plan, Art. 9.13 at 26). The Bankruptcy Court Order and Judgment reiterate the enforceability of this release. (Ex. 1, Judgment at ¶ 6; Ex. 2, Order at 18). Further, the VBF Reorganization Plan contains a broad injunction on litigation based on claims or other debts or liabilities that were addressed by the VBF Reorganization Plan, which would include any claim for breach of contract against VBF by the Defendants. (Ex. 2, Plan, Art. 9.17 at 29). That is why Defendants do not, and cannot, assert a counterclaim against VBF in this lawsuit.

### C.     The Third-Party Complaint

On April 10, 2019, the Defendants/Third-Party Plaintiffs first brought claims for tortious interference against third parties Thelander, McCowan, and others (collectively, the "Third-Party Defendants"). After the Court granted VBF's motion for leave to file its Second Amended Complaint and mooted the originally-filed third-party claims (*see* Dkt. 158), the Defendants/Third-Party Plaintiffs filed a Notice of Intent to Proceed on Third-Party Complaint and re-filed their third-party claims on October 7, 2019. (*See generally* Dkt. 169).

The Court later ordered the Clerk's Office to un-file the Notice of Intent to Proceed on Third-Party Complaint and ordered the Third-Party Plaintiffs to file an amended third-party complaint. (*See* Dkt. 185). The Third-Party Plaintiffs then filed their Amended Third-Party Complaint,

---

2016 WL 4203826, at *2 & n.28 (M.D. La. Aug. 5, 2016) (taking judicial notice of defendant's bankruptcy filings).

[2] A true and correct copy of the Notice of Appearance and Request for Service is attached hereto as **Exhibit 4**. This Notice is also appropriately considered for this motion. *See supra* n.3.

- 3 -

which added allegations about the supposed relationships of the parties and new claims against Alder Aqua, Ltd., but did not substantively change the claims asserted against Thelander or McCowan. (*See generally* Dkt. 186).

McCowan is a current officer of VBF, and Thelander is a former director of VBF. (*Id.* ¶¶ 5, 8). The Defendants/Third-Party Plaintiffs assert that Thelander and McCowan (and the other Third-Party Defendants) tortiously interfered with the Termination Agreements by allegedly inducing VBF to (1) file suit against Hall and Ted Rea, allegedly in violation of the releases in their respective Termination Agreements (*id.* ¶¶ 68, 78); (2) refuse to pay Wulf severance payments allegedly due to him under the Separation Agreement (*id.* ¶ 89); and (3) terminate James Rea based on an allegedly false claim of "Egregious Cause," and refuse to pay him amounts allegedly due under the Employment Agreement (*id.* ¶ 100).

Ted Rea and Hall each claim damages "in an amount of expense he has incurred in defending against claims brought against him by VBF in violation of the release," and seek punitive damages and attorneys' fees (pursuant to Section 7(i) of their Termination Agreements). (*Id.* ¶¶ 72-74, 82-84). Wulf and James Rea seek damages, punitive damages, and attorneys' fees. (*Id.* ¶¶ 94-96, 104-106).

## ARGUMENT & AUTHORITIES

The third-party claims are improper and should be struck because they are not claims of secondary liability—instead, they are separate and independent from Plaintiff's claims in this case. Federal Rule of Civil Procedure 14 governs third-party practice. Rule 14(a)(1) provides "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty *who is or may be liable to it for all or part of the claim against it*." Fed. R. Civ. P. 14(a)(1) (emphasis added). Indeed, even the court form for a summons on a third-party complaint notes that the "third-party plaintiff is making [a] claim against [the third-party defendant] to pay part or all of what the

- 4 -

defendant may owe to the plaintiff." *See* Dkt. 92 (McCowan Summons), 96 (Thelander Summons). Rule 14 allows a party to move to strike an improper third-party claim. Fed. R. Civ. P. 14(a)(4).

"The third-party procedure is not designed as a vehicle for the tying together of separate and distinct causes of action, or for the introduction, into the main action, of several parallel, but independent, actions, or separate and independent claims[.]" *Majors v. Am. Nat'l Bank of Huntsville*, 426 F.2d 566, 568 (5th Cir. 1970) (per curiam) (quoting 35A C.J.S. Federal Civil Procedure § 118) (affirming the dismissal of a third-party complaint). The Fifth Circuit has been clear that the assertion of third-party claims (also known as "impleader") is permitted "only in cases where the third party's liability [is] in some way derivative of the outcome of the main claim." *U.S. v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967) (affirming the dismissal of the third-party complaint, finding that it was "a separate claim for taxes" and that the government "failed to show that the tax liability necessarily will fall upon" the third-party defendants). "[I]t is clear that impleader under Rule 14 *requires* that the liability of the third party *be dependent upon* the outcome of the main claim;" in other words, "the third party must necessarily be liable over to the defendant *for all or part of the plaintiff's recovery*." *Id.* (emphasis added). "[A]n entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it does arise out of the same general set of facts as the main claim." *Id.* (citing authorities and cases).

Applying these rules, federal courts frequently strike or dismiss improper independent third-party claims. For example, in *Continental Western Casualty Company v. Steel Stadiums, Ltd.*, No. 3:10-CV-1597-P, 2011 WL 13228951, at *1 (N.D. Tex. April 4, 2011), the plaintiffs had entered into surety agreements with the defendants for performance bonds issued to the customers of one of the defendants. The plaintiffs sued the defendants to recover losses they incurred under some of the bonds issued pursuant to the surety agreements. *Id.* The defendants impleaded a third-

party bank, alleging that the bank's actions caused their customers to demand payment on the performance bonds. *Id.* The court granted the third-party defendant's motion to strike the third-party complaint because, although the claims arose out of the same underlying facts, the plaintiffs' claims arose out of surety agreements, and the third-party claims arose out of different loan agreements provided by the third-party bank. *Id.* at *2. The defendants did not demonstrate how the third-party's alleged wrongful actions absolved the defendants of liability to the plaintiffs or created a liability as between the third-party and the plaintiffs. *Id.*; *see also Am. Express Travel Related Servs. Co. v. Beaumont*, No. CIV.A. 3:01-CV-1869R, 2002 WL 31298867, at *1 (N.D. Tex. Oct. 9, 2002) (dismissing third-party claims because there was no possibility of secondary liability in the third-party defendant).

Similarly, in *TRC & Associates v. NuScience Corp.*, No. 2:13–cv–6903, 2014 WL 211781, at *1 (C.D. Cal. Jan. 13, 2014), the plaintiff sued the defendants for fraud and RICO violations (among other claims). One of the defendants asserted third-party claims against a former employee, the controlling shareholder of the plaintiff, and the plaintiff's counsel. *Id.* The California district court dismissed all the third-party claims, finding, among other things, that the defendant's employment agreement with its former employee was "in no way central to the disposition of [the plaintiff's] claims against [the defendant]" and "[t]he fact that [the former employee] may have breached an employment agreement…does not make [the defendant] any less liable for the alleged fraudulent conduct." *Id.* at *3.

In *Cambridge Strategies, LLC v. Cook*, No. 3:10-CV-2167-L, 2012 WL 176587 at *2-5 (N.D. Tex. Jan. 23, 2012), the plaintiff sued its former employee from whom it had purchased the company, asserting breach of fiduciary and other claims. The defendant accused of misappropriation, like Defendants/Third-Party Plaintiffs here, filed tortious interference and other claims

against third parties who were affiliates or officers of the plaintiff. *Id*. at *4. The court dismissed the third-party claims, noting that "the dispositive question . . . is whether the [third-party defendants'] liability is derivative or dependent on the outcome of the main claims." *Id*. at *7. Even though the claims may have arisen out of the same general set of facts, because it found that the defendant's liability to the plaintiff under his employment agreement was "not dependent on Third Party Defendants' alleged tortious misconduct," the court did not find a proper basis for impleader under Rule 14. *Id*.

Here, Plaintiff VBF generally asserts that the Defendants/Third-Party Plaintiffs engaged in multiple fraudulent schemes that improperly drained VBF of all funds and ultimately led to the bankruptcy of VBF. (*See generally* Dkt. 159, 2d Am. Compl.). In contrast, in the Amended Third-Party Complaint, the allegation is that McCowan and Thelander tortiously interfered with the Defendants/Third-Party Plaintiffs' Termination Agreements by inducing VBF to take various actions. (*See* Dkt. 186 ¶¶ 65-106). Even if the allegations in the Amended Third-Party Complaint arise out of the same general facts as VBF's claims, Courts have continually held that is not enough for impleader under Rule 14(a)(1). *See, e.g.*, *Cambridge Strategies, LLC*, 2012 WL 176587, at *19; *Continental Western Casualty Co.*, 2011 WL 13228951, at *2; *accord TRC*, 2014 WL 211781, at *3.

Despite Third-Party Plaintiffs' representation in the summons form (Dkt. 92, 96), there is no attempt in the Amended Third-Party Complaint to articulate a theory by which Third-Party Defendants are liable for all or part of the Defendants/Third-Party Plaintiffs' liability to VBF. And there are no allegations in the Amended Third-Party Complaint that any of the Third-Party Defendants are liable for all or part of the Defendants/Third-Party Plaintiffs' liability to VBF. The third-party claims are entirely independent of VBF's claims and are in no way "dependent upon"

them. *See Joe Grasso & Son*, 380 F.2d at 751. As in *TRC* and *Cambridge Strategies*, nothing in the Amended Third-Party Complaint can make the Defendants/Third-Party Plaintiffs any less liable for their alleged fraudulent conduct. *See TRC & Assocs.*, 2014 WL 211781, at *3; *Cambridge Strategies, LLC*, 2012 WL 176587, at *19.

In the Amended Third-Party Complaint, Defendants/Third-Party Plaintiffs attempt to tie their third-party claims to VBF's claims by alleging that if VBF does not succeed in its claims against the Third-Party Defendants to rescind and/or void the Termination Agreements, then VBF will have breached its obligations under those agreements. (*See* Dkt. 186 ¶¶ 71, 81, 93, 103). But this allegation (which also is legally unsound, as discussed below) does not establish a proper third-party claim – the alleged breach of the Termination Agreements by VBF in no way establishes that the Third-Party Defendants are secondarily liable for the Defendants/Third-Party Plaintiffs' liability to VBF. *See Round Rock Research, LLC v. Dell, Inc.*, No. 4:11-CV-332, 2012 WL 12893868, at *5 (E.D. Tex. Sept. 17, 2012) (holding that third-party claims were "in no way derivative of" the plaintiff's claims "and are improper under Rule 14(a)"); *Wells Fargo Bank, N.A. v. Pettus*, No. 3:11-CV-0095-D, 2011 WL 3586405, at *3 (N.D. Tex. Aug. 16, 2011) (dismissing a third-party complaint that "allege[d] …that [the third-party defendant] breached the terms and duties of separate agreements").

Further, the legal conclusion imbedded in this allegation is incorrect—even if the Termination Agreements are not rescinded or voided, their validity does not establish that VBF has breached them. The Third-Party Plaintiffs would still have to prove, among other things, that their claims had not been released (including through the VBF Reorganization Plan in the VBF Bankruptcy) and that VBF in fact did breach any of the agreements. *See, e.g. Marquis Acquisitions, Inc.*

*v. Steadfast Ins. Co.*, 409 S.W.3d 808, 813 (Tex. App.—Dallas 2013, no pet.) (describing the elements of a breach of contract claim, including a valid contract and breach of the contract); *D.R. Horton-Texas, Ltd. v. Savannah Properties Associates, L.P.*, 416 S.W.3d 217, 228–29 (Tex. App.—Fort Worth 2013, no pet.) (holding that release barred breach of contract claim). And any claims that VBF breached the Termination Agreements have been discharged, released, and enjoined as a matter of law by the VBF Bankruptcy Plan. (*See* Ex. 2, Order Confirming VBF Reorganization Plan and VBF Reorganization Plan). The Third-Party Defendants cannot tortiously interfere with contracts whose breach has been released and discharged. *See, e.g.*, *Delgado v. Methodist Hosp.*, 936 S.W.2d 479, 485–86 (Tex. App.—Houston [14th Dist.] 1996, no pet.) (holding patient's tortious-interference claim against doctors failed where patient waived any claim for breach of contract against hospital); *Hamlett v. Holcomb*, 69 S.W.3d 816, 820 (Tex. App.—Corpus Christi 2002, no pet.) (affirming dismissal of plaintiff's tortious-interference claim against one defendant because plaintiff's claim was premised on the other defendant's breach, and the other defendant did not breach the contract with plaintiff) (citations omitted).

In fact, Defendants/Third-Party Plaintiffs' attempt to tie their claims to VBF's claims shows that the Third-Party Plaintiffs' claims are the exact opposite of derivative liability. Only if Plaintiff VBF <u>loses</u> on its claims could the Third-Party Plaintiffs' claims possibly be valid. That is not derivative liability. When there is no possibility of secondary liability because of the nature of the claims, as is the case here, a third party complaint is improper under Rule 14(a). *Am. Express Travel*, No. CIV.A. 3:01-CV-1869R, 2002 WL 31298867 at *3 (dismissing third-party complaint with prejudice). In *American Express Travel*, American Express sued the defendant for breach of contract for failing to pay charges. *Id.* at *2. The defendant filed a third-party complaint against a vendor arguing the charges were not authorized. *Id.* But for American Express to succeed, it

would have to prove the charges were authorized, negating the third-party claim for unauthorized charges.  *Id*. at *2.  Likewise, if VBF succeeds in rescinding the Termination Agreements, that determination will necessarily negate all the third-party claims.  That is the opposite of derivative liability under Rule 14(a), and the third-party claims are improper.

## **CONCLUSION**

For the reasons set forth above, Third-Party Defendants Bjorn Thelander and Norman McCowan respectfully request that the Court strike the Amended Third-Party Complaint (Dkt. 186) in its entirety. Thelander and McCowan also request all other relief to which they may be entitled.

Dated: December 4, 2019                              Respectfully submitted,

                                                                             */s/ Nicole L. Williams*
                                                                             Nicole L. Williams
         Texas Bar No. 24041784
         nicole.williams@tklaw.com
William L. Banowsky
   Texas Bar No. 01697125
   bill.banowsky@tklaw.com
Jasmine S. Wynton
   Texas Bar No. 24090481
   jasmine.wynton@tklaw.com
Nicholas S. Davis
   Texas Bar No. 24101678
   nick.davis@tklaw.com
**THOMPSON & KNIGHT LLP**
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1700
(214) 969-1751 (facsimile)

*/s/ Robert H. Lang*
Robert H. Lang
   (appearing *pro hac vice*)
   rhlang@thompsoncoburn.com
**THOMPSON COBURN LLP**
55 East Monroe, 37th Floor
Chicago, Illinois 60603
(312) 346-7500

**Attorneys for Third-Party Defendants Bjorn Thelander and Norman McCowan**

### CERTIFICATE OF CONFERENCE

     Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Northern District of Texas Local Civil Rule 7.1, the moving parties have conferred with an attorney for each party affected by the requested relief to determine whether the motion is opposed. Conferences were held on October 21, 2019, with counsel for Third-Party Defendants Norman McCowan and Bjorn Thelander, Nicole Williams, and counsel for Third-Party Plaintiffs Kim Annello, and counsel for Third-Party Plaintiffs is opposed to this motion and the relief requested herein.

                                                                              */s/ Nicole Williams*

- 12 -

## **CERTIFICATE OF SERVICE**

      This document was filed electronically on December 4, 2019, and, in compliance with Local Civil Rule L.R. 5.1(d), a copy of this document has been served on all counsel of record.

      */s/ Nicole L. Williams*