**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| VEROBLUE FARMS USA, INC., | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:19-CV-00764-X |
| LESLIE A. WULF, ET AL., | § | |
|    Defendants. | § | |
| | § | |

---

**THIRD-PARTY DEFENDANT ALDER AQUA, LTD.'S
MOTION TO STAY DISCOVERY OR, ALTERNATIVELY,
FOR PROTECTIVE ORDER, AND BRIEF IN SUPPORT**

---

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

RELIEF SOUGHT .................................................................................................................... 1

SUMMARY OF MOTION ....................................................................................................... 1

BACKGROUND ....................................................................................................................... 1

ARGUMENT & AUTHORITIES ............................................................................................. 3

    A.    Overview ....................................................................................................... 3

    B.    The Breadth of Discovery to, and Burden of Responding on, Alder
        Supports a Stay ............................................................................................. 5

    C.    Alder's Dispositive Motions Warrant a Stay ............................................... 9

    D.    Ongoing Discovery does not Prevent a Stay .............................................. 12

    E.    Alternatively, a Protective Order Should Issue .......................................... 12

CONCLUSION ........................................................................................................................ 13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Corwin v. Marney, Ort Inv.*
843 F.2d 194 (5th Cir. 1988) ..................................................6, 9

*Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.,*
No. 3:08-cv-774-L, 2008 U.S. Dist. LEXIS 56564, 2008 WL 2930482 (N.D.
Tex. July 23, 2008) ...........................................................11

*Harris v. Amoco Prod. Co.*,
768 F.2d 669 (5th Cir. 1985) .................................................12

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936)..........................................................4

*Landry v. Air Line Pilots Ass'n Int'l AFL-CIO,*
901 F.2d 404 (5th Cir. 1990) ................................................5

*N. A. Communs., Inc., v InfoPrint Solutions Co., LLC,*
No. 3:08-288, 2011 U.S. Dist. LEXIS 118388 (W.D. Pa. 2011)...............12

*Norman v. Travelers Ins. Co.*,
No. 3:19-cv-2351-S-BN, 2019 U.S. Dist. LEXIS 202707 (N.D. Tex.
November 22, 2019) .........................................................9

*Petrus v. Bowen*,
833 F.2d 581 (5th Cir. 1987) ................................................5, 9

*Sapp v. Mem'l Hermann Healthcare Sys.*,
406 F. App'x 866 (5th Cir. 2010) ...........................................3, 9, 10

*U.S. v. Joe Grasso & Son, Inc.*,
380 F.2d 749 (5th Cir. 1967) ................................................4

*Valenzuela v. Crest-Mex Corp.*,
No. 3:16-cv-1129-D, 2017 U.S. Dist. LEXIS 98963 (N.D. Tex. 2017), *motion
granted, stay granted by Valenzuela v. Crest-Mex Corp.*, 2017 U.S. Dist.
LEXIS 122012 (N.D. Tex., Aug. 3, 2017)....................................5, 11

*White v. Spikes*,
No. 3:14-cv-389-M-BN, 2015 U.S. Dist. LEXIS 27324 (N.D. Tex. 2015)...........10

**Other Authorities**

Fed. R. Civ. P. 12(b) ..................................................................................................2, 3, 8, 10, 11

Fed. R. Civ. P. 14(a)(1) ...............................................................................................................4

Fed. R. Civ. P. 14(a)(4) ......................................................................................................2, 4, 9

FED. R. CIV. P. 26(c)(1) .............................................................................................................13

Fed. R. Civ. P. 56(f) ....................................................................................................................9

## RELIEF SOUGHT

Third-Party Defendant Alder Aqua, Ltd. ("**Alder**") moves to stay discovery against it, or in the alternative for a protective order, until 14 days following the latest of the Court's ruling on its pending dispositive Rule 12(b)(6) Motion to Dismiss Amended Third Party Complaint (Dkt. 219) or Rule 14 Motion to Strike Amended Third Party Complaint (Dkt. 223).

## SUMMARY OF MOTION

The breadth of discovery to, and the burden of responding and complying on, Alder supports a stay of discovery until Alder's dispositive Motion to Dismiss raising uncurable legal defects or Motion to Strike are resolved.

## BACKGROUND

1.      Plaintiff VeroBlue Farms USA, Inc. ("**VBF**") filed this action against Defendants Leslie A. Wulf, Bruce A. Hall, James Rea, and John E. "Ted" Rea (the "**Promoters**") and Keith Driver on or about July 31, 2018 (Dkt. 1). Some nine months later the Promoters answered and filed their Third Party Complaint against several persons, including Alder (Dkt. 66).[1]

2.      And then some six months after that, on October 7, 2019, the Promoters "notified" the Court they intended to "maintain" their Third Party Complaint. Then further still, on November 8, 2019, and following the Court's order (Dkt. 173, 174, 175), the Promoters amended their Third Party Complaint against Alder, adding additional claims and allegations against Alder (the "**ATPC**") (Dkt. 186).

---

[1] The Promoter Defendants are Defendants/Third Party Plaintiffs. For ease of reference this motion will refer them as the **Defendants/Third Party Plaintiffs** or simply, the **Promoters**. Although they attach the "**Founders**" approbation to themselves, they really "founded" nothing. Defendants/Third Party Plaintiffs bought an existing fish farm in Iowa, changed its name to VBF, raised money from investors (investing no money themselves), and then proceeded to bankrupt it. They are more accurately "Promoters" than anything else.

3.     Alder timely responded on December 4, 2019 by moving to dismiss the ATPC under Fed. R. Civ. P. 12(b) and to strike the ATPC under Fed. R. Civ. P. 14(a)(4).

4.     Yet on December 3, 2019, the eve of Alder's response deadline to the ATPC, the Promoters served Alder with **ninety-eight (98)** Requests for Production ("Requests"), many of which specifically sought facially privileged communications and documents about subjects wholly unrelated to their alleged breach of contract and tortious inference claims against Alder. (Declaration of Alder counsel ¶ 2, Appx at 2). Most of the requests are duplicative of the requests the Promoters served on Plaintiff VBF.  Many of the requests evidence the Promoters' apparent plan in this lawsuit to mount a collateral attack on VBF's Plan of Reorganization approved by the Bankruptcy Court and funded by Alder as the Plan Sponsor.

5.     As of this filing, Alder has incurred attorneys' fees in excess of approximately $11,000 for simply reviewing, analyzing, explaining and objecting in writing to the ninety-eight (98) Requests for Production. (Declaration of Alder counsel ¶ 3, Appx at 2).  Alder is serving today its objections to the Requests to avoid waiver.

6.     In that same December 3 communication serving their Requests for Production, the Promoters demanded Alder provide deposition dates for two individuals, each of whom is an **unserved,** third party defendant, and is neither a US citizen nor a US resident.  (*Id*. ¶¶ 4-5, (Appx at 1 and 5).  On information and belief, each of these unserved individuals resides in Europe. (*Id*.)  Winstead represents neither of them.  (2d. ¶ 6, Appx at 2.)  Nonetheless, the Promoters demand *Alder* produce these two individuals for deposition under a vague, unproven, misguided notion (allegation) that each is an "Alder representative" and thus, Alder has some unspecified obligation to produce them.  Any effort by the Promoters proceed with this misguided request that Alder produce these two former VBF board members for deposition will result in a

discovery dispute to be presented to the Court.  Serving as a VBF board member in a seat Alder was entitled to fill does not turn these individuals into Alder "representatives" and, even assuming arguendo it did (which Alder contests), such status is not conferred indefinitely. Furthermore, should the Court somehow determine these unserved, foreign citizens and non-US residents are Alder's "representatives" subject to production, which Alder denies and would be unable to achieve, the cost to Alder would be substantial.  Travel costs alone for one Alder counsel to and from say, Zurich or another European locale, for depositions could easily exceed $10,000.  (*Id.* ¶ 7, Appx at 2 and 8-10). Added to that will be attorney fees inherent in preparing for the deposition of an unserved individual third party defendant who may never before have sat for a deposition.   Fees and expenses are estimated to be no less than $32,000 for these depositions.  (*Id.* ¶¶ 8-10, Appx at 2).[2]

## ARGUMENT & AUTHORITIES

A.   *Overview*

7.     This entire discovery is completely unnecessary in light of Alder's dispositive Rule 12 (b) Motion to Dismiss.  Indeed, all of the 12 (b)(1), (6), and (5) grounds Alder raises (as very briefly summarized below) are purely legal and do not involve any factual consideration outside of the ATPC itself.  Discovery, therefore, is simply not needed for the Court to rule on Alder's dismissal motion.  *See Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010) (wasteful to allow discovery when case will not reach determination on merits because of dispositive motion presenting question of law).  Going further, Alder's motion establishes that under no set of facts can the Promoters state a claim against Alder for either

---

[2] Alder wishes for the stay relief to be granted and not engage in a challenge of motives with the Promoters.  But it is at least curious to Alder, and may be to the Court also, that Promoters have singled out the two yet **unserved** third party defendants for deposition under the guise of being an "Alder representative."

breach of contract or tortious interference, being the only two causes of action they assert against Alder.[3]

8.      The same is true of Alder's Rule 14(a)(4) Motion to Strike.  Rule 14(a)(1) permits a defending party, such as the Promoters, as a third party plaintiff to serve a complaint against a non-party responsible for all or part of a plaintiff's claims against that defending party.  But here, under no conceivable interpretation can it be concluded that the ATPC is a pleading by the Promoters against "*a nonparty who is or may be liable to it for all or part of the claim against it.*" FED. R. CIV. P. 14(a)(1) (emphasis added).  Nowhere in the ATPC do the Promoters allege that Alder is responsible for the claims Plaintiff VBF asserts against them. As a consequence, the ATPC will be stricken.  *See id*. at 14(a)(4); *U.S. v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967) (affirming dismissal of third-party complaint, finding that it was "a separate claim for taxes," and that government "failed to show that the tax liability necessarily will fall upon" third-party defendants).

9.      "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  At the same time Alder recognizes its request to stay discovery can be viewed as a "tall order" as this District has previously made clear:

> In particular, "[t]he Court has broad discretion and inherent power to stay discovery while a motion to dismiss is pending," but "[s]uch a stay is not [] automatically granted whenever a motion to dismiss is pending." *Stanissis v. Dyncorp Int'l LLC*, No. 3:14-cv-2736-D, 2014 U.S. Dist. LEXIS 174296, 2014 WL7183942, at *1 (N.D. Tex. Dec. 17, 2014) (internal quotation marks omitted).

---

[3] The Promoters also assert Alder is the "alter ego" of Plaintiff VBF, but that assertion is simply fool's gold. First, it is a collection remedy and not a cause of action. Second, the Promoters have not sued VBF (the actual party to the challenged contract) because the Bankruptcy Court released VBF.  So if Alder is the "alter ego" of VBF, as alleged, it too has the benefit of the Bankruptcy Court discharge and release.

"[N]o federal rule, statute, or binding case law applies here to automatically stay discovery pending a ruling on" defendants' motions to dismiss. *Escareno ex rel. A.E. v. Lundbeck, LLC*, No. 3:14-cv-257-B, 2014 U.S. Dist. LEXIS 66824, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) **[*15]** . "In fact, such a stay is the exception rather than the rule." *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, No. 3:08-cv-774-L, 2008 U.S. Dist. LEXIS 56564, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008). "[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Id.* (internal quotation marks omitted).

*Valenzuela v. Crest-Mex Corp.*, No. 3:16-cv-1129-D, 2017 U.S. Dist. LEXIS 98963, at **14-15 (N.D. Tex. 2017) ("Valenzuela I"), *motion granted, stay granted by Valenzuela v. Crest-Mex Corp.*, 2017 U.S. Dist. LEXIS 122012 (N.D. Tex., Aug. 3, 2017) ("Valenzuela II"). That a discovery stay may be the exception does not, however, suggest a stay is unjustified here. *See Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435-436 (5th Cir. 1990) (protective order or stay warranted in instances when movant demonstrates good cause and a specific need for protection). This case is just such an instance.

10.     In this District, the relevant factors informing the Court's stay discretion are: "(1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay." *Valenzuela I*, 2017 U.S. Dist. LEXIS 98963 at *15. "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

B.     *The Breadth of Discovery to, and Burden of Responding on, Alder Supports a Stay*

11.     Here, good reason exists for the Court to exercise its discretion to stay discovery against Alder.   The Promoters have served Alder with ninety-eight (98) all-encompassing requests for production and made demands for dates to depose various foreign persons (who are neither citizens nor residents of the United States) who formerly sat on VBF's board.   The

breadth of the document discovery requests is far-reaching and has caused Alder considerable expense to respond, and will require additional expense including discovery disputes to be presented to the Court, should Promoters press Alder on its objections or seek actual production. (Appx at 12-32).  The Request instructions and definitions run no less than six and one-half pages, **single spaced**.  (Appx at 13-18).  Many of the written requests are not relevant, not proportional to the needs of this case, and are cumulative or duplicative of what the Promoters have served on VBF in the instant lawsuit.  Moreover, the Federal Rules do not permit the Promoters to undergo an international fishing expedition for an unlimited amount of information. *Cf Corwin v. Marney, Ort Inv.* 843 F.2d 194, 200 (5th Cir. 1988) (would be "wasteful" to allow discovery on all issues when, for example, case will not reach trial because limitations had expired before lawsuit filed).  Permitting, the Promoters' discovery requirements here will likewise be wasteful.  The Promoters' discovery requests will also likely lead to discovery motions in order to limit the burdensome requests, thereby costing more money, time, and resources, all of which are additional, unnecessary burdens on Alder (and the Court).[4]

12.     The breath of the discovery the Promoters are propounding on Alder and the burden in complying is unwarranted.   Thus far, the Promoters had served ninety-eight (98) Requests for Production (several of which are compound), and many of which seek facially privileged attorney communications and/or work product (*e.g.*, Requests 30-31, 33, 40 and 70). Other of the Requests suggest discovery more aligned to making a collateral attack on VBF's confirmed Plan of Reorganization than discovery in this lawsuit (*e.g.*, Requests 49-50, 52-54, 57

---

[4] The Promoters have already sought unsuccessfully much of the document discovery in the Bankruptcy Court during VBF's Plan confirmation proceedings, which the Bankruptcy Court denied following hearings.  The Iowa District Court has also denied their request.  Given the that the Promoters seek this discovery now from Alder suggests they may plan a collateral attack on the Confirmed Plan or may seek to use the discovery process here for purposes of their Plan Confirmation appeal.

and 83).  For instance, Request 57 demands Alder produce "*all* documents and communications" it had with "*any party*" in VBF's chapter 11 bankruptcy proceeding that relates to the Promoters, VBF's Complaint, or the ATPC's allegations. (Emphasis added)  The breath of such of request is extraordinary broad, and compliance would theoretically require Alder to review every communication it had, if any, during the period of VBF's bankruptcy proceeding.

13.     Not to be outdone, other of the Requests seek "*all communications*" Alder may have had with: (a) VBF's *former* lender who sold its note to another party pre-petition (Request 30); (b) the former lender or the replacement lender pre-petition (Request 31); and (c) the former lender about VBF's allegations in the Second Amended Complaint or the ATPC (Request 34). (Emphasis added).  All of VBF's debt to Alder was addressed in the Bankruptcy proceeding, of course.  The Requests further require Alder to respond to and produce "*all documents and communications that evidence*": (a) VBF's sale of assets pre-, during, and post-bankruptcy; (b) revenue VBF earned, including during the bankruptcy proceedings; and (c) VBF's use of proceeds.  (Requests 66-68, emphasis added).   This discovery is unnecessary and burdensome as to Alder because objections aside, to the extent these matters are in issue, they were addressed during VBF's bankruptcy reorganization.

14.     Request 78 demands "*all documents and communications* related to **Your decision** … to cease VBF's business." (Emphasis added).  But VBF has never "cease[d] business," a fact which the Promoters know.  So not only is the Request argumentative, it is a complete misstatement.  And as the Promoters also know first-hand, Alder provided VBF with DIP funding during its chapter 11 reorganization and invested $13.5 million into VBF as part of the Plan of Reorganization.  Regardless of the objectionable and harassing nature of these and other Requests, Alder still must respond to them or risk waiver of its objections.

15.     Perhaps most egregious are Requests 71 and 72.  Request 71 demands Alder produce "*all engagement letters with any counsel*" it has "retained to represent [it] in connection with the Third Party Compliant."  Any such engagement letter(s) are as privileged as they are irrelevant to the claims the Promoters have made against Alder.  Request 72 seeks production of "*all devices including… cell phones, tablets, laptop computers that may contain*" ESI that references the Promoters, the ATPC, and/or VBF's lawsuit allegations.  (Emphasis added).  This request is so facially beyond permissible discovery under the Federal Rules that it needs no discussion.  But it does reflect the breath and burdensomeness of the discovery the Promoters are willing to propound.  Under established precedent, these Requests for Production warrant issuing a stay, or protective order, while the Court considers Alder's case dispositive motion to dismiss.

16.     The Promoters have also demanded Alder produce for depositions two individual unserved, non-US, third-party defendants who reside in Europe.  Should the Promoters press this issue, additional discovery disputes will arise regarding Alder's supposed obligation (or actual capacity) to produce them.  This effort will require additional time and fees to resolve.  Furthermore, in the highly unlikely circumstance the Court compels these depositions through Alder, deposing these individuals will cost at least $10,000 in travel expenses, plus at least a week's time to roundtrip travel, prepare, and defend the depositions, raising Alder's costs to over $30,000.  (Declaration of Alder counsel ¶¶ 3-10, Appx at 1-2 and 8-10).

17.     If all discovery is not stayed, Alder will be significantly burdened by the time, expense, and effort it will take to defend against the document discovery requests propounded and depositions demanded.  Thus, the Court's consideration of the burden on  Alder to respond to the breadth of discovery propounded and demanded weighs in favor of staying discovery against Alder, especially when also considering the dispositive nature of Alder's pending Rule

12(b) motion to dismiss and Rule 14(a)(4) motion to strike. *See Norman v. Travelers Ins. Co.*, No. 3:19-cv-2351-S-BN, 2019 U.S. Dist. LEXIS 202707, *5 (N.D. Tex. November 22, 2019) (stay warranted when substantial likelihood case would be completely dismissed if motion granted). In short, Alder has aptly demonstrated that the breadth of discovery to Alder is unmatched and the burden on Alder is too high, especially when Alder's dispositive motions on legal grounds are pending.

C.     *Alder's Dispositive Motions Warrant a Stay*

18.     Alder's dispositive motions challenge on purely legal grounds the Promoters' claims, including (a) the Promoters' standing to assert alter ego contract claims that properly belonged to the bankruptcy estate and (b) the discharge and release of claims under the bankruptcy Plan and Order. When there are purely legal threshold issues barring claims, the Court is wise to stay discovery on the merits. *Corwin*, 843 F.2d at 200. Courts have granted similar discovery stays pending disposition of major threshold legal issues. *See, e.g.*, *Petrus*, 8334 F.2d at 853 (recognizing inherent power to stay discovery until questions disposing of case are determined); *Sapp*, 406F. App'x at 870 ("As we have previously said, it would be 'wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach' a determination on those merits."); *Norman*, 2019 U.S. Dist. LEXIS 202707 at *5 (when complete dismissal on legal grounds is likely, stay of discovery is warranted).

19.     *Sapp* is instructive when the movant, like Alder here, solely makes dispositive legal arguments. In *Sapp*, the Fifth Circuit held that it was not an abuse of discretion to deny the plaintiff's Rule 56(f) motion (to suspend summary judgment pending discovery) and to grant the defendant's motion to stay discovery pending the determination of a summary judgment presenting a question of law. *Sapp*, 406 F. App'x at 869-70. The defendant filed summary

judgment on res judicata grounds and the plaintiff alleged that it needed more time for discovery, including to conduct depositions. *Id.* The Court found that it appeared that the discovery that the plaintiff sought went to the underlying merits of the case and was not responsive to the defendant's pending motion for summary judgment, and "it would be 'wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach' a determination on those merits." *Id.* (quoting *Corwin*, 843 F.2d at 200).[5]

20.     Alder's Rule 12(b) motion to dismiss argues that the Promoters lack standing to assert their "alter ego" contract breach claims because those claims are the property of the bankruptcy estate. *See* Alder's Rule 12(b) Brief Section IV A at pages 7-11. (Dkt 220).

21.     As a consequence, the Promoters have failed to state a claim and given the legal nature of these grounds, they cannot replead around these grounds.  Irrespective of their fatal lack of standing, the Promoters cannot assert an actionable breach of contract claim against Alder as a matter of law because (a) it is not a party to any contract with them; (b) any breach of contract claim against VBF was discharged in the VBF Plan of Reorganization so there is no possible breach liability against VBF for which Alder could be held responsible under an "alter ego" remedy; and (c) VBF's filing of a lawsuit to rescind the Termination Agreements and other challenged actions are  not a "breach of contract" as a matter of law.  All of these legal grounds are fully briefed in Alder's Rule 12(b) Brief at Section IV C 1-4, pages 12-15.    (Dkt. 220). Furthermore, "alter ego" is not a stand-alone cause of action under Texas law and the Promoters have failed to state a claim for that reason.

---

[5] Similarly, a lack of jurisdiction is sufficient to warrant a stay.  *See White v. Spikes*, No. 3:14-cv-389-M-BN, 2015 U.S. Dist. LEXIS 27324, *3-4 (N.D. Tex. 2015).  Alder's Rule 12(b) Motion also argues the Court has no jurisdiction over it because the Promoters' service was deficient under the Hague Convention and local protocols.  Although generally curable, the Promoters have not remedied their service deficiency despite Alder's Brief identifying how they may do so.

22.     The Promoters' tortious interference claims are equally incurable.  First, a party to a contract cannot tortiously interfere with its own contract.  For instance, if Alder is the "alter ego" of VBF as the Promoters' assert, then Alder cannot interfere with its "own" contract and, hence, is legally incapable of interference.  Here again, the Promoters cannot replead around this claim defect.  Second, and irrespective of "alter ego," VBF was exercising its *legal* rights under the Termination Agreements, and therefore could not be induced by Alder to breach them by taking an action (*e.g.*, filing a lawsuit, exercising the "Egregious Cause" termination clause, terminating future payment due to misrepresentation or breach of warranty, or termination of employment) it (VBF) had a right to take.  So without any legally cognizable breach by VBF, Alder cannot tortuously interfere with the Termination Agreements as a matter of law.  These legal arguments are fully briefed in Alder's Rule 12(b) Brief at Section IV D 1-6, pages 15-22, and no repleading can cure these legal defects to their tortious interference claim against Alder. (Dkt. 220).

23.     The Promoters' claims cannot be remedied by any leave to replead, but go to the heart of their ability to state claims against Alder.  Because Alder's dismissal motions are based fully on unique legal grounds, and not factual arguments, Alder's grounds are not akin to challenges "that are not uncommon," or grounds that "often have resulted in leave to replead." *See Valenzuela I,* 2017 U.S. Dist. LEXIS 98963 at *16 (finding that stay was not warranted because it was common for defendants to raise the defects they did and it was typical to permit plaintiffs to replead).  Furthermore, the Promoters' claims against Alder are not "sophisticated," and  Alder's legal grounds for dismissal are very straightforward and clear.  *See Glazer's Wholesale Drug co. v. Klein Foods, Inc.* No. 3-08-cv-0774, 2008 U.S. Dist. LEXIS 56564 (finding stay not warranted because dismissal grounds "less clear cut" and plaintiff's alleged

claims were "sophisticated"). Therefore, the Court's consideration of the strength of Alder's dispositive motions—based on legal grounds—weighs in favor of staying all discovery in this case.

D.      *Ongoing Discovery does not Prevent a Stay*

24.      Nor does it matter to this analysis that discovery is underway in this lawsuit and has been for some time. *See N. A. Communs., Inc., v InfoPrint Solutions Co., LLC*, No. 3:08-288, 2011 U.S. Dist. LEXIS 118388, at **8-9 (W.D. Pa. 2011). The Promoters have not previously sought discovery from Alder during the **eighteen (18)** months this lawsuit was pending. Further, Alder was only required to respond to the ATPC *less than* 30 days ago, despite the fact that the Promoters could have attempted to state a claim against Alder anytime during the past 18 months this lawsuit has been on file. "Therefore, it is not due to any fault of [Alder] that this Court is faced with this stay issue 18 months into the lawsuit." *Id*. at 10. Furthermore, discovery has not begun as to Alder except for the document requests and deposition demands referenced in this motion, so it is not as if Alder has participated or engaged in discovery and then sought to stay it. *Id*. Alder also has not lessened its entitlement to stay relief by objecting to the document requests, considering its alternative was to risk waiving objections or affecting an unnecessary delay by asking for an extension only to later file for a protective order. In short, responsibility for any additional delay in obtaining discovery from Alder—beyond the 18 months the Promoters have already let lapse—rests with the Promoters, and clearly not Alder. Alder has acted timely.

E.      *Alternatively, a Protective Order Should Issue*

The Court has broad discretion in determining whether to grant a motion for a protective order. *See Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985). The Court may, for

good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.  *See* FED. R. CIV. P. 26(c)(1).  Thus, in an effort to conserve both party and Court resources and efficiently litigate this case, Alder requests that the Court stay all discovery pending the determination of the case dispositive issues before the Court.

## **CONCLUSION**

WHEREFORE, Third-Party Defendant Alder Aqua, Ltd. respectfully requests that the Court grant this motion and stay all discovery against Alder in this action or, in the alternative, enter a protective order that discovery against Alder not ,ward to Alder any and all such further and other relief, at law or in equity, to which it may be justly entitled.

Dated:  January 2, 2020.

Respectfully submitted,

By:   /s/ John P. Kincade
     John P. Kincade, Esq.     SB# 11429600

2728 N. Harwood Street
Suite 500
Dallas, Texas 75201
(214) 745-5400
(214) 745-5390 (Fax)
Email:  jkincade@winstead.com

Elliot Clark
Texas Bar No. 24012428
eclark@winstead.com
**WINSTEAD PC**
401 Congress Avenue, Suite 2100
Austin, Texas 78701-3619
512-370-2800
512-370-2850 (Facsimile)

Kevin T. Keen
Texas Bar No. 24113386
kkeen@winstead.com
**WINSTEAD PC**
24 Waterway Avenue
Suite 500
The Woodlands, Texas 77380
(281) 681-5900
(281) 681-5901 (facsimile)

***ATTORNEYS FOR THIRD-PARTY
DEFENDANT, ALDER AQUA, LTD.***

## <u>CERTIFICATE OF CONFERENCE</u>

I conferred with counsel for the Third Party Plaintiffs, and the Third Party Plaintiffs are opposed to the relief sought.

/s/ John P. Kincade
One of Counsel

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 2, 2020, this document was filed and served via the Court's ECF system and that a copy was sent via electronic mail to all counsel of record for whom the ECF system did not send an automatic Notice of Electronic Filing.

/s/ John P. Kincade
One of Counsel

Third-Party Defendant Alder Aqua, Ltd.'s Motion to Stay Discovery or,
Alternatively, for Protective Order, and Brief in Support                              Page 15
4813-0650-9232v.1 63326-1