IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VEROBLUE FARMS USA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:19-cv-00764-L |
| LESLIE A. WULF, BRUCE A. HALL, JAMES REA, JOHN E. REA, and KEITH DRIVER | § § § | |
| | § | |
| Defendants. | § | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE CERTAIN ARGUMENTS AND EVIDENCE FROM FOUNDER DEFENDANTS AND DEFENDANT KEITH DRIVER'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Defendant Keith Driver ("Driver") hereby responds to Plaintiff's Motion to Strike Certain Arguments and Evidence from Founder Defendants and Defendant Keith Driver's Motion to Dismiss the Second Amended Complaint ("Motion to Strike") (filed December 3, 2019) [Dkt. No. 215].

### BACKGROUND

1. As admitted in the Motion to Strike, Plaintiff VeroBlue Farms USA, Inc. ("Plaintiff") has now filed three complaints against both Driver and "Founder Defendants."

2. In response, Driver has properly filed a Rule 12(b)(6) Motion to Dismiss each individual complaint. [Dkt. Nos. 20, 67, 180]

3. With each 12(b)(6) Motion to Dismiss, Driver has included his executed Declaration in support of the respective motion ("Driver Declaration"). [Dkt. No 20, App. 0031; Dkt. No. 69, App. 0031; Dkt. No. 182, App. 0031].

4. Plaintiff failed to object to the Driver Declaration when previously filed twice in support of Driver's motions to dismiss. In other words, the Driver Declaration has been filed

since October 17, 2018, and Plaintiff did not object until over a year later on December 3, 2019.

5. In Driver's most recent 12(b)(6) Motion to Dismiss [Dkt. No. 180], Driver incorporated arguments from the Founder Defendant's Motion to Dismiss because, as stated by Plaintiff, Plaintiff is bringing almost all of its claims against all "Founders," which includes Driver, based on the same set of alleged facts. [Dkt. No. 218, pp. 6-7].

6. After Driver and the Founder Defendants filed their most recent motions to dismiss [Dkt. Nos. 180 & 184], Plaintiff's counsel requested Driver agree that it could respond to Founder Defendant's and Driver's motions to dismiss together in one collective response, evidencing that Plaintiff itself considers the arguments to be mutual from both parties.

7. Plaintiff's argument is that by incorporating the Founder Defendants' arguments by reference, Driver has exceeded his page limits. Driver's 12(b)(6) Motion to Dismiss is only 15 pages, 10 pages under the limit. *See* N.D. Tex. L.R. 7.2. In the alternative to striking the incorporation of the Founder Defendants' arguments, Driver requests that the court grant leave to exceed the page limits to incorporate those arguments. Since the Court has already reviewed the Founder Defendants' arguments and those arguments are equally applicable to Driver, the Court and Plaintiff will not be prejudiced. In fact, both will be spared the obligation of reading the same arguments twice.

## ARGUMENT AND AUTHORITIES

Plaintiff asks the Court to effect a substantive remedy as "punishment" for incorporating another party's arguments by reference which is, at best, not a violation of any rule and, at worst, a mere technical violation of the rules of briefing. The Federal Rules do not condone the relief sought. "It is . . . entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of [] mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962) (looking to substance of notice of appeal, not its form). The Rules

"should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. "Rules of practice and procedure are devised to promote the ends of justice, not to defeat them." *Hormel v. Helvering*, 312 U.S. 552, 557 (1941) (discussing rules requiring preservation of error). The circumstances present do not justify the remedy sought.

The technical issues with Driver's 12(b)(6) Motion to Dismiss can be easily remedied without any effect on Plaintiffs' substantive rights. *See* FED. R. CIV. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."). Moreover, the proper remedy for these technical issues is either leave of court or a minor amendment of Driver's 12(b)(6) Motion to Dismiss.

First, Plaintiff waived its objection the Driver Declaration as it has been previously filed twice with no objection. [Dkt. No. 20, App. 0031; Dkt. No. 69, App. 0031]. It took Plaintiff over **fourteen months** to voice any objection to the Driver Declaration supporting his multiple motions to dismiss, thus Plaintiff's rights have not and cannot be affected due to their own lack of diligence.

Second, Plaintiff's request to strike Driver's inclusion of the arguments made in the Founder Defendant's Motion to Dismiss [Dkt. No. 184] is entirely based on technicalities, not substance. 4 WRIGHT, CHARLES A., *et al.*, FED. PRAC. & PROC.3d § 1029 at 152 (2002) ("The federal rules are designed to discourage battles over mere form and to sweep away needless procedural controversies that either delay a trial on the merits or deny a party his day in court because of technical deficiencies."). Plaintiff has thoroughly briefed why it believes the facts and claims against Driver are intertwined with Plaintiff's claims against the Founder Defendants. [Dkt. No. 218, pp. 1-24]. Plaintiff showed its belief that the arguments presented in both Driver and the Founders' motions to dismiss are applicable to the other moving party by requesting to

file one single response that would address both Driver and Founders Defendants' motions to dismiss. Only when Driver and the Founder Defendants did not agree is when Plaintiff sought to strike the incorporation. Accordingly, Driver's inclusion of Founder Defendants' arguments does not affect the substantive rights of Plaintiff. Moreover, Driver is not opposed to Plaintiff incorporating its response to the Founder Defendants' motion to dismiss in its response to Driver's. Driver seeks the Court to consider all arguments from both Driver, the Founder Defendants, and Plaintiff in their entirety when deciding whether Plaintiff has even stated a claim against Driver.

Finally, Plaintiff advocates the extreme, substantive remedy of striking the inclusion when an alternate remedy is better fit for the circumstances. At worst, Driver inadvertently exceeded the twenty-five page limit for a motion to dismiss by incorporating Founder Defendants' arguments. To avoid the further expense of judicial resources on this issue, Driver seeks leave to exceed the page limit or file an amended motion within the page limitations that specifically identifies which of Founder Defendants' arguments it is incorporating. It should be pointed out that by incorporating these arguments by reference, Driver has reduced the burden on the Court and Plaintiff in re-reading identical arguments and Plaintiff drafting nearly identical responses to Driver, but if Plaintiff insists that the arguments should be struck in total and the size of briefing expanded, then Driver will comply with that request.

**WHEREFORE**, Defendant Keith Driver prays that the Court deny Plaintiffs' Motion to Strike or, in the alternative, grant him leave to exceed the page limit for a motion to dismiss or to amend the Motion to Dismiss to specifically identify which of Founder Defendants' arguments it is incorporating.

Respectfully submitted,

By: */s/ Heath Cheek*
R. Heath Cheek
State Bar No. 24053141
hcheek@bellnunnally.com
Katie R. Beaird
Texas Bar No. 24092099
kbeaird@bellnunnally.com
**Bell Nunnally & Martin LLP**
2323 Ross Avenue, Suite 1900
Dallas, TX 75201
Telephone: (214) 740-1400
Telecopy: (214) 740-1499

**ATTORNEYS FOR DEFENDANT
KEITH DRIVER**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served upon counsel of record for all parties via ECF Service.

**DATED** this 9th day of January, 2020.

*/s/ Heath Cheek*
R. Heath Cheek