# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| VEROBLUE FARMS USA INC., §<br>　Plaintiff §<br>§<br>v. §<br>§<br>LESLIE A. WULF, BRUCE A. HALL, JAMES §<br>REA, JOHN REA, and KEITH DRIVER, §<br>　Defendants/Third Party Plaintiffs, §<br>§<br>v. §<br>§<br>EVA EBSTEIN, JENS HAARKOETTER, BJORN §<br>THELANDER, ANDERS WESTER, NORMAN §<br>MCCOWAN, DR. OTTO HAPPEL and ALDER §<br>AQUA, LTD. §<br>　Third-Party Defendants §| CIVIL ACTION NO. 3:19-CV-00764-L |

## FOUNDER DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE

Defendants Leslie A. Wulf ("**Wulf**"), Bruce A. Hall ("**Hall**"), John E. "Ted" Rea ("**T. Rea**"), and James Rea ("**J. Rea**") (collectively "**Founders**"), hereby respond to Plaintiffs' Motion to Strike Certain Arguments and Evidence from Founder Defendants' Brief (the "Motion") [Dkt. No. 215]. VBF's Motion ignores both the facts of this case as well as the law.

VBF asks this Court to strike any arguments in Founder's Brief addressing what they deem their "Original Claims," (Counts 1-4 and 9-13 of the Second Amended Complaint), because Founders filed a successful motion to dismiss under Rule 12(b)(3) for improper venue, against VBF's since-superceded Amended Complaint. VBF asserts that Fed R. Civ. P. 12(g) "bar[s] successive pre-answer motions to dismiss," thus, Founders are now barred from filing a motion to

1

dismiss under Rule 12(b)(6) against VBF's Second Amended Complaint. (Mot., Dkt. No. 215, p. 7). Rule 12(g) is not so absolute and does not apply when, as here, over 170 new factual allegations and 18 new claims have been added to the complaint. VBF's Motion is duplicative and only serves to expend the Court's and Founders' resources unnecessarily.

*Rule 12(g) does not Bar Founders' 12(b)(6) Motion --* The sole case that VBF relies upon for its premise that Rule 12(g) bars Founders' motion: *Stoffels ex rel., SBC Concession Plan v. SBC Commc'ns., Inc.*, 430 F. Supp. 2d 642 (W.D. Tex. 2006), is not binding on this court, and despite its dicta, ultimately ***permits*** the purportedly barred Rule 12(b)(6) motion to proceed. *Id.* at 648-49 ("[A]lowing consideration of a second 12(b)(6) motion to dismiss is not an entirely uncommon practice."). In fact, another court *in this district* has held that reading Rules 12(b)(6) and 12(h)(2) together operates to ***exempt*** Rule 12(b)(6) motions from Rule 12(g)'s consolidation requirement; meaning, "the fact that defendant did not assert a Rule 12(b)(6) defense in their first Rule 12(b) motion does ***not*** bar them from asserting a Rule 12(b)(6) defense in the present motion." *MCW, Inc. v. Badbusinessbureau.com*, No. Civ. A. 3:02-CV-2727-G, 2004 WL 833595 at * 6 (N.D. Tex. 2004) (permitting Rule 12(b)(6) motion after Rule 12(b)(5) motion denied) (emphasis supplied)).

*Rule 12(g) Does Not Apply Since VBF Amended its Complaint to Add over 229 Allegations -*- But the Court need not wade into this procedural debate because the law is clear, that Rule 12(g) only applies to "defenses that were available but were not asserted." Fed. R. Civ. 12(g). Thus, when a pleading is amended to include new or different allegations, it becomes subject to a new 12(b)(6) motion: "***whenever the court allows a party to amend its pleading, the opposing party's right to interpose a Rule 12(b)(6) motion is extended or revived accordingly***." 5C FED. PRAC & PROC. CIV. §1361 (Wright & Miller) (3d ed 2019) (emphasis supplied); *see also*

*id.*, §1388 ("[I]f the plaintiff voluntarily serves an amended complaint…the revised pleading may contain new information or different allegation making subject to a defense or objection that was not previously apparent to the movant."). That is exactly what happened here. VBF's Amended Complaint (the initial complaint for all practical purposes), contained 42 paragraphs of factual allegations which served as the underpinnings for the nine "Original" claims. VBF's Second Amended Complaint, contains 229 paragraphs of factual allegations (over 48 pages of additional facts) and 27 claims for relief (3 times as many as the original). Although some of the 42 allegations from the Amended Complaint are repeated in the Second Amended Complaint, ***every single claim for relief incorporates all 229 factual allegations***. Thus, there are no "Original Claims" in the Second Amended Complaint, because every single one of the nine claims initially plead now contains over 175 paragraphs of new factual allegations. Founders' motion attacks the sufficiency of *all* of these allegations.[1]

VBF does not, and cannot argue, that Rule 12(g) prohibits Founders from attacking any of the new allegations or claims that they raised. 5C FED. PRAC. & PROC. §1388. Since VBF did not segregate its "Original Claims" and their factual underpinnings in the Second Amended Complaint, then all of those allegations along with the hundreds of new ones, are subject to dismissal under Rule 12(b)(6). *Id.* This is precisely what happened in *Stoffels:* plaintiff had been granted leave to file an amended complaint, the court denied the prior motion to dismiss as moot, and permitted the second motion to dismiss to proceed. *Id.*, 430 F. Supp. 2d at 648. VBF dismisses this as a "wrinkle in the procedural history." (Mot, p. 7, n. 2.). But here, the Court also had denied

---

[1] Perhaps best illustrating the folly of VBF's argument is its failure to specify what portions of Founders' Brief should be stricken. VBF vaguely asks this Court to strike Founders motion to dismiss Counts 1-4 and 9-13. (Mot., p. 9). Which arguments are limited to the "Original" claims? Which portion of those arguments is limited to VBF's "original" allegations? Again, VBF added 177 allegations to every one of its claims; none of them remains in its "original' form.

motions directed at the Amended Complaint as moot once leave to file the Second Amended Complaint was granted. [Dkt. Nos. 158, 161.] Thus, this Court too, considered the Second Amended Complaint to have "wipe[d] the slate clean, and to provide Defendants a new, unobstructed opportunity to submit a 12(b)(6) motion." *Stoffels*, 430 F. Supp. 2d at 648. In this circumstance, Rule 12(g) does not apply and all of Founders' arguments in its Rule 12(b)(6) motion can and should be considered.

***VBF Ignored This Court's Admonitions about Motions to Strike, thereby Entitling Founders to Fees.*** A motion to strike is a drastic remedy that is granted only when a pleading "has no possible relation to the controversy," *Augustus v. Bd. Of Pub. Instruction of Excambia Co. Fla.,* 306 F.2d 862, 868 (5th Cir. 1962), such that it is "unworthy of consideration." *U.S. v. Cushman & Wakefield, Inc.,* 275 F. Supp. 2d 763, 768 (N.D. Tex. 2002). VBF does not even argue this drastic standard in its motion because it cannot be met here. Founders' arguments are directly relevant to the viability of VBF's claims and are certainly relevant to whether its scorched earth-campaign should continue. VBF's opposing arguments could have been raised in its response to Founders' Motion, rather than require additional briefing and attention by the Court.

This is VBF's second motion to strike filed against one of Founders' briefs. [*See also* Dkt. No. 47.] This Court has already reprimanded VBF for filing motions to strike against briefs, noting that Rule 12 clearly provides that motions to strike are only to be directed at ***pleadings***: "[M]otions to Strike and unauthorized or disguised sur-replies are disfavored. And motions to strike under Federal Rule of Civil Procures 12(f) are limited to pleadings…." [Order, August 19, 2019, Dkt. No. 137.] This echoes the findings of sister courts in this district and commentators that motions to strike are "disfavored and infrequently granted" because they often are sought by the movant simply as a dilatory or harassing tactic" *See Cushman & Wakefield,*, 275 F. Supp. 2d at 768; *see*

*also* 5C FED. PRAC. & PROC., § 1380 (same).  Again, VBF again has submitted a motion to strike arguments from a brief, rather than simply respond to them in its own brief.

This is a waste of Founders and the Court's time and resources. Seven motions to dismiss already are pending before this Court. [Dkt. No. 180, 184, 206, 211, 220, 227, 229.] Filing additional motions directed at briefing on other pending motions is wholly unnecessary and unjustified. Given that VBF has been admonished about these types of motions before, but flagrantly continues to file them, it is appropriate here, not only for VBF's motion to be denied, but for the Court to award Founders their fees and costs incurred in responding to this frivolous motion.

## CONCLUSION

For all these reasons, Founder Defendants, Leslie Wulf, John E. (Ted) Rea, Bruce Hall, and James Rea, respectfully request that this Court deny Plaintiff's Motion to Strike, and to award them any and all other relief that it deems necessary and just, including their fees and costs incurred in responding to this motion.

Date:   January 10, 2020

                                         LESLIE WULF, BRUCE HALL,

                                         JOHN (TED) REA, JAMES REA

                                       By: */s/ Kimberly D. Annello*
                                                Kimberly D. Annello
                                                Texas Bar No. 24093704
                                                Eli D. Pierce
                                                Texas Bar No. 24092972
                                                David Campbell
                                                Texas Bar No. 0369850
                                                Underwood Perkins, P.C.
                                                5420 LBJ Freeway, Suite 1900
                                                Dallas, Texas 75240
                                                Phone: 972.661.5114
                                                Email: kannello@uplawtx.com

epierce@uplawtx.com
dcampbell@uplawtx.com

**Attorneys for Defendants, Leslie Wulf, Bruce Hall, John (Ted) Rea, and James Rea**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 10th day of January, 2020 a true and correct copy of the above and foregoing was served upon counsel of records for all parties via ECF Service.

*/s/ Eli D. Pierce*
Eli D. Pierce