UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VEROBLUE FARMS USA, INC., Plaintiff | § § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-00764-X |
| LESLIE A. WULF, ET AL., Defendants. | § § § | |

**PLAINTIFF VEROBLUE FARMS USA, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE CERTAIN ARGUMENTS AND EVIDENCE FROM THE FOUNDER DEFENDANTS' AND DEFENDANT DRIVER'S MOTIONS TO DISMISS**

Plaintiff VeroBlue Farms USA, Inc. ("VBF") hereby submits this reply in support of its Motion to Strike Certain Arguments and Evidence from the Founder Defendants' and Defendant Driver's Motions to Dismiss (the "Motion"). Dkt. No. 215.

A.   **Driver's incorporation by reference of arguments is improper.**

Driver's wholesale incorporation of the Founder Defendants' Motion to Dismiss [Dkt. No. 184] is improper as it allows Driver's Motion to Dismiss [Dkt. No. 180] to exceed this Court's page limitations and to assert arguments that should be waived for insufficient briefing. Driver does not address the waiver argument. Instead, Driver acknowledges that his 12(b)(6) Motion to Dismiss has "technical issues," but argues that the "proper remedy for these technical issues is either leave of court or a minor amendment of Driver's 12(b)(6) Motion to Dismiss." Dkt. No. 240 ("Driver Resp.") at 3. Driver's arguments have been waived, and his after-the-fact request for leave should be denied.

Importantly, in his untimely request for leave, Driver indicates that he still wishes to incorporate by reference the Founder Defendants' arguments. *See id.* at 4 ("Driver seeks leave to exceed the page limit or file an amended motion within the page limitations that specifically

1

identifies which of the Founder Defendants' arguments it [sic] is incorporating."). Driver contends that this incorporation by reference of the Founder Defendants' brief will reduce the burden on the Court, but, in fact, his wholesale adoption of the Founder Defendants' arguments threatens to increase the Court's burden in resolving his motion. This practice is disfavored by the courts, as it can create unnecessary confusion and ambiguity and leave the court to speculate as to which specific arguments the party intended to incorporate in the Motion. *See, e.g.*, *Saffran v. Boston Sci. Corp.*, CIV.A.2 05-CV-547(TJ, 2008 WL 2716318, at *4 n.5 (E.D. Tex. July 9, 2008).

Driver argues it would be unfair for this Court to reject his insufficiently briefed arguments and that the "Federal Rules do not condone the relief sought." Driver Resp. at 2. To the contrary, the Federal Rules contemplate that parties may waive arguments that are not sufficiently briefed. *See* Fed. R. Civ. P. 7. Moreover, this Court's local rules require a brief not exceed 25 pages, and that "[p]ermission to file a brief in excess of these page limitation will be granted by the presiding judge only for extraordinary and compelling reasons." N.D. Tex. LR 7.2(c). As explained in the Motion, Driver's attempted incorporation would potentially allow Driver to file a brief with as many as 46-78 pages. Driver offers no extraordinary or compelling reasons why an untimely motion for leave for an amendment of this magnitude should be granted. Further, it would be fundamentally unfair to allow Driver an after-the-fact-amendment to his motion, especially where, as here, VBF has already filed its response and brief and opposition and abided by this Court's page limitations. *See* Dkt. No. 218.[1]

---

[1] Driver states that VBF requested an agreement of counsel to "file one single response that would address both Driver and the Founder Defendants' motions to dismiss." Driver Resp. at 4. VBF's request to counsel to file a combined response with additional pages was made out of an abundance of caution in the event the Court considered Driver's incorporation of the Founder Defendants' response so that all of VBF's responsive arguments would be together. The Founder Defendants agreed, but Driver refused. Accordingly, VBF filed separate responses.

2

Driver's request for leave should be denied, and no arguments should be considered as to Driver other than those arguments actually made and briefed in his motion to dismiss and brief in support. Alternatively, if the Court does not strike these additional arguments solely incorporated by reference, the Court should equally allow incorporation of and apply VBF's complete response to the Founders' motion to dismiss—a remedy to which Driver agrees in his response.

### B.      The Court should strike Driver's declaration.

Driver argues that VBF waived its objection to his Declaration. Driver Resp. 3. He cites no authority for such a waiver. Further, Driver fails to mention that the first motion to which his declaration was attached included a motion to transfer venue, for which outside evidence may be considered. *See* Dkt. No. 120; *Marrinan v. Carnival Corp.*, 6:06-CV-294, 2007 WL 1006802, at *6 (E.D. Tex. Mar. 29, 2007) ("Unlike a Rule 12(b)(6) motion to dismiss, a court can consider materials outside the pleadings in ruling on a motion to transfer venue.") (citations omitted). The Northern District of Iowa court granted Driver's motion to transfer venue, but reserved his motion to dismiss for adjudication by the transferee court. Dkt. No. 50 at 16. After the case was transferred to the Northern District of Texas, but before a ruling on Driver's motion, Driver filed a second motion to dismiss. In its response to Driver's second-filed motion to dismiss, VBF objected to Driver's re-filed motion as improper. *See* Dkt. 103 n.1.

More importantly, Driver wholly fails to address the merits of VBF's argument that his declaration is not appropriate to consider for purposes of a Rule 12(b)(6) motion to dismiss. The declaration is neither attached nor referred to in the SAC, and it is not central to SAC's claims. It is not a public record or other document of which the court may take judicial notice. Simply put, Driver's self-serving affidavit does not belong in the category of documents that the Court may properly consider when deciding a Rule 12(b)(6) motion. *See, e.g., Tolliver v. YRC Worldwide Inc.*, 3:13-CV-3739-M-BK, 2014 WL 929029, at *2 (N.D. Tex. Mar. 10, 2014).

**C.      The Court should strike the Founder Defendants' arguments as to the Original Claims.**

The Founder Defendants argue that that Rule 12(g) does not bar their assertion of new arguments as to Counts 1-4 and 9-13 of the SAC (the "Original Claims" previously included in the Amended Complaint). Founders Resp. at 2. The Founder Defendants never filed a 12(b)(6) motion to dismiss VBF's Amended Complaint and made no such arguments as to the Original Claims. *See* Dkt. No. 19. After the case was transferred, the Founder Defendants still did not file a Rule 12(b)(6) motion to dismiss, but instead filed an answer, addressing each of the Original Claims. *See* Dkt. No. 66. The Founder Defendants were able to admit, deny, or otherwise answer, paragraph by paragraph, each of the allegations in the Original Claims; they were clearly sufficiently pleaded. Yet, after the filing of the SAC, the Founder Defendants moved to dismiss these same Original Claims for failure to state a claim under Rule 12(b)(6). This Court should not permit the Founder Defendants the opportunity to dismiss claims that they could have previously moved to dismiss under Rule 12(b)(6) in their first Rule 12 motion—but declined to—and that they have already demonstrated their ability to answer.[2] If anything, the Original Claims are even more supported now with the additional allegations in the SAC that the Founder Defendants describe as over "229 factual allegations (over 48 pages of additional facts)." Founders Resp. at 3.

---

[2] *See Hernandez v. Casey*, No 3:16-CV-452-M-BH 2017 WL 685679, at *3 (N.D. Tex. Jan. 12, 2017), *report and recommendation adopted*, 2017 WL 680309 (N.D. Tex. Feb. 21, 2017) ("The filing of an amended complaint does not 'revive' the right of a defendant to file a successive Rule 12(b)(6) motion to dismiss on grounds that were *available but not raised* prior to the amended pleading.") (emphasis in original) (citations omitted); *but see Doe v. Columbia-Brazoria Indep. Sch. Dist. by & through Bd. of Trustees*, 855 F.3d 681, 686 (5th Cir. 2017) (holding that it was not an abuse of discretion to allow defendant to raise new arguments in a second Rule 12(b)(6) motion that could have been presented in a Rule 12(c) motion, which is not prohibited by Rule 12(h)).

## D.     **The Motion to Strike was the proper vehicle for the arguments raised by VBF.**

The Founder Defendants[3] contend that VBF's motion strike is improper under Rule 12. Dkt. No. 243 ("Founders' Resp.") at 4.  But VBF did not file its motion to strike pursuant to Rule 12, which VBF agrees is limited to pleadings.  *See* Fed. R. Civ. P. 12(f).

Motions to strike are routinely considered in contexts outside of Rule 12 and for the purpose of striking matters other than pleadings.  Indeed, sister courts in this district have granted motions to strike briefs as well as evidence.  *See, e.g.*, *Carreon v. King*, 3:15-CV-2089-K-BK, 2016 WL 9525670, at *3 (N.D. Tex. June 13, 2016) (granting motions to strike expert testimony from expert reports); *Greene v. Toyota Motor Corp.*, 3:11-CV-207-N, 2014 WL 12575962, at *2 (N.D. Tex. May 7, 2014) (granting motion to strike evidence attached to reply brief in support of motion for summary judgment); *Mendoza v. Detail Sols., LLC*, 911 F. Supp. 2d 433, 443 (N.D. Tex. 2012) (granting motion to strike portions of defendant's reply brief in support of motion for summary judgment); *Atlin v. Mendes*, CIV.A.3:06-CV-1909-L, 2009 WL 306173, at *3 (N.D. Tex. Feb. 6, 2009) (granting, in part, motion to strike changed deposition testimony); *Monkey Boy Graphix, Inc. v. Anton Sport, Inc.*, 3:08-CV-657-O (BH), 2008 WL 11349966, at *2 (N.D. Tex. Aug. 20, 2008), *adopted by*, 2008 WL 11349845 (N.D. Tex. Sept. 17, 2008) (granting motion to strike exhibit in appendix); *Lopez v. City of Dallas, Tex*, 3:03-CV-2223-M, 2006 WL 1450520, at *13 (N.D. Tex. May 24, 2006) (granting motion to strike appendix attached to reply brief); *see also Rodriguez-Rodriguez v. Big Bird Tree Serv., Inc.*, No. 3:15-CV-3815-L, 2017 WL 1047576, at *3 (N.D. Tex. Mar. 20, 2017) (granting request to strike motion for summary judgment).

The Founder Defendants reference a prior motion to strike filed by VBF that was denied. *See* Founders Resp. at 4.  That motion to strike was filed in the Northern District of Iowa (before

---

[3] Driver did not argue that the motion to strike was procedurally improper.  *See* Dkt. 240.

the case was transferred) and sought to strike a reply brief filed by the Founders specifically as improper under the local rules of the Northern District of Iowa. *See* N.D. Iowa LR 7(g) ("Ordinarily, reply briefs are unnecessary…. In the reply brief, the moving party must not reargue points made in the opening brief…."). Dkt. No. 48 at 2-5. Thus, VBF's first motion to strike pertained to and was governed by that local rule, not Rule 12, as the Founder Defendants suggest.

The Founder Defendants also argue that VBF should have made its motion to strike arguments in its response brief, instead of filing a separate motion to strike. Founders Resp. at 5. This argument also fails. As advised by a sister court in this district, when seeking to strike parts of a brief on a motion to dismiss, the proper procedure is to file a separate motion to strike instead of including it within the motion to dismiss briefing itself. *See Alenco Holding Corp. v. Win-Dor Sys., Inc.*, CIV. A. 3:01-CV-1054, 2002 WL 226368, at *1 n.1 (N.D. Tex. Feb. 13, 2002) ("In its reply brief, [defendant] also seeks to strike portions of [plaintiff]'s response. . . . The court will not consider this request, however, because it is not properly before the court. In order for the court to have considered this motion, [defendant] should have filed a separate motion to strike instead of including the motion within its reply brief.").

Accordingly, VBF's Motion is properly before this Court. Further, VBF has filed this motion in good faith, and not as a dilatory or harassing tactic. VBF, in good faith, believed that the proper procedure was to file this motion to strike separate from its response briefs to the Founder Defendants and Defendant Keith Drivers' Motions to Dismiss. *See id.* Therefore, even if VBF's motion to strike is not granted, the Founder Defendants' request for their fees and costs should be denied.

## CONCLUSION

Plaintiff VBF respectfully requests that this Court grant the Motion and grant such other and further relief to which it may show itself justly entitled.

Dated: January 24, 2019

Respectfully submitted,

*/s/ Nicole L. Williams*
Nicole L. Williams
  Texas Bar No. 24041784
  nicole.williams@tklaw.com
William L. Banowsky
  Texas Bar No. 01697125
  bill.banowsky@tklaw.com
Jasmine S. Wynton
  Texas Bar No. 24090481
  jasmine.wynton@tklaw.com
**THOMPSON & KNIGHT LLP**
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1700
(214) 969-1751 (facsimile)

*/s/ Robert H. Lang*
Robert H. Lang
  (appearing *pro hac vice*)
  rhlang@thompsoncoburn.com
**THOMPSON COBURN LLP**
55 East Monroe, 37th Floor
Chicago, Illinois 60603
(312) 346-7500

**ATTORNEYS FOR PLAINTIFF VEROBLUE FARMS USA, INC.**

## CERTIFICATE OF SERVICE

    This document was filed electronically on January 24, 2019, and, in compliance with Local Civil Rule L.R. 5.1(d), a copy of this document has been served on all counsel of record.

*/s/ Nicole L. Williams*
Nicole L. Williams