UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VEROBLUE FARMS USA INC., | § | |
|     PLAINTIFF | § | |
| V. | § | |
| | § | CIVIL ACTION NO. 3:19-CV-00764-L |
| LESLIE A. WULF, ET AL., | § | |
|     DEFENDANTS | § | |

**REPLY BRIEF IN SUPPORT OF SEAN MANIACI'S
MOTION TO DISMISS CLAIMS PURSUANT TO FED. R. CIV. P. 12(b)(2)**

i

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**..................................................................................... ii

**I.   INTRODUCTION**................................................................................................ 1

**II.  VBF USA HAS FAILED TO ESTABLISH SPECIFIC OR GENERAL
      JURISDICTION OVER MR. MANIACI** ........................................................ 2-14

**III. CONCLUSION** ................................................................................................. 14

# TABLE OF AUTHORITIES

**CASES**

*American Life and Casualty Ins. Co. v. First American Title Co.*, 772 F. Supp. 574 (D. Utah 1991) ................................................................................................................................. 13-14

*Austad Co. v. Pennie Edmonds*, 823 F.2d 223 (8th Cir. 1987) .............................................. 6, 8, 13

*Cartlidge v. Hernandez*, 9 S.W.3d 341 (Tex. Ct. App. 1999) ................................................... 12-13

*Deininger v. Deininger*, 677 F. Supp. 486 (N.D. Tex. 1988) ......................................................... 14

*Freudensprung v. Offshore Tech. Services, Inc.*, 379 F.3d 327 (5th Cir. 2004) ........................... 11

*Gray, Ritter & Graham, PC v. Goldman Phipps PLLC*, 511 S.W.3d 639 (Tx. Ct. App. 2015) ................................................................................................................................................. 6, 8

*Seisa Medical, Inc. v. Asia Capital Advisor, Ltd.*, 2018 WL 5020226 (W.D. Tex. Sept. 20, 2018) ...................................................................................................................................................... 12

*St. Paul Fire Marine Ins. Co. v. Servidone Const. Corp.*, 778 F. Supp. 1496 (D. Minn. 1991) .... 13

*Star Technology v. Tultex Corp., 884 F. Supp. 295 (N.D. Tex. 1993)* ......................................... 14

*Trinity Indus. Inc. v. Myers & Associates, Ltd.*, 41 F.3d 229 (5th Cir. 1995) ............................... 12

*Yasinosky v. River Oaks Farms, Inc.*, 2017 WL 2709736 (N.D. Tex. June 22, 2017) .................. 11

## I. INTRODUCTION.

Defendant Sean Maniaci ("Mr. Maniaci"), by and through his undersigned attorneys in this special appearance for the limited purpose of contesting personal jurisdiction, respectfully submits this Reply Brief in Support of his Motion to Dismiss (Doc. Nos. 206-208) the Second Amended Complaint (Doc. No. 159) filed by VeroBlue Farms USA, Inc. ("VBF USA") for lack of personal jurisdiction.  VBF USA makes several misrepresentations to this Court regarding the scope and extent of Mr. Maniaci's legal services and actions – none of which took place in Texas, caused harm in Texas or are sufficient for this Court to exercise personal jurisdiction over Mr. Maniaci in Texas.  The 387-page Appendix (Doc. No. 247-1 – 247-7) makes crystal clear that this Court lacks personal jurisdiction over Mr. Maniaci.  In fact, case law cited by and arguments previously made by VBF USA's counsel on behalf of Bjorn Thelander, establish that VBF USA has failed to establish either specific or general jurisdiction over Mr. Maniaci.  *See* (Doc. No. 145, p. 4, 6-9; Doc. No. 173, p. 5, 6-9; Doc. No. 227, p. 5, 6-9; Doc. No. 165, p. 1-4).  In an effort to meet their burden in establishing jurisdiction, VBF USA continuously ignores that VBF USA and VeroBlue Farms Inc. ("VBF Canada") are separate and distinct entities and that all legal services rendered by Mr. Maniaci were performed in Canada for his Canadian law firm, Cassels Brock & Blackwell LLP ("CBB"), and its Canadian client, VBF Canada.  Indeed, upon close review of the 38-tabs and 387-page Appendix, all of Mr. Maniaci's alleged conduct occurred in Canada.  As such, Mr. Maniaci respectfully requests that his Motion to Dismiss Claims Pursuant to Fed. R. Civ. P. 12(b)(2) be granted.[1]

---

[1] At this time, Mr. Maniaci has focused his motion practice on the lack of personal jurisdiction. Mr. Maniaci, however, reserves the right to move to dismiss the claims against Mr. Maniaci pursuant to Fed. R. Civ. P. 12(b)(6) should this pending Motion to Dismiss be denied.

## II.  VBF USA HAS FAILED TO ESTABLISH SPECIFIC OR GENERAL JURISDICTION OVER MR. MANIACI.

VBF USA misstates and sadly misrepresents facts critical to the analysis of personal jurisdiction with respect to Mr. Maniaci.  Fortunately, many of the accurate and undisputed facts as relating to the personal jurisdiction issues are set forth in the Amended Disclosure Statement For The Joint Chapter 11 Plan of Reorganization of VeroBlue Farms USA Inc. and It's Affiliated Debtors dated February 16, 2019 (Amended Disclosure Statement) signed under penalty of perjury by Norman McCowan as VBF USA Chief Executive Officer.  *Affidavit of Michael D. Schwartz* ("MDS Aff."), **Exhibit A**.

Importantly, and contrary to the assertions in the VBF USA Response (Doc. No. 247), Mr. McCowan affirmed under penalty of perjury the following facts:

- The "purpose of this Amended Disclosure Statement is to provide information allowing the holders of Claims and Interests against the Debtors to make an informed vote on the Revised Joint Chapter 11 Plan of Reorganization of VBF USA and its Affiliated Debtors." *MDS Aff.*, **Exhibit A**, p. 1.

- VBF USA "was founded in 2014 by five individuals with access to capital markets in Canada and the United States: Leslie A Wulf, Bruce A Hall, James Rea, John E Rea and Keith Driver (collectively the "Founders").  The Founders saw opportunity in the aquaculture market but did not have prior aquaculture experience. They initially formed VeroBlue Farms Inc., a Canada Corporation (VBF Canada) and raised money in Canadian and American equity markets. **VBF Canada is not a debtor in these Chapter 11 cases**. Originally, **VBF Canada** was the sole shareholder of VBF USA but, as explained below, **is now a minority shareholder**." *Id,*, p. 6 (emphasis added).

- "VBF USA owns 100% of the equity in VBF Ops.  In turn, VBF Ops owns 100% of the equity in each of the remaining Debtors – Iowa's First, VBF Transport and VBF IP.  VBF Ops also owns 100% of the equity in three other entities that are not debtors in these Chapter 11 cases: Verostream Seafood Marketing Inc., a Texas corporation; VBF Construction Assets, Inc., an Iowa Corporation; and VBF Constructions Services Inc., and Iowa Corporation.  A chart showing the corporate structure is below (with Debtor entities shown in red)." *Id*., p. 9; *MDS Aff.*, **Exhibit A1**.  **VBF Canada is not listed as an affiliate**.

- "Iowa's First holds title to most [of] the Debtors physical assets. Iowa's First owns the assets related to the Blairsberg, Buckeye and Urban Farm facilities. Iowa's First leased the facility in New Athens Illinois. VBS Transport owns rolling stock used in the

transportation of fish. VBF IP owns intellectual property and patents associated with the business. VBF USA owns assets related to the headquarters and corporate operation (in addition to 100% of the shares of VBF Ops). The other entities (including the non-Debtor subsidiaries) hold no material assets." *Id*. p. 10.  **VBF Canada is not listed as a non-Debtor subsidiary**.

- **"The Debtors filed a motion to consolidate the assets and liabilities of all the Debtors Estates. No party interest opposed the motion. On November 28, 2018, the Bankruptcy Court granted the Debtor's motion and entered an order substantively consolidating all estates."** *Id*., p. 11.  **VBF Canada was not included in the substantive consolidation**.

- "All Interests in VBF USA shall be extinguished as of the Effective Date, and holders thereof shall receive no Distribution on account of such Interests." *Id*., p. 16.  The interests of VBF Canada as a minority shareholder in VBF USA were extinguished, as were the interests of any VBF Canada shareholder, including Mr. Maniaci.

- "Other Pending Litigation Matters. The Debtors expressly preserve all claims, defenses, cross-claims and counterclaims related to any pending litigation matters to which they are a party…" *Id*., p. 21.  Most notably, while expressly referencing the Founders and others, **VBF USA made no mention of litigation pending or contemplated against Mr. Maniaci**.

- "Any Executory Contract or unexpired lease that has not yet expired by its own terms on or prior to the Effective Date… Shall be deemed rejected by the Debtors, in the entry of the Confirmation Order by the Bankruptcy Court will constitute approval of such rejection pursuant to section 365(a) and 1123 of the Bankruptcy Code." *Id.*, p. 23.  **VBF USA made no mention of any representation agreement with Mr. Maniaci or CBB and the Debtors did not assume any representation agreement with Mr. Maniaci or CBB, expressly rejecting any representation agreements that allegedly may have existed**.

Barren from the Second Amended Complaint is any allegation by VBF USA of any acts by Mr. Maniaci **which took place in Texas**. (Doc. No. 159).  Barren from VBF USA's Response (Doc. No. 247) is any reference by VBF USA to any allegation in its Second Amended Complaint identifying any jurisdictional facts upon which VBF USA bases its insufficient conclusory allegation in paragraph 17 that: "This Court has personal jurisdiction over Defendants pursuant to Section 17.042(2) of the Texas Civil Practice and Remedies Code, as the Defendants committed torts in part in Texas and further, Founders James Rea, Ted Rea, Hall and Wulf are domiciled in Texas". (Doc. No. 159, ¶ 17).  The defectiveness of this type of conclusory and

globular allegation is expressly noted by VBF USA legal counsel.  *See* (Doc. No. 227, p. 14; Doc. No. 173, p. 14; Doc. No. 145, p. 13-14:

> In this case, Third-Party Plaintiffs do not specifically allege any individual contacts that Thelander has with Texas that give rise to this lawsuit.  Instead, Third-Party Plaintiffs make the conclusory and vague allegation that "[t]his Court has personal jurisdiction over VBF and the Alder Defendants as they conducted business in, entered into contracts in, and committed torts within the state of Texas and the [sic] specifically within the Northern District of Texas."  (Dkt. 169 ¶ 12).  **This allegation is insufficient to establish specific jurisdiction over Theland**." (emphasis added).

In an effort to obfuscate the absence of any factual allegation that Mr. Maniaci committed any act in Texas, VBF USA disingenuously attempts to interweave vague allegations and outright false allegations in the Declaration of Norman McCowan ("McCowan Dec.").  For instance, at paragraph 9, Mr. McCowan states "I am aware that Cassels Brock and Blackwell LLP ("CBB") a law firm based in Canada, performed extensive legal services for VBF and also serves for the Founders." (Doc. No. 247, ¶ 9).  While Mr. McCowan does not state how he claims to have become "aware", the undisputed facts more fully set forth below establish that the legal services provided by CBB were provided to VBF Canada by lawyers working in Canada, licensed to practice law in Canada, and regarding Canadian law.  No allegation is made, nor could it be made, that any of the CBB attorneys, including Mr. Maniaci, performed any legal services in Texas nor does CBB "serve the Founders".

The same deficiencies are found in paragraph 10 of the McCowan Dec., where Mr. McCowan states: "I am aware that Sean Maniaci, a partner at CBB, performed extensive legal services for VBF, and also services for the Founders and was in frequent communication with the Founders on matters related and unrelated to VBF." (Doc. No. 247, ¶ 10).  While Mr. McCowan again does not state how he claims to have become "aware", the undisputed facts establish that the legal services provided by Mr. Maniaci were provided to VBF Canada, the

4

legal services were performed in Canada and the legal services related to Canadian law. Moreover, neither Mr. Maniaci nor CBB provided legal "services for the Founders" and VBF USA offers no evidence to support this false assertion. (Doc. No. 208, ¶¶ 26-27; *Second Affidavit of Sean Maniaci* ("Sec. Maniaci Aff."), ¶ 3). Importantly, no allegation is made, nor could it be made, that Mr. Maniaci performed any legal services in Texas.

Throughout VBF USA's Response (Doc. No. 247) and the McCowan Dec. (Doc. No. 247-1, **Exhibit A**) VBF USA continually ignores the distinction between VBF USA and VBF Canada and deliberately conflates the two entities to try to confuse the Court. Upon close review, the very documents relied upon by VBF USA establish that this Court does not have personal jurisdiction over Mr. Maniaci:

- TAB A-1 (APP010-APP0013[2]) – Mr. Maniaci did not file the Certificate of Formation and does not have an address in Texas. *Sec. Maniaci Aff.*, ¶ 4. Mr. Maniaci did not attend any meetings in Texas for Opposing Flow Aquaculture, Inc. and did not vote on any actions by Opposing Flow Aquaculture, Inc. *Id*. The address listed in TAB A-1 was simply the initial business address of the registered agent and the registered office address. *Id.*; APP0001. Mr. Maniaci was removed shortly thereafter and prior to any meetings or actions, as set forth in the Amended and Restated Certificate of Formation. *Sec. Maniaci Aff.*, **Exhibit A**. Notably, **as asserted by VBF USA's own attorneys**, "mere acceptance of a board position of a company with a presence in Texas and participation in board meetings (most of which were attended telephonically) is wholly insufficient to establish purposeful availment. *See, e.g. Ragan*, 2009 WL 3157468, at *5 (citing *Shaffer v. Heitner*, 433 U.S. 186, 215 (1977)." (Doc. No. 165, p. 4).

- TAB A-2 (APP0014-APP0019) – These invoices were for VBF Canada, not VBF USA, and were sent to Calgary, Alberta, for legal services rendered in Canada. *Sec. Maniaci Aff.*, ¶ 5; APP0015-APP0019.

- TAB A-3 (APP0020-APP0024) – This document, as acknowledged by the Declaration of Norman McCowan (Doc. No. 247-1, **Exhibit A**, ¶ 16) was prepared by the Founders, not Mr. Maniaci. *Sec. Maniaci Aff.*, ¶ 6. Additionally, there is nothing in TAB A-3 which references any actions taken by Mr. Maniaci in Texas, impacting Texas, or causing harm in Texas. In fact, TAB A-3 does not even reference Texas at all.

- TAB A-4 (APP0025-APP0028) – Establishes that VBF Canada and VBF USA are

---

[2] All references to "APP____" are to the Appendix filed by VBF USA set forth in Doc. No. 247-1 to 247-7.

separate and distinct entities with VBF Canada owning, at the time of VBF USA's filings with the Northern District of Iowa Bankruptcy Court, 28,914,814 common shares of VBF USA. Directly contrary to VBF USA's representations to this Court that Mr. Maniaci "was a shareholder in VBF", (Doc. No. 247, p. 2, 8), Mr. Maniaci is not listed as a shareholder of VBF USA in its own bankruptcy filing, executed by Norman McCowan "under penalty of perjury on behalf of corporation or partnership." (APP0028). Notably, the "address of directors" is listed in Canada in the VBF USA bankruptcy filing, again under penalty of perjury. (APP0028).

- TABS A-5 – A-11 (APP0029-APP0065) – Each of the invoices were sent to VBF Canada, not VBF USA. *Sec. Maniaci Aff.*, ¶ 7; APP0029-APP0065. **In fact, there is not a single invoice submitted by Mr. Maniaci or his law firm, CBB, to VBF USA.** *Sec. Maniaci Aff.*, ¶ 7; APP0029-APP0065. All of the invoices referenced by VBF USA are for legal services rendered in Canada to a Canadian entity, VBF Canada. *Sec. Maniaci Aff.*, ¶ 7; APP0029-APP0065. Simply sending invoices to Texas, at the direction of Leslie Wulf, for legal services rendered in Canada is insufficient to establish personal jurisdiction. *Sec. Maniaci Aff.*, ¶ 7; *Gray, Ritter & Graham, PC v. Goldman Phipps PLLC*, 511 S.W.3d 639, 657 (Tx. Ct. App. 2015) ("Similarly, a nonresident attorney's act of contracting with and **accepting payment** from Texas residents **for services performed elsewhere does not support specific jurisdiction over a nonresident attorney**." (emphasis added)); *Star Tech., Inc. v. Tultex Corp.*, 844 F.Supp. 295 (N.D. Tex. 1993) (determining that non-resident attorney was not subject to specific jurisdiction in Texas even where he made two trips to Texas and argued a discovery motion in Texas); *Austad Company v. Pennie Edmonds*, 823 F.2d 223 (8th Cir. 1987) (dismissing claim for lack of personal jurisdiction notwithstanding law firm performed courier services in South Dakota, **sent monthly billings** to South Dakota, **was paid from checks** sent from South Dakota and from a South Dakota bank, and sent two people to South Dakota for a three-day document review.).

- TABS A-12 – A-14 (APP0066-APP0074) – These wire transfer receipts are for payments to CBB, not to Mr. Maniaci. The payments were for legal services rendered in Canada to VBF Canada. *Sec. Maniaci Aff.*, ¶ 8. Moreover and importantly, the payments were not initiated by Mr. Maniaci, were not actions taken by Mr. Maniaci in Texas, and are insufficient to establish personal jurisdiction over Mr. Maniaci in Texas. *Gray, Ritter & Graham, PC*, 511 S.W.3d at 657; *Star Tech., Inc.*, 844 F.Supp. 295 at 299; *Austad Company*, 823 F.2d at 226.

- TAB A-15 (APP0076) – This is not a document prepared by Mr. Maniaci. *Sec. Maniaci Aff.*, ¶ 9. It certainly does not evidence any specific act being undertaken by Mr. Maniaci in Texas allegedly causing harm in Texas. To the contrary, the conversion of payment to Canadian dollars further evidences the services were performed in Canada.

- TAB A-16 (APP0077-APP0079) – This email provides a summary of the invoices set forth in TABS A-5 – A-11 (APP0029-APP0065) for legal services rendered in Canada to CBB's Canadian client, VBF Canada. *Sec. Maniaci Aff.*, ¶ 10. TAB A-16 does not reference a single act undertaken in Texas by Mr. Maniaci.

- TAB A-17 (APP0081-APP0091) – This October 22, 2014 email[3] from Jamie Litchen attaches Form 45-106F6 which is a "British Columbia Report of Exempt Distribution." Form 45-106F6 is for VBF Canada, not VBF USA, and references that the "address, telephone number and email address of the issuer's head office" is located in Toronto, Ontario, Canada (APP0083). Again, this is Canadian legal advice, rendered in Canada, to a Canadian entity, VBF Canada. *Sec. Maniaci Aff.*, ¶ 11.

- TAB A-18 (APP0092-APP0132) – This August 10, 2014 email from Mr. Maniaci attaches Mr. Maniaci's edits and legal advice rendered in Canada to CBB's Canadian client, VBF Canada. *Sec. Maniaci Aff.*, ¶ 12; APP0092-APP0132. Specifically, the PowerPoint presentation contained "trade secrets and other confidential information, the disclosure of which would cause irreparable damage to VeroBlue Farms, Inc. ("VBF")" – VBF Canada. (APP0097). The last page of the presentation distinguishes between VBF Canada and VBF USA and specifically lists Mr. Maniaci as "Canadian Legal Counsel". (APP0132). The PowerPoint presentation contains no evidence of any legal advice rendered in Texas, actions directed at Texas, or (alleged) harm caused by Mr. Maniaci in Texas. (APP0092-APP0132).

- TAB A-19 (APP0133-APP0140) – This January 21, 2015 email from Mr. Maniaci attaches additional edits and legal advice rendered by Mr. Maniaci to CBB's Canadian client, VBF Canada. *Sec. Maniaci Aff.*, ¶ 13; APP0133-APP0140. As evidenced by APP0138, the Executive Summary was for VBF Canada, not VBF USA. TAB A-19 contains no evidence of any legal advice rendered in Texas, actions directed at Texas, or (alleged) harm caused by Mr. Maniaci in Texas. (APP0133-APP0140).

- TAB A-20 (APP0141-APP0156) – This May 20, 2015 email attached VBF Canada's internal governance documents. Specifically, APP0145 provides amendments that Mr.

---

[3] VBF USA makes multiple references to email communications it admits to intercepting without disclosing when, how or by whom the email communications were intercepted and further admitting the email communications contain the following admonitions: "This message, including any attachments, is privileged and may contain confidential information intended only for the person named above. Any other distribution, copying or disclosure is strictly prohibited.… If you are not the intended recipient or have received this message in error, please notify us immediately by reply email and permanently delete the original transmission from us, including any attachments, without making a copy." *See e.g.* (APP0081-APP0082). The McCowan Dec. is unclear as to Mr. McCowan's role in the interception of the email communications. In one paragraph, Mr. McCowan states "I make this affidavit based on my personal knowledge of the matters set forth herein and my review of said records" and in another paragraph Mr. McCowan states: "To the best of my knowledge, information and belief, the contents of these records are true and correct." (Doc. No. 247, ¶¶ 3 and 48). The circumstances of the interception of email communications and the publication of attorney-client privileged communications is presently unexplained by VBF USA and/or by Mr. McCowan. The misinterpretation and misrepresentation of these communications underscores why the interception and publication of communications by those who are not intended as recipients is prohibited and illegal.

7

Maniaci made for the VBF Canada "Notice of Annual and Special Meeting of Shareholders to be Held on June 11, 2015". (APP0145). The meeting of VBF Canada's Shareholders was to be held "at the offices of CBB, 2100 Scotia Plaza, 40 King Street West, Toronto Ontario on Thursday, June 11, 2015, at 11 a.m. (Toronto Time)". (APP0145). Shareholders who could not attend the meeting were to return their proxy form to VBF Canada's transfer agent, "Equity Financial Trust Company, 200 University Avenue, Suite 400, Toronto, ON M5H 4H1". (APP0145). TAB A-20 contains no evidence of any legal advice rendered in Texas, actions directed at Texas, or (alleged) harm caused by Mr. Maniaci in Texas. (APP0141-APP0156).

- TAB A-21 (APP0158-APP0159) – This email chain starts with a May 4, 2017 email from Richard Dahlson (VBF Canada's US attorney) to Mr. Maniaci regarding the "Canadian Migration restructuring". (APP0158). Mr. Maniaci's responsive email specifically references his actions for VBF Canada, stating that "the overall structure is going to be be [sic] significantly streamlined on the Canadian side." (APP0158). TAB A-21 contains no evidence of any legal advice rendered in Texas, actions directed at Texas, or (alleged) harm caused by Mr. Maniaci in Texas. (APP0158-APP0159).

- TAB A-22 (APP0160-APP0216) – Each of the invoices were sent on behalf of CBB to VBF Canada, not VBF USA. *Sec. Maniaci Aff.*, ¶ 14; APP0160-APP0216. In fact, there is not a single invoice submitted by Mr. Maniaci or his law firm, CBB, to VBF USA. *Sec. Maniaci Aff.*, ¶ 14; APP0160-APP0216. All of the invoices referenced by VBF USA are for legal services rendered in Canada for a Canadian entity, VBF Canada. *Sec. Maniaci Aff.*, ¶ 14; APP0160-APP0216. The invoices were originally sent to the VBF Canada address in Calgary, Alberta, Canada. (APP0161, 163, 164, 165, 167, 168, 169, 171, 174). Simply re-sending invoices to Texas, at the direction of Leslie Wulf, for legal services rendered in Canada is insufficient to establish personal jurisdiction. *Sec. Maniaci Aff.*, ¶ 14; *Gray, Ritter & Graham, PC*, 511 S.W.3d at 657; *Star Tech., Inc.*, 844 F.Supp. 295 at 299; *Austad Company*, 823 F.2d at 226.

- TAB A-23 (APP0218-APP0226) – Is an email from Jamie Litchen. Mr. Maniaci is not providing any legal advice, taking any actions, or causing any (alleged) harm in Texas in TAB A-23.

- TAB A-24 (APP0228-APP0256) – TAB A-24 is a duplicate of TAB A-18 discussed above and involving Mr. Maniaci's edits and legal advice rendered in Canada to CBB's Canadian client, VBF Canada. *Sec. Maniaci Aff.*, ¶ 15; APP0092-APP0132; APP0228-APP0256.

- TAB A-25 (APP0256-APP0301) – This appears to be the finalized version of the PowerPoint Presentation set forth in draft format in TAB A-18 and A-24. This PowerPoint Presentation is for VBF Canada (APP0258), not VBF USA. Importantly, TAB A-25 contains no evidence of any legal advice rendered in Texas, actions directed at Texas, or (alleged) harm caused by Mr. Maniaci in Texas. (APP0256-APP0301). Importantly, Mr. Maniaci is listed as "Canadian Legal Counsel". (APP0301).

- TAB A-26 (APP0303) – Is an April 29, 2016 email from Les Wulf listing Mr. Maniaci

8

and CBB as the "Canada Lawyers" for VBF Canada. TAB A-26 contains no evidence of any legal advice rendered in Texas, actions directed at Texas, or (alleged) harm caused by Mr. Maniaci in Texas. (APP0303).

- TAB A-27 (APP0305-APP0306) – This email is related to ChipMeds and Chipman, which as acknowledged by VBF's Second Amended Complaint is an entity located in Denver, Colorado and is a "non-VBF business". (Doc. No. 159, ¶ 52(a)). TAB A-27 contains no evidence of any legal advice rendered in Texas, actions directed at Texas, or (alleged) harm caused by Mr. Maniaci in Texas.

- TAB A-28 (APP0307-APP0315) – This Letter of Transmittal relates to VBF Canada, <u>not</u> VBF USA. *Sec. Maniaci Aff.*, ¶ 16. Notably, **the Conversion contemplated in the Letter of Transmittal <u>never</u> took place**. *Id.*; *see also* Doc. No. 247, p. 5, n. 5). TAB A-28 contains no evidence of any legal advice rendered in Texas, actions directed at Texas, or (alleged) harm caused by Mr. Maniaci in Texas.

- TAB A-29 (APP0316-APP0328) – This September 30, 2015 Opinion Letter from CBB relates to a term loan and security agreement guaranteed by VBF Canada, defined as the "Corporation", and was not prepared by Mr. Maniaci. *Sec. Maniaci Aff.*, ¶ 17; APP0317. CBB expressly states it has "**acted as Ontario counsel to the Corporation**". *Sec. Maniaci Aff.*, ¶ 17; APP0317 (emphasis added). CBB states the following with respect to laws addressed:

  > The opinions we express are **limited to the laws of Ontario** and the federal **laws of Canada applicable in Ontario**. Without limiting the generality of the immediately preceding sentence, **we express no opinion with respect to the laws of any other jurisdiction**….

  (APP0320) (emphasis added).

  Schedule A of the Opinion Letter references personal property encumbrance searches completed by CBB relating to VBF Canada which were all completed in Canada. *Sec. Maniaci Aff.*, ¶ 17; APP0327.

  TAB A-29 contains no evidence of any legal advice rendered in Texas, actions directed at Texas, or (alleged) harm caused by Mr. Maniaci in Texas.

- TAB A-30 (APP0330-APP0334) – VBF USA does not assert that Mr. Maniaci prepared the Term Note. Indeed, he did not. *Sec. Maniaci Aff.*, ¶ 18. TAB A-30 relates to VBF USA, an entity that Mr. Maniaci has never represented. *Id*. TAB A-30 contains no evidence of any legal advice rendered in Texas, actions directed at Texas, or (alleged) harm caused by Mr. Maniaci in Texas.

- TAB A-31 (APP0336-APP0338) – VBF USA does not assert that Mr. Maniaci prepared the Revere High Yield Fund, LP Security Interest. Indeed, he did not. *Sec. Maniaci Aff.*, ¶ 19. TAB A-31 relates to VBF USA, an entity that Mr. Maniaci has never represented. *Id*. TAB A-31 contains no evidence of any legal advice rendered in Texas, actions

directed at Texas, or (alleged) harm caused by Mr. Maniaci in Texas.

- TAB A-32 (APP0339-APP0346) – These emails are all related to Mr. Maniaci's legal services rendered in Canada to CBB's Canadian client, VBF Canada. *Sec. Maniaci Aff.*, ¶ 20. This is evidenced by Richard Dahlson's comment that: "I have added Sean onto the call list. **Sean serves as Canadian counsel to VBF [Canada]**." (APP0345) (emphasis added). TAB A-32 contains no evidence of any legal advice rendered in Texas, actions directed at Texas, or (alleged) harm caused by Mr. Maniaci in Texas.

- TAB A-33 (APP0348-APP0350) – The VBF Canada Preferred Share Purchase lists "VeroBlue Farms Inc., a Canadian corporation" and lists "Cassels Brock, Canadian counsel" for VBF Canada. (APP0348). TAB A-33 contains no evidence of any legal advice rendered in Texas, actions directed at Texas, or (alleged) harm caused by Mr. Maniaci in Texas.

- TAB A-34 (APP0352) – Because CBB (not Mr. Maniaci) had inadvertently filed a claim in the United States Bankruptcy Court for the Northern District of Iowa, a subsequent Withdrawal of Claims was filed and the Bankruptcy Court granted CBB's Request to Withdraw the Claims over the objections of VBF USA. *MDS Aff.*, **Exhibits B** and **C**. VBF USA fails to disclose to this Court that the invoices attached to the Proofs of Claims specifically and expressly note that the legal services were provided in Canada, by Canadian attorneys, performing services in Canada to a Canadian client, VBF Canada, on issues governed by Canadian law. *Sec. Maniaci Aff.*, ¶ 21. **VBF USA also fails to disclose to this Court that the Bankruptcy Court approved the Withdrawal of the Proofs of Claims**. *MDS Aff.*, **Exhibit C**. TAB A-34 contains no evidence of any legal advice rendered in Texas, actions directed at Texas, or (alleged) harm caused by Mr. Maniaci in Texas.

- TAB A-35 (APP0354-APP0365) – This Tab contains CBB's Answers to Interrogatories in the United States Bankruptcy Court for the Northern District of Iowa. Relevant here, the Answers to Interrogatories provide:
    - "The identity of Cassels' client is VeroBlue Farms Inc. – a Canadian entity." (APP0356).
    - "Cassels was directed by Leslie Wulf to send some of the invoices for VBF Canada to the locations in Texas and/or Iowa." (APP0362).
    - "Without waiving this objection, Sean Maniaci owns shares of VBF Canada (only)." (APP0362).

  TAB A-35 contains no evidence of any legal advice rendered in Texas, actions directed at Texas, or (alleged) harm caused by Mr. Maniaci in Texas.

- TAB A-36 (APP-367) – This email **lists shareholders of VBF Canada, <u>not</u> VBF USA**. *Sec. Maniaci Aff.*, ¶ 22. TAB A-36 contains no evidence of any legal advice rendered in Texas, actions directed at Texas, or (alleged) harm caused by Mr. Maniaci in Texas.

- TAB A-37 (APP0369-APP0372) – This Option to Purchase Common Shares notes Mr.

10

Maniaci as a shareholder of VBF Canada, <u>not</u> VBF USA. (APP0369). **VBF USA never exercised the Option to Purchase Common Shares of Mr. Maniaci**. *Sec. Maniaci Aff.*, ¶ 23. TAB A-37 contains no evidence of any legal advice rendered in Texas, actions directed at Texas, or (alleged) harm caused by Mr. Maniaci in Texas.

- TAB A-38 (APP0374-APP0387) – As acknowledged by the McCowen Dec., TAB A-38 is a **list of shareholders of VBF Canada, <u>not</u> VBF USA**. (Doc. No. 247-1, ¶ 47). TAB A-38 specifically lists Mr. Maniaci as having a Canadian address. (APP0381). TAB A-38 contains no evidence of any legal advice rendered in Texas, actions directed at Texas, or (alleged) harm caused by Mr. Maniaci in Texas. Although listed in TAB A-4 as holders of 100,000 shares each of common stock in VBF USA, Third-Party Defendant Bjorn Thelander and Third-Party Defendant Jens Haarkoetter of Switzerland are inexplicably not listed in TAB A-38.

There should be no legitimate dispute that VBF USA has not and cannot meet its burden of establishing general jurisdiction. Mr. Maniaci has not had any contacts with Texas, let alone "affiliations with the state [that] are so continuous and systematic so as to render [him] 'essentially at home' in the forum state." *Yasinosky v. River Oaks Farms, Inc.*, 2017 WL 2709736, at *2 (N.D. Tex. June 22, 2017). Mr. Maniaci is Canadian, rendered Canadian legal services, for his Canadian law firm, to its Canadian client (VBF Canada), regarding Canadian legal issues. General jurisdiction simply does not exist.

The same is true with specific jurisdiction. Because VBF USA does not allege any contact by Mr. Maniaci in Texas that relates to the causes of action it asserts against him, specific jurisdiction clearly does not exist. *Freudensprung v. Offshore Tech. Services, Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). Tellingly and most instructively, the legal arguments propounded by VBF USA legal counsel Robert Lang and Nicole Williams in support of Bjorn Thelander's Motion to Dismiss for Lack of Personal Jurisdiction, when applied to the facts relevant to Mr. Maniaci, leaves no doubt that the claims against Mr. Maniaci must be dismissed. *See* (Doc. No. 145, p. 4 and p. 6-9; Doc. No. 145, p. 4 and 6-9; Doc. No. 227, p. 5 and p. 6-9; and Doc. No. 165, p. 1-5).

The three cases relied upon by VBF USA and its legal counsel in response to Mr.

Maniaci's Motion make crystal clear that the facts necessary to establish personal jurisdiction are glaringly missing here, particularly when illuminated by the Thelander arguments made by VBF USA's legal counsel.

In *Trinity Indus.. Inc. v. Myers & Associates, Ltd.*, 41 F.3d 229, 231 (5th Cir. 1995), the law firm and its attorneys represented the client for eight (8) years, defended a patent infringement suit in the Northern District of Texas in which it was admitted *pro hac vice*, was physically present in Texas for meetings, and handled 40 matters for the client at issue. *Id*. at 230-31.  Mr. Maniaci has never defended or prosecuted any claim in Texas, has never been to Texas for any meetings with any Texas clients, and has never represented VBF USA.  (Doc. No. 208, ¶¶ 7, 18-29).  As held by the Fifth Circuit in *Trinity Indu.s, Inc.*, there must be much more before personal jurisdiction should be exercised.

In *Seisa Medical, Inc. v. Asia Capital Advisor, Ltd.*, 2018 WL 5020226 (W.D. Tex. Sept. 20, 2018), there was a two-hour "dinner meeting" in El Paso, Texas in October of 2016, again another trip to Texas in November of 2016 to provide advice, and the preparation of a Mutual Non-Disclosure Agreement that provided that the "laws of the State of Texas shall govern this agreement and any dispute arising under this agreement."  Again, Mr. Maniaci has never been to Texas for anything even remotely related to VBF USA (or VBF Canada).  (Doc. No. 208, ¶¶ 19-21).

The attorney at issue in *Cartlidge v. Hernandez*, 9 S.W.3d 341 (Tex. Ct. App. 1999) represented 93-clients in Harris County, Texas in a products liability case, represented several other Texas residents in a product liability litigation in Nevada, and filed 61-bankruptcy claims in Harris County, Texas.  *Id*. at 345.  The attorney sent representation agreements to the clients in Texas and the resulting claims against the attorney "arise out of the contracts they entered into with him in Texas" and the attorney even "conceded at oral argument that Cartlidge was "doing

12

business" in Texas as defined in the Texas long-arm statute". *Id*. 348. *Cartlidge* is easily distinguishable here as Mr. Maniaci and CBB have no representation agreements or contracts with any clients in Texas, they are not doing business in Texas, and Mr. Maniaci has not represented 93-Texas clients nor made 61-Texas filings.

The following factually relevant cases further establish that personal jurisdiction is inappropriate here and that Mr. Maniaci's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) should be granted[4]:

- *Austad Co.*, which granted the motion to dismiss for lack of personal jurisdiction notwithstanding that law firm admittedly represented the South Dakota client, made numerous phone calls to South Dakota, sent monthly billings to South Dakota, was paid by checks from a South Dakota bank, and sent two people to South Dakota for a three-day document review;

- *Steinhilber v. Lamoree*, 825 F. Supp. 1003 (S.D. Fla. 1992) granted the motion to dismiss for lack of personal jurisdiction notwithstanding the attorney travelled to Florida for a settlement conference;

- *St. Paul Fire Marine Ins. Co. v. Servidone Const. Corp.*, 778 F. Supp. 1496, 1505 (D. Minn. 1991) holding that "an attorney-client relationship, regardless of who initiates it, is insufficient in and of itself to support personal jurisdiction"; and

- *American Life and Casualty Ins. Co. v. First American Title Co.*, 772 F. Supp. 574, 579 (D. Utah 1991) holding: "Attorneys are often asked to perform services for their local clients which services may have some impact in another jurisdiction. To require an attorney to submit to personal jurisdiction in a foreign jurisdiction each time the attorney

---

[4] Numerous cases dealing with non-resident attorneys relevant to the specific jurisdiction analysis were also cited in Mr. Maniaci's Motion to Dismiss. (Doc. No. 206, p. 18-19).

communicates instructions on behalf of a client does not comport with fundamental fairness.".

### III. CONCLUSION

Mr. Maniaci is a Canadian citizen, living in Canada, working for a Canadian law firm, providing legal advice on Canadian law to Canadian clients. He has no offices in Texas, no clients in Texas, and no authorization to practice law in Texas. He and other lawyers at CBB provided legal advice to VBF Canada, a shareholder of and separate entity from VBF USA, on matters pertaining to Canadian law. VBF USA has not and cannot allege any acts of Mr. Maniaci which took place in Texas or caused harm in Texas.

As was well stated by Judge Kendall, the United States District Court for the Northern District of Texas has long held: "Although Plaintiff accuses [Defendant] of conspiracy, that allegation alone will not support the Court's exercise of jurisdiction absent minimum contacts." *See Deininger v. Deininger*, 677 F. Supp. 486, 493 (N.D. Tex. 1988) ("Plaintiff, however, has not suggested a single activity by either Defendant which was a part of this alleged conspiracy or fraud **and which took place in Texas**") (emphasis in original). *Star Technology v. Tultex Corp.*, 884 F. Supp. 295, 299 (N.D. Tex. 1993).

Based on the above, the undersigned respectfully request this Court dismiss the claims against Mr. Maniaci for lack of personal jurisdiction.

Dated: January 24, 2020

| | |
|---|---|
| **SCHWARTZ LAW FIRM** | **CLOUSE BROWN PLLC** |
| /s/ Michael D. Schwartz | /s/ Keith Clouse |
| Michael D. Schwartz (WI#1018933, IA#AT0013972, MN#98164) | Keith Clouse State Bar No. 04410300 |
| *Admitted Pro Hac Vice* | Jesse Clouse State Bar No. 24105614 |
| Brandon M. Schwartz (WI#1084533, IA#AT0011248, AZ#035402, MN#392008) | 1201 Elm Street, Suite 5250 |
| *Admitted Pro Hac Vice* | Dallas, TX 75270-2142 |
| 600 Inwood Avenue North, Suite 130 | Tel. (214) 698-5100 |
| Oakdale, MN 55128 | Fac. (214) 747-1316 |
| Tel. (651) 528-6800 | keith@clousebrown.com |
| brandon@mdspalaw.com | jclouse@clousebrown.com |
| michael@mdspalaw.com | *Local Counsel for Defendant Sean Maniaci* |
| *Attorneys for Defendant Sean Maniaci* | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 24, 2020 this document was filed and served to all counsel of record via the Court's ECF system.

/s/ Michael D. Schwartz
Michael D. Schwartz