**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| VEROBLUE FARMS USA INC., | § | |
|     PLAINTIFF | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:19-CV-00764-L |
| LESLIE A. WULF, ET AL., | § | |
|     DEFENDANTS | § | |

---

## SECOND AFFIDAVIT OF SEAN MANIACI

---

| | |
|---|---|
| COUNTRY OF CANADA | ) |
| | ) |
| PROVINCE OF ONTARIO | ) |
| | )ss |
| CITY OF TORONTO | ) |

Sean Maniaci being duly sworn upon oath, states, alleges and verifies as follows:

1.    I am one of the Defendants in the above-captioned action.

2.    I have reviewed the 38-tab and 387-page Appendix filed by VeroBlue Farms USA, Inc. ("VBF USA"). (Doc. No. 247-1 – 247-7).

3.    Neither Cassels Brock & Blackwell LLP ("CBB") nor I have ever represented Leslie A. Wulf, Bruce A. Hall, James Rea, John E. Rea, or Keith Driver, referred to by VBF USA as the "Founders".

4.    With respect to TAB A-1, Doc. No. 247-1, I did not file the Certificate of Formation and I do not have an address in Texas. I did not attend any meetings in Texas for Opposing Flow Aquaculture, Inc. and did not vote on any actions by Opposing Flow Aquaculture, Inc. The address listed in TAB A-1 was simply the initial business address of the registered agent and the registered office address. I was removed as a Director shortly after the filing of the Certificate of Formation

as set forth in the Amended and Restated Certificate of Formation, a true and correct copy of which is attached hereto as **Exhibit A**.

5.     All of the invoices set forth in TAB A-2, Doc. No. 247-1, were invoices for VeroBlue Farms, Inc. ("VBF Canada"), not VBF USA and were sent to Calgary, Alberta, for legal services rendered in Canada.

6.     As acknowledged by the Declaration of Norman McCowan (Doc. No. 247-1, **Exhibit A**, ¶ 16), I did not prepare TAB A-3, Doc. No. 247-1.

7.     All of the invoices set forth in TABS A-5 – A-11, Doc. No. 247-1, were invoices sent to VBF Canada, not VBF USA.  There is not a single invoice submitted by CBB or me to VBF USA.  All of the invoices contained in TABS A-5 – A-11, Doc. No. 247-1, are for legal services rendered in Canada to a Canadian entity, VBF Canada.  The invoices for VBF Canada were originally sent to Calgary, Alberta and subsequently, at the direction of Leslie Wulf, were sent to Texas.

8.     All of the wire transfer receipts set forth in TABS A-12 – A-14, Doc. No. 247-1, were for payments for legal services rendered in Canada to VBF Canada.

9.     I did not prepare TAB A-15, Doc. No. 247-2.

10.    My July 12 and 14, 2016 emails contained in TAB A-16, Doc. No. 247-2, provide a summary of the invoices set forth in TABS A-5 – A-11 for legal services rendered in Canada to CBB's Canadian client, VBF Canada.

11.    TAB A-17, Doc. No. 247-2, contains the "British Columbia Report of Exempt Distribution."  This document provides Canadian legal advice, rendered in Canada, to a Canadian entity, VBF Canada.

2

12.     TAB A-18, Doc. No. 247-2, contains my August 10, 2014 email and my thoughts on the PowerPoint presentation for VBF Canada. My legal advice set forth in TAB A-18 was rendered in Canada to CBB's Canadian client, VBF Canada.

13.     TAB A-19, Doc. No. 247-2, contains my January 21, 2015 email attaching additional edits and legal advice I rendered in Canada to CBB'S Canadian client, VBF Canada.

14.     TAB A-22, Doc. No. 247-3 and 247-4, are invoices sent to VBF Canada, not VBF USA. There is not a single invoice submitted by CBB or me to VBF USA. All of the invoices contained in TAB A-22 are for legal services rendered in Canada for a Canadian entity, VBF Canada. All of the invoices set forth in TAB A-22 were originally sent to the VBF Canada address in Calgary, Alberta, Canada and subsequently re-sent to Texas, at the direction of Leslie Wulf.

15.     TAB A-24, Doc. No. 247-5, is a duplicate of TAB A-18 in which I provided legal advice in Canada to CBB's Canadian client, VBF Canada.

16.     TAB A-28, Doc. No. 247-6, is the Letter of Transmittal relating to VBF Canada, not VBF USA. The Conversion contemplated in the Letter of Transmittal never took place.

17.     TAB A-29, Doc. No. 247-6, contains the September 30, 2015 Opinion Letter from CBB relates to a term loan and security agreement guaranteed by VBF Canada, defined as the "Corporation", and was not prepared by me. Importantly, CBB provided that it had "acted as Ontario counsel to the Corporation." Schedule A of the Opinion Letter also references personal property encumbrance searches completed by CBB relating to VBF Canada which were all completed in Canada.

18.     I did not prepare the Term Note set forth in TAB A-30, Doc. No. 247-7. TAB A-30 relates to VBF USA, an entity that CBB and I have never represented.

19.     I did not prepare the Revere High Yield Fund, LP Security Interest set forth in TAB A-31, Doc. No. 247-7.  TAB A-31 relates to VBF USA, an entity that CBB and I have never represented.

20.     TAB A-32, Doc. No. 247-7, contains a series of emails all received by me in Canada relating to legal services I rendered in Canada to CBB's Canadian client, VBF Canada.

21.     With respect to TAB A-34, Doc. No. 247-7, and the original Proofs of Claim filed by CBB in the United States Bankruptcy Court for the Northern District of Iowa in Case No. 18-01297, all of the invoices attached to the Proofs of Claims were for legal services provided in Canada, by Canadian attorneys, performing services in Canada to a Canadian client, VBF Canada, on issues governed by Canadian law.

22.     TAB A-36, Doc. No. 247-7, is an August 15, 2014 email from Leslie Wulf to me listing the shareholders of VBF Canada, not VBF USA.

23.     TAB A-37, Doc. No. 247-7, is the Option to Purchase Common Shares relating to my shares in VBF Canada, not VBF USA.  VBF USA never exercised the Option to Purchase Common Shares.

24.     I respectfully request that the above-captioned action against me be dismissed as more fully set forth in the Motion to Dismiss Claims Pursuant to Fed. R. Civ. P. 12(b)(2) (Doc. Nos. 206-208) and the Reply Brief in Support of my Motion to Dismiss Claims Pursuant to Fed. R. Civ. P. 12(b)(2) filed concurrently herewith.

4

Further your affiant sayeth naught.

Dated: January 24, 2020

Sean Maniaci

Subscribed and sworn to before me
this 24th day of January, 2020.

Certificate of Service: This document was served electronically on parties who receive electronic
notice through CM/ECF as listed on CM/ECF's notice of electronic filing. /s/ Michael D. Schwartz

5