UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VEROBLUE FARMS USA, INC., <br>    Plaintiff, <br><br> v. <br><br> LESLIE A. WULF, ET AL., <br>    Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 3:19-CV-00764-X |

**THIRD-PARTY DEFENDANT ALDER AQUA, LTD.'S REPLY IN SUPPORT OF MOTION TO STRIKE AMENDED THIRD-PARTY COMPLAINT**

Third-Party Defendant Alder Aqua, Ltd. ("Alder Aqua") replies to Defendants/Third-Party Plaintiffs ("Promoters") Response and Brief, Dkt. 252 ("Response"), and states:

**I.      Promoters' third-party claims are not based on VBF's claims.**

Impleader is permitted "only in cases where the third party's liability was in some way derivative of the outcome of the main claim." *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967).  Thus, for Defendant Promoters to properly state a third-party claim under Rule 14(a), they must attempt to "pass on to" Third-Party Defendant Alder Aqua all or part of the liability that Plaintiff VBF seeks to recover against them. *Id.* But Promoters' third-party claims do the opposite. In fact, the Response acknowledges, perhaps unwittingly, that Promotors' claims against Alder Aqua can succeed only if VBF's claims against Promoters *fail*:

> **[I]f VBF succeeds** in rescinding or otherwise voiding its Employment, Termination and Separation Agreements with Founders, then **Founders' claims disappear.** As Alder, Thelander, and McCowan have argued in their Motions to Dismiss, if there is no contract, then there can be no claim for tortious interference or breach.

Response, Dkt. 252 at p. 9 (emphasis added). In a proper third-party claim, the plaintiff's *success* against the defendant is what gives rise to the defendant's right against the third-party defendant,

and when that happens, the third-party defendant is liable over to the defendant *for the plaintiff's recovery*. The Fifth Circuit has made this rule abundantly clear:

> The question whether a defendant's demand presents an appropriate occasion for the use of impleader or else constitutes a separate claim has been resolved consistently by permitting impleader only in cases where the third party's liability was in some way derivative of the outcome of the main claim. In most such cases it has been held **that for impleader to be available the third party defendant must be "liable *secondarily* to the original defendant in the event that the latter is held liable to the plaintiff."** Stating the same principle in different words, other authorities declare that **the third party must necessarily be *liable over* to the defendant for all or part of the plaintiff's recovery**, or that the defendant must attempt to *pass on* to the third party all or part of the liability asserted against the defendant.

*Joe Grasso & Son, Inc.*, 380 F.2d at 751 (emphasis added). This requirement is fatal to Promoters' "third-party" claim. "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against [him] by the original plaintiff." *Am. First Lloyd's Ins. Co. v. Glob. Experience Specialists, Inc.*, 3:13-CV-0534-D, 2013 U.S. Dist. LEXIS 165302, *10 (N.D. Tex. Nov. 21, 2013) (quoting 6 Charles Alan Wright, et al., Federal Practice and Procedure § 1446 (3d ed.)). But here, Promoters are not seeking to transfer to Alder Aqua any of the liability VBF asserted against them. Instead, Promoters have tied themselves in a knot. They concede that if VBF prevails against them, then Alder Aqua will not be liable over to Promoters for VBF's recovery, and their claims "disappear." That is the opposite of derivative liability under Rule 14.[1]

---

[1] Promoters contend their tortious interference claims (Dkt. 186 Counts I-IV) are derivative of only VBF's claims for rescission, declaratory judgment, and restitution (Dkt. 159, Counts XIV-XIX). Response, Dkt. 252 at pp. 7-8 (chart of purportedly derivative claims). If VBF prevails on these claims there will be a finding that Promoters breached their fiduciary duties, defrauded and/or concealed material information from VBF when they entered into the agreements. With such a finding against Promoters, they would have no basis to recover on their claims. Promoters do not (and cannot) contend their "third-party claims" are derivative of any other VBF claims. And Promoters do not (and cannot) contend their alter ego contract claims are derivative. *Id*.

When faced with this same situation, the court dismissed with prejudice improper third-party claims under Rule 14(a). *See American Express Travel Related Services, Co. v. Beaumont*, No. CIV. A. 3:01-CV-1869R, 2002 U.S. Dist. LEXIS 18070 (N.D. Tex. Oct. 9, 2002). American Express sued the cardholder defendant for not paying his credit card bill. *Id.* at *3. The cardholder defendant then asserted a third-party claim against the vendor, claiming it had made an unauthorized charge to the credit card. *Id*. The court dismissed the third-party claim with prejudice because there was no possibility of secondary liability by the very nature of plaintiff American Express's action. *Id*. at **7-8. A favorable liability finding for American Express as plaintiff required its proving the charges *were authorized*, and if it did so, then the cardholder's "third-party" claim against the vendor for *unauthorized* charges would necessarily fail. *Id*. The same can be said for Promoters' claims here (and in fact Promoters say it themselves in their Response as quoted above): if VBF (i.e., American Express) succeeds on its contract rescission actions against Promoters (i.e., the cardholder), then Promoters' claims against Alder Aqua (i.e., the vendor) for breach of contract or tortious interference necessarily fail. Thus, Promoters' claims are not derivative, and like the cardholder's claims in *American Express*, they should be dismissed with prejudice.[2]

**II.      That Promoters' third-party claims allegedly arise from the same set of facts does not make them proper under Rule 14.**

Promoters argue their Amended Third-Party Complaint "arises from the same set of facts and legal claims as the Second Amended Complaint."  Response, Dkt. 252 at p. 1.  "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough" to make a third-party claim derivative for purposes of Rule 14. *Am.*

---

[2]     Promoters fail to respond to Alder Aqua's *American Express* argument which it raised in its Motion to Strike. Dkt. 224 at p. 10.

*First Lloyd's*, 2013 U.S. Dist. LEXIS 165302 at *10 (quoting 6 Wright & Miller § 1446). Under Rule 14, the "claim against the third-party must be *based upon* plaintiff's claim against defendant." 6 Wright & Miller § 1446 (emphasis added). If the claim is an entirely separate and independent action, impleader will be denied, even where it arises out of the same general facts as the main claim. *Joe Grasso & Son, Inc.*, 380 F.2d at 751; *see also Cortis, Inc. v. Cortislim Int'l, Inc.*, 3:12-CV-00562-P, 2014 WL 12577398, at *3 (N.D. Tex. Mar. 24, 2014) ("Though the claims against the Graziano Parties clearly arise out of the same general facts as Plaintiff's claims, that the underlying facts are similar is insufficient to establish that impleader is proper.").

Here, Promoters' so-called "third-party" claims against Alder Aqua are *not based upon* VBF's claims for rescission, declaratory judgment and restitution against Promoters (or any other VBF claims). Promoters' claims are separate and independent, and the fact that they may arise out of the same general facts as VBF's claims is immaterial. *See id.* Promoters' third-party claims for tortious interference with, and alter ego breach of, the Termination, Separation, and Employment Agreements are separate and independent causes of action from any liability VBF may put on them. As a result those actions are not proper third-party claims under Rule 14 simply because they allegedly may arise from the same general facts.

Another case in Alder Aqua's Motion to Strike that Promoters ignore is *Cambridge Strategies, LLC v. Cook*, No. 3:10-CV-2167-L, 2012 U.S. Dist. LEXIS 7367 at *2-5 (N.D. Tex. Jan. 23, 2012). Dkt. 224 at p. 7. The facts in that case are clearly similar to the facts here. Cambridge Strategies sued Cambridge Group, the company whose assets Strategies purchased, and Cook, Strategies' former employee and Group's former owner. *Cambridge Strategies, LLC*, 2012 U.S. Dist. LEXIS 7367 at *2-3. Strategies (like VBF here) asserted breach of fiduciary and misappropriation claims against defendants Cook and Group. *Id*. Those two defendants (like

Promoters here) filed tortious interference and other claims against third parties who were affiliates or officers of the plaintiff Strategies. *Id*. at *4. Judge Lindsay analyzed "the nature of the underlying claims" and dismissed the third-party claims because they were not derivative of the plaintiff's action even if they arose from the same facts:

> The flaw in Defendants' argument is that Cook's obligations to Cambridge Strategies under the employment agreement are not dependent on Third Party Defendants' alleged tortious misconduct. Simply put, Third Party Defendants cannot be secondarily liable for Cook's alleged breach of the employment agreement or breach of loyalty and fiduciary duty to Cambridge Strategies, even if Cambridge Strategies had no cause of action against Cook and Cambridge Group absent Third Party Defendant's actions. Consequently, Defendants' third party claims do not emanate from the main claims but exist wholly independent of them. Even if the third party claims arise out of the same general set of facts as Cambridge Strategies claims against Defendants, this is not a proper basis for impleader under Rule 14. That Defendants have couched their third party claims in terms of contribution and indemnity does not change the nature of the underlying claims or the result under Rule 14.

*Id*. at **18-20 (citations omitted). Likewise, Promoters' fiduciary obligations to VBF are not in any way dependent on Alder Aqua's (or the other Third Party Defendants') alleged tortious misconduct. Alder Aqua cannot be secondarily liable for Promoters' fiduciary breaches or any other claims asserted by VBF against Promoters, even if the claims arise out of the same general set of facts.[3]

### III. Rule 14's third-party procedure is not a vehicle for trying independent causes of action together.

Promoters argue they should be allowed to pursue their third-party claims because it would be "inefficient" to require them to sue the third-party defendants in a separate lawsuit. Response, Dkt. 252 at p. 13 n.1. That Promoters would be required to file a new lawsuit is

---

[3] There are many other cases in the Motion to Strike that Promoters ignore. That is not surprising as the great weight of authority on this issue rests squarely against them.

immaterial to whether their third-party claims are proper under Rule 14. As the Fifth Circuit has explained:

> The third-party procedure is not designed as a vehicle for the trying together of separate and distinct causes of action, or for the introduction, into the main action, of several parallel, but independent, actions, or separate and independent claims, or for changing the cause of action as asserted, or substituting another action for it, and is not a device for bringing into an action any controversy which may have some relation to it.

*Majors v. Am. Nat. Bank of Huntsville*, 426 F.2d 566, 568 (5th Cir. 1970) (per curiam) (citation and quotation marks omitted); *Wells Fargo Bank, N.A. v. Pettus*, 3:11-CV-0095-D, 2011 WL 3586405, at *2 (N.D. Tex. Aug. 16, 2011) (same). The Fifth Circuit has dismissed those claims irrespective of whether it made litigation less efficient:

> While we recognize that allowing impleader of the captains would expedite administratively the entire controversy, the government still has failed to show that the tax liability necessarily will fall upon either Grasso or the captains. The third party complaint against the captains is a separate claim for taxes, and as such must be denied.

*Joe Grasso & Son*, 380 F.2d at 752 (citations omitted). This Court should do the same and strike the Amended Third-Party Complaint.

### IV.  Promoters cannot rely on third-party claims they have not alleged.

The Response suggests that if VBF's claims against Promoters proceed, then Promoters plan to defend by asserting Alder Aqua was aware of and approved the complained of actions by Promoters. Response, Dkt. 252 at p. 2. "Ergo, if [Promoters] are found liable for any of the actions alleged in the Second Amended Complaint, Thelander, McCowan and Alder would similarly be liable as the parties approving [Promoters'] actions." *Id*. Setting aside the circular nature of this unpleaded "defense," Promoters never explain how this could possibly be true, and based on their plead causes of action, it could not be true. There are no claims in the Amended Third-Party Complaint that seek to hold Alder Aqua liable for approving Promoters' fraudulent

actions. In fact, Promoters conclude their Response by conceding they have not plead any such claims, arguing that the Court should sit on the Motion to Strike and allow them to conduct discovery so that they then eventually, hopefully, maybe will "be in a position to properly allege facts that pass along all or part of any liability asserted by VBF to Third-Party Defendants." Dkt. 252 at p. 13. If that position were not already farcical enough, Promoters next suggest their claims "lack the obvious connection between VBF's claims against [Promoters] and [Promoters'] claims against Third-Party Defendants," because of an alleged lack of specificity in VBF's Second Amended Complaint. *Id*.

The Court need not entertain Promoters' pleading excuses and should simply accept their Rule 14 surrender (made twice on the same page) that they have not "properly alleg[ed] facts" that would establish Alder Aqua's liability as a proper third-party defendant. Response, Dkt. 252 at p. 13. Promoters will never be able to properly allege such facts because there is no possibility of secondary liability based on the nature of the claims asserted. *Am. Express Travel*, 2002 U.S. Dist. LEXIS 18070, at *7. The Amended Third-Party Complaint should be stricken.

## V.  Conclusion

Third-Party Defendant Alder Aqua respectfully requests that the Court grant its Motion to Strike, Dkt. 224; strike the Amended Third-Party Complaint, Dkt. 186; dismiss the claims asserted against Alder Aqua with prejudice; and grant it such other and further relief to which it is entitled.

Dated:  January 29, 2020.

Respectfully submitted,

By: /s/ John P. Kincade
    John P. Kincade, Esq.    SB# 11429600

2728 N. Harwood Street
Suite 500
Dallas, Texas 75201
(214) 745-5400
(214) 745-5390 (Fax)
Email:  jkincade@winstead.com

Elliot Clark
Texas Bar No. 24012428
eclark@winstead.com
**WINSTEAD PC**
401 Congress Avenue, Suite 2100
Austin, Texas 78701-3619
512-370-2800
512-370-2850 (Facsimile)

Kevin T. Keen
Texas Bar No. 24113386
kkeen@winstead.com
**WINSTEAD PC**
24 Waterway Avenue
Suite 500
The Woodlands, Texas 77380
(281) 681-5900
(281) 681-5901 (facsimile)

***ATTORNEYS FOR THIRD-PARTY DEFENDANT, ALDER AQUA, LTD.***

## CERTIFICATE OF SERVICE

    I certify that on January 29, 2020, this document was filed and served via the Court's ECF system and that a copy was sent via electronic mail to all counsel of record for whom the ECF system did not send an automatic Notice of Electronic Filing.

                                      /s/ John P. Kincade
                                      One of Counsel