UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VEROBLUE FARMS USA, INC., § | | |
| Plaintiff § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 3:19-CV-00764-X |
| § | | |
| LESLIE A. WULF, ET AL., § | | |
| Defendants. § | | |

**THIRD-PARTY DEFENDANTS NORMAN MCCOWAN AND BJORN THELANDER'S REPLY IN SUPPORT OF MOTION TO STRIKE AMENDED THIRD-PARTY COMPLAINT**

Third-Party Defendants Norman McCowan ("McCowan") and Bjorn Thelander ("Thelander") hereby submit this reply in support of their Motion to Strike Amended Third-Party Complaint and Brief in Support (the "Motion"). Dkt. 228.

### I.   ARGUMENTS & AUTHORITIES

**A.   The Third-Party Plaintiffs' tortious interference claims are not derivative of VBF's claims.**

Impleader is permitted "only in cases where the third party's liability was in some way derivative of the outcome of the main claim." *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967). Here, the Third-Party Plaintiffs contend that their third-party claims for tortious interference with the Termination, Employment and Separation Agreements are derivative of VBF's claims for rescission, declaratory judgment and restitution. Dkt. 252 ("Third-Party Plaintiffs Resp.") at 9.[1] Although the Third-Party Plaintiffs acknowledge that the Amended Third Party Complaint ("ATPC") "might lack the obvious connection between VBF's claims against Founders and Founders' claims against Third-Party Defendants," they nonetheless argue that their

---

[1] The Founders do not contend that their claims are derivative of any other claims asserted by VBF.

1

claims are derivative because, "if VBF succeeds in rescinding or otherwise voiding its Employment, Termination and Separation Agreements with Founders, then Founders' claims disappear." *Id.* For the reasons explained below, the Third-Party Plaintiffs' claims are not derivative for purposes of Rule 14.

> 1. **That the Third-Party Plaintiffs' third-party claims arise from the same set of facts is insufficient to make their third-party claims proper under Rule 14.**

In support of its arguments, the Third-Party Plaintiffs assert that the ATPC "arises from the same set of facts and legal claims as the Second Amended Complaint." Third-Party Plaintiffs Resp. at 1. However, the "mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough" to make a third-party claim derivative for purposes of Rule 14. *Am. First Lloyd's Ins. Co. v. Glob. Experience Specialists, Inc.*, No. 3:13-CV-0534-D, 2013 WL 6164293, at *3 (N.D. Tex. Nov. 21, 2013) (quoting 6 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 1446 (3d ed. 2019). Under Rule 14, the "claim against the third-party must be *based upon* plaintiff's claim against defendant." 6 WRIGHT & MILLER § 1446 (emphasis added). If the claim is an entirely separate and independent claim, impleader will be denied, even where it arises out of the same general facts as the main claim. *Joe Grasso & Son*, 380 F.2d at 751; *see also Cortis, Inc. v. Cortislim Int'l, Inc.*, No. 3:12-CV-00562-P, 2014 WL 12577398, at *3 (N.D. Tex. Mar. 24, 2014) ("Though the claims against the Graziano Parties clearly arise out of the same general facts as Plaintiff's claims, that the underlying facts are similar is insufficient to establish that impleader is proper.").

Here, the Third-Party Plaintiffs' tortious interference claims against McCowan and Thelander are not *based upon* VBF's claims for rescission, declaratory judgment and restitution against the Third-Party Plaintiffs. Rather, their claims are separate and independent claims and that they arise out of the same general facts as these claims is immaterial. *See id.* Indeed, the

2

Third-Party Plaintiffs' claims for tortious interference with the subject agreements are legally inconsistent with VBF's claims to rescind and/or void those same agreements, which precludes a conclusion that they are derivative. If VBF were to prevail on its rescission claim, for example, the Third-Party Plaintiffs could not pursue their tortious interference claims against McCowan and Thelander (as the Third-Party Plaintiffs concede). Thus, the Third-Party Plaintiffs' third-party claims for tortious interference with the Termination, Separation, and Employment Agreements are separate and independent causes of action, and therefore are not proper third-party claims under Rule 14.

### 2. The ATPC does not seek to transfer liability for VBF's claims to McCowan and Thelander.

"The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against [him] by the original plaintiff." *Am. First Lloyd's*, 2013 WL 6164293 at *3 (quoting 6 WRIGHT & MILLER § 1446).

Here, the Third-Party Plaintiffs' tortious interference claims do not seek to transfer to McCowan and Thelander any liability for the Third-Party Plaintiffs' fraud in entering the challenged agreements or any damages and/or restitution sought by VBF. *Cf. id.* at *3 (third-party claim by defendant, an additional insured, against the named insured, contending that if defendant was not covered under the policy in question, then the third party was liable under contractual obligations to provide insurance coverage for, and indemnify, defendant, was proper under Rule 14). Rather, the Third-Party Plaintiffs seek to have McCowan and Thelander pay the Third-Party Plaintiffs' expenses incurred in defending this suit, including attorneys' fees, Defendant Wulf's COBRA premiums, and the severance allegedly owed to Defendant J. Rea—none of which are damages VBF seeks in this action. *See* ATPC, Dkt. 186 ¶¶ 72, 74, 82, 84, 89, 94, 96, 104, 106. There is no possibility that McCowan and Thelander could be secondarily liable for such

categories of damages if VBF prevailed on its claims. If the Third-Party Plaintiffs were found liable to VBF on its rescission, declaratory judgment, and restitution claims, there would have to be a finding that the Third-Party Plaintiffs breached their fiduciary duties, defrauded and/or concealed material information from VBF when they entered into those agreements. With such a finding against the Third-Party Plaintiffs, they would have no basis to seek to payment of Defendant Wulf's COBRA premiums or Defendant J. Rea's severance, much less seek such payment from McCowan and Thelander, who, as alleged in VBF's claims, were victims of the Third-Party Plaintiffs' fraud. *See Am. Express Travel Related Servs. Co., Inc. v. Beaumont,* No. CIV.A. 3:01-CV-1869R, 2002 WL 31298867, at *2 (N.D. Tex. Oct. 9, 2002) (dismissing third-party claim brought by cardholder against vendor for making *unauthorized* charges because there was no possibility that the vendor could be secondarily liable to plaintiff credit card company for the cardholder's failure to pay for *authorized* charges); *Cambridge Strategies, LLC v. Cook*, 3:10-CV-2167-L, 2012 WL 176587, at *7 (N.D. Tex. Jan. 23, 2012) (holding tortious interference third-party claims were not derivative under Rule 14 because third-party defendants could not be secondarily liable for third-party plaintiff's alleged breach of his employment agreement with plaintiff or breach of fiduciary duties he owed to plaintiff).[2] The nature of the Third-Party Plaintiffs' damages alone demonstrate that they do not seek to pass on to McCowan and Thelander the liability VBF has asserted against the Third-Party Plaintiffs.

Moreover, as the Third-Party Plaintiffs concede, their claims against McCowan and Thelander *would disappear* if VBF prevailed on its rescission, declaratory, and restitution claims. Third-Party Plaintiffs Resp. at 1, 9. The mere fact that the Third-Party Plaintiffs would no longer

---

[2] *American Express and Cambridge Strategies* were both cited and discussed in McCowan and Thelander's Motion to Strike, see Motion at 6–9. The Third-Party Plaintiffs fail to address both cases in their Response.

4

have third-party claims to assert against McCowan and Thelander if VBF prevailed on its claims demonstrates that the Third-Party Plaintiffs do not seek to transfer the liability asserted against them to McCowan and Thelander and that there is no possibility of secondary liability. The fact that their claims would disappear also undermines the Third-Party Plaintiffs' argument—made without authority—that if they "are found liable for any of the actions alleged in the Second Amended Complaint, Thelander, McCowan, and Alder would similarly be liable as the parties approving Founders' actions." Third-Party Plaintiffs Resp. at 2.

Because the Third-Party Plaintiffs cannot show that the ATPC seeks to transfer liability McCowan or Thelander for VBF's claims or that McCowan or Thelander would otherwise be liable to the Third-Party Plaintiffs for any part of VBF's recovery on its claims, their third-party claims are not derivative under Rule 14.

### 3. The Third-Party Plaintiffs' third-party claims are improper because McCowan and Thelander are not adverse to VBF.

Another important characteristic of a proper third-party claim is the requirement that the third-party defendant, like the defendant/third-party plaintiff, be adverse to the plaintiff. As explained by the Fifth Circuit, the "[t]hird-party defendant occupies the same adversary position, with respect to the plaintiff, as does defendant." *Kicklighter v. Nails by Jannee, Inc.*, 616 F.2d 734, 744 n.15 (5th Cir. 1980). ("There is an identity of interest in that third-party defendant's liability is, i.e., derives from, the liability of defendant. Third-party defendant occupies the defendant's shoes.").

Here, the Third-Party Plaintiffs' claims are not derivative because McCowan and Thelander are not adverse to VBF. VBF's claims for rescission, declaratory judgment and restitution are based on the *Third-Party Plaintiffs'* breaches of fiduciary duty, fraud, and material misrepresentations in executing the transactions from which the *Third-Party Plaintiffs* personally

5

benefitted. *See, e.g.*, SAC ¶¶ 307, 310, 314, 324, 329, 330, 332, 339, 341, 351, 354. Furthermore, in each of VBF's claims for rescission and declaratory judgment and restitution, VBF alleges that the *Third-Party Plaintiffs* defrauded and withheld material information *from VBF and VBF's disinterested board members*. Because McCowan and Thelander are among the parties that VBF alleges the Third-Party Plaintiffs defrauded, and McCowan and Thelander were in acting in their capacities as agents and board members of VBF, they cannot be adverse to VBF on those claims.

The Third-Party Plaintiffs' third-party claims against McCowan and Thelander are not derivative under Rule 14. Accordingly, this Court should strike the ATPC's claims against McCowan and Thelander.

B. **Rule 14's third-party procedure is not a vehicle for trying independent causes of action together.**

The Third-Party Plaintiffs argue that they should be allowed to pursue their third-party claims because it would be "inefficient" to require them to sue the third-party defendants in a separate lawsuit. Third-Party Plaintiffs Resp. at 13 n.1. That the Third-Party Plaintiffs would be required to file a new lawsuit is immaterial to whether their third-party claims are proper under Rule 14. As explained by the Fifth Circuit:

> "The third-party procedure is not designed as a vehicle for the trying together of separate and distinct causes of action, or for the introduction, into the main action, of several parallel, but independent, actions, or separate and independent claims, or for changing the cause of action as asserted, or substituting another action for it, and is not a device for bringing into an action any controversy which may have some relation to it."

*Majors v. Am. Nat. Bank of Huntsville*, 426 F.2d 566, 568 (5th Cir. 1970) (per curiam) (citation and quotation marks omitted); *Wells Fargo Bank, N.A. v. Pettus*, No. 3:11-CV-0095-D, 2011 WL 3586405, at *2 (N.D. Tex. Aug. 16, 2011) (same). Where the third-party claims asserted are not derivative claims, but are instead independent and distinct causes of action, other courts, including the Fifth Circuit, have dismissed those claims irrespective of whether it made litigation less

efficient. *See, e.g., Joe Grasso & Son*, 380 F.2d at 752 ("While we recognize that allowing impleader of the captains would expedite administratively the entire controversy, the government still has failed to show that the tax liability necessarily will fall upon either Grasso or the captains. The third party complaint against the captains is a separate claim for taxes, and as such must be denied.") (citations omitted). This Court too, should do the same and strike the ATPC's claims against McCowan and Thelander.

## C.   The Third-Party Plaintiffs cannot rely on third-party claims they have not alleged to save them.

In their response, the Third-Party Plaintiffs suggest that they have additional claims against the Third-Party Defendants *not pled in the ATPC* that would be derivative and that they have somehow been prevented from pleading these claims. Third-Party Plaintiffs Resp. at 13. This argument is wholly without merit. First, there are no claims asserted in the ATPC that seek to hold McCowan or Thelander liable for approving the Third-Party Plaintiffs' fraudulent actions. The Court should not consider arguments about claims that have not been pled in deciding whether to strike the pending ATPC under the mandatory requirements of Rule 14. Second, there is no support for the Third-Party Plaintiffs' contention that their failure to plead additional claims is somehow VBF's fault. VBF's Second Amended Complaint contains 61 pages of allegations regarding the Third-Party Plaintiffs' specific actions. *See* Second Amended Complaint Dkt. 159 ¶¶ 1–229.[3] And the Third-Party Plaintiffs previously filed an *answer* to VBF's less-detailed Amended Complaint, which belies any argument that the Third-Party Plaintiffs do not have enough information regarding the claims against them. Dkt. 66. The Third-Party Plaintiffs also suggest that the Court delay ruling on this motion, which is unnecessary. Third-Party Plaintiffs Resp. at

---

[3] VBF's Second Amended Complaint is well-pleaded, and VBF has filed a response addressing the arguments raised in the Founders' motion to dismiss. Dkt. 217.

7

13.  At the time the Third-Party Plaintiffs filed the ATPC, McCowan and Thelander had already filed a substantively-similar motion to strike pursuant to Rule 14.  Dkt. 175.  Thus, the Third-Party Plaintiffs were aware of the issues with their third-party claims, but chose not to address them.  There is no reason to delay dismissal of the ATPC.

## II.    CONCLUSION

Third-Party Defendants Norman McCowan and Bjorn Thelander respectfully request that this Court grant the Motion and grant such other and further relief to which they may show themselves justly entitled.

Dated: January 29, 2020

Respectfully submitted,

*/s/ Nicole L. Williams*
Nicole L. Williams
  Texas Bar No. 24041784
  nicole.williams@tklaw.com
William L. Banowsky
  Texas Bar No. 01697125
  bill.banowsky@tklaw.com
Jasmine S. Wynton
  Texas Bar No. 24090481
  jasmine.wynton@tklaw.com
**THOMPSON & KNIGHT LLP**
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 969-1700
(214) 969-1751 (facsimile)

*/s/ Robert H. Lang*
Robert H. Lang
  (appearing *pro hac vice*)
  rhlang@thompsoncoburn.com
**THOMPSON COBURN LLP**
55 East Monroe, 37th Floor
Chicago, Illinois 60603
(312) 346-7500

**ATTORNEYS FOR PLAINTIFF VEROBLUE FARMS USA, INC.**

## CERTIFICATE OF SERVICE

This document was filed electronically on January 29, 2020, I electronically filed the foregoing pleading with the Clerk of the Court, using the CM/ECF system.

*/s/ Nicole L. Williams*
Nicole L. Williams