IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VEROBLUE FARMS USA, INC. )<br>   Plaintiff, )<br>v. )<br> )<br>LESLIE A. WULF, et al. )<br>   Defendants. ) | Case No. 3:19-cv-00764-X |

**PLAINTIFF'S SUBMISSION OF SUPPLEMENTAL AUTHORITY REGARDING DEFENDANT DRIVER'S REPLY**

Plaintiff, VeroBlue Farms USA, Inc. ("VBF"), as permitted by this Court during May 6, 2020 oral argument discussions, submits its Supplemental Authority in response to the authorities cited by Defendant Keith Driver ("Driver") for the first time in his Reply [Dkt. 241] to his Motion to Dismiss VeroBlue's Second Amended Complaint [Dkt. 180] (the "Motion"), attaching the cases cited herein as **Exhibit A** through **Exhibit E**:

Driver cited *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 58 (Tex. 2008) for the proposition that "[i]n general, a contract is subject to avoidance on the ground of fraudulent inducement. However, in some situations, the parties can agree in the contract to waive the right to assert fraud by **expressly** disclaiming reliance." Dkt. 241 at 10 (emphasis added). In *Forest Oil*, the non-reliance clause stated in relevant part as follows: "in executing the releases contained in this Agreement, [the parties are not] relying upon any statement or representation of any agent of the parties being released hereby. [We are] relying on [our] own judgment...." *Forest Oil,* 268 S.W.3d at 54 n. 4. Driver concedes, however, that the alleged "Release Agreement" upon which he relies "does not specifically contain express non-reliance language." Dkt. 241 at 12. Therefore, *Forest Oil* does not apply here.

In addition, the following cases further establish that *Forest Oil* is not applicable here:

<u>Italian Cowboys Partners, Ltd. v. Prudential Ins. Co. of America</u>, 341 S.W.3d 323, 328, 333-334 (Tex. 2011): distinguishing *Forest Oil*, reiterating that there is no *per se* bar of fraudulent inducement claims even in the face of an express non-reliance clause, and finding that a clause through which a party "acknowledges that neither [the other party] nor [the other party's representatives]…have made any representations or promises…except as expressly set forth herein," even when combined with an integration clause, did not constitute an express non-reliance clause.

<u>In re Primera Energy, LLC</u>, 560 B.R. 448, 459-460 (Bankr. W.D. Tex. 2016): finding that, even when there is specific non-reliance language, as there was in *Forest Oil* (which is not the case here), the plaintiff can overcome a Federal Rule of Civil Procedure 12(b)(6) motion based on the same by sufficient allegations of fraudulent inducement.

<u>Duke Energy Int'l, LLC v. Napoli</u>, 748 F. Supp. 2d 656, 669-671 (S.D. Tex. 2010): distinguishing *Forest Oil*, finding "as-is" and merger clauses do not constitute non-reliance clauses, and finding that the Texas Supreme Court in *Forest Oil* did not hold that explicit non-reliance clauses were *per se* immune to fraudulent inducement claims: "Finally, the Texas Supreme Court was clear in each decision that it did not announce a "per se rule that a disclaimer automatically precludes a fraudulent-inducement claim," but rather held merely that, on the records presented in those cases, such claims were barred." (*citing Forest Oil,* 268 S.W.3d at 61; *Schlumberger Tech. Corp. v. Swanson,* 959 S.W.2d 171, 181 (Tex. 1997)).

Therefore, *Forest Oil* does not apply to this case since Driver's alleged Release Agreement does not contain a non-reliance clause, and even if it did, the above cases confirm that such a clause would still be subject to VBF's claim for fraudulent inducement in the Second Amended Complaint. Therefore, Driver's Motion should be denied.

Respectfully submitted,

VEROBLUE FARMS USA, INC

By: /s/ Nicole Williams

Nicole Williams
Jasmine Wynton
Thompson Coburn LLP
1919 McKinney Avenue, Suite 100
Dallas, TX 75201
972-629-7100 (main)
nwilliams@thompsoncoburn.com
jwynton@thompsoncoburn.com

By: /s/ Robert H. Lang

Robert H. Lang
Caroline Pritikin
Thompson Coburn LLP
55 East Monroe, 37th Floor
Chicago, IL 60603
312-346-7500 (main)
rhlang@thompsoncoburn.com
cpritikin@thompsoncoburn.com

- 3 -

## CERTIFICATE OF SERVICE

      The undersigned, a non-attorney, hereby certifies under penalties as provided by law, that on May 13, 2020 she caused a true and correct copy of **Plaintiff's Submission of Supplemental Authority Regarding Defendant Driver's Reply** to be served upon counsel of record via ECF system of Texas:

                                             /s/    Arianna Thornton