## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| VEROBLUE FARMS USA, INC., | § | |
|    Plaintiff, | § | |
| | § | |
|  v. | § | Civil Action No. 3:19-CV-00764-X |
| | § | |
| LESLIE A. WULF, ET AL., | § | |
|    Defendants. | § | |
| | § | |

### THIRD-PARTY DEFENDANT ALDER AQUA, LTD.'S POST-HEARING
### BRIEF REGARDING ORDER OF CONSIDERATION OF DISPOSITIVE MOTIONS

Third-Party Defendant Alder Aqua, Ltd. ("Alder Aqua") files its Post-Hearing Brief Regarding Order of Consideration of Dispositive Motions, and states:

During the May 13, 2020 oral argument on Third-Party Defendant Alder Aqua's Motion to Dismiss (Dkts. 219 and 220) and Motion to Strike (Dkts. 223 and 224) (collectively, the "Motions"), the Court invited the parties to submit supplemental authority regarding the Court's potential order of consideration of the dismissal grounds. Alder Aqua raised the following dismissal grounds in its Motions:

- Rule 12(b)(1) for lack of standing as to Counts 5-9;

- Rule 12(b)(5) for improper service as to all Counts;

- Rule 12(b)(6) on multiple grounds as to all Counts; and

- Rule 14(a)(4) for improper impleader as to all Counts.

Alder Aqua contends that the Rule 12(b)(1) ground to dismiss Counts 5-9 should be considered first because it involves the threshold question of Third-Party Plaintiffs' standing to bring alter ego contract claims. And standing is a question of subject-matter jurisdiction. *Cobb v. Central States*, 461 F.3d 632, 635 (5th Cir. 2006); *Domain Vault, LLC v. McNair*, No. 3:14-CV-1126-L, 2015 U.S. Dist. LEXIS 130449, at *4 (N.D. Tex. Sept. 28, 2015). As briefed in its

Motion, Alder Aqua contends Third-Party Plaintiffs lack standing to assert alter ego claims because those claims belonged to the VBF bankruptcy estate. The Fifth Circuit generally requires that Rule 12(b)(1) motions be considered before considering other Rule 12(b) motions to dismiss. *Cell Sci. Sys. Corp. v. La. Health Serv.*, No. 18-31034, 2020 U.S. App. LEXIS 8349, *2 (5th Cir. Mar. 17, 2020); *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

Further, as to the priority between a Rule 12(b)(1) motion and a Rule 14 motion, in *United States v. Cabelka*, this District stated it would consider first a Rule 12(b)(1) subject-matter jurisdictional ground before considering a Rule 14 analysis. No. 7:16-cv-00126-O-BP, 2017 U.S. Dist. LEXIS 44314, *15 (N.D. Tex. Feb. 24, 2017) ("The Court will first examine Thorpe's Motion under Rule 12(b)(1) before turning to the applicability of Rules 12(b)(6) and 14(a)(1).") (citing *Ramming*, 282 F.3d at 161). Also, in *Vinmar Overseas, Ltd. v. OceanConnect, LLC*, the Court noted (albeit in *dicta*) that if it lacks subject-matter jurisdiction, then *a fortiori* it would lack jurisdiction to entertain a challenge to impleader under Rule 14.  No. H-11-4311, 2012 U.S. Dist. LEXIS 169351, *19 n.4 (S.D. Tex. Nov. 29, 2012). For these reasons, Alder Aqua believes the Court should address Alder's Rule 12(b)(1) lack of standing ground first, which if granted, would dismiss Counts 5-9 of the Amended Third-Party Complaint.[1]

After ruling on the Rule 12(b)(1) ground, Alder Aqua respectfully contends the Court may (and should) next turn to the relief requested under Rule 14 before considering its Rule 12(b)(5) and Rule 12(b)(6) grounds. Although a Rule 12(b)(5) motion implicates *personal* jurisdiction, *Grant-Brooks v. Nationscredit Home Equity Servs. Corp.*, No. CIV.A. 3:01-CV2327R, 2002 U.S. Dist. LEXIS 3340, **7-8 (N.D. Tex. Feb. 28, 2002), this District has

---

[1] Alder posits a Rule 14 dismissal would be appropriate for dismissal of remaining Counts 1-4 should its Rule 12(b)(1) ground be granted, and for dismissal of Counts 1-9 should its lack of standing argument not succeed.

previously first decided a Rule 14 motion before reaching a motion based on personal jurisdiction. *See American Express Travel Related Servs, Co. v. Beaumont*, No. CIV. A. 3:01-CV-1869R, 2002 U.S. Dist. LEXIS 18070, \*5 (N.D. Tex. Oct. 9, 2002) (deciding Rule 14 motion and dismissing case with prejudice without reaching either Rule 12(b)(2) personal jurisdiction or Rule 12(b)(6) failure to state a claim). An approach deciding the Rule 14 motion before addressing the (in)sufficiency of service contention under Rule 12(b)(5) would furthermore appear to favor judicial efficiency and economy.  For instance, as is the case here, equity would not seem to dictate making Third-Party Plaintiffs first re-serve Alder Aqua properly under the Hague Convention only to then dismiss their Amended Third-Party Complaint because it is improper under Rule 14.    Indeed, in a case when the attempted impleader was improper because it did not attempt to pass on secondary liability (as Alder Aqua asserts is the case here), the impleader was improper under Rule 14 and the Court lacked discretion to allow it. *Vinmar Overseas, Ltd.*, 2012 U.S. Dist. LEXIS 169351, \*9 ("The court's discretion may be exercised **only** when the proposed third-party claim is within the scope of impleader established by Rule 14(a).") (citing 6 Wright & Miller, § 1443, at 355 (3d ed. 2010)) (Emphasis added).

As the third-party claims against Alder Aqua (and the other Third-Party Defendants) are not within the scope of impleader established by Rule 14, all such claims are improper, and should respectfully be dismissed for that reason without first deciding the Rule 12(b)(5) and Rule 12(b)(6) grounds.[2]

---

[2]    Counsel for Alder Aqua have conferred with counsel for Third-Party Defendants Bjorn Thelander and Norman McCowan, who concur with Alder Aqua's position  that the Court has authority to adjudicate the Rule 14 grounds before addressing the respective Rule 12(b)(6), Rule 12(b)(5), or Rule 12(b)(2) grounds, as applicable.

Dated:  May 18, 2020.

Respectfully submitted,

By:   /s/ John P. Kincade
     John P. Kincade, Esq.      SB# 11429600

2728 N. Harwood Street
Suite 500
Dallas, Texas 75201
(214) 745-5400
(214) 745-5390 (Fax)
Email:  jkincade@winstead.com

Elliot Clark
Texas Bar No. 24012428
eclark@winstead.com
**WINSTEAD PC**
401 Congress Avenue, Suite 2100
Austin, Texas 78701-3619
512-370-2800
512-370-2850 (Facsimile)

Kevin T. Keen
Texas Bar No. 24113386
kkeen@winstead.com
**WINSTEAD PC**
24 Waterway Avenue
Suite 500
The Woodlands, Texas 77380
(281) 681-5900
(281) 681-5901 (facsimile)

***ATTORNEYS FOR THIRD-PARTY
DEFENDANT, ALDER AQUA, LTD.***

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 18, 2020, this document was filed and served via the Court's ECF system and that a copy was sent via electronic mail to all counsel of record for whom the ECF system did not send an automatic Notice of Electronic Filing.


 /s/ John P. Kincade
One of Counsel