IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VEROBLUE FARMS USA, INC. ) | |
|     Plaintiff, ) | |
| v. ) | |
| ) | |
| LESLIE A. WULF, et al. ) | Case No. 3:19-cv-00764-X |
|     Defendants. ) | |

**PLAINTIFF VEROBLUE FARMS USA, INC.'S SUBMISSION OF SUPPLEMENTAL AUTHORITY REGARDING FEDERAL RULE OF CIVIL PROCEDURE 9(b)**

Plaintiff, VeroBlue Farms USA, Inc. ("VBF"), as permitted by this Court during May 13, 2020 oral argument, submits as follows for its Supplemental Authority in regards to Defendants Leslie Wulf, Bruce Hall, James Rea, and John Rea's ("Movants") arguments in support of their motion to dismiss the Plaintiff's Second Amended Complaint [Dkt. 184] pursuant to Federal Rule of Civil Procedure 9(b):

    **I.**    **Fifth Circuit case law does not require that VBF plead with particularity "to whom" representations were made for purposes of Rule 9(b).**

As VBF argued during the May 13, 2020 hearing, the Fifth Circuit's stated pleading requirements for Rule 9(b) do not require that VBF plead with particularity "to whom" any false representations were made. Indeed, the Fifth Circuit has repeatedly explained that although Rule 9(b) requires that fraud be pleaded with "particularity," there is no rigid formula for testing the sufficiency of an allegation of fraud under Rule 9(b), because Rule "9(b)'s ultimate meaning is context-specific." *IAS Services Group, L.L.C. v. Jim Buckley & Associates, Inc.,* 900 F.3d 640, 647 (5th Cir. 2018) (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009) (internal quotation marks omitted) and citing *Benchmark Elecs., Inc. v. J.M. Huber,*

*Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) ("What constitutes 'particularity' will necessarily differ with the facts of each case. . . .").[1] As the Fifth Circuit explained in *Grubbs*:

> We have traditionally required that a fraud complaint include "the time, place and contents of the false representation[ ], as well as the identity of the person making the misrepresentation and what that person obtained thereby." However, we have acknowledged that "Rule 9(b)'s ultimate meaning is context-specific," and thus there is no single construction of Rule 9(b) that applies in all contexts. Depending on the claim, a plaintiff may sufficiently "state with particularity the circumstances constituting fraud or mistake" without including all the details of any single court-articulated standard—it depends on the elements of the claim at hand.

*Grubbs*, 565 F.3d at 188 (footnotes and internal citations omitted).[2] "In sum, the 'time, place, contents, and identity' standard is not a straitjacket for Rule 9(b)." *Id.* at 190. And when the issues are complicated or the alleged fraud is peculiarly within the perpetrator's knowledge, such as here, the requirements of Rule 9(b) requirements are less stringent. *See, e,g., U.S. ex rel. Gage v. Davis S.R. Aviation, L.L.C.*, 623 Fed. App'x. 622, 627 (5th Cir. 2015) ("We may relax the pleading requirements of 9(b) if "facts relating to the fraud are peculiarly within the perpetrator's

---

[1] For further support that the Fifth Circuit does not require plaintiff to plead "to whom" the misstatements were made, see the following cases that were cited by the Movants: *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 362 (5th Cir. 2004) ("To satisfy Rule 9(b)'s pleading requirements, the plaintiffs must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.") (internal quotations omitted); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) ("Pleading fraud with particularity in this circuit requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'") (citations omitted); *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994) ("[This] court explained that Rule 9(b) requires certain minimum allegations in a securities fraud case, namely the specific time, place, and contents of the false representations, along with the identity of the person making the misrepresentations and what the person obtained thereby.") (footnote and citations omitted).

[2] Indeed, a leading treatise has cited *Grubbs* for the proposition that the level of detail required by Rule 9(b) is shaped by context. *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1298 (4th ed.) ("The sufficiency of an allegation of fraud under Rule 9(b) depends upon a number of variables. For example, the degree of detail required to satisfy subdivision (b) often turns on the substantive context in which the fraud is alleged to have occurred.") (footnote and citations omitted).

knowledge.") (citation omitted); *see also UnitedHealthcare Services, Inc. v. Next Health, LLC*, 3:17-CV-0243-S, 2018 WL 3520429, at *6 (N.D. Tex. July 20, 2018) (Scholer, J.) ("When the facts relating to the alleged fraud are within the perpetrator's knowledge or control or where the alleged fraud occurred over an extended period of time and was complex, courts apply Rule 9(b) less stringently.") (citations omitted).[3]

The undersigned counsel's research revealed one Fifth Circuit case wherein the court found a complaint to be sufficient under 9(b) because it stated "who, what, when, where, why, and how the false statements were made and to whom they were made." *See Askanase v. Fatjo*, 130 F.3d 657, 676 (5th Cir. 1997). It is significant to note, however, the *Askanase* court did not expressly hold that Rule 9(b) required a plaintiff to plead "to whom" misrepresentations were made. Rather, the court merely found that the complaint at issue satisfied 9(b) when it pleaded "who, what, when, where, why, and how the false statements were made," as well as "to whom they were made." *See id.* Further, the *Askanse* case is much older than the above-referenced authorities, and the court cited no authority in support of its holding that the complaint was sufficient under Rule 9(b). *See*

---

[3] *See also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1298 ("Other factors bear on the level of detail courts will demand under Rule 9(b). The sufficiency of a fraud pleading tends to vary with the complexity of the transaction in question in the litigation. When the issues are complicated or the transactions cover a long period of time, a number of federal courts have required less of the pleader. The relationship of the parties to the action also is relevant to the determination of what constitutes a sufficient allegation under the rule, given the bearing that the parties' relationship has on a court's determination of issues such as whether there was justifiable or induced reliance on a fraudulent representation or on whether a party owed any particular duty of disclosure. Some courts apply Rule 9(b) more leniently when omissions rather than affirmative misrepresentations are involved, which seems appropriate. Perhaps the most basic consideration for a federal court in making a judgment as to the sufficiency of a pleading for purposes of Rule 9(b) is the determination of how much detail is necessary to give adequate notice to an adverse party and to enable that party to prepare a responsive pleading.") (footnotes and citations omitted).

*id.* The undersigned counsel did not locate any other Fifth Circuit cases suggesting that Rule 9(b) requires a plaintiff to plead "to whom" misrepresentations were made.[4]

Regardless, to the extent that Rule 9(b) requires VBF to plead with particularity "to whom" the Founders made various representations, VBF has more than met its burden. For example, as VBF also argued during the May 13, 2020 hearing, the SAC (including its exhibits, which are deemed incorporated into the allegations of the SAC when assessing Movants' motion to dismiss) includes in many instances the names or sufficient identifying information of the recipients that received the misrepresentations. Also, VBF alleges that the Founders misrepresented VBF's feed fish conversion ratio ("FCR"), a critical metric, to disinterested VBF directors in written statements provided to the board, and attached those statements as exhibits. [*See* Dkt. 159, SAC ¶ 111 and Ex. 22-1 to 22-8, 22-10 to 22-15 thereto.] As another example, VBF alleged that Alder and VBF directors appointed by Alder, including Bjorn Thelander, received misrepresentations relating to other critical metrics mortality rates and density. [*Id.* at ¶¶ 118, 145 and Ex. 15, 28.] Some exhibits transmit those misrepresentations and further identify the recipients.

Finally, any doubt should be resolved in VBF's favor. *Energytec, Inc. v. Proctor,* No. 3:06-CV-871-L, 2007 WL 1002138, at *9 (N.D. Tex. Mar. 31, 2007) (Lindsay, J.) ("In close cases such as this, the better practice is to let the complaint stand and consider the adequacy of proof at the summary judgment stage.").

---

[4] *See Busby v. Palmer*, 3:17-CV-00494, 2017 WL 3047861, at *2 (W.D. La. June 26, 2017), *report and recommendation adopted*, CV 3:17-0494, 2017 WL 3037806 (W.D. La. July 18, 2017) ("First, the Court is not aware of, and Palmer has not cited, any precedent under Rule 9(b) which requires a plaintiff to allege to whom the fraudulent statements were made. It is not expressly required by Rule 9(b) or the Fifth Circuit's "who, what, when, where, and how" inquiry.").

II. **Movants were able to answer the fraudulent concealment and misrepresentation claims in the Amended Complaint.**

On August 8, 2015, VBF filed its Amended Complaint. [Dkt. 9.] On April 10, 2019, the Founders answered the Amended Complaint, including Counts II and III, which alleged Fraudulent Concealment and Fraudulent Misrepresentation against the Movants. [Dkt. 66; Dkt. 9 at ¶¶ 49-63.] The SAC only adds significant detail of the Movants' fraud. Thus, it has been shown that Movants have been given adequate notice of the claims and are able to prepare a responsive pleading.

Respectfully submitted,

VEROBLUE FARMS USA, INC

By: */s/ Nicole Williams*

Nicole L. Williams
Jasmine Wynton
Thompson Coburn LLP
1919 McKinney Avenue, Suite 100
Dallas, TX 75201
972-629-7100 (main)
nwilliams@thompsoncoburn.com
jwynton@thompsoncoburn.com

By: */s/ Robert H. Lang*

Robert H. Lang
Caroline Pritikin
Thompson Coburn LLP
55 East Monroe, 37th Floor
Chicago, IL 60603
312-346-7500 (main)
rhlang@thompsoncoburn.com
cpritikin@thompsoncoburn.com

**CERTIFICATE OF SERVICE**

The undersigned, a non-attorney, hereby certifies under penalties as provided by law, that on May 19, 2020 she caused a true and correct copy of Plaintiff's Submission of Supplemental Authority Regarding Federal Rule of Civil Procedure 9(b) to be served upon counsel of record via ECF system of the Northern District of Texas:

*/s/       Arianna Thornton*