UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VEROBLUE FARMS USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> LESLIE A. WULF, BRUCE A. HALL, JAMES REA, JOHN E. REA, KEITH DRIVER, CANACCORD GENUITY LLC, CHRISTINE GAGNE, and SEAN MANIACI, <br><br> Defendants. | Case No. 3:19-cv-00764-X |

**CANACCORD GENUITY LLC'S RESPONSE TO VEROBLUE FARMS USA'S SUBMISSION OF SUPPLEMENTAL AUTHORITY REGARDING FEDERAL RULE OF CIVIL PROCEDURE 9(b)**

Defendant Canaccord Genuity LLC ("Canaccord") respectfully submits this response to VeroBlue Farms USA, Inc.'s ("VBF") May 19, 2020 Submission of Supplemental Authority Regarding Federal Rule of Civil Procedure 9(b) (the "VBF Submission"). (*See* Dkt. No. 287.)

The May 6 and 13, 2020 hearings in this case made one thing clear: VBF cannot meet the strict requirements for pleading fraud under Federal Rule of Civil Procedure 9(b). Among other things, VBF has failed to identify a single person that received and relied on any alleged misrepresentation of Canaccord in this case, despite having the opportunity to do so over the course of multiple briefs and hearings. Perhaps recognizing the weakness in its position, VBF attempted at oral argument to assert—for the first time—that it is not required to identify the recipients of the alleged misrepresentations. In response, this Court asked a simple question: is there binding case law from the United States Court of Appeals for the Fifth Circuit that affirmatively states that VBF is not required to plead with specificity under Rule 9(b) "to whom" a misrepresentation was

1

made? (*See* Transcript of May 13, 2020 Telephonic Hearing at 28:22-29:17.)

Instead of answering the Court's question directly, VBF filed a five page brief that ignores mountains of relevant authority, advances arguments not made in its briefs, and far exceeds the limited question asked by the Court. This Court should reject VBF's arguments and dismiss the claims against Canaccord.

***First***, as VBF itself acknowledges, the Fifth Circuit has stated that Rule 9(b) requires a party alleging fraud to specify "who, what, when, where, why, and how the false statements were made ***and to whom they were made***." *Askanase v. Fatjo*, 130 F.3d 657, 676 (5th Cir. 1997) (emphasis added); (VBF Submission at 3). Indeed, this Court regularly dismisses fraud claims under Rule 9(b) for failing to specify the "to whom" element of a fraud claim.[1] Unsurprisingly, the Fifth Circuit and this Court are not outliers on this point. District courts across the Fifth Circuit[2]

---

[1] *See, e.g.*, *N. Port Firefighters' Pension--Local Option Plan v. Temple-Inland, Inc.*, 936 F. Supp. 2d 722, 739 (N.D. Tex. 2013) (explaining that "discerning with any precision exactly who did what to whom" is an "essential requirement[]" of pleading fraud); *Centuria, Inc. v. Regiment Sec., LLC*, No. 3:11-CV-2500-N, 2012 WL 13019676, at *3 (N.D. Tex. Mar. 21, 2012) (dismissing fraud claims because plaintiffs failed to specify "to whom" the alleged misrepresentations were made); *McCall v. Genentech, Inc.*, No. 3:10-CV-1747-B, 2011 WL 2312280, at *4 (N.D. Tex. June 9, 2011) (dismissing fraud claim because plaintiff failed to specify "to whom [the alleged misrepresentations] were directed"); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. McMurray*, No. 4:06-CV-545-Y, 2007 WL 9711753, at *2 (N.D. Tex. May 25, 2007) (finding that plaintiff did not "meet the requirements of Rule 9(b)" because plaintiff failed to identify "the particular person to whom [the alleged misrepresentations] were made"); *Siemens Med. Sols. USA, Inc. v. Sunrise Med. Tech.*, No. Civ.3:04-CV-2711-H, 2005 WL 615747, at *5 (N.D. Tex. Mar. 16, 2005) (dismissing fraud claims for failure to allege "to whom [the alleged misleading statements] were made"); *Infomart (India), Pvt., Ltd. v. Metrowerks Corp.*, No. Civ.A.3:04-CV-1299-N, 2005 WL 292433 (N.D. Tex. Feb. 7, 2005) (dismissing fraud claim because plaintiffs did not specify "to whom" the alleged misstatements were made); *Patel v. Holiday Hosp. Franchising, Inc.*, 172 F. Supp. 2d 821, 824 (N.D. Tex. 2001) (dismissing fraud claim because "the complaint d[id] not identify . . . the particular person to whom [the alleged misrepresentations] were made").

[2] *See, e.g.*, *Andretti Sports Mktg. La., LLC v. Nola Motorsports Host Comm., Inc.*, 147 F. Supp. 3d 537, 579 (E.D. La. 2015) (dismissing plaintiffs' fraud claims because they did not identify "to whom the misrepresentation was made"); *Lonrho PLC v. Starlight Invs.*, No. H–11–2939, 2012 WL 4215754, at *3 (S.D. Tex. Sept. 18, 2012) (dismissing plaintiff's fraud claims for failure to plead "to whom" the challenged "statements were made"); *U.S. for the use and benefit of Siemens Bldg. Techs., Inc. v. Grot, Inc.*, No. 4:05CV77, 2005 WL 2012263, at *2 (E.D. Tex. Aug. 19, 2005) (dismissing fraud claims because plaintiffs failed to "sufficiently allege . . . to whom the misrepresentation was made."); *Coleman v. Conesco, Inc.*, 238 F. Supp. 2d 804, 812 (S.D. Miss. 2002) (dismissing fraud claims because the complaint "fail[ed] to identify . . . the person(s) to whom the statement were made"); *Taylor v. Crye-Leike, Inc.*, No. CIV.A. 298CV213-P-B, 2000 WL 991652, at *2 (N.D. Miss. July 3, 2000) (concluding that claims for fraud "unequivocally require[] that the complaint include the particulars of . . . to whom [misstatements] were made"); *Davis v. A.G. Edwards & Sons, Inc.*, 687 F. Supp. 266, 268 (W.D. La. 1988) (dismissing fraud claims because the "identity

2

and courts in virtually every Circuit in the country[3] have adopted the same approach.  VBF asks this Court to disregard all of this case law.

This rule also makes intuitive sense.  Rule 9(b) states that, "[i]n alleging fraud," "a party must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  Identifying the person defrauded is certainly part of the "circumstances constituting fraud."  Further, a party alleging fraud must plead with particularity detrimental reliance on a misrepresentation.  *See Sanchez v. Liggett & Myers, Inc.*, 187 F.3d 486, 491 (5th Cir. 1999) ("A claim of intentional fraud and misrepresentation requires reliance on a misrepresentation of fact and proof of causation of injuries flowing from that reliance.").  How can a party possibly plead detrimental reliance or injury with specificity without identifying who it was that relied on the claimed misstatement or was injured?

***Second***, VBF effectively ignored this Court's specific request and failed to cite any case

---

of persons to whom and by whom the alleged misrepresentations or omissions were made were not pled with sufficient particularity").

[3] *See, e.g.*, *Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 30 (1st Cir. 2004) (affirming dismissal of fraud claim because plaintiff "did not provide any details as to . . . whom [the alleged misstatements] were made"); *Renner v. Chase Manhattan Bank, N.A.*, 85 F. App'x 782, 783 (2d Cir. 2004) ("To comply with the particularity requirements of Rule 9(b), a party must . . . state . . . to whom the statements were made."); *Travelers Indem. Co. v. Cephalon, Inc.*, 620 F. App'x 82, 85-86 (3d Cir. 2015) ("In order to satisfy Rule 9(b), plaintiffs . . . must allege who made a misrepresentation to whom."); *Topshelf Mgmt., Inc. v. Campbell-Ewald Co.*, 117 F. Supp. 3d 722, 726 (M.D.N.C. 2015) (dismissing fraud claims because the allegations "fail[ed] to identify any individual recipients of the fraudulent statements"); *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 253 (6th Cir. 2012) (affirming dismissal of fraud claim because plaintiff failed to identify "to whom the alleged misstatement was made"); *Zummo v. City of Chicago*, 798 F. App'x 32, 34 (7th Cir. 2020) (affirming dismissal of fraud claim because plaintiff failed to identify "to whom" the alleged misstatement was made); *Level One Techs., Inc. v. Penske Truck Leasing, Co., L.P.*, No. 4:14 CV 1305, 2015 WL 1286960, at *8 (E.D. Mo. Mar. 20, 2015) (dismissing plaintiff's fraud claims because plaintiffs failed to "name 'to whom'" the challenged "representations were made"); *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 668 (9th Cir.) (affirming dismissal of fraud claim because "Plaintiffs d[id] not allege the details of [the alleged] misrepresentations, such as . . . to whom they were made"); *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 986 (10th Cir. 1992) (holding that fraud claims were "properly dismissed under Rule 9(b) since [plaintiff] failed to state in any detail . . . *to whom* these misrepresentations were made" (emphasis in original; quotation marks omitted)); *Curtis Inv. Co., LLC v. Bayerische Hypo-und Vereinsbank, AG*, 341 F. App'x 487, 494 (11th Cir. 2009) (affirming dismissal of fraud claim because plaintiff did not "aver who made the misrepresentations or to *whom* they were made" (emphasis in original)); *Bennett Enters., Inc. v. Domino's Pizza*, 794 F. Supp. 434, 437 (D.C. Cir. 1992) (dismissing fraud claims where the complaint did not sufficiently allege "to whom the[] fraudulent misrepresentations were communicated").

3

that affirmatively contradicts the basic point made in the many cases cited above.[4] Instead, VBF argues that the entire "time, place, contents, and identity standard" under Rule 9(b) should not be a "straitjacket" in this case. (VBF Submission at 2.) Specifically, VBF argues—without any factual support—that this Court should relax Rule 9(b)'s pleading requirements because the "alleged fraud is peculiarly within the perpetrator's knowledge." (*Id.*)[5] This is a telling concession: VBF cannot identify who was misled and it is trying to excuse that deficiency by claiming that those details are only known to the defendants in this case. VBF's bald claim is also absurd—VBF cannot claim to be the victim of a fraud and also assert that it cannot figure out who was defrauded.[6]

***Third***, not satisfied with raising these new arguments, VBF goes on to far exceed this Court's limited request by arguing that (1) it has "plead[ed] with particularity 'to whom' the Founders made various representations" and (2) "any doubt should be resolved in VBF's favor." (VBF Submission at 4.) This Court should strike and entirely disregard this blatant attempt at

---

[4] VBF cites in support of its argument several cases that VBF claims omit the "to whom" element of pleading fraud under Rule 9(b). (*See* VBF Submission at 2 n.1.) To be clear: nothing in those cases excludes the "to whom" element of a fraud claim. The mere omission of the words "to whom" in a handful of cases describing generally the 9(b) standard does not support VBF's radical position. This is clear from the fact that, in all of those cases (as is true in most fraud cases), the recipient of the alleged fraudulent statements was not in dispute. Indeed, all three of the cited cases (*Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353 (5th Cir. 2004), *Williams v. WMX Techs., Inc.*, 112 F.3d 175 (5th Cir. 1997), and *Melder v. Morris*, 27 F.3d 1097 (5th Cir. 1994)) involved securities fraud class action claims in which courts apply a presumption of reliance by investors on public statements. In other words, "to whom" the statements were made is satisfied when, for example, the alleged misrepresentations are included in filings made with the Securities & Exchange Commission. *See In re Cobalt Int'l Energy, Inc. Secs. Litig.*, No. H–14–3428, 2017 WL 2608243, at *5 (S.D. Tex. June 15, 2017). VBF also misleadingly cites several cases in which the Fifth Circuit held that Rule 9(b)'s requirements are flexible ***in the context of False Claims Act claims***. (*See* VBF Submission at 1-2 (quoting extensively from *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180 (5th Cir. 2009).) VBF fails to mention, however, that the Court was specifically discussing "a workable construction of Rule 9(b) with complaints under the False Claims Act" because False Claims Act claims, unlike "common law fraud and securities fraud" claims, lack "the elements of reliance and damages." *Grubbs*, 565 F.3d at 189.
[5] Notably, VBF never raised this argument in its opposition to Canaccord's motion to dismiss. (*See* Dkt. No. 246 at 18-25.)
[6] The absurdity of VBF's claim is compounded by the fact that this case has been pending for over 21 months, thousands of documents have been produced by the parties, and VBF has already taken three depositions, including of Clive Ginsburg, a former Canaccord employee that VBF alleges is at the center of this controversy. (*See* SAC ¶¶ 65-88.) There is a reason VBF is still unable to identify a recipient of the misstatements: no fraud occurred.

4

additional briefing. *See Murray v. TXU Corp.*, No. CIV.A. 303CV0888P, 2005 WL 1313412, at *4 (N.D. Tex. May 27, 2005) (explaining that "[t]he purpose for having a motion, response, and reply is to give the movant the final opportunity to be heard" and additional briefing is not appropriate unless the movant raises new arguments in its reply); *Stroy v. Dep't of Veterans Affairs*, No. 13-2423, 2016 WL 7131851, at *5 (W.D. La. Dec. 5, 2016) (noting that the court's directive for the parties to file supplemental briefs to address specific issues "was not an invitation to present new arguments to the Court"). Regardless, VBF's additional arguments do not save its claims. VBF identifies one person as having received misrepresentations: Bjorn Thelander. (VBF Submission at 4.) Specifically, VBF cites a May 4, 2016 email from Les Wulf to Mr. Thelander attaching a "Tank Stocking and Harvesting Chart." (*See id.* (citing SAC, Ex. 28).) As an initial matter, VBF does not allege that Canaccord had anything to do with this communication. The email does not include any Canaccord personnel and the SAC alleges that "the Founders, particularly Wulf and Hall, created or contributed to" the attached spreadsheet. (*See* SAC ¶ 131 & Ex. 28.) Further, Mr. Thelander ***was not a member of VBF's Board of Directors or otherwise affiliated with VBF at the time of this email***. (*See, e.g.*, Dkt. No. 227 at 12 (explaining that Mr. Thelander joined VBF's Board of Directors on July 8, 2016).) VBF never explains why it should be permitted to recover for a supposed misrepresentation made to a third-party, much less how Mr. Thelander relied on this supposed misrepresentation or how that reliance caused VBF $90 million in damages.

\*   \*   \*

This Court, the Fifth Circuit and its district courts, and courts in every other Circuit have held that fraud claims under Rule 9(b) require particularized allegations regarding "to whom"

5

alleged misrepresentations were made. VBF's last-ditch effort to argue otherwise highlights the deficiencies in its claims and confirms that Canaccord should be dismissed from this action.

Dated: May 22, 2020

Respectfully submitted,

/s/ Anthony S. Fiotto
Anthony S. Fiotto (Admitted Pro Hac Vice)
(MA BBO #558089)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Tel.: (617) 570-1000
Fax: (617) 523-1231
afiotto@goodwinlaw.com

Eric D. Lawson (Admitted Pro Hac Vice)
(MA BBO #687400)
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel.: (212) 813-8800
Fax: (212) 355-3333
elawson@goodwinlaw.com

Peter D'Apice
(Texas Bar No. 05377783)
STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C.
2323 Bryan Street, Suite 2200
Dallas, Texas 75201
Tel.: (214) 969-4900
Fax: (214) 969-4999
dapice@sbep-law.com

*Counsel for Canaccord Genuity LLC*

## **CERTIFICATE OF SERVICE**

     I hereby certify that on May 22, 2020 a correct copy of the foregoing was electronically filed and served on all parties of record via the Court's CM/ECF system.

                                                 /s/ Anthony S. Fiotto
                                                 Anthony S. Fiotto