UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VEROBLUE FARMS USA, INC., § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § Civil Action No. 3:19-CV-00764-X | |
| LESLIE A. WULF, BRUCE A. HALL, § | |
| JAMES REA, JOHN E. REA, KEITH § | |
| DRIVER, and CHRISTINE GAGNE, § | |
| § | |
| *Defendants*. § | |

# MEMORANDUM OPINION AND ORDER

Before the Court are: (1) Defendant Keith Driver's motion to dismiss Plaintiff VeroBlue Farms USA, Inc.'s (VeroBlue) third amended complaint [Doc. No. 301], (2) VeroBlue's motion to dismiss and strike Driver's counterclaims [Doc. No. 311], (3) VeroBlue's motion to dismiss and strike the Founders'[1] counterclaims [Doc. No. 312], and (4) Driver's motion for leave to file a first amended conditional answer to the third amended complaint and first amended counterclaim [Doc. No. 323].

As explained below, the Court **GRANTS** Driver's motion for leave to file his amended pleading because it is "a claim" by "a party" to this litigation and not barred by the plain terms of the bankruptcy plan. Further, the Court **DENIES** Driver's motion to dismiss VeroBlue's third amended complaint. Finally, the Court **DENIES** VeroBlue's motions to dismiss and strike Driver's and the Founders' counterclaims and fee requests because the bankruptcy plan does not bar the counterclaims and the

---

[1] The Founders are Leslie A. Wulf, Bruce A. Hall, James Rea, and John E. Rea.

fee requests give all the notice VeroBlue is entitled to under the federal rules.

### I.  Factual Background

As this case received a prior lengthy memorandum opinion and order, the Court will not belabor the facts here. Relevant here is that the Court granted prior motions to dismiss, allowing VeroBlue to cure its pleading deficiencies in a third amended complaint. When VeroBlue filed that complaint, Driver moved to dismiss it again. Also, Driver and the Founders filed responsive pleadings to the third amended complaint that included counterclaims against VeroBlue and requests for attorney's fees. VeroBlue moved to dismiss and strike the counterclaims and fee requests. And Driver moved for leave to amend his responsive pleading to cure its alleged deficiencies.

### II.  Driver's Motion for Leave to File a Better Answer and Counterclaim

Though filed last in this group of motions, the Court ought to address Driver's motion for leave for file an amended responsive pleading first. When the Court allowed VeroBlue to file a third amended complaint to cure defects in its motion to dismiss order, Driver filed his third conditional answer—asserting for the first time a counterclaim against VeroBlue. VeroBlue responded by moving to dismiss and strike Driver's counterclaim. Driver seeks to moot that motion by moving for leave to file an amended pleading targeting those concerns. VeroBlue responds that: (1) the pleading amendments would be futile because the counterclaims were discharged in bankruptcy, and (2) there is no justification for the delay in amending pleadings.

The Federal Rules of Civil Procedure state that "[t]he court should freely give

leave [to amend the pleadings] when justice so requires."[2] "In deciding whether to grant such leave, the court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."[3] A pleading amendment is futile if a Rule 12(b)(6) motion would kick it out.[4]

As an initial matter, the Court determines that Driver seeking leave to amend his pleading before the deadline for motions for leave to amend brings this case within Rule 15 instead of Rule 16. As such, a showing of good cause is not required. And the Court determines that none of the extenuating factors barring pleading would apply—with the possible exception of futility.

Regarding that possibility, VeroBlue contends the VeroBlue Bankruptcy Reorganization plan extinguishes all pre-bankruptcy claims, with the limited exception of "any and all defenses [in this litigation] for an amount up to but not exceeding any recovery that may be obtained by the Debtors[.]"[5] VeroBlue contends Driver's counterclaims are not "defenses" and thus the plan bars them. Driver responds that that plan "does not apply to the claims of any party to" this litigation.[6] Driver also contends the Bankruptcy Court under the plan "shall retain jurisdiction

---

[2] FED. R. CIV. P. 15(a)(2).

[3] *Matter of Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996).

[4] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)

[5] Doc. 333 at 8.

[6] Doc. 335 at 5.

of all matters arising out of and related to the Debtors' Chapter 11 case and the Plan . . . including, but not limited to, jurisdiction to determine disputes arising in connection with the interpretation, implementation or enforcement of the Plan."[7]

The Court agrees with Driver's interpretation of the plan. Whether or not Driver's counterclaim is a defense within the meaning of the plan, the counterclaim is certainly a "claim" of a "party." The plan could have limited the scope to then-pending claims. It used "pending" to describe this litigation. But it did not use "then-pending" or "now pending" to describe "claims." If the Bankruptcy Court meant otherwise in the plan, the Court trusts that the parties will advise the Bankruptcy Court of this Court's ruling. If the Bankruptcy Court clarifies the plan in a manner that renders this opinion no longer accurate, this Court will revisit its ruling.

Accordingly, the Court **GRANTS** Driver's motion for leave to file his amended pleading.

### III. Driver's Motion to Dismiss VeroBlue's Complaint

Next, Driver moved to dismiss VeroBlue's third amended complaint because (1) a release bars the claims against Driver, (2) the complaint inadequately pleads fraud claims in Counts 1–15 and 33 against Driver, and (3) Counts 1–15 and 33 are not actionable. The Court has reviewed the briefing and hereby **DENIES** Driver's motion to dismiss VeroBlue's third amended complaint.

---

[7] Doc. 335 at 6.

### IV.   VeroBlue's Motions to Dismiss and Strike the Founders' and Driver's Pleadings

Lastly, VeroBlue moved to dismiss and strike the Founders' and Driver's responsive pleadings. VeroBlue makes the following arguments against both pleadings: (1) the bankruptcy plan bars the counterclaims, and (2) the requests for attorneys' fees fail as a matter of law. VeroBlue also argues that the Court should strike or dismiss Driver's pleading for failure to seek leave and failure to properly title the pleading.

The Court has already rejected VeroBlue's argument that the bankruptcy plan bars Driver's counterclaim. Likewise, the Founders' counterclaims involve a "party" asserting a "claim" in this litigation. Thus, the Court rejects VeroBlue's motion to dismiss and strike Driver's and the Founders' counterclaims.

VeroBlue next contends that Driver's and the Founders' attorneys' fee claims fail as a matter of law. VeroBlue reasons that Texas law requires an attorney's fees claimant to present the claim to the opposing party, which Texas precedent requires the claimant to both plead and prove as a condition precedent. Driver responds that he adequately pled presentment in his proposed amended counterclaim and that he twice presented his claim for fees to VeroBlue. And the Founders respond that the attorney's fees they seek are largely based on indemnity from their agreements with VeroBlue and are not obligations under Texas law like Texas Civil Practice and Remedies Code section 38.002's presentment requirement.

The Court agrees with the defendants that their attorneys' fee requests are

properly pled. As an initial matter, state procedural rules do not apply in federal diversity cases.[8] Texas Civil Practice and Remedies Code section 38.002 provides:

> To recover attorney's fees under this chapter:
>
> (1) the claimant must be represented by an attorney;
>
> (2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and
>
> (3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented.[9]

There is no substantive work section 38.002 is doing by requiring a fee claimant to present a claim 30 days or more before asking a court for it. Its work is procedural: state courts need not resolve fee requests until the opposing party has had 30 days to review them.

Federal courts use a different procedure. We handle fee claims after final judgment, with a fee claimant filing a motion within 14 days of the entry of the final judgment.[10] So what would a presentment even look like at this stage of a federal lawsuit? Probably something like this: "We do not yet know who will prevail on our not-yet-filed claim, or how much the fee request would be at the time of the final judgment, but the Court should give us a bunch of money for attorneys' fees now." Litigating post-final judgment matters before filing a federal claim would be terribly

---

[8] *See Hyde v. Hoffmann-La Roche, Inc.*, 511 F.3d 506, 510 (5th Cir. 2007) ("In diversity cases, a federal court must apply federal procedural rules . . . .").

[9] TEX. CIV. PRAC. & REM. CODE § 38.002.

[10] FED. R. CIV. P. 54(2) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages. . . . Unless a statute or a court order provides otherwise, the motion must . . . be filed no later than 14 days after the entry of judgment[.]").

strange. Fortunately, it is not required. VeroBlue is now on notice of Driver's and the Founders' fee requests. That is all the federal rules require at this stage.

VeroBlue makes one final argument as to Driver only: the Court should strike or dismiss his pleading for failure to seek leave and failure to properly title the pleading. Driver later sought leave to cure such deficiencies, and the Court granted leave earlier in this order. As such, the Court disregards this argument.

Accordingly, the Court **DENIES** VeroBlue's motions to dismiss and strike Driver's and the Founders' counterclaims and fee requests.

## V.   Conclusion

The Court **GRANTS** Driver's motion for leave to file his amended pleading, **DENIES** Driver's motion to dismiss VeroBlue's third amended complaint, and **DENIES** VeroBlue's motions to dismiss and strike Driver's and the Founders' counterclaims and fee requests.

**IT IS SO ORDERED** this 11th day of June, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE