IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VEROBLUE FARMS USA INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-764-X |
| | § | |
| LESLIE A. WULF, ET AL., | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**[1]

Plaintiff VeroBlue Farms USA, Inc. has filed (1) a Motion Challenging the Sufficiency of Defendants' Responses to Plaintiff's Second Set of Requests for Admission and for Leave to Further Depose Defendants Leslie A. Wulf and John E. Rea, *see* Dkt. No. 368 (the "RFA Motion"); (2) a Motion to Compel Discovery from Defendant Keith Driver, *see* Dkt. No. 417 (the "Driver MTC"); and (3) a Motion to Compel Discovery from Founder Defendant, *see* Dkt. No. 421 (the "Founders MTC").

United States District Judge Brantley Starr has referred all three motions to the undersigned United States magistrate judge for a hearing, if necessary, and determination under 28 U.S.C. § 636(b). *See* Dkt. Nos. 370, 419, & 424.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

-1-

In the RFA Motion, under Federal Rules of Civil Procedure 30(a)(2), 36(a)(4), and 37(a)(5), VBF requests that the Court (1) overrule the Founder Defendants' – specifically, Defendants Leslie A. Wulf's, Bruce Hall's, James Rea's, and John E. ("Ted") Rea's – objections and enter an order requiring them to answer VBF's Second Requests for Admission ("RFAs") in compliance with Rule 36; (2) grant VBF leave to further depose Defendant Wulf for two hours and Ted Rea for ninety minutes; and (3) award VBF its related expenses. *See* Dkt. No. 368 at 1.

More specifically, in its reply, "VBF respectfully requests [an] order from this Court granting the following relief to VBF:

> [1] Within seven (7) days, the Founder Defendants shall provide responses in compliance with Rule 36, which shall include:
> > o Removing improper objections to Wulf's RFA No. 5; Ted Rea's RFA No. 5; James Rea's RFA Nos. 5, 17-20; and Hall's RFA Nos. 5, 17-20.
> > o Supplementing or removing "insufficient information" responses to Wulf's RFA No. 25; Ted Rea's RFA Nos. 25, 30, 33-34, 39-45, and 58; James Rea's RFA Nos. 9-10, 21, 25, 27, 33-34, 39-45, and 58; and Hall's RFA Nos. 21, 25, 39-45, and 58.
> > o Removing improper narrative responses to Wulf's RFA Nos. 12, 13, 15-16, 23, 29-30, 37-38, 50-51, and 53; Ted Rea's RFA Nos. 14, 16, 36-37, and 50-51; and James Rea's RFA Nos. 30, 53-54, and 61.
> [2] Leave for VBF to further depose Wulf for two hours and Ted Rea for ninety minutes regarding the FTAI Forgeries and their RFA responses, and award VBF the expenses associated with said depositions.
> [3] An award of VBF's reasonable attorneys' fees and costs necessary to bring this Motion, pursuant to a fee petition to be submitted, and to include court reporter and videographer costs for the requested re-depositions of Wulf and Ted Rea."

Dkt. No. 413 at 10.

In the Driver MTC, VBF "respectfully requests that this Court overrule Driver's improper objections to certain requests for production ['RFPs'] and interrogatories, compel Driver to fully answer the interrogatories propounded by VBF and compel Driver to produce the specific categories of documents detailed" in the motion and award VBF its attorneys' fees and expenses incurred during the filing of the motion. Dkt. No. 417 at 2, 22.

More specifically, "VBF respectfully requests that the Court:

(1)     overrule Driver's objections to VBF's First RFPs Nos. 1-9 and 11-87, VBF's Second RFPs Nos. 1-36, and 38-43, and VBF's Third RFPs Nos. 1-32;

(2)     compel Driver to produce documents responsive to VBF's First RFPs Nos. 1-9, 11-87, VBF's Second RFPs Nos. 1-36 and 39-43, and VBF's Third RFPs Nos. 1-32;

(3)     overrule Driver's objections to VBF's First Interrogatories Nos. 1-6, 9-12, 14, 16, 19, and 22;

(4)     compel Driver to amend his responses to VBF's First Interrogatories Nos. 1-4, 10, 12, 16, and 18;

(5)     compel Driver to amend his responses to VBF's First RFAs Nos. 1-10, 13-15, 18-20, 22, 24, 26, 28-37, 40-41, 43-50, 55, 58-72, 75-84, 89-93, 96-106, and 108-109 and VBF's Second RFAs Nos. 21, 25, 27, 30, 33-34, 39-45, and 59-62 in compliance with Rule 36; and

(6)     award VBF any further relief that may be just and proper."

*Id.* at 22-23. After Driver served amended RFA responses, VBF, in reply, "requests that the Court find Driver's amended responses to First RFAs Nos. 1-10, 13-15, 18-20, 22, 24, 26, 30-33, 35-37, 40-41, 43-49, 55, 58-66, 68-69, 70-72, 75-80, 82-84, 87, 89-93, 96-106, 108, 109 and Second RFAs No. 21, 25, 27, 33-34, 39, 41-45, 53, 59-62 are improper under Rule 36, and require him to serve amended responses complying with Rule 36." Dkt. No. 428 at 10.

-3-

In the Founders MTC, VBF "respectfully requests that this Court overrule the Founder Defendants' improper objections and compel the Founder Defendants to fully answer the interrogatories propounded by VBF and produce the specific categories of documents detailed" in the motion and "further requests that this Court order Ted Rea and Wulf to reappear for their depositions to answer questions they were improperly instructed not to answer" in the motion and to award VBF its attorneys' fees and expenses incurred during the filing of the motion. Dkt. No. 421 at 1, 25. More specifically, "respectfully requests that the Court:

(1)    compel the Founder Defendants to produce documents pertaining to communications with Cassels and/or Sean Maniaci, tax returns, documentation regarding the chain of custody for external hard drives and the loan application, as described in this Motion;

(2)    compel the Founder Defendants to reproduce Defendant Wulf for a deposition to answer the certified questions described herein;

(3)    compel the Founder Defendants to reproduce Ted Rea for a deposition to answer the certified questions described herein;

(4)    provide supplemental and/or amended answers and responses to the interrogatories and document requests referenced herein; and

(5)    award VBF any further relief that may be just and proper."

*Id.* at 25.

In some instances, VBF further narrowed or withdrew the relief that it is seeking based on amended objections, responses, or answers served or other developments after the initial motion's filing.

For the reasons and to the extent explained before, the Court GRANTS in part and DENIES in part VBF's RFA Motion [Dkt. No. 368], Driver MTC [Dkt. No. 417], the Founders MTC [Dkt. No. 421].

-4-

## Background and Legal Standards

The parties and the Court are familiar with the background of this case, so the Court will not repeat it here. *See generally VeroBlue Farms USA, Inc. v. Wulf*, 465 F. Supp. 3d 633 (N.D. Tex. 2020).

The Court has previously laid out the standards that govern a Federal Rule of Civil Procedure 36(a)(6) motion to determine the sufficiency of answers and objections to Rule 36 requests for admission:

> Under Federal Rule of Civil Procedure 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of [Federal Rule of Civil Procedure] 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." FED. R. CIV. P. 36(a)(1). Rule 36 requests are properly directed to matters that the requesting party would otherwise need to prove. *See Am. Auto. Ass'n, Inc. v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).
>
> Under Rule 36(a), when a request for admission is served, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney," although "[a] shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." FED. R. CIV. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b).
>
> "In form and substance a Rule 36 admission is comparable to an admission in pleadings or a stipulation drafted by counsel for use at trial, rather than to an evidentiary admission of a party. An admission that is not withdrawn or amended cannot be rebutted by contrary testimony or ignored by the district court simply because it finds the evidence presented by the party against whom the admission operates more credible. This conclusive effect applies equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim." *Am. Auto.*

-5-

*Ass'n*, 930 F.2d at 1120 (internal quotation marks and footnotes omitted).

The United States Court of Appeals for the Fifth Circuit has explained that "Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). "Such breadth allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters." *Id.*; *see also Am. Auto. Ass'n*, 930 F.2d at 1121 ("Rule 36 allows parties to narrow the issues to be resolved at trial by identifying and eliminating those matters on which the parties agree." (footnote omitted)).

And "[t]he binding nature of judicial admissions conserves judicial resources by avoiding the need for disputatious discovery on every conceivable question of fact. Once a fact is formally admitted and thereby set aside in the discovery process, the party requesting an admission is entitled to rely on the conclusiveness of it." *Armour v. Knowles*, 512 F.3d 147, 154 n.13 (5th Cir. 2007) (internal quotation marks omitted).

"For Rule 36 to be effective in this regard, litigants must be able to rely on the fact that matters admitted will not later be subject to challenge." *Carney*, 258 F.3d at 419. "Unless the party securing an admission can depend on its binding effect, he cannot safely avoid the expense of preparing to prove the very matters on which he has secured the admission, and the purpose of the rule is defeated." *Am. Auto. Ass'n*, 930 F.2d at 1121 (internal quotation marks omitted).

Rule 36 is self-executing, and, in the absence of a timely-served written and signed answer or objection addressed to each matter, all Rule 36 requests for admission served on a party are deemed admitted by default. *See Carney*, 258 F.3d at 420. Once the 30-day period for serving written answers or objections has passed, the defaulting party's sole recourse is to move to withdraw or amend the deemed admissions under Rule 36(b). *See id.* at 419; *see also* FED. R. CIV. P. 36(b) ("Subject to [Federal Rule of Civil Procedure] 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."); *Am. Auto. Ass'n*, 930 F.2d at 1120 ("Once trial has begun, the provisions of F.R.C.P. 16(e), expressly incorporated by Rule 36(b), impose a more restrictive standard: the court will not permit withdrawal or amendment of an admission unless failure to do so would cause 'manifest injustice.'" (footnote omitted)). Correspondingly, Rule 37 does not provide for a motion to compel answers to Rule 36 requests for

admission, and Rule 36 does not contemplate a motion to deem requests admitted or to confirm that Rule 36 requests for admission served on a party are deemed admitted by default – although the Court does see such motions to deem admitted filed.

Where the party to whom a Rule 36 request is directed serves on the requesting party a written answer or objection, Rule 36(a)(4) requires that, "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." FED. R. CIV. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id.* Further, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* And Rule 36(a)(5) requires that "[t]he grounds for objecting to a request must be stated." FED. R. CIV. P. 36(a)(5).

Once the answering party has served answers or objections, Rule 36(a)(6) provides that "[t]he requesting party may move to determine the sufficiency of an answer or objection" and that, "[u]nless the court finds an objection justified, it must order that an answer be served" and, "[o]n finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." FED. R. CIV. P. 36(a)(6). "Rule 37(a)(5) applies to an award of expenses" on a Rule 36(a)(6) motion regarding the sufficiency of an answer or objection. *Id.*

Sanctions are also available as to Rule 36 requests where "a party fails to admit what is requested under Rule 36 and [] the requesting party later proves a document to be genuine or the matter true." FED. R. CIV. P. 37(c)(2); *see also Vantage Trailers, Inc. v. Beall Corp.*, No. Civ. A. H-06-3008, 2008 WL 4093691, at *2 (S.D. Tex. Aug. 28, 2008) ("Rule 37(c)(2) provides for sanctions against a party for improperly denying a request for admissions that is later proven to be true.").

In those circumstances, "the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof," and Rule 37(c)(2) directs that "[t]he court must so order unless: (A) the request was held objectionable under Rule 36(a); (B) the admission sought was of no substantial importance; (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or (D) there was other good reason for the failure to admit." FED. R. CIV. P. 37(c)(2); *see*

*also Richard v. Inland Dredging Co., LLC,* No. 6:15-0654, 2016 WL 5477750, at *3 (W.D. La. Sept. 29, 2016) ("One commentator has stated that the 'reasonable grounds' exception is the most important consideration that justifies the refusal to make an award under Rule 37(c)." (internal quotation marks and citation omitted)); *Sparks v. Reneau Pub. Inc.*, 245 F.R.D. 583, 588 (E.D. Tex. 2007) ("Federal Rule of Civil Procedure 37(c)(2) provides that if a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, upon motion the Court 'shall' award the requesting party reasonable fees and expenses incurred in proving up those matters 'unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.' This rule leaves the Court with no discretion." (citation omitted; emphasis removed)).

Finally, Federal Rule of Civil Procedure 26(e)(1) provides that "[a] party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court." Fed. R. Civ. P. 26(e)(1).

*Longoria v. County of Dallas, Tex.*, No. 3:14-cv-3111-L, 2016 WL 6893625, at *4-*6 (N.D. Tex. Nov. 22, 2016).

And the Court has laid out the standards that govern a Federal Rule of Civil Procedure 37(a) motion to compel as to Federal Rule of Civil Procedure 34 requests for production and Federal Rule of Civil Procedure 33 interrogatories as well as claims of privilege or work product protection, and the Court incorporates and will apply – but will not fully repeat – those standards here. *See Randstad Gen. Ptr. (US), LLC v. Beacon Hill Staffing Group, LLC*, No. 3:20-cv-2814-N-BN, 2021 WL 4319673,

at *1, *9-*11, *13, *15-*16, *21 (N.D. Tex. Sept. 23, 2021); *Jolivet v. Compass Grp. USA*, No. 3:19-cv-2096-B, 2021 U.S. Dist. LEXIS 178116, at *15-*35, *52-*53 (N.D. Tex. Sep. 14, 2021); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 573-86, 591-92 (N.D. Tex. 2018).

As to Federal Rule of Civil Procedure 34(a)(1) RFPs,

Federal Rule of Civil Procedure 34(b) provides that a request for production or inspection "must describe with reasonable particularity each item or category of items to be inspected" or produced. FED. R. CIV. P. 34(b)(1)(A). The test for reasonable particularity is whether the request places the party upon 'reasonable notice of what is called for and what is not. Therefore, the party requesting the production of documents must provide sufficient information to enable [the party to whom the request is directed] to identify responsive documents. The goal is that the description be sufficient to apprise a man of ordinary intelligence which documents are required.

This test, however, is a matter of degree depending on the circumstances of the case. But, although what qualifies as reasonabl[y] particular surely depends at least in part on the circumstances of each case, a discovery request should be sufficiently definite and limited in scope that it can be said to apprise a person of ordinary intelligence what documents are required and [to enable] the court ... to ascertain whether the requested documents have been produced. A Rule 34(a) request made with reasonable particularity does not require a reasonable attorney or party attempting to properly respond to ponder and to speculate in order to decide what is and what is not responsive.

All-encompassing demands that do not allow a reasonable person to ascertain which documents are required do not meet the particularity standard of Rule 34(b)(1)(A). For example, [b]road and undirected requests for all documents which relate in any way to the complaint do not meet Rule 34(b)(1)(A)'s standard. Similarly, [a] request for "all documents and records" that relate to "any of the issues," while convenient, fails to set forth with reasonable particularity the items or category of items sought for [the responding party's] identification and production of responsive documents.

Based on these rules, this Court has, for example, determined that an interrogatory asking a defendant to "[d]escribe in detail all facts, proof, or evidence which, in whole or in part, form the basis of any

-9-

defendant or affirmative defenses pled in this lawsuit" is an improper, so-called blockbuster interrogatory. Likewise, the Court has sustained objections to Rule 34(a) requests for "[a]ll documents which evidence, describe, concern, or otherwise relate to the allegations in your Complaint" and "[a]ll documents not previously produced that support, contradict, or otherwise relate in any way to any of the allegations you have made in this lawsuit."

....

It is no answer for attorneys' serving blockbuster interrogatory or all-encompassing or broad and undirected requests for production to say that they are not certain what the responding party has in its possession, custody, or control and do not want to miss anything – and so will ask for, effectively, everything. Requests and interrogatories must be made in compliance with the Federal Rules discussed above and, if further discovery or investigation later reveals the existence or possible existence of additional relevant materials or information with Rule 26(b)(1)'s scope, counsel can serve additional discovery requests and, if necessary, seek leave to do so.

*Lopez*, 327 F.R.D. at 575-76, 577-78 (cleaned up). And

the party seeking discovery is required in the first instance to comply with Rule 26(b)(1)'s proportionality limits on discovery requests; is subject to Federal Rule of Civil Procedure 26(g)(1)'s requirement to certify "that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry: ... (B) with respect to a discovery request ..., it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"; and faces Rule 26(g)(3) sanctions "[i]f a certification violates this rule without substantial justification."

*Lopez*, 327 F.R.D. at 584 (quoting FED. R. CIV. P. 26(g)(1)(B), 26(g)(3)).

Then, in response to a Rule 34(a)(1) RFP,

"[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). And, [i]n responding to [Rule 34] discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, FED. R. CIV. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.

....

General or boilerplate objections are invalid, and [o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections. Amended Federal Rule of Civil Procedure 34(b)(2) effectively codifies this requirement, at least in part: "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."

*Lopez*, 327 F.R.D. at 578 (cleaned up; quoting FED. R. CIV. P. 34(b)(2)(C)). "Boilerplate objections are those that utilize 'standardized text' or 'ready-made or all-purpose language,'" but "copying and pasting an objection, by itself does not render that objection a boilerplate objection" – rather, "[o]bjections are typically deemed 'boilerplate' when they are identical and not tailored to the specific discovery request." *Amos v. Taylor*, No. 4:20-CV-7-DMB-JMV, 2020 WL 7049848, at *7 (N.D. Miss. Dec. 1, 2020) (cleaned up).

In sum, [a] party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld.

....

-11-

Further, a party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity; [a] party objecting on these grounds must explain the specific and particular way in which a request is vague; [t]he responding party should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories and, [i]f necessary to clarify its answers, ... may include any reasonable definition of the term or phrase at issue; and[, i]f a party believes that the request is vague, that party [should] attempt to obtain clarification [by conferring with the requesting party] prior to objecting on this ground.

*Lopez*, 327 F.R.D. at 580 (cleaned up).

But, responding or "answering 'subject to' and 'without waiving' [] objections is improper, as the undersigned and many other judges in this circuit and elsewhere have now made clear for several years," *id.* at 592 (citing decisions collecting cases); *accord Hsieh v. Apache Deepwater, LLC*, No. CV 19-00408-BAJ-DPC, 2021 WL 3502467, at *6 n.70 (M.D. La. Aug. 9, 2021) (Currault, J.); *Amos*, 2020 WL 7049848, at *9 (Brown, J.); *Cicalese v. The Univ. of Texas Med. Branch*, No. 3:17-CV-00067, 2020 WL 10762300, at *1 (S.D. Tex. July 20, 2020) (Brown, J.); *Holcombe v. Advanced Integration Tech.*, No. 4:17-CV-00522, 2018 WL 3819974, at *3 (E.D. Tex. Aug. 10, 2018) (Mazzant, J.). As the Court has explained,

responding to interrogatories and documents requests "subject to" and/or "without waiving" objections is manifestly confusing (at best) and misleading (at worst), and has no basis at all in the Federal Rules of Civil Procedure; this manner of responding to a document request or interrogatory leaves the requesting party guessing and wondering as to the scope of the documents or information that will be provided as responsive will be; [and] outside of the privilege and work product context..., responding to a document request or interrogatory 'subject to' and 'without waiving' objections is not consistent with the Federal Rules or warranted by existing law or by a nonfrivolous argument for

extending, modifying, or reversing existing law or for establishing new law.

*Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (cleaned up; quoting *Heller v. City of Dallas*, 303 F.R.D. 466, 487-88 (N.D. Tex. 2014)).

Under the Federal Rules, "a responding party has a duty to respond to or answer a discovery request to the extent that it is not objectionable and must describe what portions of the interrogatory or document request it is, and what portions it is not, answering or responding to based on its objections and why." *Carr*, 312 F.R.D. at 469 (cleaned up). And, "if the request is truly objectionable – that is, the information or documents sought are not properly discoverable under the Federal Rules – the responding party should stand on an objection so far as it goes." *Lopez*, 327 F.R.D. at 581 (cleaned up).

But, "as a general matter, if an objection does not preclude or prevent a response or answer, at least in part, the objection is improper and should not be made." *Carr*, 312 F.R.D. at 469-70 (cleaned up). "To make such an objection in the face of these considerations is to engage in the abusive practice of objecting to discovery requests reflexively – but not reflectively – and without a factual [or legal] basis that Federal Rule of Civil Procedure 26(g) was enacted to stop. Serving unsupported and boilerplate or stock objections does not preserve or accomplish anything other than waiver and subjecting the responding party to sanctions," including – on a party's motion or even a court's own motion – under Federal Rule of

-13-

Civil Procedure 26(g)(3), as the Court has previously explained. *Lopez*, 327 F.R.D. at 576-77. 581 (cleaned up).

In response to a Rule 34(a)(1) RFP, "a party cannot produce what it does not have, and so, [c]learly, the court cannot compel [a party] to produce non-existent documents." *Id.* at 598 (cleaned up). But, "[i]n responding to [Rule 34] discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Id.* at 578 (cleaned up). And "[t]he fact that a party may disbelieve or disagree with a response to a discovery request … is not a recognized ground for compelling discovery, absent some indication beyond mere suspicion that the response is incomplete or incorrect" or the requesting party's belief, without more, believes that a discovery production is not complete. *Heller*, 303 F.R.D. at 486 (cleaned up); *accord Edeh v. Equifax Info. Servs., LLC*, 291 F.R.D. 330, 336 (D. Minn. 2013) ("[A] mere belief, without any evidence, that a party has not produced documents or information in its possession, is insufficient to support a motion to compel.").

As a general matter, "[i]t is not the court's role to dictate how a party should search for relevant information absent a showing that the party has abdicated its responsibility," and "[a] responding party is best situated to preserve, search, and produce its own [electronically stored information]," which "[p]rinciple ... is grounded

in reason, common sense, procedural rules, and common law, and is premised on each party fulfilling its discovery obligations without direction from the court or opposing counsel[, and eschewing 'discovery on discovery,'] unless a specific deficiency is shown in a party's production." *Moore v. Westgate Resorts*, No. 3:18-CV-410-DCLC-HBG, 2020 WL 113352, at *12 (E.D. Tenn. Jan. 9, 2020) (cleaned up; quoting [and adding omitted language from] *The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 SEDONA CONF. J. 1 (2018)).

To make this showing of a specific or material deficiency in the other party's production to require the responding party to engage in additional searches or discovery efforts or to obtain "discovery on discovery" that is "both relevant and proportional to the needs of the case" under Rule 26(b)(1), *Uschold v. Carriage Servs., Inc.*, No. 17CV04424JSWEDL, 2019 WL 8298261, at *4 (N.D. Cal. Jan. 22, 2019), the requesting party should make a showing, including through "the documents that have been produced," that allows the Court to make "a reasonable deduction that other documents may exist or did exist and have been destroyed" or must "point to the existence of additional responsive material," *Hubbard v. Potter*, 247 F.R.D. 27, 29, 31 (D.D.C. 2008); *accord Berkeley*IEOR v. Teradata Operations, Inc.*, No. 17 C 7472, 2021 WL 4306159, at *1 (N.D. Ill. Sept. 22, 2021) (collecting case law); *Freedman v. Weatherford Int'l Ltd.*, No. 12 CIV. 2121 LAK JCF, 2014 WL 4547039, at *2 (S.D.N.Y. Sept. 12, 2014) ("In certain circumstances where a party makes some

showing that a producing party's production has been incomplete, a court may order discovery designed to test the sufficiency of that party's discovery efforts in order to capture additional relevant material.").

As to a request to further depose a party or witness, Rule 30(a)(2)(A)(ii) provides that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with [Federal Rule of Civil Procedure] 26(b)(1) and (2): (A) if the parties have not stipulated to the deposition and: ... (ii) the deponent has already been deposed in the case." FED. R. CIV. P. 30(a)(2)(A)(ii). "Rule 26(b)(2) requires a court to limit the frequency and extent of discovery if it finds that (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1).'" *O'Connor v. Cory*, No. 3:16-cv-1731-B, 2018 WL 5016291, at *2 (N.D. Tex. Oct. 16, 2018) (quoting FED. R. CIV. P. 26(b)(1)(C)).

"Thus, some courts have denied leave to take a second depositions where a party lacked diligence in obtaining information before the initial deposition. Relatedly, Rule 30(d)(1) provides that '[u]nless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours.'" *Id.* (quoting FED. R. CIV. P. 30(d)(1); citations omitted). "Before extending the duration of depositions, a court must be satisfied that the moving party has shown 'good cause.' Similar to Rule

30(a)(2), Rule 30(d)(1) states that a court 'must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent....'" *Id.* (quoting FED. R. CIV. P. 30(d)(1)).

"Courts have allowed parties to reopen depositions when new information comes to light that creates the need for further questioning. 'New information' can include the addition of new parties to the case, the addition of new allegations to the pleadings, and the production of new documents." *Id.* (cleaned up). "If a deposition is reopened because of newly discovered information, the court should limit the deposition to questions related to this information." *Id.*

Depositions in this case were taken under Federal Rule of Civil Procedure 30, which

> governs the conduct or counsel, parties, and deponents in connection with a party's deposition as an initial matter, and Rule 30(c)(2) governs objections to deposition questions and when a party must answer. *See* FED. R. CIV. P. 30(c)(2). "An objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." *Id.* "An objection must be stated concisely in a nonargumentative and nonsuggestive manner." *Id.* "An objection to a deponent's competence – or to the competence, relevance, or materiality of testimony – is not waived by a failure to make the objection before or during the deposition, unless the ground for it might have been corrected at that time." FED. R. CIV. P. 32(d)(3)(A). "An objection to an error or irregularity at an oral examination is waived if: (i) it relates to the manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at that time; and (ii) it is not timely made during the deposition." FED. R. CIV. P. 32(d)(3)(B).

And Rule 30(c)(2) provides only three situations in which a deponent may properly be instructed not to answer a question – "only when necessary" (1) to preserve a privilege, (2) to enforce a limitation previously ordered by a court, or (3) to present a motion under Federal Rule of Civil Procedure 30(d)(3) to terminate or limit the deposition on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party. *Id.* ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."). "'Directions to a deponent not to answer a question can be even more disruptive than objections.'" *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 591 n.7 (S.D. Tex. 2011) (quoting FED. R. CIV. P. 30(d) 1993 Advisory Committee's Note).

"Because the plain language of Rule 30 is rather clear on what types of objections counsel may make and when counsel may instruct a deponent not to answer a question, courts have generally concluded that it is improper to instruct a witness not to answer a question based on a relevancy objection. However, if counsel's questions go so far beyond the realm of possible relevance where the deposition is being conducted in an abusive manner (i.e., in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party), then it would be permissive to instruct a deponent not to answer and move for a protective order under Rule 30(d)(3)." *Id.* at 591 (footnote and citations omitted).

"The only ground for [a Rule 30(d)(3)] motion to limit or terminate the deposition is that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." *Mayberry v. Wal-Mart La., LLC*, Civ. A. No. 14-cv-478, 2015 WL 420284, at *3 (W.D. La. Jan. 29, 2015).

And Rule 30(d)(3)(A) expressly limits the timing for a Rule 30(d)(3) motion: "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." FED. R. CIV. P. 30(d)(3)(A); *see Mashiri v. Ocwen Loan Servicing, LLC*, No. 12cv2838-L (MDD), 2014 WL 4608718, at *2 (S.D. Cal. Sept. 15, 2014) ("If counsel for Plaintiff believed that counsel for Defendant was asking the same question repeatedly in bad faith or to unreasonably annoy, embarrass or oppress Plaintiff, counsel's option was to move to terminate or limit the deposition under Rule 30(d)(3). Plaintiff's current motion to terminate the deposition is untimely for that purpose as Rule 30(d)(3) requires the

-18-

motion be made during the deposition."); *see also Redwood v. Dobson*, 476 F.3d 462, 467-68 (7th Cir. 2007) ("Webber gave no reason beyond his declaration that the questions were designed to harass rather than obtain information – which may well have been their point, but Fed. R. Civ. P. 30(d) specifies how harassment is to be handled. Counsel for the witness may halt the deposition and apply for a protective order, *see* Rule 30(d)(4), but must not instruct the witness to remain silent. 'Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4).' Fed. R. Civ. P. 30(d)(1). Webber violated this rule repeatedly by telling Gerstein not to answer yet never presenting a motion for a protective order. The provocation was clear, but so was Webber's violation.").

Rule 30(d)(3) further provides that "[t]he motion may be filed in the court where the action is pending or the deposition is being taken"; that, "[i]f the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order"; that "[t]he court may order that the deposition be terminated or may limit its scope and manner as provided in [Federal Rule of Civil Procedure] 26(c)"; that, "[i]f terminated, the deposition may be resumed only by order of the court where the action is pending"; and that Federal Rule of Civil Procedure "37(a)(5) applies to the award of expenses" in connection with a Rule 30(d)(3) motion. FED. R. CIV. P. 30(d)(3)(A)-(C).

*Kasparov v. Ambit Tex., LLC*, No. 3:16-cv-3206-G-BN, 2017 WL 4842350, at *3-*4

(N.D. Tex. Oct. 26, 2017).

"Once a deponent has appeared for a deposition, Federal Rule of Civil

Procedure 37(a)(3)(B)(i) governs a motion to compel a deponent – whether a party or

a non-party – to answer a question." *MetroPCS v. Thomas*, 327 F.R.D. 600, 612 (N.D.

Tex. 2018) (citing FED. R. CIV. P. 37(a)(2)(B)(i) ("A party seeking discovery may move

for an order compelling an answer, designation, production, or inspection. This

motion may be made if: (i) a deponent fails to answer a question asked under Rule 30

or 31....")). "Under Rule 37(a)(3)(B)(i), the Court may compel answers to depositions questions where a deponent fails to answer a question asked under Rule 30. FED. R. CIV. P. 37(a)(3)(B)(i). And 'an evasive or incomplete ... answer ... must be treated as a failure to ... answer.' FED. R. CIV. P. 37(a)(4)." *Kasparov*, 2017 WL 4842350, at *5. Whether

> an answer to a question at deposition is evasive depends on the particular circumstances of the questioning. *See, e.g.*, *Southern U.S. Trade Ass'n v. Guddh*, 565 F. App'x 280, 281 (5th Cir. 2014) ("Because Guddh remained in India, SUSTA agreed to conduct his deposition via telephone. During the deposition, Guddh was (at the very least) evasive. Acting pro se, Guddh refused to answer routine questions such as where he attended college, refused to answer relevant questions on the grounds that they were 'overly broad,' and claimed that information such as his home address and whether he had sold a business were 'privileged.'"); *OrchestrateHR, Inc. v. Trombetta*, 178 F. Supp. 3d. 476, 490-93 (N.D. Tex. 2016), *objections overruled*, No. 3:13-cv-2110-KS, 2016 WL 5942223 (N.D. Tex. Oct. 13, 2016); *In re Pryor*, 341 B.R. 571, 577 (Bankr. N.D. Miss. 2006) ("Pryor's responses at her deposition, taken only sixteen days after she had filed her voluntary Chapter 7 petition and within three days before she executed her bankruptcy Schedules and Statement of Affairs, could best be described as evasive. She had seen her bankruptcy attorney on two occasions and had actually filed her petition, but she never directly answered Safeway's attorney as to whether she had filed a bankruptcy case.")

> And Rule 37(a)(5) provides, in pertinent part, that, on a Rule 37(a)(3)(B)(i) motion to compel an answer from a deponent, including a non-party:
> - "If the motion is granted ... the court must, after giving an opportunity to be heard, require the ... deponent whose conduct necessitated the motion, the ... attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

- "If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."
- "If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26© and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."

FED. R. CIV. P. 37(a)(5)(A)-(C).

Federal Rule of Civil Procedure 30(d)(2) provides that "[t]he court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." FED. R. CIV. P. 30(d)(2). "The meaning of 'appropriate sanction' in Rule 30(d)(2) has been broadly interpreted as [t]he full scope of sanctions available under Rule 30(d)(2) is not expressly described in the text of the rule. Many courts have construed Rule 30(d)(2) to apply to circumstances where a party's conduct at a deposition warranted remedial action." *Murillo Modular Group, Ltd. v. Sullivan*, No. 3:13-cv-3020-M, 2016 WL 6139096, at *7 (N.D. Tex. Oct. 20, 2016) (internal quotation marks omitted)

"The broad scope of appropriate sanctions under Rule 30(d)(2) includes, where appropriate, an award of expenses associated with a deposition's continuation that is necessitated by a [person's] conduct that impedes, delays, or frustrates the fair examination of the deponent." *Nieman v. Hale*, No. 3:12-cv-2433-L-BN, 2014 WL 4375669, at *5 (N.D. Tex. Sept. 4, 2014). The movant bears the burden on any Rule 30(d)(2) motion that it makes. *See Kleppinger v. Tex. Dep't of Transp.*, 283 F.R.D. 330, 333 (S.D. Tex. 2012).

*Kasparov*, 2017 WL 4842350, at *4-*5.

**Analysis**

## I.   <u>RFA objections and responses</u>

### A.  Founder Defendants' RFA responses with qualifying language

VBF asserts that, "[u]nder Rule 36, the denial of a RFA 'must fairly respond to the substance of the matter"; that, "[i]n addition to responding to the substance of the matter – and only if good faith requires it – a party 'may qualify an answer or deny only a part of a matter,' so long as the part of the request admitted or qualified is specified in the answer"; and that "courts have limited the use of qualifying language in the Rule 36 context if the language renders the answer vague and evasive." Dkt. No. 368 at 17 (quoting FED. R. CIV. P. 36(a)(4); citing *Adelman v. Dallas Area Rapid Transit*, No. 3:16-cv-2579-B, 2017 WL 11552662, at *2 (N.D. Tex. Oct. 5, 2017)).

According to VBF, "[s]everal of the Founder Defendants' RFA responses are made vague and/or evasive by the addition of qualifying language," and, "[b]ecause the narrative provided with each answer is improper under Rule 36(a)(4), VBF requests that the Court order the amendment of responses to the following RFAs in compliance with Rule 36:

- Wulf's responses to RFA Nos. 12, 13, 15-16, 23, 29-30, 37-38, 50-51, and 53;
- Ted Rea's responses to RFA Nos. 14, 16, 36-37, and 50-51;
- James Rea's responses to RFA Nos. 30, 53-54, and 61."

*Id.* at 16, 18.

-22-

After carefully reviewing the amended responses at issue, *see* Dkt. No. 399, the Court determines that all of these challenged responses comply with Rule 36's requirements – with one exception.

In response to RFAs No. 61 ("Admit that Ted Rea, as reflected in 3AC exhibit 56, when he wrote, 'Ricks [sic] system ... was never designed to handle the bio mass we are pushing,' was referencing VBF's Density and/or OFT."), James Rea "states that the document speaks for itself and otherwise DENIES this Request." Dkt. No. 399 at 342 of 359. "Stating that a document speaks for itself avoids the purpose of requests for admission, i.e., narrowing the issues for trial," and "[i]f a request seeks an admission about a quotation or paraphrase of text, the responding party must answer, object (on grounds other than speaks for itself), or properly allege and support a lack of knowledge." *Aprile Horse Transp., Inc. v. Prestige Delivery Sys., Inc.*, No. 5:13-CV-15-GNS-LLK, 2015 WL 4068457, at *5 (W.D. Ky. July 2, 2015). James Rea did "otherwise" deny the request, but the Court cannot determine what he denied based on his otherwise relying on the document's speaking on its own behalf. *Cf. State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001) ("This Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice) – but until some such writing does break its silence, this Court will continue to require pleaders to employ one of the three alternatives that are permitted by Rule 8(b) in response to all allegations about the contents of documents (or statutes or regulations).").

The Court GRANTS the RFA Motion as to James Rea's responses to RFAs No. 61 and ORDERS James Rea to, by **November 18, 2021**, serve an amended response to RFAs No. 61 that fully complies with the Rule 36 standards laid out above. The Court otherwise denies the RFA Motion as to these challenges to the RFA responses listed above.

### B.   Founder Defendants' "insufficient information" responses

VBF asserts that "[s]everal of the Founder Defendants' RFA responses fail to follow the instruction of Rule 36(a)(4) to 'specifically deny [the RFA] or state in detail why the answering party cannot truthfully admit or deny it'" and that, "[i]nstead, the Founder Defendants attempt to both claim that they are unable to admit or deny several RFAs, and also deny those same RFAs." Dkt. No. 368 at 19. According to VBF, "[t]he disjunctive in Rule 36(a)(4) indicates this is an improper method for answering a RFA because a party may only admit, deny, or state they are unable to either admit or deny." *Id.*

And VBF contends that "the Founder Defendants ignore an entire sentence in Rule 36(a)(4) that requires them to clarify any assertion that they lack knowledge to either admit or deny a RFA" and that they "neither state that a reasonable inquiry was made for any of VBF's RFAs to which they claimed to have 'insufficient knowledge,' nor do they state that the information they 'know or can readily obtain' would not enable them to admit or deny." *Id.* at 19-20.

-24-

"Because the 'insufficient knowledge' response by the Founder Defendants in response to several of VBF's RFAs is improper under Rule 36, VBF requests that the Court order each Founder Defendant to amend his responses to the following RFAs in compliance with the Rule:

- Wulf's response to RFA No. 25;
- Ted Rea's responses to RFA Nos. 25, 30, 33-34, 39-45, and 58;
- James Rea's response to RFA Nos. 9-10, 21, 25, 27, 33-34, 39-45, and 58; and
- Hall's responses to RFA Nos. 21, 25, 39-45, and 58."

*Id.* at 20.

After carefully reviewing the amended responses at issue, *see* Dkt. No. 399, the Court determines that VBF is correct that all of these responses fail to comply with Rule 36 for the reasons that VBF asserts.

As more fully discussed below, Rule 36(a)(4) dictates that "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." FED. R. CIV. P. 36(a)(4). Wulf, Ted Rea, James Rea, and Hall have not done so as to the RFAs listed above.

And a party cannot both claim insufficient knowledge to admit or deny a request and, on the basis, deny it. *See Hawthorne v. Bennington*, No. 316CV00235RCJCLB, 2020 WL 3884426, at *4 (D. Nev. July 8, 2020) ("A plain reading of the text shows that parties may not deny based on lack of knowledge. The

Rule dictates that denials 'must fairly respond to the substance of the matter.' Indicating that denials based on lack of knowledge do not meet this standard, the Rule provides that a 'party may assert lack of knowledge or information as a reason for failing to admit or deny' without stating that a party may rely on such a basis to deny a request. Indeed, Defendant's interpretation of this Rule – that an answering party may deny a request based on a lack of knowledge – would render the provision requiring a reasonable inquiry superfluous. Following her interpretation, a party confronted with a lack of knowledge could merely deny the request and thereby avoid its duty to provide a reasonable inquiry. Wherever possible, a court must give effect to the entirety of the statutory language.").

The Court ORDERS Wulf to, by **November 18, 2021**, serve an amended response to RFAs No. 25 that fully complies with the Rule 36 standards laid out in this opinion; ORDERS Ted Rea to, by **November 18, 2021**, serve amended responses to RFAs Nos. 25, 30, 33-34, 39-45, and 58 that fully comply with the Rule 36 standards laid out in this opinion; ORDERS James Rea to, by **November 18, 2021**, serve amended responses to RFAs Nos. 9-10, 21, 25, 27, 33-34, 39-45, and 58 that fully comply with the Rule 36 standards laid out in this opinion; and ORDERS Hall to, by **November 18, 2021**, serve amended responses to RFAs Nos. 21, 25, 39-45, and 58 that fully comply with the Rule 36 standards laid out in this opinion.

### C.    Founder Defendants' RFA objections

VBF also asserts that "each Founder Defendant objects to RFAs No. 5 on the grounds that the request is compound" but that "the compound nature of RFAs No. 5 does not excuse the Founder Defendants from answering the request." Dkt. No. 368 at 20-21 (citing *People's Capital & Leasing Corp., v. McClung*, 5:17-CV-484-OLG, 2017 WL 8181529, at *2 (W.D. Tex. Sept. 22, 2017) ("Compound requests that are capable of separation into distinct components and that follow a logical or chronological order... should be denied or admitted in sequence with appropriate designation or qualification.").

And VBF asserts that "James Rea and Hall object to RFAs Nos. 17-20 asserting that the request 'as written, assumes that … which Defendant denies'" but that "partial denials to requests for admission '"as written" render the responses vague and evasive'" and, "[i]nstead, James Rea and Hall must 'flatly deny the portion of the request that it does not admit[,]' without objection." *Id.* at 21 (cleaned up).

As to Wulf's, Ted Rea's, James Rea's, and Hall's objections to RFAs No. 5, this request for admission is compound, asking: "Admit that you were aware, by at least June 2016, of at least one of the following criticisms of the September 2014 Marketing Deck that Dr. Kevin Fitzsimmons ('Dr. Fitzsimmons') communicated in the September 2014 Fitzsimmons Email, attached to the 3AC as Exhibit 12A, or otherwise aware of similar criticisms by at least June 2016 whether or not you learned them through the September 2014 Fitzsimmons Email…." But each

defendant can still deny the entire request without muddying their responses as "subject to" an objection, or can separately address and admit or deny each part: (1) "Admit that you were aware, by at least June 2016, of at least one of the following criticisms" and (2) "Admit that you were … otherwise aware of similar criticisms by at least June 2016 whether or not you learned them through the September 2014 Fitzsimmons Email." But each defendant has not properly complied with Rule 36 by objecting to the RFA as compound and, "[s]ubject to this objection," denying the RFA. The Court ORDERS Wulf, Ted Rea, James Rea, and Hall to each, by **November 18, 2021**, serve an amended response to RFAs No. 5 that fully complies with the Rule 36 standards laid out above.

As to James Rea's and Hall's objections to RFAs Nos. 17-20 – "Defendant objects that this Request, as written, assumes that Defendant made at least one change to the document in question, which Defendant denies. Subject to this objection, Defendant did not inform FTAI of any changes to the [document in question]." and "Defendant objects that this Request, as written, assumes that Defendant knew that at least one change was made to the document in question, which Defendant denies. Subject to this objection, Defendant did not inform FTAI of any changes to the [document in question]." – the Court agrees that these responses comply with Rule 36 by partially admitting the requests and explaining the basis for those admissions while also explaining the basis on which each party denied one factual assumption built into the requests. *Accord Janko v. Fresh Mkt., Inc.*, CIV.A.

13-648-RLB, 2015 WL 4714928, at *6 (M.D. La. Aug. 5, 2015). The Court denies the RFA Motion as to these challenges to James Rea's and Hall's objections to RFAs Nos. 17-20.

### D.   Driver's "insufficient information" responses

In the Driver MTC, VBF asserts that "Driver's responses to the First and Second RFAs fail to follow the instruction of Rule 36(a)(4) to 'specifically deny [the RFA] or state in detail why the answering party cannot truthfully admit or deny it'" and that "Driver ignores an entire sentence in Rule 36(a)(4) that requires him to clarify any assertion that he lacks knowledge to either admit or deny a RFA." Dkt. No. 417 at 19. And VBF contends that

> it is both unrealistic and a violation of Driver's obligations under Rule 36 to deflect all requests as they relate to representations from he and his co-defendants, particularly where those representations could – and likely would – be within his knowledge. For example, despite serving as VBF's Chief Operating Officer, Driver claims to have insufficient knowledge of VBF's major financial considerations (First RFAs Nos. 1-9, 13, 55, 79, 91-93, 99, and 102-105); VBF's purchase of six tractor trailers (First RFAs No. 15); fish mortality rates and events, which would have been within his purview of operations (First RFAs Nos. 29, 30, 32, 34, and 46); stocking densities, which would have been within his purview of operations (First RFAs Nos. 44 and 45); complaints as to the smell of VBF's fish (First RFAs No. 70); VBF's expenditures per month (First RFAs Nos. 58-66); copyrights or patents issued to VBF (First RFAs Nos. 68 and 81-83); software that allowed VBF to integrate its operations (First RFAs No. 71); whether VBF ever had an operational research and development center (First RFAs No. 72); VBF's total production, which would have been within his purview of operations (RFA Nos. 76 and 78); and who was on VBF's Board of Directors (First RFAs Nos. 96-98). It is simply not credible that Driver does not and has never had any knowledge about any of these topics given that he was involved in VBF's operations from October 2014 to January 2017 as the

company's COO and then as an independent contractor throughout 2017.

Dkt. No. 417 at 20-21. And, in reply, VBF argues that,

> despite his amendments, there are several RFAs for which Driver still does not provide a reason for his inability to admit or deny the RFA. For example, though Driver amended First RFA No. 29 to state that he performed a reasonable inquiry and diligent search, he simply states he "does not have sufficient information to admit or deny the allegations in this request related to the other defendants," without any explanation as to why. Driver App. 024-25. Also improper is Driver's amended response to First RFA Nos. 34, where he states that he has insufficient information to admit or deny the allegations in the RFA "as he understands it," without attempting to explain his "understanding" of the RFA. Id. at 025-26. Additionally, to the extent that the "reason" Driver cannot admit or deny these RFAs is that he "has no independent recollection of the facts alleged" in each RFA, as explained above, Rule 36 imposes no independent recollection requirement. Responding to requests for admission of fact is not a closed-book test. Without more, Driver's responses to these RFAs are noncompliant under Rule 36.

Dkt. No. 428 at 10. "Because Driver's assertion of insufficient knowledge in response to several of the First and Second RFAs is improper under Rule 36," *id.* at 20, VBF "requests that the Court find Driver's amended responses to First RFAs Nos. 1-10, 13-15, 18-20, 22, 24, 26, 30-33, [34], 35-37, 40-41, 43-49, 55, 58-66, 68-69, 70-72, 75-80, 82-84, 87, 89-93, 96-106, 108, 109 and Second RFAs No. 21, 25, 27, 33-34, 39, 41-45, 53, 59-62 are improper under Rule 36, and require him to serve amended responses complying with Rule 36," Dkt. No. 428 at 10.

As a general matter, Rule 36(a)(6) does not authorize the Court to order a party to provide a different answer to a request for admission because the requesting party believes that the proffered answer is false or is not credible. *Compare Campos v. HMK*

*Mortg., LLC*, No. 3:18-cv-1362-X, 2019 WL 7842434, at *1-*2 (N.D. Tex. Dec. 26, 2019), *with* Dkt. No. 417 at 20-21; Dkt. No. 428 at 9-10. Rather, Federal Rule of Civil Procedure 37(c)(2) makes sanctions available as to Rule 36 requests where "a party fails to admit what is requested under Rule 36 and [] the requesting party later proves a document to be genuine or the matter true." FED. R. CIV. P. 37(c)(2); *see also Vantage Trailers, Inc. v. Beall Corp.*, No. Civ. A. H-06-3008, 2008 WL 4093691, at *2 (S.D. Tex. Aug. 28, 2008) ("Rule 37(c)(2) provides for sanctions against a party for improperly denying a request for admissions that is later proven to be true."); *accord* Fed. R. Civ. P. 36 advisory committee's note (1970) ("Rule 36 does not lack a sanction for false answers; Rule 37(c) furnishes an appropriate deterrent."); *Superior Sales W., Inc. v. Gonzalez*, 335 F.R.D. 98, 102 (W.D. Tex. 2020) ("District courts across the country, as well as preeminent treatises on federal civil procedure, agree that Rule 36 does not authorize the court to make determinations on the accuracy of responses before trial." (cleaned up)); *Orbital ATK, Inc. v. Heckler & Koch GmbH*, No. CV 17-250 (DSD/FLN), 2018 WL 1353231, at *3 (D. Minn. Jan. 11, 2018) ("Rule 36(a) does not authorize a Court to prospectively render determinations concerning the accuracy of a denial to a Request for Admission, or to order that the subject matter of the request be admitted because the opposing party's unequivocal denial is asserted to be unsupported by the evidence." (cleaned up)).

VBF also asserts, in its reply, that, "[a]lthough Driver has amended his RFA responses to now state that he has made a reasonable inquiry, his amended responses

provide no further clarity as to the basis for assertions that he lacks knowledge to admit or deny the RFAs"; that Driver's use of the same qualifying language in his amended responses "fails to satisfy Rule 36's requirement that Driver set forth in detail why he cannot truthfully admit or deny the subject RFAs"; that "Driver now improperly refuses to admit or deny many of VBF's RFAs on the basis that he 'has no independent recollection of the facts' or 'no independent knowledge or recollection of the facts' alleged in the request"; and that, "despite his amendments, there are several RFAs for which Driver still does not provide a reason for his inability to admit or deny the RFA," such as where, "though Driver amended First RFA No. 29 to state that he performed a reasonable inquiry and diligent search, he simply states he 'does not have sufficient information to admit or deny the allegations in this request related to the other defendants,' without any explanation as to why." Dkt. No. 428 at 7-8, 9, 10.

> Rule 36(a)(4) provides:
>
> (4) Answer. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

FED. R. CIV. P. 36(a)(4).

Rule 36(a), with its reasonable inquiry and readily obtainable information elements, requires an answering party "to obtain information from third parties where it is readily within the [answering party's] power to do so." *SHM Int'l Corp. v. Chant Heat Energy Sci. & Tech. (Zhongshan) Co.*, No. 1:14-CV-1446-ODE, 2015 WL 11404609, at *4 (N.D. Ga. July 29, 2015); *accord McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, 322 F.R.D. 235, 252 (N.D. Tex. 2016) (adopting a reading of the rule that "an answering party must conduct a reasonable inquiry and answer a [request for admission] if the information is readily obtainable, even though the answering party has no personal knowledge of the facts" (cleaned up)).

But courts have split on what information (and at what level of detail) a party must include in its answer when asserting – in Rule 36(a)(4)'s language – that it "cannot truthfully admit or deny it" based on an asserted "lack of knowledge or information." FED. R. CIV. P. 36(a)(4). Resolving where to come out on this split requires the Court to interpret Rule 36(a)(4)'s first and third sentences together.

"When interpreting the Federal Rules of Civil Procedure, the Court is to give the rules their plain meaning, and, as with a statute, the inquiry is complete if the Court finds the text of the rules to be clear and unambiguous. The Court may also give weight to, and consider as persuasive authority, the construction of a rule offered by the Advisory Committee in its notes. And, when interpreting a Federal Rule of Civil Procedure, the United States Supreme Court has also considered the rule's structure and context as well as its purpose and whether an interpretation is the

rule's most natural reading as well as an eminently sensible one." *Mir v. L-3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 229 (N.D. Tex. 2016) (cleaned up).

As the Court interprets Rule 36(a)(4), the third sentence – requiring a reasonable inquiry and that the answering party affirm that it made that inquiry and still lacks sufficient information to admit or deny – provides specific instructions on how to meet Rule 36(a)(4)'s first sentence's requirement to state in detail why the answering party cannot truthfully admit or deny when the reason why is a lack of knowledge or information. *Accord Diamond Servs. Mgmt. Co., LLC v. C&C Jewelry Mfg., Inc.*, No. 19 C 7675, 2021 WL 4258800, at *5 (N.D. Ill. May 11, 2021) (answering parties are "under an obligation to comply with Rule 36(a)(4) in responding to requests to admit: They must either, admit, deny, or 'state in detail why' they 'cannot truthfully admit or deny,' and if lack of knowledge is asserted as a reason for not admitting or denying, they must state that after reasonable inquiry, the information they know or can readily obtain is insufficient to enable an admission or a denial"); *Cahalan v. May Trucking Co.*, No. 11-CV-214-F, 2012 WL 12915495, at *3 (D. Wyo. Oct. 22, 2012) ("Rule 36 thus presents three options to a responding party in answering a request for admission – either admit, deny, or state a reason for inability to admit or deny. Among the possible reasons for inability to admit or deny, the Rule specifically recognizes and allows for a responding party to claim insufficient knowledge or information, so long as reasonable inquiry is made.").

On the Court's reading of Rule 36(a)(4)'s text's plain meaning, a party can sufficiently "state in detail why the answering party cannot truthfully admit or deny it" by "assert[ing] lack of knowledge or information as [the] reason for failing to admit or deny" and "stat[ing] that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." FED. R. CIV. P. 36(a)(4). This reading is supported by the Advisory Committee's Notes to the amendments adopting the current version of Rule 36(a)(4), which explain:

> Another sharp split of authority exists on the question whether a party may base his answer on lack of information or knowledge without seeking out additional information. One line of cases has held that a party may answer on the basis of such knowledge as he has at the time he answers. A larger group of cases, supported by commentators, has taken the view that if the responding party lacks knowledge, he must inform himself in reasonable fashion.
>
> The rule as revised adopts the majority view, as in keeping with a basic principle of the discovery rules that a reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process. It has been argued against this view that one side should not have the burden of "proving" the other side's case. The revised rule requires only that the answering party make reasonable inquiry and secure such knowledge and information as are readily obtainable by him. In most instances, the investigation will be necessary either to his own case or to preparation for rebuttal. Even when it is not, the information may be close enough at hand to be "readily obtainable." Rule 36 requires only that the party state that he has taken these steps. The sanction for failure of a party to inform himself before he answers lies in the award of costs after trial, as provided in Rule 37(c).

Fed. R. Civ. P. 36 advisory committee notes, 1970 Amendment (cleaned up).

Other courts have read Rule 36(a)(4) to require more – for example, to "conduct a reasonable inquiry to determine whether readily available information is sufficient

to enable them to admit or deny the matter" and, "[i]f, after a reasonable inquiry, the information necessary to admit or deny is not readily obtainable, … [to] set forth in detail why the information is insufficient to admit or deny the requests." *Murrey v. City of Los Angeles*, No. CV 19-2501 FMO (AS), 2020 WL 2065019, at *4 (C.D. Cal. Feb. 21, 2020); *see also Subramani v. Wells Fargo Bank, N.A.*, No. 13-CV-01605-SC, 2014 WL 7206888, at *1 (N.D. Cal. Dec. 18, 2014) ("When the question asks for information that [the answering party] is very likely to have, [the answering party] must respond in much more detail and explain why he does not have that information. A bare assertion that he performed a reasonable inquiry and lacks information on this matter is insufficient; he must explain in detail why he cannot truthfully admit or deny this request for admission."). And these decisions often require that the answering party must both "set forth reasons why the information is not readily known and … specify the nature of the respondent's reasonable inquiry." *SHM Int'l Corp. v. Chant Heat Energy Sci. & Tech. (Zhongshan) Co.*, No. 1:14-CV-1446-ODE, 2015 WL 11404609, at *3 (N.D. Ga. July 29, 2015) (cleaned up).

But "these authorities [adopting the position that a party exercising the option of asserting insufficient knowledge or information is under a duty to explain in detail the steps that it took in attempting to answer the request] offer little or no analysis of why a complete recitation of efforts made by a party asserting lack of knowledge or information to confirm that the information cannot be readily obtained would be required by the language of Rule 36 or its purpose." *In re: Activated Carbon-Based*

*Hunting Clothing Mktg. & Sales Pracs. Litig.*, No. 09-MD-2059 (RHK/JJK), 2009 WL 10659390, at *4 (D. Minn. Sept. 22, 2009). And another court has persuasively explained at length why Rule 36 does not impose such a requirement:

> Rule 36(a)(4) states that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." FED. R. CIV. P. 36(a)(4). The rule further provides that a party "may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." *Id.* Rule 36 does not specifically state that a party asserting lack of sufficient knowledge or information as a reason for failing to admit or deny must state in detail the efforts made in conducting its "reasonable inquiry." The Advisory Committee's Notes provide guidance on this issue by indicating that "Rule 36 requires only that the party state that he has taken ... steps" necessary to secure information readily obtainable by him when that party asserts lack of knowledge or information. *See* Fed. R. Civ. P. 36 advisory committee notes, 1970 Amendment. ....
>
> The Court interprets Rule 36(a)(4) to require only that a party state that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. The Rule's language does not plainly require more. As the Court reads Rule 36(a)(4), when an answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that it has made a reasonable inquiry and that the information known or readily available to it is insufficient to enable it to admit or deny, it has stated in sufficient detail why it cannot truthfully admit or deny the matter. As noted above, the Advisory Committee Notes support such a reading. It is important to keep in mind that Rule 36 is not a discovery tool, but rather is used to reduce trial time by identifying issues that cannot be eliminated from the case and narrowing the issues at trial by eliminating those that can be. Fed. R. Civ. P. 36 advisory committee notes, 1970 Amendment. The Court does not see how, in this instance, requiring Defendants to fully explain the efforts they undertook to conduct a reasonable inquiry before asserting lack of knowledge or information as a reason they could not admit or deny Plaintiffs' requests would serve those purposes. In fact, it appears that imposing such a requirement would open a dispute regarding issues collateral to those needed to be determined at trial and would likely require Defendants to

disclose information that is covered by the work-product doctrine or protected by attorney-client privilege.

*Id.* (cleaned up).

Another court has similarly explained that

[t]here is arguably a tension between the first sentence of rule 36(a)(4) and the third sentence. The first sentence suggests that the response must describe in detail what efforts have been made to respond the particular request for admission; the third sentence suggests that such detail is not necessary and that the response need only track the third sentence of 36(a)(4). There thus may be some conflict between rule 36(a)(4)'s requirement that a responding party "state in detail why the answering party cannot truthfully admit or deny" a request for admission, and not requiring a responding party to detail the "reasonable inquiry" the party made. FED. R. CIV. P. 36(a)(4). The Court has adopted the view that a simple statement that a party has made a reasonable inquiry, and does not have adequate information to admit or to deny a request for admission suffices, and a party may rest on that statement.

In all cases, respondents must either admit or specifically deny a request for admission, or state in detail why they cannot truthfully admit or deny it. If respondents are going to say that they cannot respond to a request for admission, they have to track rule 36(a)(4)'s requirements. This requirement means that, if they are going to respond that they cannot truthfully admit or deny the request for admission, because they do not have sufficient information, they must state, consistent with [Federal Rule of Civil Procedure] 11, "that [they] ha[ve] made reasonable inquiry and that the information [they] know[] or can readily obtain is insufficient to enable [them] to admit or deny." FED. R. CIV. P. 36(a)(4).

*New Mexico ex rel. Balderas v. Real Est. L. Ctr., P.C.*, 405 F. Supp. 3d 1233, 1252-53 (D.N.M. 2019) (cleaned up). But "Rule 36 does not require a party to provide with specificity what steps it has taken in conducting its reasonable inquiry." *U.S. Sec. & Exch. Comm'n v. Mack*, No. 19-CV-918 (PAM/ECW), 2020 WL 6255703, at *8 (D. Minn. Oct. 23, 2020).

The Court finds these decisions persuasive, and, on this Court's reading of Rule 36(a)(4)'s first and third sentences, while, "[i]f the party can neither admit nor deny the statement, it must state in detail why not," the party may permissibly assert that that reason "why not" "is because the party lacks knowledge of the information requested" – in which case the party meets the "state in detail" requirement if it "assert[s] that it has made reasonable inquiry," *Landberg by & through Landberg v. Universal Trailer Corp. Horse/Livestock Grp.*, No. 1:06-CV-2971-BBM, 2008 WL 11334018, at *5 (N.D. Ga. Mar. 14, 2008), "and that the information it knows or can readily obtain is insufficient to enable it to admit or deny," FED. R. CIV. P. 36(a)(4). In sum, "[a]s the Court reads Rule 36(a)(4), when an answering party asserts lack of knowledge or information as a reason for failing to admit or deny, and states that it has made a reasonable inquiry and that the information known or readily available to it is insufficient to enable it to admit or deny, it has stated in sufficient detail why it cannot truthfully admit or deny the matter." *Activated*, 2009 WL 10659390, at *4.

Based on the Court's understanding of Rule 36(a)(4) as laid out above, Driver's responses that answer that he "has no independent recollection of the facts alleged" only after he also affirms that, "[a]fter performing a reasonable inquiry and diligent search, [he] does not have sufficient information to admit or deny the allegations in this request" comply with Rule 36(a)(4)'s explanation requirements. Likewise, if a party's answer includes Rule 36(a)(4)'s required statements that the answering party "has made reasonable inquiry and that the information it knows or can readily obtain

is insufficient to enable it to admit or deny," Rule 36(a)(4) does not further require an answering party to explain why it can neither admit nor deny the assertion set forth in the request based on the information that it knows or can readily obtain. And nothing in Rule 36 requires an answering party to – after stating that the answering party "has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny" – further "state in detail the efforts made in conducting its 'reasonable inquiry.'" *Activated*, 2009 WL 10659390, at *4.

But a requesting party is not without any recourse. As another court explained, "each of the matters where [the answering parties] have asserted lack of knowledge or information now operates as a failure to admit," and, "as a result of [the answering parties'] failure to admit these matters, if [the requesting parties] later prove them to be true, they may move that [the answering parties] be required to pay the reasonable expenses, including attorney's fees, incurred in making that proof" under Rule 37(c)(2). *Id.* (cleaned up); *accord Romero v. Securus Techs., Inc.*, No. 16-CV-1283-JM-MDD, 2017 WL 4621223, at *3 (S.D. Cal. Oct. 16, 2017) ("Regarding RFAs 2, 4, 5, 6, 7, 8, 10, and 11, Defendant responded that they have conducted a reasonable inquiry and that information it knows or can readily obtain is insufficient to enable Defendant to admit or deny these RFAs. This response is legally sufficient under Rule 36(a)(4), but Defendant is risking the impositions of sanctions under Rule 37(c)(2) in the event the matter is proved true."); *Faught v. Pulver*, No. 15 C 7105, 2016 WL 11701703, at *2 (N.D. Ill. Aug. 1, 2016) (same).

After carefully reviewing the amended responses at issue, *see* Dkt. Nos. 426-4 & 426-5, for compliance with these standards, the Court determines that Driver's amended responses comply with Rule 36 – with some exceptions.

Driver's amended objections and responses to First RFAs Nos. 34, 35, 50, and 77 are incomplete for the reasons that VBF asserts – Driver does not explain his understanding of what each request is asking him to admit.

Driver's amended response to First RFAs No. 93 fails to state whether he admits or denies the request as to himself.

Driver's amended responses to Second RFAs Nos. 40 and 53 fail to comply with Rule 36(a)(4) by explaining (inadequately under Rule 36(a)4) in response to Second RFAs No. 53) Driver's claimed insufficient knowledge and then – contrary to Rule 36's requirements – denying the request. *See Hawthorne*, 2020 WL 3884426, at *4.

The Court GRANTS the Driver MTC Motion as to Driver's amended responses to First RFAs Nos. 34, 35, 50, 77, and 93 and to Second RFAs Nos. 40 and 53 and ORDERS Driver to, by **November 18, 2021**, serve an amended responses to these RFAs that fully comply with the Rule 36 standards laid out above. The Court otherwise denies the Driver MTC as to these challenges to the amended responses to the First RFAs and Second RFAs listed above.

### E.   Driver's privilege objection to First RFAs No. 85

In the Driver MTC, VBF also asserts that "Driver refused to admit or deny whether he communicated with counsel in VBF's bankruptcy cases, arguing that this

request calls for the disclosure of privileged information," but that "the existence of such communications itself is not privileged, even if the underlying communications are, because where privilege is asserted, the 'proponent must provide sufficient facts by way of detailed affidavits or other evidence to enable the court to determine whether the documents constitute [privileged material].'" Dkt. No. 417 at 21 (quoting *Zenith Ins. Co. v. Tex. Inst. for Surgery, L.L.P.*, 328 F.R.D. 153, 162 (N.D. Tex. 2018); footnote omitted). VBF contends that "this objection is improper, and the response to First RFAs No. 85 should be amended to provide a complete answer." *Id.*

As VBF's reply acknowledges, *see* Dkt. No. 428 at 7, Driver withdrew this challenged objection in his amended responses, *see* Dkt. No. 426-4 at 16 of 22. The Court denies as moot the Driver MTC as to Driver's responses to First RFAs No. 85.

## II.   Further depositions of Leslie Wulf and Ted Rea

### A.   Request for leave to further depose Wulf for two hours and Ted Rea for ninety minutes

In the RFA Motion, VBF asserts that, "because new information has come to light which refutes a central factual assertion in each of their depositions, good cause exists for the Court to grant VBF leave to further depose Defendant Wulf for two hours and Defendant Ted Rea for ninety minutes." Dkt. No. 368 at 14. VBF more specifically argues that, "[b]ecause the Founder Defendants have repeatedly misdirected VBF and obfuscated the truth in this matter, their discovery misconduct requires additional time in order to obtain clear testimony as to the facts, or to elucidate the extent of their misrepresentations"; that "new information has come to

-42-

light creating the need for further questioning," where "Generation has produced documents to VBF pursuant to an agreement between the parties which did not reveal any communications showing that Wulf sent a redline of changes to the Pre-Forgery FTAI Reports to anyone at Generation, directly contradicting both Wulf and Ted Rea's testimony"; and that, "based on James Rea's testimony, VBF should be entitled to question Wulf and Ted Rea regarding their meeting with Hall, James Rea, and the Founder Defendants' counsel in which the Founder Defendants' responses to VBF's RFAs were discussed." *Id.* at 21-22.

After carefully considering the parties' arguments, the Court is not persuaded that any alleged discovery misconduct – including VBF's dissatisfaction with RFA responses, as addressed above – warrants a second deposition of Wulf and Ted Rea or, for the reasons that the Founder Defendants' response persuasively explain, that the absence of documents produced by a third party or James Rea's testimony regarding a meeting warrants another deposition of Wulf and Ted Rea.

The Court denies the RFA Motion as to this request.

## B.   Request to order Wulf and Ted Rea to reappear for depositions

In the Founders MTC, VBF asserts that, "[d]uring their depositions, both Wulf and Ted Rea followed the advice of their counsel and refused to answer questions posed by VBF's counsel. *See* Ex. 3, App. 032-038 (T. Rea Dep. 136:23-139:15; 257:22-259:7) and Ex. 2, App. 022-024 (Wulf Dep. 283:11:9-285:14). Each refusal to answer VBF's questions was improper and both Wulf and Ted Rea should be ordered to

reappear." Dkt. No. 421 at 20.

And VBF contends that,

[w]ith respect to Ted Rea, he was instructed by his counsel not to answer twice. *See* Ex. 3, App. 032-035 (T. Rea Dep. 136:23-139:15) and id., App. 036-038 (T. Rea Dep. 257:22-259:7). Initially, when asked about the nature of the allegations that led to a felony conviction that VBF alleges Ted Rea concealed from VBF shareholders and independent directors, Ted Rea's counsel cut off the questioning without presenting any reason for doing so. *Id.*, App. 032-035 (T. Rea Dep. 136:23-139:15). Later, when asked about whether he had disclosed this litigation to potential or actual investors of Alltrades, a Founder-affiliated entity, Ted Rea's counsel instructed him not to answer based on relevance. *Id.*, App. 036-038 (T. Rea Dep. 257:22-259:7). Courts generally conclude "that it is improper to instruct a witness not to answer a question based on a relevancy objection[,]" unless the "questions go so far beyond the realm of possible relevance where the deposition is being conducted in an abusive manner[.]" *Sullivan*, 2016 WL 6139096, at *5. Here, in this case about the Founder Defendants' misrepresentations and fraud, *see generally* 3AC, VBF's questions about Ted Rea's disclosure of his felony conviction to VBF and his disclosure of this litigation to current investors of founder-Affiliated Entities are relevant to VBF's claims, and certainly to do not go "so far beyond the realm of possible relevance" when VBF specifically alleges that Ted Rea, among the other Founder Defendants made material misrepresentations. Also, VBF's interrogatory about Alltrades could lead to Ted Rea's own summary of his understanding of this litigation, which is highly relevant.

With respect to Wulf, he was instructed by his counsel not to answer two questions from VBF regarding his lewd internet usage on VBF-owned computers. *See* Ex. 2, App. 022-024 (Wulf Dep. 283:11:9-285:14). [It should be noted that Wulf's lewd internet usage was occurring at the same time (many times on the same day) that Wulf was making allegations of impropriety against Jens Haarköetter. *See also* Dkt 296, ¶ 129; Dkt. 296-15 at 64-65. Further, this activity also shows that Wulf was not dedicating his attention to the management of VBF and its significant problems, as much of this internet activity occurred during work hours or otherwise on work days. *Id.*] Wulf's counsel instructed him not to answer these questions because they have "nothing to do with this lawsuit" and that it was "harassing." *Id.* VBF's questions to Wulf, however, are highly relevant to VBF's claims for breach of fiduciary duty and misappropriation of VBF's resources.

Indeed, they cannot be "so far beyond the realm of possible relevance" when VBF specifically alleges "that Wulf frequently used his VBF laptop to search pornographic, sexual escort, and other deviant websites at relevant times, often during work hours, demonstrating that he spent resources and time purportedly for VBF on decidedly non-VBF activities[.]" *See* 3AC ¶ 129. Therefore, questioning Wulf as to whether he advised the board of directors about his misuse of VBF property in violation of company is relevant to this lawsuit and was done for proper purposes. *See* Ex. 2, App. 023 (Wulf Dep. 284:9-11).

Moreover, the Founder Defendants have fought for, and won, the right to discover information about the allegations of sexual harassment against Haarköetter (Dkts. 401, 415). VBF will counter such allegations by demonstrating that Wulf contrived them, along with the other three Founder Defendants, to get Haarköetter off their trail at the very same time that Haarköetter was attempting to discover their fraud. For example, one VBF board member admitted that such allegations – even at the time before the Founders' fraud was known to VBF – appeared to be a "ruse" by the Founder Defendants. *See, e.g.*, Ex. 20, App. 245-247 (March 2018 Nelson Family Letter). Without further questioning of Wulf, VBF will be unfairly prejudiced in countering this allegation. Therefore, the Court should order Ted Rea and Wulf to reappear for depositions to answer questions they were improperly instructed not to answer, which would include follow-up questions that VBF would have asked had it been permitted to pursue these lines of inquiry at the depositions.

*Id.* at 20-22 (footnote omitted).

The Founder Defendants' defenses of these instructions not to answer fail to persuade. First, the Founder Defendants still have not presented a motion under Federal Rule of Civil Procedure 30(d)(3) to terminate or limit any deposition on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses these party deponents. And their explanations for the alleged lack of relevance of the topics on which VBF's counsel was examining Wulf and Ted Rea do not rise to the level of justifying instructions not to answer under

Rule 30. The Court is not persuaded, based on the Founder Defendants' response in defense of their counsel's instructions not to answer, that "any additional deposition(s) would require the Founders to incur significant costs and would not reveal any new information." Dkt. No. 427 at 15.

Neither is the Court inclined to accept the Founder Defendants' suggestion that the Court "should allow VBF to ask a couple of depositions on written questions rather than requiring the cost and time related to such depositions." *Id.* at 15-16. Rather, the Court will grant VBF's request to re-depose Ted Rea and Wulf to finish its line of questioning on the topics specified above at Founder Defendants' expense – limited to the expenses for any court reporter and videographer that VBF will arrange for this additional, live deposition questioning.

## III.   <u>Requests for Production to the Founder Defendants and Driver</u>

### A.   Driver's objections to First RFPs Nos. 1-9, 11-61, and 62-87 and Second RFPs Nos. 1-36 and 39-43

The Court overrules Driver's unsupported boilerplate objections to First RFPs Nos. 1-4, 7-9, 11-61, and 62-67 and 69-87 and Second RFPs Nos. 1-36 and 39-43. But, because Driver's amended responses report that he is not withholding any documents based on those objections, there is nothing more for the Court to order or compel based on overruling the objections. *See* Dkt. Nos. 426-6 & 426-7. And Driver's amended responses to the First RFPs and Second RFPs removed the "subject to and without waiving" language that VBF's Driver MTC challenged. *See* Dkt. Nos. 426-6 & 426-7.

But the Court again reminds counsel that, if "an objection does not preclude or prevent a response or answer, at least in part, the objection is improper and should not be made." *Carr*, 312 F.R.D. at 469-70 (cleaned up). Making unsupported objections along with a statement that the party is not actually withholding any documents based on the objection – either because the objection would not cover the responsive documents that the party has located and is producing or because there are no responsive documents to withhold or produce – does not make serving unsupported objections any less improper. "General, boilerplate, and unsupported objections preserve nothing and – regardless of a party or an attorney's concerns about what they do not know or have not yet located or may later find – are improper and ineffective." *Lopez*, 327 F.R.D. at 583 (cleaned up) ("Neither is it appropriate to serve objections that a party or attorney has no factual basis for at the time of service but that the party or attorney is seeking to preserve for any responsive but objectionable materials or information that may later be found. Objections and responses and answers must be served based on what a reasonable inquiry presently shows. If additional or different materials or information are later uncovered, the proper course then is to comply with any supplementation obligations under Federal Rule of Civil Procedure 26(e)(1) and, if necessary, raise any appropriate objections for which there is, at that time, a legal and factual basis and to address the issue of why there is good cause to excuse the failure to have previously, timely raised the objections or seek leave to make the late objections for good cause.").

Driver acknowledges that he is not producing documents in response to First RFPs Nos. 5 and 68, which the Court will separately address below.

As to Driver's amended response to RFPs No. 6, Driver responded that he "is not withholding any documents showing bank account numbers, institution, and name of account holders for all bank accounts and accounts at other financial institutions to which Driver and/or his wife are named an account holder, have rights to withdraw funds, and/or did withdraw funds based on his objections." Dkt. No. 426-6 at 4 of 26. In its reply, VBF contends that "it is not clear from Driver's amended responses whether he has produced all his Family's and Affiliated Entities' financial information consistent with this Court's prior ruling [Dkt. No. 153]" where "VBF is not able to ascertain from Driver's amended responses whether he is withholding, for example, bank account information related to Affiliated Entities [of which "Driver identified eleven … in his interrogatory answers"] or members of his family other than his wife, as Driver only answers First RFPs No. 6 as to it relates to his wife and himself." Dkt. No. 428 at 2 & n.3 (footnote omitted).

The Court has previously ruled "that bank and other financial institution account documents from the Responding Founders and their related entities and family members are relevant to VBF's claims and proportional to the needs of the case," Dkt. No. 153 at 5, and, consistent with that ruling, grants the Driver MTC as to First RFPs No. 6 insofar as Driver must, by **November 22, 2021**, produce all unproduced documents responsive to RFPs Nos. 6 that include documents that are in

-48-

Driver's possession, custody, or control and that show bank account numbers, institution, and name of account holders for all bank accounts and accounts at other financial institutions related to the 11 identified Affiliated Entities or to members of Driver's family other than his wife.

**B.     Driver's response to First RFPs No. 5**

The Court appreciates VBF's explanation for the confusion regarding First RFPs No. 5. See Dkt. No. 428 at 2 & n.4. But the Court will not attempt to rewrite this overly broad request and then enforce it at the same time, no matter how consistent a more limited request would be with the Court's prior ruling – just as the Court did not as to this same request to the Founder Defendants in that prior order [Dkt. No. 153]. The Court denies the Driver MTC as to First RFPs No. 5 without prejudice to VBF's serving a new, more appropriately limited request.

**C. Driver's response to First RFPs No. 68**

Driver's amended response to First RFPs No. 68 removed the challenged confidentiality-based objection, so VBF's Driver MTC is moot as to that concern. And, while Driver's remaining objections take the form of unsupported boilerplate, for the reasons that he persuasively explains in his response, this request is facially overbroad, and the Court will sustain that objection and deny the Driver MTC as to First RFPs No. 68 and issues a protective order as to any further response to First RFPs No. 68.

**D.      Driver's responses to Second RFPs Nos. 19 and 20**

VBF's Driver MTC is moot as to Second RFPs Nos. 19 and 20 for the reasons that Driver's response explains. *See* Dkt. No. 425 at 8.

**E.      Driver's assertions that he does not possess relevant or responsive documents**

VBF asserts that Driver should be required to disclose all of his email addresses that he used during his tenure at VBF and to confirm that he has searched those accounts for responsive documents or explain why he cannot. And VBF reports that "Driver himself has not produced relevant, responsive documents from some of these email addresses, even though others have." Dkt. No. 428 at 4 n.5. Driver's response is that "the existence of email addresses does not in itself indicate Driver has relevant and responsive emails he is withholding from such inboxes" and that VBF "has not provided any evidence that Driver has emails from after this litigation began that he was obligated to retain and has not produced in this litigation from either email." Dkt. No. 425 at 9.

VBF has not made the requisite showing to obtain – through a request made for the first time in its motion and that it can seek this information through formal discovery requests or by deposition testimony – a list of any other email addresses that Driver used within the relevant time period that may contain responsive documents. But, unlike the Founder Defendants, as discussed below, Driver's response is not to tell VBF or the Court that he has already searched all personal email accounts to which he has access and produced responsive documents – as he

would be obligated to do under Rule 34. The Court will order Driver, through his counsel, to, by **November 22, 2021**, confirm to VBF's counsel in writing that he has searched all personal email accounts to which he has access and produced responsive documents and, if he has not, produce all unproduced documents responsive to VBF's requests.

But VBF has not adequately supported its request for Driver to either issue a sworn statement regarding a VBF-issued laptop – as to which he already testified at his deposition – or, much less, to require "Driver to submit various laptops in his possession which he believes could be the VBF-issued laptop for independent forensic review to determine which of the laptops contains VBF data." Dkt. No. 428 at 4. This request in the Driver MTC is denied.

### F.     Driver's failure to respond to VBF's Third RFPs

VBF's Driver MTC is moot as to the Third RFPs for the reasons that Driver's response explains: "Driver served his responses to VeroBlue's Third Request for Production on July 29, 2021" and "did not assert any objections to the Requests and stated that he is not withholding any documents responsive to the requests." Dkt. No. 425 at 10.

### G.     VBF's failure to meet and confer on issues raised in its Founders MTC

As in initial matter, the Court does not agree that the Founders MTC is due to be denied for failing to adequately confer in advance of filing or failing to specifically address certain requests or objections at issue. Even if VBF failed to confer on certain

issues, the Court will excuse strict compliance where, although "the Court will not presume that a conference will be unproductive and a waste of time simply because the parties have a bitter history and an apparent inability to get along well," here, it appears that on many of these issues conferring further would "neither have eliminated nor narrowed the parties' dispute," and the Court believes that "further delay in addressing the [MTCs] would not comport with the overriding principle set forth in Fed. R. Civ. P. 1." *Brown v. Bridges*, No. 12-cv-4947-P, 2015 WL 11121361, at *5 (N.D. Tex. Jan. 30, 2015), *on reconsideration in part*, No. 12-cv-4947-P, 2015 WL 12532137 (N.D. Tex. June 22, 2015).

### H. Founder Defendants' production of communications with Cassels Brock and Sean Maniaci, communications with Certain VBF Board Members, and loan applications

For the reasons persuasively explained in the Founder Defendants' response, the Court determines that the Founder Defendants have appropriately limited their responses to Second RFPs No. 41 (seeking "[a]ll communications with Sean Maniaci, Cassels Brock, or their counsel") as well as Second RFPs Nos. 14, 42, and 43 and Third RFPs No. 3. And VBF has not persuasively shown that the Founder Defendants' limitation to documents related to VBF – as opposed to transactions that completely unrelated to VBF and in which Sean Maniaci and Cassels Brock have represented the Founder Defendants and some of their related entities or to personal and business relationships that the Founder Defendants have with these three individuals outside of their involvement with VBF – is improper or suggests that the

Founder Defendants are withholding documents that relate to the claims and defenses in this case and should be ordered to provide, under oath, an unequivocal attestation that they have produced all responsive documents that relate to the claims and defenses in this case. The Court denies the Founders MTC as to Second RFPs Nos. 14, 41, 42, and 43 and Third RFPs No. 3.

## I.    Founder Defendants' production of bank account statements, tax returns, and information regarding real estate properties and income

But the Court is persuaded, for the reasons explained in VBF's reply, *see* Dkt. No. 429 at 2-5, that the Founder Defendants should be required to serve amended responses to First RFPs Nos. 6, 8, and 9 that reflect that the Founder Defendants have taken reasonable steps to request documents that relate to family members other than their spouses and Affiliated Entities in compliance with this Court's prior ruling [Dkt. No. 153 at 5] and are not withholding any additional responsive documents and to Second RFPs Nos. 29 and 30 to reflect that the Founder Defendants have produced all bank statements, tax returns, and financial statements related to MAPL Yield Fund, LP and Symfonia Ventures, LLC for the July 2014 to September 2019 period within their possession, custody, or control. The Court grants the Founders MTC insofar as the Founder Defendants must, by **November 22, 2021**, serve amended responses to First RFPs Nos. 6, 8, and 9 and Second RFPs Nos. 29 and 30 in compliance with this ruling.

### J.     Founder Defendants' production of information regarding conversion or transfer of assets

For the reasons explained in the Founder Defendants' response, the Court determines there is nothing to compel in response to Fourth RFPs Nos. 1, 3 and 4 and denies the Founders MTC as to Fourth RFPs Nos. 1, 3, and 4.

### K.     Founder Defendants' withholding of other documents

The Founder Defendants explain in their response to the Founders MTC that they have produced all non-privileged, responsive documents in their possession, custody, or control in response to Second RFPs No. 6. *See* Dkt. No. 427 at 10-11. But their second amended response to Second RFPs No. 6 states: "The Founders have non-privileged, responsive documents in their possession, custody, or control." Dkt. No. 442 at 184 of 247. That leaves out not only the word "produced" but also the word "all." The Court grants the Founders MTC insofar as the Founder Defendants must, by **November 22, 2021**, serve an amended response to Second RFPs No. 6 in compliance with their representations in their response to the Founders MTC.

But, for the reasons that the Founder Defendants explain in their response to the Founders MTC, the Court sustains the Founder Defendants' objections Second RFPs Nos. 12 and 13 as improper blockbuster requests and denies the Founders MTC as to, and issues a protective order as to any further response to, these RFPs.

### L.     A chain of custody for missing hard drives

For the reasons persuasively explained in the Founder Defendants' response to the Founders MTC, VBF has not adequately or persuasively supported its request

for an order requiring the Founder Defendants to produce a chain of custody for the hard drive at issue in light of the Founder Defendants' response to Third RFPs No. 1. The Court denies the Founders MTC as to this request.

## IV. <u>Interrogatories to the Founder Defendants and Driver</u>

### A. Driver's objections to VBF's First Interrogatories

Driver reports that VBF has withdrawn First Interrogatories Nos. 7, 15, 17, 20, 21, and 23, *see* Dkt. No. 418 at 122 of 139; Dkt. No. 426-3, and so the Court will take no further action on those interrogatories.

As VBF correctly asserts in its reply, Driver's amended objections and answers to many of the other interrogatories include unsupported, boilerplate overbreadth, proportionality and the obsoleted "reasonably calculated" relevance standard, and vague and ambiguous objections. As explained above, those objections are still improper even if – and, in fact, are improper for the additional reason that – Driver's amended answers report that he is not withholding any information based on those objections. *See Lopez*, 327 F.R.D. at 583; *Carr*, 312 F.R.D. at 469-70; *accord Smash Tech., LLC v. Smash Sols., LLC*, 335 F.R.D. 438, 448 n.43 (D. Utah 2020) ("Objections must have a consequence or else they become mere confusing background noise that interferes with the judiciary's ability to listen for the real problems in a dispute."). The Court overrules these objections to First Interrogatories Nos. 1, 2, 5, 6, 8, 9, 10, 11, 12, 14, 16, 19, and 22.

And Driver cannot properly object to an interrogatory on the basis that it seeks information that is within other defendants' or the requesting party's possession. "[An answering party] is not required to make an extensive investigation in responding to an interrogatory, but he must pull together a verified answer by reviewing all sources of responsive information reasonably available to him and providing the responsive, relevant facts reasonably available to him." *Lopez*, 327 F.R.D. at 579 (cleaned up). That includes information and facts that the answering party may have originally obtained from the party asking the interrogatory. "You already know the answer" generally is not a proper objection or answer to a Rule 33 interrogatory. "It has long been a rule of discovery practice that a party can seek information to which he already knows the answer," and "a party is not automatically precluded from propounding an interrogatory request to which he already knows the answer," although Federal Rule of Civil Procedure 26(c) "grants this Court the power to protect a party or person from any unduly burdensome discovery." *Sheppard v. Beerman*, No. 91-CV-1349(ILG), 1999 WL 389894, at *3 (E.D.N.Y. Apr. 21, 1999). And, so, "it is not a legally cognizable objection to a party's interrogatory that the question has already been answered elsewhere, or that the opposing party already knows the answer," and "[r]esponses by reference to another document, or – as in this case – to alleged prior knowledge, are therefore insufficient." *Quarrie v. Wells*, No. CV 17-350 MV/GBW, 2020 WL 1514798, at *3 (D.N.M. Mar. 30, 2020), *reconsideration denied*, 2020 WL 2526629 (D.N.M. May 18, 2020). While Driver is only required to pull together a verified

answer by reviewing all sources of responsive information reasonably available to him and providing the responsive, relevant facts reasonably available to him, the Court overrules his objections to First Interrogatories Nos. 5, 6, 8, 9, 10, 11, 12, 14, and 16.

Federal Rule of Civil Procedure 33(d) further provides that, "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries." FED. R. CIV. P. 33(d). "Thus, in relying on Rule 33(d) in an interrogatory answer, [an answering party] must specify the information that [the requesting party] should review in sufficient detail to enable [the requesting party] to locate and identify the information in the documents [at least] as readily as [an answering party] could. This generally requires an answering party to point to specific documents, by name or bates number, and not pointing the requesting party generally to document productions." *Lopez*, 327 F.R.D. at 579 (cleaned up).

In response to First Interrogatories No. 5, Driver "refers Plaintiff to the documents produced in relation to the above-captioned lawsuit," and, in response to First Interrogatories No. 6, "Driver refers Plaintiff to the documents within its own possession" and "to his deposition testimony." Those are not proper or adequate answers under Rule 33, including Rule 33(d). But – aside from First Interrogatories No. 18, discussed below – Driver's other instances of pointing to specific documents or categories of documents or sources of information in his answers to interrogatories appear to comply with Rule 33(d).

The Court grants the Driver MTC as to First Interrogatories Nos. 5 and 6 and orders that Driver must, by **November 22, 2021**, serve on VBF amended complete answers – without objections – with additional information – if he has any – responsive to First Interrogatories Nos. 5 and 6.

### B.    Driver's answers to First Interrogatories Nos. 1-6, 9-12, 14, 16, 18-19, and 22

In its reply, VBF argues that "Driver still fails to provide full, complete answers to many interrogatories" and then specifically discusses Driver's amended answer to First Interrogatories No. 18 and finally states that "[t]his same issue regarding incomplete responses also applies to Interrogatory Nos. 1-6, 9-12, 14, 16, 19 and 22." Dkt. No. 428 at 6.

Even with Driver's improper objections discussed and overruled above, the Court finds no basis to require Driver to further amend his answers to First

Interrogatories Nos. 1-6, 9-12, 14, 16, 19, and 22 based on its own review and what VBF has provided.

As for Driver's amended answer to First Interrogatories No. 18, the Court agrees that Driver has not adequately responded to the question regarding his and his wife's net worth by pointing to tax returns and, for the reasons that VBF explains, overrules Driver's prematurity objection. The Court grants the Driver MTC as to First Interrogatories No. 18 and orders that Driver must, by **November 22, 2021**, serve on VBF amended complete answers – without objections – to First Interrogatories No. 18.

### C.   Verification of Driver's interrogatory answers

Federal Rule of Civil Procedure 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." FED. R. CIV. P. 33(b). According to VBF's reply, Driver's answers to VBF's interrogatories do not comply with Rule 33(b)(3)'s "under oath" requirement. If he has not already done so, Driver must provide a verification or certification under oath that complies with that requirement by **November 12, 2021**.

### D.   Founder Defendants' references to documents in their interrogatory answers

Based on the same authorities, including Rule 33(d) discussed in Section IV.A above, the Court determines that Hall's amended answers to Interrogatory Nos. 4 and 10, James Rea's amended answer to Interrogatory No. 7, Ted Rea's amended

-59-

answer to Interrogatory No. 5, and Wulf's amended answer to Interrogatory No. 8 comply with Rule 33's requirements.

But, for the reasons that VBF persuasively explains in its Founders MTC and reply, Hall's amended answers to Interrogatory Nos. 6, 9, 11, 19, and 22, James Rea's amended answers to Interrogatory No. 12, Ted Rea's amended answers to Interrogatory Nos. 8, 11, and 21, and Wulf's amended answers to Interrogatory Nos. 3, 6, and 7 do not adequately describe the documents or records from which the answers asserts that VBF can exclusively or with the same or less burden than the answering party derive the answer.

The Court grants the Founders MTC as to Hall's amended answers to Interrogatory Nos. 6, 9, 11, 19, and 22, James Rea's amended answers to Interrogatory No. 12, Ted Rea's amended answers to Interrogatory Nos. 8, 11, and 21, and Wulf's amended answers to Interrogatory Nos. 3, 6, and 7 and orders that each defendant must, by **November 22, 2021**, serve on VBF amended complete answers with additional information as required by the Rule 33's standards laid out in this opinion, responsive to these interrogatories.

### E.    Wulf's answer to Interrogatory No. 2

For the reasons that VBF persuasively explains in the Founders MTC, Wulf has not fully answered Interrogatory No. 2. The Court grants the Founders MTC as Wulf's answer to Interrogatory No. 1 and orders that Wulf must, by **November 22, 2021**, serve on VBF an amended complete answers to Interrogatory No. 2.

**V.**    **The Founder Defendants' Litigation Holds**

In the Founders MTC, VBF also asserts that "[t]he Founder Defendants'
limited production to date, their alleged 'dog ate my homework' loss of hard drives
storing data that was house on VBF's servers, and the Founder Defendants'
resistance to providing certain basic documents like tax returns and bank statements
on the grounds that the Founder Defendants have produced all documents in their
possession (despite the fact that these documents can be easily retrieved from banks,
online banking accounts, emails, etc.), raise the specter that the Founder Defendants
may have improperly withheld evidence from VBF, or the Founder Defendants have
failed to preserve evidence that was essential to VBF's claims in this litigation.
Accordingly, VBF requested the Founder Defendants produce information regarding
its litigation holds, in the same manner as the Founder Defendants insisted of VBF.
See Ex. 10, App. 164 (July 23, 2021 email from N. Nadler)." Dkt. No. 421 at 22-23.

According to VBF, "[i]n response, the Founder Defendants stated that they
'will provide information related to what instructions were made to preserve
documents,' see Ex. 10, App. 154 (July 23, 2021 email from N. Nadler), however VBF
has not received sufficient information, if any, regarding the Founder Defendants
litigation holds. Because there is reason to believe that the Founder Defendants are
withholding relevant evidence, or relevant evidence has been destroyed, in
accordance with the Court's order requiring VBF to produce information about its
litigation holds, the Founder Defendants should produce (i) information about when

they served and were served litigation hold notices and (ii) a privilege log of any withheld materials that have not been logged to date. *See* Dkt. 401." Dkt. No. 421 at 23.

The Founder Defendants respond that "VBF seeks a tit for tat request for litigation holds while ignoring that the request for such information from VBF was specifically made because (a) VBF had not produced any documents from any of its board members and (b) VBF had failed to produce documents from numerous custodians for which it had stated were highly relevant to the dispute (and it had said it hadn't located the Pst. files for these witnesses)"; that "VBF has not provided any credible evidence of the Founders' failure to preserve documents and therefore information related to litigation holds is not relevant"; that "the Founders are individuals who were all aware of the litigation because they were represented by counsel and instructed to preserve all documents (and the instructions were made orally by counsel)"; but that, "if the Court believes that the Founders should explain what efforts were made to preserve documents, they will provide this information." Dkt. No. 427 at 16.

Given the parties' history in this case, the Court will accept that willingness and order the Founder Defendants to, by **November 18, 2021**, provide VBF with an explanation of what efforts were made to preserve documents and with "a list of each individual and entity on which [the Founder Defendants' counsel] served a litigation hold notice or memo and when." Dkt. No. 401.

## VI.    The Founder Defendants' Email Addresses and Documents From <u>Those Accounts</u>

In the Founders MTC, VBF asserts that it "is aware that the Founder Defendants have used a number of different email addresses and domains, including email addresses associated with the Founder Defendants' multiple Affiliated Entities, and VBF believes that the Founder Defendants have improperly withheld documents from alternative email addresses used"; that "[t]hese include, for example, les.wulf@maplfunds.com, and the Founder Defendants' personal Yahoo and Gmail accounts"; that although "[t]he Founder Defendants have represented that they searched all available email addresses for responsive documents," "[t]he Founder Defendants' recent, yet belated, production of documents includes an extensive amount of documents from the Founder Defendants non-VBF email addresses, calling into question why these documents were not previously produced"; and that, "[t]o the extent they are withholding documents or have not made a diligent search of these email addresses – or any other email addresses they have used within the relevant time period that may contain responsive documents – the Founder Defendants should be required to (i) disclose any other email addresses they have used and (ii) perform a diligent search and produce any relevant documents from those email addresses, or explain under oath why a diligent search is not possible." Dkt. No. 431 at 23-24 (footnote omitted).

The Founder Defendants respond that "VBF's request related to email addresses used by the Founders is improper – and such information could be obtained

by Interrogatories or deposition testimony"; that "[t]he Founder Defendants have searched all personal email accounts to which they have access and produced responsive documents"; that "VBF has failed to provide any legitimate evidence that this has not taken place and instead seeks relief that is not required in responding to requests for production: including requesting a list of all email addresses that were used and explaining certain information under oath"; that "[t]he Founders have no obligation to list each email address that was searched – nor is there any reason to justify being required to swear under oath the information requested by VBF"; and that, "[i]f VBF wanted this information, it can seek such information in depositions or Interrogatories." Dkt. No. 427 at 16.

The Court agrees that VBF has not made the requisite showing to obtain any other email addresses that the Founder Defendants have used within the relevant time period that may contain responsive documents through a request made for the first time in its motion and that it can seek this information through formal discovery requests or by deposition testimony.

As for VBF's request that the Court order the Founder Defendants to perform a diligent search and produce any relevant documents from those email addresses, or explain under oath why a diligent search is not possible, is not warranted where VBF's best evidence in support of this request consists of the presence of emails in the Founder Defendants' own "recent, yet belated, production of documents." That is not so inconsistent with the Founder Defendants' representation that they "have

searched all personal email accounts to which they have access and produced responsive documents" as to warrant the relief that VBF seeks.

The Court denies the Founders MTC as to these requests.

## VII.   <u>Award of Reasonable Expenses</u>

Finally, under Federal Rules of Civil Procedure 37(a)(5) and 36(a)(6), the Court determines that, based on the Court's rulings above (and with the exception of the court reporter and videographer costs for the requested re-depositions of Wulf and Ted Rea), the parties will bear their own expenses, including attorneys' fees, in connection with VBF's RFA Motion [Dkt. No. 368], Driver MTC [Dkt. No. 417], and Founders MTC [Dkt. No. 421].

But – while the Court determines that, under all of the circumstances presented here, this is the appropriate apportionment of fees and expenses – the Founder Defendants' and Driver's counsel are advised that the Court seriously considered an award of partial expenses based on these defendants not only serving unsupported, boilerplate objections but then keeping those same objections in their amended answers and objections after VBF filed its opening motions. "The failures to follow the Federal Rules' requirements for specificity in objecting and responding and answering, and answering or responding 'subject to and without waiving objections,' are practices that attorneys must stop, as the undersigned and many other judges in this circuit and elsewhere have now made clear for several years." *Firebirds Int'l, LLC v. Firebird Rest. Grp., LLC*, No. 3:17-cv-2719-B, 2018 WL 3655574, at *18 (N.D.

Tex. July 16, 2018) (collecting cases). "As all the courts have said over and over, boilerplate objections are, essentially, nothing more than autonomic responses from attorneys and are ineffective. …. But, just because boilerplate objections have a long history does not mean that the continued warnings and holdings of all the courts are to be ignored." *Vera Bradley Designs, Inc. v. Li*, No. 20 C 2550, 2021 WL 1088323, at *2 (N.D. Ill. Mar. 22, 2021). "Federal discovery rules and the cases interpreting them uniformly finding the 'boilerplate' discovery culture impermissible are not aspirational, they are the law." *Liguria Foods, Inc. v. Griffith Lab'ys, Inc.*, 320 F.R.D. 168, 190-92 (N.D. Iowa 2017) (ultimately declaring: "NO MORE WARNINGS. IN THE FUTURE, USING 'BOILERPLATE' OBJECTIONS TO DISCOVERY IN ANY CASE BEFORE ME PLACES COUNSEL AND THEIR CLIENTS AT RISK FOR SUBSTANTIAL SANCTIONS.").

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part Plaintiff VeroBlue Farms USA, Inc.'s Motion Challenging the Sufficiency of Defendants' Responses to Plaintiff's Second Set of Requests for Admission and for Leave to Further Depose Defendants Leslie A. Wulf and John E. Rea [Dkt. No. 368].

SO ORDERED.

DATED: November 8, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE