IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VEROBLUE FARMS USA INC., § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> LESLIE A. WULF, ET. AL, § <br> § <br> Defendants. § <br> § | CIVIL ACTION NO. 3:19-CV-00764-X |

**PLAINTIFF VEROBLUE FARMS USA INC.'S
RESPONSE IN OPPOSITION TO DRIVER'S
MOTION FOR SUMMARY JUDGMENT [ECF NO. 465]**

Plaintiff VeroBlue Farms USA, Inc. ("VBF") submits its Response in Opposition to Defendant Keith Driver's ("Driver") Motion for Summary Judgment [ECF No. 465] pursuant to Local Rule 56.4.

**SUMMARY**

In compliance with Local Rule 56.4(a)(1), VBF specifically states that the Court should deny summary judgment to Driver for the following reasons:

(1) Driver cannot meet his burden on his affirmative defense of release because (1) there is at least a genuine issue of material fact as to whether the Business Relationship Restructuring Agreement ("BRRA") in which the release is contained and Driver relies is void as having been animated by a fraudulent purpose; (2) there is at least a genuine issue of material fact as to whether the BRRA is void as having been executed by a person without authority to execute it, namely Wulf; (3) there is at least a genuine issue of material fact as to whether the BRRA was fraudulently induced; and (4) the BRRA release provision does not release claims VBF did not have at the time the BRRA was signed, and there is at least a genuine issue of material fact as to

which of VBF's claims, if any, are covered by the release.

(2)     Driver is not entitled to summary judgment on VBF's rescission claim because there is at least a genuine issue of material fact as to whether: (1) the BRRA is void as having been animated by a fraudulent purpose; (2) the BRRA is void as having been executed by a person without authority to execute it; and (3) the BRRA was fraudulently induced.

(3)     Driver cannot meet his burden on his affirmative defense of ratification (of the release) because: (1) there is at least a genuine issue of material facts as to the element of knowledge of all material facts at the time of the allegedly ratifying act; (2) there is at least a genuine issue of material facts as to the element of unequivocal affirmation; (3) the BRRA cannot be ratified because it is void; and (4) VBF was not required to tender back consideration at the beginning of this litigation or before it because (a) either it can be accomplished later, or it can be ordered by the Court, and (b) it would be inequitable to require VBF to do so.

(4)     Driver is not entitled to summary judgment on his claim for attorneys' fees because (1) he has not prevailed, and (2) he cannot be a "prevailing claimant" under Section 38.001(8) of the Texas Civil Practice & Remedies Code when only moving for summary judgment on VBF's claims and his own affirmative defenses.

(5)     Driver is not entitled to summary judgment on any of the grounds in the other Defendants' Brief in Support of Motion for Summary Judgment ("Four Founders' Brief") because:

a) Driver improperly incorporates the Four Founders' Brief by reference, which fails to comply with Federal Rules of Civil Procedure 7 or 56;

b) Driver fails to incorporate the Four Founders' motion itself, or its appendix, and Driver offers no evidence in support of the Four Founders' Brief, and thus there is no evidence to support summary judgment;

c) The arguments in the Four Founders' Brief fail for the reasons given in VBF's Brief in Response, filed contemporaneously, and summarized here:

   i. The Four Founders' Brief does not comply with Rule 56 or the Local Rules because (1) the Founders have not met their burden to "identify[] each claim or defense – or the part of each claim or defense – on which summary judgment is sought"; (2) the Founders have not met their burden to, "under the heading 'summary,' state concisely the elements of each claim or defense as to which summary judgment is sought"; and (3) the Motion is not styled as such, but actually seeks partial summary judgment because the Founders fail to set forth grounds or argument upon which summary judgment could be granted on VBF's claims for Rescission (Counts XVI, XVII).

   ii. VBF has standing to recover for the loss of VBF's assets, and summary judgment is not proper regarding VBF's injury and damages because (1) VBF seeks recovery for its own injuries and damages; (2) there is a least a genuine issue of material fact that VBF was injured by the Founders' conduct; and (3) the *Bangor Punta* doctrine does not preclude VBF's recovery.

   iii. The Founders are not entitled to summary judgment on VBF's fiduciary duty, constructive fraud claims, and aiding and abetting claims because (1) the Founders owed VBF fiduciary duties as a matter of law, regardless of whether it was a wholly-owned subsidiary; (2) the Founders owed VBF fiduciary duties as a matter of law, regardless of whether VBF was

        insolvent; and (3) the Founders' ratification defense fails as a matter of law, or at least a genuine issue of material fact exists as to the Founders' ratification affirmative defense.

iv. The Founders are not entitled to summary judgment on VBF's fraudulent transfer claims because (1) VBF properly alleged (and has evidence of) transactions where VBF is the creditor and one of the Founders is the debtor it alleged; and (2) VBF properly alleged (and has evidence of) transfers VBF made at the direction of the Founders to each of them and related entities that were for the Founders' benefit and that the Founders retained possession or control of the property transferred;

v. The Founders are not entitled to summary judgment on VBF's fraudulent concealment and misrepresentation claims because (1) fraudulent concealment is a category of fraud recognized under Texas law, and alternatively, VBF has pleaded and has evidence of the elements of Fraud by Non-Disclosure; (2) there is at least a genuine issue of material fact that conduct by the Founders before July 7, 2016 is actionable because (a) genuine issues of material fact exist as to VBF's receipt of pre-July 7, 2016 misrepresentations and concealments and the Founders' obligation to disclose pre-July 7, 2016 misrepresentations and concealments to independent VBF directors, shareholders, officers, and employees after July 7, 2016; (b) a genuine issue of material fact exists as to the Founders' intent to defraud VBF prior to July 7, 2016; and (c) a genuine issue of material fact exists as to causation for pre-July 7, 2016 misrepresentations and

concealments; and (3) a genuine issue of material fact exists as to reliance for post-July 7, 2016 conduct.

vi. The Founders are not entitled to summary judgment on VBF's conspiracy claim because VBF has evidence raising a genuine issue of material fact as to whether the intracorporate conspiracy doctrine would apply.

vii. The Founders are not entitled to summary judgment on VBF's equitable claims because (1) unjust enrichment can serve as a standalone cause of action in Texas, and the Court can still consider VBF's position under a theory of unjust enrichment in considering whether VBF is entitled to relief; (2) VBF can recover restitution for the Founders' unjust enrichment; (3) the equitable accounting request can stand independently from a viable cause of action and is appropriate here, where the facts and accounts presented are so complex that adequate relief may not be obtained at law; and (4) VBF has valid declaratory judgment claims in the event that any of VBF's claims survive, which they will, because the Founders have not moved on the rescission claims.

viii. The Founders are not entitled to summary judgment on VBF's RICO claim because (1) VBF is not the enterprise and the perpetrator; and (2) there is a genuine issue of material fact as to the Founders' predicate acts causing injury to VBF.

## PRAYER

For the reasons stated in this Response in Opposition to Driver's Motion for Summary Judgment, further explained in VBF's Brief in Opposition to Driver's Motion for Summary

Judgment, and further supported by VBF's Appendix in Support of its Briefs in Opposition to Defendants' Motions for Summary Judgment, VBF respectfully requests that the Court deny summary judgment to Driver on all grounds. VBF further respectfully requests such other and further relief, at law or in equity, to which it may be justly entitled.

Dated: August 1, 2022

Respectfully submitted,

/s/ *Nicole L. Williams*
Nicole L. Williams
Texas Bar No. 24041784
nwilliams@thompsoncoburn.com
Jasmine S. Wynton
Texas Bar No. 24090481
jwynton@thompsoncoburn.com
Kamran Anwar
Texas Bar No. 24119217
kanwar@thompsoncoburn.com

THOMPSON COBURN LLP
2100 Ross Avenue, Suite 3200
Dallas, Texas 75201

/s/ *Robert H. Lang*
Robert H. Lang
(appearing *pro hac vice*)
rhlang@thompsoncoburn.com

THOMPSON COBURN LLP
55 East Monroe, 37th Floor
Chicago, IL 60603
312-346-7500

*ATTORNEYS FOR PLAINTIFF*
*VEROBLUE FARMS USA, INC*

## CERTIFICATE OF SERVICE

    I certify that this document was filed electronically on August 1, 2022, with the clerk of the Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

                                                /s/ *Kamran Anwar*
                                                Kamran Anwar